UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, DEAN ALLEN SHINNERS, and JASON VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HOMERO JOSHUA GARZA, STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>Defendants. | Case 3:16-cv-00940<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM IN SUPPORT OF THE MOTION BY DENIS MARC AUDET, MICHAEL PFEIFFER, DEAN ALLEN SHINNERS, AND JASON VARGAS FOR APPOINTMENT AS LEAD COUNSEL AND APPROVAL OF MOVANT'S SELECTION OF COUNSEL<br><br><u>DEMAND FOR JURY TRIAL</u> |

I.
Preliminary Statement

Plaintiffs Denis Marc Audet, Michael Pfeiffer, Dean Allen Shinners, and Jason Vargas (the "Audet Group") move this Court for an Order (i) appointing the Audet Group as Lead Plaintiff in this securities class action lawsuit ("Action") pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78), and (ii) approving its selection of Marc Seltzer and Susman Godfrey L.L.P. as counsel for the Lead Plaintiff and the Class.

This motion is made on the grounds that the Audet Group is the most adequate plaintiff as defined in the PSLRA. The Audet Group suffered losses of approximately $108,274.45 in connection with its purchases of securities from the defendants during the Class Period. *See* Allen Decl., at Ex. A. In addition, for purposes of this Motion, the Audet Group satisfies the requirements of Federal Rule of Civil Procedure 23 in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

Accordingly, the Audet Group's Motion should be granted.

II.
Nature of the Action

Plaintiffs' complaint alleges claims on behalf of all those who purchased or acquired Hardware-Hosted Mining, Cloud-Hosted Mining, Hashlets, Hashpoints, HashStakers, and Paycoin from defendants between June 1, 2014 and the present (the "Class Period"). The Action alleges violations of sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("the Exchange Act") and Rule 10b-5 promulgated thereunder, and also claims for violations of the Connecticut Uniform Securities Act ("CUSA") and the common law.

Plaintiffs' claims are based on defendants' sale of an array of cryptocurrency mining products and investment contracts to over 10,000 investors. The complaint alleges that defendants entered the cryptocurrency space in March 2014 when they began selling computer

equipment for mining virtual currency. "Mining" virtual currency refers to using computing power to attempt to solve complex equations that verify transactions in a particular virtual currency. The first computer (or group of computers) that solves the equations is awarded new units of the virtual currency.

In June 2014, defendants began selling Hardware-Hosted Mining. Customers who purchased Hardware-Hosted Mining were told that they purchased specific pieces of physical mining equipment that they could control through remote management software and that GAW Miners would store and maintain for daily maintenance fees. In July 2014, defendants began offering Cloud-Hosted Mining. As with Hardware-Hosted Mining, customers who purchased Cloud-Hosted Mining were told that they owned a specific piece of physical mining equipment that was stored and maintained by defendants. The difference was that Cloud-Hosted Mining purportedly allowed customers to control their hardware through a website, rather than through remote management software. Plaintiffs allege that, although Hardware- and Cloud-Hosted Mining customers were informed that they could request delivery of their physical mining equipment at any time, the defendants never had sufficient physical mining equipment to support the mining services they sold or to ship to customers upon request.

In August 2014, defendants began selling investment contracts called "Hashlets." The defendants represented that Hashlet purchasers were entitled to a share of the profits from the defendants' purported "hashing power," or the computing power that defendants said they were devoting to virtual currency mining. Plaintiffs allege that defendants sold far more Hashlets worth of computing power than they actually had in their computing centers.

In November 2014, as the Hashlet scheme was beginning to unravel, defendants pivoted yet again by announcing the launch of a new form of cryptocurrency called Paycoin.

2

Before it launched Paycoin, GAW Miners began selling Hashpoints, which were convertible promissory notes that could be converted into Paycoin. Defendants then introduced HashStakers, which were digital wallets that could lock up Paycoin for 30, 90 or 180-day terms and generate fixed returns. Defendants launched Paycoin by promising a $20 price floor and representing that Paycoin already was widely accepted by well-known merchants—neither of which held true. When Paycoin's trading price began to plummet, GAW Miners' customers watched the value of their investments fall with no recourse because defendants had sold them HashStakers for the purpose of locking up Paycoins.

Plaintiffs allege that defendants made numerous false and misleading misrepresentations in connection with their sale of Hardware- and Cloud-Hosted Mining, Hashlets, Hashpoints, HashStakers, and Paycoins, and that defendants' cryptocurrency mining activities were in essence a Ponzi scheme.

### III.
### Argument

A.      The Audet Group Should be Appointed Lead Plaintiff

    1.      The Procedure Required by the PSLRA

The PSLRA sets forth a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1).

The plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Notice regarding this Action was published on *PR Newswire*, a national newswire service, on July 5, 2016. *See* Allen Decl., Ex. B. Within 60 days after publication of the notice, any person or group of persons who are members of the

3

proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A) & (B).

The PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and "shall appoint as lead plaintiff the member or members of the purported class that the Court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). By using the language "members of the purported class," the PSLRA expressly contemplates that groups of individuals can jointly serve as "lead plaintiff." *In re Star Gas Sec. Litig.*, 2005 U.S. Dist. Lexis 5827, at *11 (D. Conn. Apr. 8, 2005) ("The PSLRA provides that the 'most adequate plaintiff' may be either a 'person or group of persons.'").

With respect to determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that

(aa) has either filed the complaint or made a motion in response to a notice...

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

2. The Audet Group Has Complied with the PSLRA

The Audet Group filed the initial (and only known) Action, filed the PSLRA required notice within 20 days, and now timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the class. The four members of the Audet Group have certified that they are willing to serve as representatives on behalf of the class, including providing testimony at deposition and trial. *See* Allen Decl. at Ex. C. In addition, the Audet Group has selected and

4

retained competent counsel to represent it and the class. *See id.* at Ex. D, E. Accordingly, the Audet Group has satisfied the PSLRA requirements and is entitled to have its application for appointment as Lead Plaintiff and selection of Counsel considered and approved by the Court.

      3.      <u>The Audet Group Has the Requisite Financial Interest in the Relief Sought by the Class</u>

As evidenced by the accompanying signed certifications and loss chart, *see* Allen Decl., Ex. A, C, the Audet Group purchased the defendants' cryptocurrency products and investment contracts in reliance on defendants' alleged materially false and misleading statements and was injured thereby. The Audet Group incurred an estimated loss of approximately $108,274.45 on its transactions in defendants' securities.[1] The estimated losses of the individual members of the Audet Group are as follows:

|  | **Purchases** | **Sales/Withdrawals** | **Refunds** | **Cash in/Cash out Loss** |
|---|---|---|---|---|
| **Marc Audet** | $29,240.54 | | | $29,240.54 |
| **Michael Pfeiffer** | $39,988.68 | $12,127.64 | $49.95 | $27,811.09 |
| **Allen Shinners** | $22,787.55 | $2,198.89 | $3,268 | $17,320.66 |
| **Jason Vargas** | $40,898.11 | | $6,995.95 | $33,902.16 |
| **Total** | | | | **$108,274.45** |

---

[1] The Audet Group's certifications listing its members' transactions in GAW Securities, as required by § 21D(a)(2) of the PLSRA, are attached as Ex. C to the accompanying Allen Decl. The members' estimated losses are attached to the Allen Decl. as Ex. A. The Audet Group utilized a "cash in, cash out" method to determine its members' estimated losses for purposes of the present Motion. Using that method, the Audet Group members' losses were calculated as the sum expended on defendants' above described cryptocurrency products less the money received from sales and refunds. The Audet Group's losses for purposes of the present motion are not necessarily the same as its members' legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this early stage of the litigation.

The legislative history of the PSLRA demonstrates that the Audet Group is precisely the type of plaintiff Congress sought to encourage to come forward and be appointed as lead plaintiff. *See* House Conference Report No. 104-369, 104th Cong. 1st Sess. at 34 (1995) ("[C]lass members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake."); s*ee also, e.g., Netsky v. Capstead Mortgage Corp.*, 2000 U.S. Dist. Lexis 9941 at *28 (N.D. Tex. 2000) ("Congress intended to increase the likelihood that parties with significant holdings in issuers, whose interests are more aligned with the class of shareholders, will participate in the litigation....").

In addition, the Audet Group is not aware of any other class member who has sought appointment as Lead Plaintiff, or plans to do so, and therefore the Audet Group de facto "has the largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also City of Pontiac Gen. Emps. Ret. Sys. v. Lockheed Martin Corp.*, 844 F. Supp. 2d 498, 500 (S.D.N.Y. 2012) (noting that when only one class member moves to be appointed lead plaintiff, "it is de facto presumed the 'most adequate' plaintiff"); *Taft v. Ackermans*, 2003 U.S. Dist. Lexis 2486, at *7 (S.D.N.Y. Feb. 20, 2003) (appointing movant as Lead Plaintiff because, among other reasons, "He is the only purported class member who has sought to be named lead plaintiff").

