UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, DEAN ALLEN SHINNERS, and JASON VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br> vs.<br><br>HOMERO JOSHUA GARZA, STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>      Defendants. | Case 3:16-cv-00940-MPS |

# FORM 26(F) REPORT OF PARTIES' PLANNING MEETING[1]

Date Complaint Filed: June 7, 2016

Date Complaint Served:
 Defendant Stuart A. Fraser: July 22, 2016
 Defendant Homero Joshua Garza: Signed waiver of service sent on July 7, 2016
 Defendants GAW Miners, LLC and ZenMiner, LLC: September 18, 2016

Date of Defendants' Appearance:
 Mr. Fraser: August 10, 2016
 Mr. Garza, GAW Miners, ZenMiner: not appeared

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), and D. Conn. L. Civ. R. 16, the parties had an initial conference August 30, 2016, and continued to meet and confer via email through September 23, 2016. The participants were:

Seth D. Ard and Matthew B. Allen for Plaintiffs Denis Marc Audet, Michael Pfeiffer, Dean Allen Shinners and Jason Vargas, individually and on behalf of all others similarly situated

Sarah L. Cave, David R. Schaefer and Sean M. Fisher for Defendant Stuart A. Fraser

---

[1] This report is submitted only on behalf of Plaintiffs and Defendant Stuart A. Fraser.

## I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     Jurisdiction

### A.  Subject Matter Jurisdiction

This Court has jurisdiction over the subject matter of this action because the case arises under federal law, pursuant to Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. § 1331. The claims asserted arise under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and the rules and regulations promulgated thereunder by the Securities and Exchange Commission ("SEC"), including Rule 10b-5, 17 CFR § 240.10b-5. The Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over all state law based claims.

### B.  Personal Jurisdiction

Defendant Fraser does not contest personal jurisdiction.

## III.    Brief Description of Case

### A. Plaintiffs' Claims:

The complaint alleges that from approximately March 2014 through December 2014, defendants sold a progressive array of products and investment contracts to over 10,000 investors that defendants claimed would yield from a twenty-first century payment system known as virtual currency. Though cloaked in technological sophistication and jargon, defendants' fraud was simple at its core—defendants sold what they did not own and misrepresented the nature of what they were selling.

Virtual currency is "earned" through a process called "mining" – individuals earn virtual money for solving complex equations with their computers, and the more computing power used, the more the individual should earn. Defendants' activities had the hallmarks of a Ponzi scheme. Because defendants sold far more computing power than they owned and dedicated to virtual currency mining, they owed investors a return that was larger than any actual return they were making on their limited mining operations. Investors were simply paid back gradually over time, as "returns," the money that they and others had invested in GAW Miners' products and paid to GAW Miners for purported "maintenance" fees.

The Complaint alleges that Mssrs. Fraser and Garza controlled GAW Miners and Zen Miner, and together violated federal and state laws. Garza, GAW Miners and ZenMiner are alleged to have engaged in common law fraud and fraud in connection with the purchase or sale of securities, in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), various subparts of Rule 10b-5 thereunder, and sections 36b-29(a)(2) and 36b-4 of the Connecticut Uniform Securities Act ("CUSA"). Defendants Garza, GAW Miners and ZenMiner have also engaged in the offer and sale of unregistered securities, in violation of section 36b-29(a)(1) of CUSA.

Plaintiffs allege that Mr. Fraser functioned as a controlling person of GAW Miners and ZenMiner, and he is liable for Garza, GAW Miners' and ZenMiner's primary violations of federal and state securities laws pursuant to section 20(a) of the 1934 Act and section 36b-29(c) of CUSA. (Counts 2 & 5). Mr. Fraser is also liable under state law for aiding and abetting defendants' common law fraud. (Count 7). Plaintiff expects that discovery will reveal that Mr. Fraser is also liable for all the claims pled directly against Mr. Garza and the entities they jointly controlled.

The SEC has also filed an enforcement action regarding the same scheme in this District against Mr. Garza, GAW Miners and ZenMiners. That case is pending before Judge Meyer. 15-cv-

72671787_2

1760-JAM (D. Conn.).[2]  In that case, the SEC filed for default judgment against GAW Miners and ZenMiners on February 2, 2016, and the case has been stayed against Mr. Garza until October 26, 2016.  *See* 15-cv-1760-JAM.

    B. *Defenses of Defendant Fraser:*

Defendant Fraser intends to present one or more of the following defenses, without limitation[3]:

Plaintiffs' claim for control person liability pursuant to Section 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. § 78t(a)) (Count II) fails to state a claim because the Complaint does not plead sufficiently or with the requisite particularity that Defendant Fraser (a) had control of a primary violator (Defendants Garza, GAW Miners and/or ZenMiner) or (b) was a culpable participant in the alleged primary violations.

Plaintiffs' claim for control person liability pursuant to Section 36b-29(c) of the Connecticut Uniform Securities Act (C.G.S. § 36b-29(c)) (Count IV) fails for the reasons stated above with respect to Count II.

Plaintiffs' claim for aiding and abetting common law fraud under Connecticut law (Count VII) fails for the reasons stated above with respect to Count II.

