UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, DEAN ALLEN SHINNERS, and JASON VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>       vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>                    Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br>Courtroom 2<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br>FEBRUARY 23, 2017<br><br>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT ON FIRST AMENDED COMPLAINT AND FOR EXTENSION OF DEADLINE TO FILE MOTION FOR DEFAULT JUDGMENT |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 55(a), Plaintiffs request that the clerk enter a default against Defendants GAW Miners, LLC and ZenMiner, LLC ("Default Defendants") based on their failure to respond to the First Amended Complaint, filed on November 4, 2016. Dkt. 57. Plaintiffs also request that the Court extend the deadline for Plaintiffs to file a motion for a default judgment until one week after entry of a default on the First Amended Complaint. Defendant Stuart Fraser does not object to this motion.

PRELIMINARY STATEMENT

In June 2016, Plaintiffs filed a class action against GAW Miners, LLC ("GAW Miners"), ZenMiner, LLC ("ZenMiner"), Homero Joshua Garza ("Garza"), and Stuart Fraser ("Fraser"). Dkt. 1 (the "Original Complaint"). The Original Complaint alleged that Defendants participated in a scheme to illegally sell unregistered securities issued in connection with their purported virtual currency mining operations and to engage in fraudulent sales practices to accomplish those sales. Plaintiffs served GAW Miners on September 8, 2016. *See* Declaration of Colin M. Watterson in Support of Plaintiffs' Motion for Entry of Default Judgment on First Amended Complaint and For Extension of Deadline to File Motion for Default Judgment ("Decl."), Exhibit ("Ex.") 1. Plaintiffs served ZenMiner on September 9, 2016. *Id.*, Ex. 3. Default Defendants failed to answer or otherwise defend the Original Complaint. *See id.* Plaintiffs moved for entry of a default pursuant to FRCP 55(a) on November 11, 2016 based on the Original Complaint. *See* Dkt. 59. This Court granted the motion for entry of a default based on the Original Complaint on January 30, 2017. *See* Dkt. 65. The Court thereafter ordered Plaintiffs to file a motion for entry of a default judgment under the Original Complaint pursuant to FRCP 55(b) by March 1, 2017. *Id.*

Plaintiffs filed a First Amended Complaint on November 4, 2016. Dkt. 57 ("Amended

1

Complaint"). The Amended Complaint contains no new claims against Default Defendants, and as a result it became the operative complaint when it was filed pursuant to FRCP 5(a)(2). Default Defendants failed to answer or otherwise defend the First Amended Complaint.

Under Second Circuit case law, in these circumstances a default judgment can only be sought under the Amended Complaint, not the original Complaint, and an entry of default on the First Amended Complaint is required before default judgment can be sought. *See, e.g., Allstate Ins. Co. v. Yadgarov*, 2014 WL 860019, at *8 (E.D.N.Y. Mar. 5, 2014) ("[M]ultiple courts agree . . . that once the amended complaint becomes the operative complaint, a motion for default judgment made on a prior pleading should be denied."). Accordingly, Plaintiffs respectfully request entry of default based on the Amended Complaint, and an extension of the deadline to file for default judgment until one week after entry of default under the Amended Complaint.

ARGUMENT

Plaintiffs file this Motion in order to obtain a new default under Rule 55(a). The clerk previously entered a default based on Default Defendants' failure to answer the Original Complaint. *See* Dkt. 65. But, the Amended Complaint became the operative complaint as to Default Defendants at the time Plaintiffs filed it. Plaintiffs therefore request that the clerk enter a default as to the Amended Complaint.

FRCP 5(a) contains the rules governing service after summons and complaint have been initially served. Normally, a party must serve an amended pleading. *See* FRCP 5(a)(1)(d) ("[E]ach of the following papers must be served on every party: . . . a pleading filed after the original complaint . . . ."). However, a party does not need to serve an amended pleading on a

party who has failed to appear, unless the amended pleading asserts a new claim against that party. *See* FRCP 5(a)(2) ("No service is required on a party who is in default for failing to appear. But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."). FRCP 5(a)(2) applies even if the clerk has not entered a default. *See Yadgarov*, 2014 WL 860019, at *6 ("For the purposes of FRCP 5(a)(2), a party has failed to appear if it does not appear within the time proscribed for answering or otherwise responding to the complaint; no entry of default by the clerk is required.").