4. <u>The Audet Group Otherwise Satisfies Rule 23</u>

The PSLRA also requires that the lead plaintiff "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Under Rule 23(a), a party may serve as a class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical

6

of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *Kelleher v. ADVO, Inc.*, 2007 U.S. Dist. Lexis 30309, at *6 (D. Conn. Apr. 24, 2007). For purposes of the PSLRA, the inquiry focuses solely on the "typicality" and "adequacy" requirements. *See In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("Typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."). The Audet Group satisfies both requirements.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). "A lead plaintiff establishes typicality where each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Canson v. WebMD Health Corp.*, 2011 U.S. Dist. Lexis 128807, at *11 (Nov. 7, 2011) (internal quotes omitted). Typicality does not require that there are no factual differences in the class representatives' claims and those of the class members. *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact" (internal quotes omitted)).

The Audet Group satisfies the typicality requirement because, like all other Class members, it: (1) purchased defendant's cryptocurrency products and investment contracts during the Class Period; (2) was adversely affected by defendants' alleged false and misleading statements; and (3) suffered damages thereby. Further, the Audet Group's injuries arose from the same course of conduct as the other Class members, and its legal theories are the same as those of the members of the putative Class. Accordingly, the

typicality requirement of Rule 23(a)(3) is satisfied.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts evaluate adequacy of representation by considering: (i) whether the proposed Lead Plaintiff's claims conflict with those of the Class; and (ii) whether the proposed class counsel is qualified, experienced, and generally able to conduct the litigation. *See Kelleher*, 2007 U.S. Dist. Lexis 30309, at *7.

Here, the Audet Group has the same interest as the rest of the Class. It wishes to recover for defendants' allegedly fraudulent and misleading statements regarding Hardware-Hosted Mining, Cloud-Hosted Mining, Hashlets, Hashpoints, HashStakers, and Paycoin, and there is no evidence of any antagonism between the Audet Group's interests and those of the other members of the Class. Further, the Audet Group has taken significant steps which demonstrate that it will protect the interests of the Class: it has retained competent and experienced counsel to prosecute these claims who are able to conduct this complex litigation in a professional manner. Thus, the Audet Group *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

B.   The Court Should Approve the Audet Group's Choice of Counsel

The PSLRA vests authority in the lead plaintiff, subject to court approval, to select and retain Lead Counsel. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should not disturb the proposed lead plaintiff's choice of counsel unless necessary to "protect the interests of the [plaintiff] class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa); *see In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 438 (E.D. Va. 2000) ("The PSLRA plainly states that a district court's duty is to appoint a lead plaintiff based on the relevant statutory criteria . . . it is the lead plaintiff's duty to select and retain counsel to represent the class . . . a district court should

approve plaintiff's choice of lead counsel based solely on that counsel's competence, experience, and resources ...").

The Audet Group has retained Marc M. Seltzer of Susman Godfrey L.L.P., who possesses extensive experience in the area of securities litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.[2] *See* Allen Decl., at Ex. D, E. Thus, the Court may be assured that, in the event this Motion is granted, the members of the Class will receive representation by counsel with the skill, experience, and knowledge to prosecute this Action effectively and expeditiously.

## IV. Conclusion

For all the foregoing reasons, the Audet Group respectfully requests that this Court appoint the Audet Group as Lead Plaintiff in the Action and approve its selection of Marc M. Seltzer and Susman Godfrey L.L.P. as set forth herein.

Respectfully submitted,

/s/ Mark P. Kindall
Mark P. Kindall (ct13797)
E-mail: mkindall@ikrlaw.com
Robert A. Izard
E-mail: rizard@ikrlaw.com
IZARD, KINDALL & RAABE, LLP
29 S. Main St., Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290

---

[2] The Audet Group has retained Mark Kindall of Izard, Kindall & Raabe, LLP to serve as local counsel in this Action.

Marc Seltzer (*pro hac vice*)
E-mail: mseltzer@susmangodfrey.com
California Bar No. 54534
Kathryn Hoek (*pro hac vice*)
E-mail: khoek@susmangodfrey.com
California Bar No. 219247
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Seth Ard (*pro hac vice*)
E-mail: sard@susmangodfrey.com
New York Bar No. 4773982
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6022
Tel: (212) 336-8330
Fax: (212) 336-8340

Matthew Allen (*pro hac vice*)
E-mail: mallen@susmangodfrey.com
Texas Bar No. 24073841
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX  77002
Tel: (713) 651-9366
Fax: (713) 654-3367

*Counsel for Plaintiffs*

4495028v1/014928

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 6, 2016, a copy of foregoing Motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      /s/ Mark P. Kindall

1