    C. *Defenses and Claims of Third Party Defendant/s:*

There are no Third Party Defendants.

**IV.  Statement of Undisputed Facts**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are

---

2. In this case, Plaintiffs filed a Notice of Related Case for this action to be transferred to the Court handling the SEC matter.  Dkt. 7. That application has not been ruled upon.

3. Defendant Fraser reserves his rights to assert other defenses and claims in accordance with the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure, and the Orders of the Court.

72671787_2

undisputed:

Defendant Stuart Fraser, age 55, lives in Armonk, New York.  Defendant Fraser has served as Vice Chairman at Cantor Fitzgerald, L.P., and he invested in GAW Miners and ZenMiner in 2014.

**V.     Case Management Plan:**

   A. *Standing Order on Scheduling in Civil Cases*

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

The parties' main proposed modifications are set forth below.

   B. *Defendant Fraser's Motion to Dismiss*

The parties have agreed to the following proposed briefing schedule for Mr. Fraser's anticipated motion to dismiss: motion to dismiss due on September 27, 2016; opposition due on November 4, 2016; and reply due November 22, 2016.

   C. *Scheduling Conference with the Court*

The parties do request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).  The parties prefer a conference by telephone.

   D. *Early Settlement Conference*

   1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

   2. The parties do not request an early settlement conference.

   3. If a settlement conference is scheduled, then the parties prefer a settlement conference with a parajudicial officer.

   4. The parties do not request a referral for alternative dispute resolution pursuant to

72671787_2

D. Conn. L. Civ. R. 16.

    E. *Joinder of Parties and Amendment of Pleadings*

        1.  In the event that Defendant Fraser's motion to dismiss is denied, Plaintiffs should be allowed until one (1) month after the Court's ruling on the motion to dismiss to file motions to join additional parties and until six (6) months after ruling on motion to dismiss to file motions to amend the pleadings.

        2.  In the event that Defendant Fraser's motion to dismiss is denied, he should be allowed until one (1) month after the Court's ruling on his motion to dismiss to file motions to join additional parties and file his answer to the Complaint.

    F. *Discovery*

        1.  The parties agree that initial disclosures under Rule 26 shall be exchanged on October 3, 2016.[4]

        2.  The parties anticipate that discovery will be needed on the following subjects:

**Plaintiffs' Position**:

Plaintiffs believe that discovery will be needed on at least the following topics: whether defendants made any untrue statements of material fact or omitted material facts necessary to make the statements made not misleading; whether such statements were made with the requisite scienter; whether defendants offered to sell, or sold, securities by means of any untrue statement of material fact or any omission to state a material fact; whether Mr. Fraser had control over GAW Miners and ZenMiner; whether Defendants violated the Connecticut Uniform Securities Act; whether Defendants committed common law fraud and/or aided and abetted such fraud; the

---

[4]  As a sole exception to the discovery stay, *see* paragraph F.3, *infra*, Defendant Fraser agreed during the August 30 Rule 16(b) discovery conference to provide initial disclosures pursuant to Rule 26, and he otherwise reserves all rights under the stay.

72671787_2

amount of damages suffered by Plaintiffs and the Class; and the amount of Defendants' unjust earnings from their wrongful conduct. Discovery in connection with class-certification issues will also be needed, including, but not limited to, discovery concerning the number of subscribers to defendants' schemes and the amount and types of their losses; and whether proof of liability is common to the class.

.

**Defendant Fraser's Position**:

In the event that Mr. Fraser's motion to dismiss is denied, he anticipates that discovery will be needed on, among other subjects: (1) whether Defendants Garza, GAW Miners and ZenMiner committed a primary violation of the federal securities laws; (2) whether Mr. Fraser had control over Defendant Garza, GAW Miners or ZenMiner; (3) Plaintiffs' trading activity in virtual currencies, including but not limited to Bitcoin, Hashlets, Paycoin, HashStakers, and or Paybase; (4) correspondence between the Plaintiffs; (5) correspondence between the Plaintiffs and Defendant Garza; (6) agreements between the parties, if any; (7) Plaintiffs' alleged damages; and (8) intervening or contributing causes of Plaintiffs' alleged damages.[5]

    3.   The parties anticipate that all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced and completed (not propounded) by the following dates:

**Plaintiffs' Position**:

Discovery will begin immediately following a ruling on the anticipated motion to dismiss. Fact discovery (which includes class discovery) shall end 9 months after it commences. No later than one month after discovery is completed, plaintiffs shall file a motion for class certification,

---

5. Defendant Fraser reserves his rights to seek discovery on other subjects not enumerated here.

72671787_2

along with an expert report. Defendants shall have 30 days to depose any such expert, and another week to submit their own report and respond to the motion. Plaintiffs shall have 3 weeks to depose Defendants' expert, and another week to file its reply report and brief. Merits expert reports by the party bearing the burden of proof shall be due 45 days after a ruling on the motion for class certification. Depositions of those experts shall be completed within one month, when any opposing expert reports will be due. Depositions of any opposing experts shall be completed within one month, when any rebuttal reports shall be due.