Here, Default Defendants were in default at the time the Amended Complaint was filed because they failed to timely appear or otherwise defend themselves after Plaintiffs filed the Original Complaint. *See* Dkt. 59. The Amended Complaint contains no new claims against Default Defendants. In these circumstances, FRCP 5(a)(2) relieved Plaintiffs of an obligation to serve them with the Amended Complaint.

The fact that Default Defendants did not need to be served with the Amended Complaint under Rule 5(a)(2) made the Amended Complaint the operative complaint as to them as soon as it was filed. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). In *Vesco*, the Second Circuit addressed when an amended pleading becomes the operative complaint as to a defendant who has failed to appear. The Second Circuit held that an amended complaint becomes operative at the time the plaintiff <u>serves</u> the amended pleading if the plaintiff was required to serve the pleading under FRCP 5(a). Subsequent decisions make clear that an amended pleading becomes operative at the time of <u>filing</u> if the plaintiff did not need to serve the pleading because of Rule 5(a)(2). *See Yadgarov*, 2014 WL 860019, at *7 ("The

3

logical extension of *Vesco* is that an amended pleading excused from service on a defaulting defendant by FRCP 5(a)(2) becomes the operative document on filing, not on service."). The latter situation occurred here. Plaintiffs did not need to serve the Amended Complaint on Default Defendants. Thus, the Amended Complaint became the operative complaint at the time of filing.

At the time the Amended Complaint became the operative complaint, any entry of default under the Original Complaint became moot. *Yadgarov*, 2014 WL 860019, at *8 ("[S]everal courts have found that once the original complaint is superseded, a clerk's entry of default on that pleading is mooted."). Similarly, Plaintiffs cannot obtain a default judgment under the Original Complaint because the Amended Complaint is now the operative pleading. *See id.* ("[M]ultiple courts agree with the *Benavidez* decisions, *Lemon Tree Developers* and *Harvey* that once the amended complaint becomes the operative complaint, a motion for default judgment made on a prior pleading should be denied.")

Plaintiffs therefore respectfully request that the clerk enter a new entry of default due to Default Defendants' failure to answer the Amended Complaint. Plaintiffs filed the Amended Complaint on November 4, 2016, and Default Defendants never answered or took any other steps to defend themselves.

Plaintiffs also respectfully request an extension of time for Plaintiffs to move for a default judgment. The Court's January 30, 2017 order requires Plaintiffs to file a motion for a default judgment by March 1, 2017. *See* Dkt. 65. But, for the reasons described above, Plaintiffs respectfully request that the Court enter the attached proposed order, which gives Plaintiffs one week from the date of entry of a new default under the Amended Complaint to file a motion for a default judgment.

4

CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion.

Respectfully submitted,

/s/            Mark P. Kindall
Mark P. Kindall (ct13797)
E-mail: mkindall@ikrlaw.com
Robert A. Izard
E-mail: rizard@ikrlaw.com
IZARD, KINDALL & RAABE, LLP
29 S. Main St., Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290

Marc Seltzer (*pro hac vice*)
E-mail:mseltzer@susmangodfrey.com
California Bar No. 54534
Kathryn Hoek (*pro hac vice*)
E-mail: khoek@susmangodfrey.com
California Bar No. 219247
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Seth Ard (*pro hac vice*)
E-mail: sard@susmangodfrey.com
New York Bar No. 4773982
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6022
Tel: (212) 336-8330
Fax: (212) 336-8340

Matthew Allen (*pro hac vice*)
E-mail: mallen@susmangodfrey.com
Texas Bar No. 24073841
Colin Watterson (*pro hac vice* filed)
Email:  cwatterson@susmangodfrey.com
Texas Bar No. 2409330
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100

5

Houston, TX  77002  
Tel: (713) 651-9366  
Fax: (713) 654-3367

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2017, a copy of foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Mark P. Kindall

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 22, 2017, I conferred with counsel for Defendant Stuart Fraser about this motion. On February 23, 2017, counsel for Mr. Fraser represented that Mr. Fraser does not object to this motion.

/s/ *Colin M. Watterson**

\* (Signed with consent pursuant to § XI(D) of the Electronic Filing Policies & Procedures)

6