### **Defendant Fraser's Position**

All discovery is stayed pending Defendant Fraser's motion to dismiss the complaint. *See* 15 U.S.C. § 78u-4(b)(3)(B); *see, e.g.*, *In re Smith Barney Transfer Agent Litig.*, No. 05 Civ. 7583(WHP), 2012 WL 1438241, at *2 (S.D.N.Y. April 25, 2012). In the event that the Court denies his motion to dismiss, Defendant Fraser agrees that all fact discovery, including class certification discovery, can likely be completed in this case within nine (9) months of the date of the Court's ruling on the motion to dismiss.

With respect to class certification, Defendant Fraser proposes the following schedule: (1) Plaintiffs shall serve and file a motion for class certification within 30 days of the Court's ruling on Defendant Fraser's motion to dismiss; (2) fact discovery directed to class certification shall be completed within 60 days of service of the motion for class certification; (3) the parties shall meet and confer regarding a period for expert class discovery and submission of expert reports on class discovery; (4) Defendant Fraser shall serve and file papers in opposition to the motion for class certification within 30 days of the conclusion of fact and expert class discovery; and (5) Plaintiffs shall reply to any such opposition within 30 days.

    4.    Discovery will not be conducted in phases.

    5.    The parties anticipate that the plaintiffs will require a total of 10 depositions of

72671787_2

fact witnesses and that Defendant Fraser will require a total of 10 depositions of fact witnesses. Each party will certify within four (4) months after discovery commences that it has substantially completed production of all documents responsive to any document requests served within the first month of discovery, subject to objections on the scope of production. The depositions will commence by six (6) months after discovery commences and be completed by nine (9) months after discovery begins.

6. The parties will not request permission to serve more than 25 interrogatories.

7. Following is the position of each party regarding the use of expert witnesses:

**Plaintiffs' Position**

Plaintiffs intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by 45 days after a ruling on the motion for class certification, except any expert who is being called to oppose Defendants' expert on any issue it bears the burden of proof, which will follow the schedule in (h) below. Depositions of any such experts will be completed by within 30 days of filing report.

**Defendant Fraser's Position**

The required disclosures under Fed. R. Civ. P. 26(a)(2) regarding expert testimony on each issue as to which a party bears the burden of proof at trial shall be made not later than 30 days after completion of the period for fact discovery. Rebuttal reports pursuant to Fed. R. Civ. P. 26(a)(2) shall be served within 45 days after the other parties' disclosures. The period for expert witness depositions shall commence on the filing of rebuttal expert reports and shall conclude 45 days thereafter. The parties will meet and confer on the scope of expert document discovery.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by no later than three (3) months before the deadline for completing

72671787_2

all discovery.

9. Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties agree to the following procedures for the preservation, disclosure and management of electronically stored information:

Each party responding to a document request will propose search terms and custodians within 45 days of receiving the request, and the parties shall reach agreement on search terms and custodians within 75 days of a request being served, without prejudice to other terms and custodians later being proposed after documents are reviewed. The parties will continue to meet and confer on the format of production of electronically stored information.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties have been able to reach agreement on the procedures for asserting claims of privilege after production as follows:

Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected information is not a waiver in the pending case or in any other proceeding. The parties will endeavor to agree on a proposed confidentiality stipulation and order for submission to the Court for approval.

G. *Dispositive Motions:*

Dispositive motions will be filed on or before thirty (30) days after rebuttal merits expert reports are filed.

72671787_2

   H.  *Joint Trial Memorandum*

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by thirty (30) days after a ruling on summary judgment.

**VI.     TRIAL READINESS**

The case will be ready for trial by 30 days after the filing of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

| | |
|---|---|
| Date:  September 23, 2016 | Date:  September 23, 2016 |
| IZARD, KINDALL & RAABE, LLP | HUGHES HUBBARD & REED LLP |
| By:  /s/ Mark P. Kindall<br>Mark P. Kindall (ct13797)<br>Robert A. Izard<br>29 S. Main St., Suite 305<br>West Hartford, CT  06107<br>Tel: (860) 493-6292<br>Fax: (860) 493-6290<br>E-mail: mkindall@ikrlaw.com,<br>           rizard@ikrlaw.com<br><br>*Attorneys for Plaintiffs* | By:  /s/ Sarah L. Cave<br>Daniel H. Weiner (ct12180)<br>Sarah L. Cave (phv08437)<br>Sara E. Echenique (phv08436)<br>Hughes Hubbard & Reed LLP<br>One Battery Park Plaza<br>New York, NY  10004-1482<br>Tel.: (212) 837-6000<br>Fax: (212) 422-4726<br>Email: Daniel.weiner@hugheshubbard.com<br><br>David R. Schaefer (ct04334)<br>Sean M. Fisher (ct23087)<br>Brenner, Saltzman & Wallman LLP<br>271 Whitney Avenue<br>New Haven CT  06511<br>Tel.: (203) 772-2600<br>Fax: (203) 562-2098<br>Email: Sfisher@bswlaw.com<br><br>*Attorneys for Defendant Stuart A. Fraser* |