UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, DEAN ALLEN SHINNERS, and JASON VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br>Courtroom 2<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br>MARCH 1, 2017<br><br>DECLARATION OF COLIN M. WATTERSON IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND DEFAULT JUDGMENT |

Declaration of Colin M. Watterson In Support of
<u>Plaintiff's Motion for Class Certification and Default Judgment</u>

I, Colin M. Watterson, declare as follows:

1.      My name is Colin M. Watterson. I am over the age of twenty-one (21) and have personal knowledge of the facts stated in this declaration and believe they are true and correct.

2.      I am an attorney in good standing with the State Bar of Texas and admitted to practice before the highest court in Texas. I am also admitted to practice in the United States District Court for the Southern District of Texas, the United States District Court for the Eastern District of Texas, the United States District Court for the Northern District of Texas, the United States Court of Appeals for the Sixth Circuit, and the United States Court of Appeals for the Federal Circuit.

3.      I am an associate at the law firm of Susman Godfrey L.L.P. and represent the Plaintiffs in the above-captioned action ("Action"). I submit this declaration in support of

Plaintiffs' request that the Court certify a default judgment class and enter a default judgment.

4.      Attached hereto as <u>Exhibit 1</u> is a true and correct copy of the Firm Resume of Susman Godfrey L.L.P.

5.      Attached hereto as <u>Exhibit 2</u> is a true and correct copy of the profile of Marc M. Seltzer.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: March 1, 2017                           */s/ Colin M. Watterson*                           
                                               Colin M. Watterson

# EXHIBIT 1

# SUSMAN GODFREY L.L.P.

WWW.SUSMANGODFREY.COM

| | | | |
|---|---|---|---|
| SUITE 5100<br>1000 LOUISIANA<br>HOUSTON, TEXAS<br>77002-5096<br>(713) 651 - 9366 | SUITE 3800<br>1201 THIRD AVENUE<br>SEATTLE, WASHINGTON<br>98101-3000<br>(206) 516 - 3880 | SUITE 950<br>1901 AVENUE OF<br>THE STARS<br>LOS ANGELES, CA<br>90067-6029<br>(310) 789-3100 | 15TH FLOOR<br>560 LEXINGTON AVENUE<br>NEW YORK, NEW YORK<br>10022-6828<br>(212) 336-8330 |

# THE SUSMAN GODFREY DIFFERENCE

For forty years, Susman Godfrey has focused its nationally recognized practice on just one thing: big - stakes commercial litigation. We are one of the nation's leading litigation boutique law firms with locations in Houston, Los Angeles, Seattle, and New York. Each of the firm's 102 trial attorneys specializes in complex commercial litigation.

How successfully does Susman Godfrey represent its clients?

When *The American Lawyer* held the first-ever "Litigation Boutique of the Year" competition, the firm was named one of the two top litigation boutiques in the nation.

"These firms manage to combine cutting-edge technologies, palpable tastes for risk, and an old-fashioned sense of partnership," said *The American Lawyer.* "The rewards are obvious: Their clients are stellar, and so are their profits."

In other words, Susman Godfrey represents its clients *very* well.

**A record of winning**

One of Susman Godfrey's early cases, the *Corrugated Container* antitrust trial, led to one of the highest antitrust jury verdicts ever obtained. Since that extraordinary start, the firm has remained devoted to helping businesses and individuals achieve similarly extraordinary results. Recent high-profile victories (click on the links below to see the particular facts and circumstances of these representations):

- Representation of the plaintiffs in a number of successful private antitrust actions against Microsoft Corporation, including litigation or private negotiations on behalf of Gateway, Novell, Caldera, Be, Inc., Paltalk Holdings, and others.

- Representation of MicroUnity Systems in a variety of patent infringement litigation, which has led to confidential settlements with a variety of defendants, including Intel and Sony.

- Defeated claims for $550 million in damages brought by Alcoa against our client, Luminant and convinced the jury to award Luminant $10 million in counterclaim damages.

- Secured a $225 million jury award for Dillard's, Inc. against I2 Technologies for fraud and breach of warranty.

- Obtained a jury award of more than $178 million in a breach of fiduciary duty case brought on behalf of minority shareholders of an NL Industries, Inc. subsidiary.

- Representation of Sky Technologies in patent infringement cases against i2 Technologies, IBM, Ariba, Oracle, and SAP that each have led to confidential settlements.

- Representation of the bankruptcy estate of Enron Corp. against ten banks and investment banks for aiding and abetting breach of fiduciary duty and fraud. Settlements to date have brought more than one billion dollars in value to the Enron estate.

- Successfully concluded the pro bono representation of Texas Clean Air Cities Coalition which included Dallas, Houston, Fort Worth, Waco, El Paso, Plano, Arlington, Irving, and 28 other local governments across Texas. The cities were concerned about the environmental threats resulting from the large amounts of nitrogen oxides, sulfur dioxide, particulate matter, mercury, and carbon dioxide to be emitted from the proposed plants. The coalition of Texas cities challenged permit applications by TXU Corporation to build eight coal-fired power units across Texas. Following the announcement of the proposed buyout of TXU by two private equity firms and citing a new environmental direction for the company, TXU announced that it would withdraw applications for all eight of the coal units that the coalition opposed.

These are only a few of our recent cases. Our practice area inserts provide a more complete description of Susman Godfrey's successes in a number of areas of commercial litigation, including intellectual property, antitrust, accounting malpractice, energy and natural resources, securities litigation, and climate change litigation.

**The will to win**

At Susman Godfrey, we want to win because we are stand-up trial attorneys, not discovery litigators. We approach each case as if it is headed for trial. Everything that we do is designed to prepare our attorneys to persuade a jury. When you are represented by Susman Godfrey, the opposing party will know that you are willing to take the case all the way to a verdict if necessary; this fact alone can make a good settlement possible.

*The American Lawyer* award confirmed Susman Godfrey's longstanding reputation as one of the premier firms of trial lawyers in the United States. We are often brought in on the eve of trial to "rescue" troubled cases or to take the reins when the case requires trial lawyers with a proven record of courtroom success.

We also want to win because we share the risk with our clients. We prefer to work on a contingency-fee basis so that our time and efforts pay off only when we win. Our interests are aligned with our clients—we want to achieve the best-possible outcome at the lowest possible cost.

Finally, we want to win because each of our attorneys shares a commitment to your success. Each attorney at the firm – associate as well as partner – examines every proposed contingent fee case and has an equal vote on whether or not to accept it. The resulting profit or loss affects the compensation of every attorney at the firm. This model has been a tremendous success for both our attorneys and our clients. In recent years, we have achieved the highest profit-per-partner results in the nation. Our associates have enjoyed performance bonuses equal to their annual salaries. When you win, our attorneys win.

2

**Unique perspective**

Susman Godfrey represents an equal number of plaintiffs and defendants. Ours is not a cookie-cutter practice turning out the same case from the same side of the bar time after time. We thrive on variety, flexibility, and creativity. Clients appreciate the insights that our broad experience brings. "I think that's how they keep their tools sharp," says one.

Many companies who have had to defend cases brought by Susman Godfrey on behalf of plaintiffs are so impressed with our work in the courtroom that they hire us themselves next time around – companies like El Paso Corporation, Georgia-Pacific Corporation, Mead Paper, and Nokia Corporation.

We know from experience what motivates both plaintiffs and defendants. This dual perspective informs not just our trial tactics, but also our approach to settlement negotiations and mediation presentations. We are successful in court because we understand our opponent's case as well as our own.

**A lean and mean structure**

At Susman Godfrey, our clients hire us to achieve the best possible result in the courtroom at the least possible cost. Because we learned to run our practice on a contingency-fee model where preparation of a case is at our expense, we have developed a very efficient approach to commercial litigation. We proved that big cases do not require big hours. And, because we staff and run all cases using the same model, clients who prefer to hire us by the hour also benefit from our approach.

There is no costly pyramid structure at Susman Godfrey. As a business, we are lean, mean and un-leveraged – with a one-to-one ratio between partners and associates. To counter the structural bloat of our opponents, who often have three associates for each partner, we rely on creativity and efficiency.

Susman Godfrey's experience has taught what is important at trial and what can be safely ignored. We limit document discovery and depositions to the essential. For most depositions and other case related events we send one attorney and one attorney alone to handle the matter. After three decades of trials, we know what we need – and what is just a waste of time and money.

**Unparalleled talent**

Susman Godfrey prides itself on a talent pool as deep as any firm in the country. Clerking for a judge in the federal court system is considered to be the best training for a young trial attorney, and 91% of our lawyers served in these highly sought-after clerkships after law school. Seven of our attorneys have clerked at the highest level – for Justices of the United States Supreme Court.

Our associates are not document-churning drones. Each associate at Susman Godfrey is expected to second-chair cases in the courtroom from the start. Because we are so confident in their abilities, we consider associates for partnership after seven years with the firm, unless they joined us following a federal judicial clerkship. In that case, we give credit for the clerkship, and the partnership track is generally six years.  We pay them top salaries and bonuses, make them privy to the firm's financials, and let them vote – on an equal standing with partners – on virtually all firm decisions.

Each trial attorney at Susman Godfrey is invested in our unique model and stands ready to handle your big-stakes commercial litigation.

3

**No Matter What the Case**

Our firm is made up of the best and the brightest trial lawyers in the country. Quite simply, we can try any case, no matter what the subject matter. And our record proves it.

Patent law. Our lawyers are not "patent " lawyers . Yet Susman Godfrey is one of the nation's go-to firms for patent litigation. Indeed, as the amount in controversy soared in patent cases in the early 2000s, so has the number of patent cases tried and won by Susman Godfrey. Clients know that they need real trial lawyers to translate the patent talk into language that can be understood by a jury. And juries listen when Susman Godfrey lawyers talk. Our firm has won some of the largest jury verdicts in patent cases in the country.

Family law. Our lawyers are not "family " lawyers . Yet when the richest couples get in the nastiest divorce battles, they call the real trial lawyers for the ultimate show down. When the owner of the Dodgers risked losing his team to his wife in a bitter divorce battle, Frank McCourt called Susman Godfrey. When David Saperstein found himself in divorce proceedings with his wife in over their multi-million dollar estate, including their $125 million "Fleur de Lys" mansion, he hired Susman Godfrey.

Tax law. Our lawyers are not "tax" lawyers. Yet, when an individual had a $ 800 million tax dispute and needed a trial lawyer, he hired Terry Oxford of Susman Godfrey. Terry, with the assistance of tax counsel, tried the case for 5 weeks in federal court. The result: a decision that would return the taxpayer more than half the disputed amount.

Criminal law. Our lawyers are not " criminal " lawyers . Yet when evidence suggested a death row inmate was wrongly convicted, those trying to right the wrong called Susman Godfrey. When Barry Scheck and his Innocence Project wanted help reversing the wrongful conviction of George Rodriguez, they teamed up with Susman Godfrey. The conviction was reversed and Mr. Rodriguez freed, and Susman Godfrey continues the battle to obtain fair compensation for the 17 years he spent behind bars .

It does not matter what area of law your case is. If we haven't already been involved in path-breaking litigation there, we will master it. And you will have the best possible trial team on your side.

Disclaimer: The information contained herein is revised frequently and is only accurate and current as of the date printed below.  Please call us for the most recent edition.

4

**SUSMAN GODFREY L.L.P**

WWW.SUSMANGODFREY.COM

| | | | |
|---|---|---|---|
| SUITE 5100 | SUITE 3800 | SUITE 950 | 15ᵀᴴ FLOOR |
| 1000 LOUISIANA | 1201 THIRD AVENUE | 1901 AVENUE OF | 560 LEXINGTON AVENUE |
| HOUSTON, TEXAS | SEATTLE, WASHINGTON | THE STARS | NEW YORK, NEW YORK |
| 77002-5096 | 98101-3000 | LOS ANGELES, CA | 10022-6828 |
| (713) 651 - 9366 | (206) 516 - 3880 | 90067-6029 | (212) 336-8330 |
| | | (310) 789-3100 | |

# SECURITIES LITIGATION

Since its inception Susman Godfrey has handled complex securities litigation. The cases would include, but by no means be limited to, dozens of shareholder class actions and derivative suits. The firm's decade-and-a-half of managing and trying complex securities cases clearly places it among the country's preeminent firms in this arena.

Susman Godfrey has handled several securities cases that resulted in substantial judgments for the plaintiff. For example:

- In August 2007, Susman Godfrey successfully represented a certified class of shareholders in a securities fraud action against Genzyme Corporation challenging the propriety under the federal securities laws of its elimination of the "tracking stock" of one of its divisions. The case settled in August 2007 with Genzyme agreeing to pay $64 million to the class. Susman Godfrey LLP served as co-counsel for the class along with Boies, Schiller & Flexner and Kaplan Fox. Susman Godfrey partner, Vineet Bhatia, was lead trial counsel for the class.

- On November 29, 2005, Hon. T. John Ward entered an order and final judgment finally approving settlements in the Fleming Securities Class Action Litigation. Kenneth S. Marks of Susman Godfrey L.L.P. is Co-Lead Counsel in that litigation, along with Sherrie R. Savett of Berger & Montague, P.C. Johnny W. Carter of Susman Godfrey L.L.P. has also worked extensively on this litigation. The settlements total $94 million, or $73 million net of attorneys' fees. In late 2002, 15 securities class action lawsuits were filed against Fleming Companies, Inc., which at the time was one of the largest food wholesalers in the United States. In December 2002, Judge Ward appointed Mr. Marks and Ms. Savett to be Co-Lead Counsel, and the Judicial Panel on Multidistrict Litigation (JPML) subsequently transferred all cases to the Eastern District of Texas. In April 2003, Fleming Companies, Inc. declared bankruptcy and thereafter was liquidated. Plaintiffs pursued claims against former directors and officers of Fleming, Fleming's auditor, and underwriters of one of Fleming's public offerings. In June 2004, the Court largely denied motions to dismiss brought by several defendants, and the case subsequently was set for trial in March 2006. Over the course of 2005, Counsel for Plaintiffs negotiated separate settlements with each of the defendants.

- In February 2005, settled a securities fraud case against Waste Management, Inc. on behalf of shareholders who opted out of a federal class action settlement. We filed suit in Texas state court and developed theories of liability and evidence that had evaded the federal class plaintiffs and every other group of opt out plaintiffs in the country. A few weeks before trial, we settled the case for more than 40 times what our clients would have received in the class action settlement. At Waste Management's insistence, the actual amount of the settlement is confidential.

- In August 2003, Susman Godfrey won a $27.8 million award from a panel of arbitrators for its clients, James P. Hunter, III, and the James P. Hunter, III Family Partnership Limited. The award came in a securities arbitration against Service Corporation International, and certain of its current and former officers. Hunter's securities claims against Service Corp. arose out of the January 1999 merger of Service Corp. and Equity Corporation International. James Hunter was Equity Corporation International's CEO before the merger. The arbitration followed several years of jurisdictional challenges, in which Susman Godfrey handled separate appeals to both the United States Court of Appeals for the Fifth Circuit and the Texas Supreme Court. As Service Corp. disclosed in its SEC filings, the arbitrators ruled in favor of Susman Godfrey's clients on their claims under the Texas Securities Act and awarded them $27.8 million.

- In 2002 and 2003, Susman Godfrey obtained settlements in federal court in Chicago involving now-bankrupt wire distributor Anicom, Inc. Susman Godfrey was lead counsel for a joint prosecution group -- the State of Wisconsin Investment Board (on behalf of a shareholder class), the Anicom bankruptcy estate, and Anicom secured lenders. PricewaterhouseCoopers LLP agreed to pay $21.5 million to resolve lawsuits accusing the accounting firm of acting recklessly by certifying Anicom's financial statements during the years leading up to its January 2001 bankruptcy-court filing. According to the October 29, 2002, Wall Street Journal, the "payment is among the larger settlements to date over an alleged audit failure by PricewaterhouseCoopers." Certain officers and directors agreed to settle the case against them with over half of the amount paid by individual defendants -- not merely from D&O insurance.

- In October 2002, PricewaterhouseCoopers LLP agreed to pay $21.5 million to resolve lawsuits by Anicom Inc. shareholders and creditors who accused the accounting firm of acting recklessly by certifying the company's financial statements during the years leading up to its January 2001 bankruptcy-court filing.  According to the October 29, 2002, *Wall Street Journal*, the "payment is among the larger settlements to date over an alleged audit failure by PricewaterhouseCoopers."

- On January 18, 2002, a $75 million settlement became final in the Alcatel securities litigation. The settlement was negotiated by Susman Godfrey L.L.P. and its co-lead counsel on behalf of a class of Alcatel shareholders. Susman Godfrey and its co-counsel aggressively pursued the case through discovery. With trial set for November 5, 2001, a settlement was reached in October 2001. Alcatel agreed to pay $75 million to the class. The Court approved the settlement and entered final judgment on December 18, 2001. The Court awarded attorneys' fees of $14,280,314.40 to counsel for the plaintiffs. Pursuant to an agreement with co-counsel, Susman Godfrey recovered $5,407,503.39 in fees. The settlement became final on January 18, 2002 because there were no appeals from the final judgment. Attorneys from Susman Godfrey representing the Alcatel class included Stephen D. Susman, Kenneth S. Marks, Barry Barnett, and Johnny Carter.

- In August 2001, Bergen Brunswig Corporation retained Susman Godfrey to bring Arthur Andersen LLP into litigation pending in Los Angeles Superior Court. The claims of Bergen Brunswig, one of the nation's largest drug wholesalers, arise from more than $200 million in losses sustained in connection with Bergen's acquisition of Stadtlander Drug Co., for which Arthur Andersen served as auditor.

- In January 2001, a federal court in Las Vegas, Nevada, granted final approval to settle a securities class action. The case involved allegations that Equinox International Corporation and its affiliates functioned as an illegal pyramid scheme. It settled after three weeks of trial. The settlement also imposes on defendants a permanent ban on operating any multi-level marketing company, rescission of all distributorship agreements with past and current Equinox distributors, and pro rata restitution to the class members

Timestamp:  6/01/2008 9:56 AM CST

of the funds they paid to Equinox.

- In November 1994, a jury in federal court in New York City awarded our client, investment banker Frank A. Benevento II, $14.2 million in damages against RJR Nabisco, Inc. The case involved a fee dispute arising from the largest corporate takeover in history, the 1988 leveraged buyout of RJR Nabisco that was the subject of the book and movie "Barbarians at the Gate."

- In 1992, the Delaware Supreme Court affirmed a $38 million award for 20,000 former shareholders of Shell Oil Company in a class action. As lead counsel, we tried the case in Delaware Chancery Court, which found that Shell's parent company breached a fiduciary duty in connection with the disclosure materials sent to the class as part of a cash-out merger.

- In 1992, the Delaware Supreme Court also upheld a $122 million award for former owners of Shell stock in an action seeking the fair appraisal value of their shares.

- In 1989, after a jury trial, a federal judge awarded $37.7 million in damages against the accounting firm Laventhol & Horwath. The National Law Journal called this one of the 25 most significant verdicts of the year.

The firm has also obtained many pretrial settlements in excess of seven figures, including:

- In 1996, Susman Godfrey served as one of lead counsel who negotiated a settlement in the Medical Care America, Inc. securities litigation.

- In the Houston Oil Trust litigation, the firm served as co-lead counsel for a class that received a substantial settlement.

- The firm served as co-lead counsel helped negotiate a settlement for the class in the First Republic securities litigation.

- Susman Godfrey represented the class that received a settlement in the Tenneco securities litigation.

In derivative cases, the firm has often served as co-lead counsel in litigation resulting in settlements as high as $19 million in the General Electric litigation.

Susman Godfrey attorneys have also participated in many appellate court arguments, from the early case of Paul F. Newton & Co. v. Pressman, Frohlich & Frost, 630 F.2d 1111 (5th Cir. 1980), which established the validity of the respondeat superior doctrine in securities cases, to Rubinstein v. Collins, 20 F.3d 160 (5th Cir. 1994), which affirmed the viability of the 10(b) cause of action even where defendants peppered their misleading statements with cautionary language.

## WE'VE SUCCESSFULLY DEFENDED SECURITIES CASES, TOO

Although the cases mentioned above highlight only the plaintiff's side, the firm has also successfully defended many securities cases. For example, in In re Worlds of Wonder Securities Litigation, 814 F. Supp. 850 (N.D. Cal. 1993), aff'd, 35 F.3d 1407 (9th Cir. 1994), the firm obtained a summary judgment on behalf of a former director and others. Similarly, the firm obtained the dismissal of securities fraud allegations involving hundreds of millions of dollars against a major oil company.

Timestamp:  6/01/2008 9:56 AM CST

**PROXY CONTESTS, CONSENT SOLICITATIONS, AND BATTLES FOR CORPORATE CONTROL**

In October 1995, Susman Godfrey obtained for its clients a preliminary injunction from the United States District Court for the Virgin Island (St. Croix) returning its clients to the Board of Directors and management of Atlantic Tele-Network, Inc., the holding company for the telephone companies in the Virgin Islands and Guyana. Susman Godfrey's clients had been ousted from the

Board and management following another director's secret consent solicitation for control of the $150 million a year company.

The information contained herein is revised frequently and is only accurate and current as of the date printed below. Please call us for the most recent edition.

Timestamp:  6/01/2008 9:56 AM CST

# EXHIBIT 2

# SUSMAN GODFREY L.L.P.



Marc M. Seltzer
Partner

# Marc M. Seltzer

1901 Avenue of the Stars, Suite 950
Los Angeles, California 90067-6029

mseltzer@susmangodfrey.com
310.789.3102

## Overview

Marc Seltzer has practiced law for more than forty years, litigating complex cases in state and federal courts throughout the United States.  Before joining Susman Godfrey, he was a principal in the law firm of Corinblit & Seltzer, a Professional Corporation. Marc Seltzer's relationship with the lawyers of  Susman Godfrey began in the late 1970's, when he worked with Steve Susman on the *Corrugated Container* antitrust case. In the ensuing years, Mr. Seltzer joined forces with Susman Godfrey on a number of other cases. In February 1998, Marc Seltzer became a partner of the firm, and opened the firm's Los Angeles office. Since then, the firm's Los Angeles office has become one of the leading litigation boutiques in California.

Marc Seltzer's involvement in nationally prominent litigation began in the mid-1970's, when he was tapped by Jack Corinblit to work on the massive *Equity Funding* securities litigation. That case consisted of more than 100 consolidated class and private action cases, and was settled in 1976 for over $60 million, then the largest recovery ever achieved in a securities fraud class action. *See In re Equity Funding Corp. of America Securities Litigation*, 438 F. Supp. 1303 (C.D. Cal. 1977). Later, in the 1980's, Mr. Seltzer was appointed by the Los Angeles federal court to serve as sole lead counsel to represent the plaintiff class in the *ZZZZ Best* securities fraud case. The *ZZZZ Best* fraud was described by the United States Attorney for the Central District of California as "the most massive and elaborate securities fraud perpetrated on the West Coast in over a decade," harking back to the Equity Funding case. The case resulted in several important published decisions sustaining plaintiffs' claims. *See In re ZZZZ Best Securities Litigation*, 864 F. Supp. 960 (C.D. Cal. 1994).

Since joining the firm, Mr. Seltzer has continued to work on complex litigation.  Marc Seltzer was, together with Steve Susman, a member of the Susman Godfrey trial team representing approximately 90 financial institutions in a negligent misrepresentation case against one of the "Big Four" accounting firms. That case settled just prior to the commencement of trial. Marc Seltzer also teamed with Steve Susman in prosecuting the In *re Vitamin Antitrust Litigation*, which was settled pursuant to agreements that made

more than $1.05 billion available to the class.

In *McCourt v. McCourt*, Mr. Seltzer served as co-trial counsel with Steve Susman in representing Frank McCourt in his marital property litigation with his former wife which involved competing claims to ownership of the Los Angeles Dodgers. In 2015, Mr. Seltzer successfully argued the appeal taken in that case by Ms. McCourt from the order denying her motion to set aside the settlement reached in that case.

In the *In re Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*, Marc Seltzer was appointed by the Court to serve as one of the co-lead counsel for the economic loss class action plaintiffs.  After three years of hard fought litigation, an historic settlement was reached valued by the Court at approximately $1.6 billion, with the class receiving net benefits valued at  approximately $1.4 billion.

In December 2013, Mr. Seltzer was named to *Law360's* annual list of legal "MVPs."  He was one of just three attorneys in the nation selected by *Law360* for recognition in the Class Action category.  In 2014, 2015 and 2016, he was named to the *International Who's Who of Competition Lawyers & Economists.*  Nominees were selected by *Global Competition Review* based upon "comprehensive, independent survey work with both general counsel and private practice lawyers worldwide."

Mr. Seltzer has been appointed to serve as lead or co-lead counsel for plaintiffs in numerous additional cases noted below.  Over his many years of practice, Mr. Seltzer has also represented defendants in a wide variety of cases, including antitrust, securities, copyright, trademark, trade secret, unfair competition and other complex litigation.

## Education

University of California at Berkeley (B.A., 1969)
UCLA School of Law (J.D., 1972)

## Honors and Distinctions

Recipient, 2012 Jewish Federation of Los Angeles' Bruce I. Hochman-Maimonides Torch of Justice Award

Recipient, 2004 American ORT Jurisprudence Award

Named a "Super Lawyer" by Southern California Law & Politics magazine (2004-2015)

Named one of Law Dragon's 500 Leading Plaintiff's Lawyers (2007)

Named one of Law Dragon's 100 Lawyers You Need To Know in Securities Litigation (2008)

Named a Litigation Star by *Benchmark Litigation* (2014 and 2015)

Ranked by Martindale-Hubble as an AV Preeminent Lawyer (2015)

Named by *US News* as one of the *Best Lawyers in America* (2016)

Named by the *Daily Journal* as a Top Plaintiff Lawyer in California (2016)

**Books and Articles**

Co-author, California Federal Civil Rules (LexisNexis 2015);

Co-author, California State Antitrust and Unfair Competition Law (Matthew Bender & Co. 2014), published by the Antitrust and Unfair Competition Law Section, State Bar of California

"Choosing Between Class and Derivative Actions," published in Second Annual Institute, Class and Derivative Litigation in the 1990's — The New Frontier (Prentice Hall Law & Bus. 1991); and the same topic for subsequent Annual Institutes

"Measures of Damages in Private Actions for Violations of the Federal Securities Laws: The Basic Rules and Selected Problems," published in Securities Litigation 1990 (PLI 1990)

"Shareholders' Derivative Suits in Contests for Corporate Control," published in Securities Litigation 1986: Prosecution and Defense Strategies (PLI 1986)

**Professional Associations and Memberships**

Past Vice-Chair of the Executive Committee, Antitrust and Unfair Competition Law Section, State Bar of California

Past President and current member of the Board of Directors of the Ninth Judicial Circuit Historical Society

Past President and current member of the Board of Directors of the Legal Aid Foundation of Los Angeles

Member, Executive Committee of the Litigation Section of the Los Angeles County Bar Association

Member, The Chancery Club

Member, Board of Governors of the Association of Business Trial Lawyers

Member, Board of Directors of the National Equal Justice Library

Member, Board of Directors, American Friends of Hebrew University, Western Region

Member, Board of Trustees of the Lawyers Committee for Civil Rights Under Law

Member, Board of Directors of the Friends of the Los Angeles County Law Library

Life Member of the American Law Institute

Member, Advisory Board of the American Antitrust Institute

Life Fellow of the American Bar Foundation

Member, American Bar Association (and its Business Law, Antitrust Law, Torts and Insurance Law, and Litigation Sections)

Member, American Association for Justice

Member, Consumer Attorneys of California

Member, Selden Society

**Notable Representation**

*In re Korean Air Lines Co., Ltd. Antitrust Litigation*, consisting of more than eighty consolidated antitrust class action cases pending in the Los Angeles federal court. Marc Seltzer was appointed by the Los Angeles federal court to serve as one of the co-lead counsel for the class. The case was settled for $86 million in cash and travel vouchers, with the class receiving approximately $60 million.

*Schulein, et al. v. Petroleum Development Corp., et al.,* a case in which Marc Seltzer served as lead counsel for the plaintiffs in a class action brought in Santa Ana federal court on behalf of more than 7000 limited partners who invested in the 12 limited partnerships.  Plaintiffs alleged the defendants made false and misleading statements and omitted material information regarding the value of the partnerships in its proxy statements used to solicit votes in favor of mergers that cased them out of their investments.  After three years of hard fought litigation – and following the court's denial of defendants' class decertification motion, partial motions for summary judgment and a motion that the plaintiffs weren't entitled to seek punitive damages, the case was settled for $37.5 million in March 2015, with the class receiving approximately $24 million.

*McGuire v. Dendreon Corp.*, consolidated securities fraud class action cases filed in Seattle federal court in which Marc Seltzer was appointed by the Court to serve as lead counsel for the class. The case was settled on the eve of trial for $16.5 million, with the class receiving approximately $12 million.

*Clark v. AdvanceMe, Inc.*, a class action brought in Los Angeles federal court challenging financial arrangements with retail merchants under California's laws against usury. Marc Seltzer served as lead counsel for the class. The case was settled for approximately $23.4 million in cash and other economic consideration, with the class receiving approximately $19 million.

*CLRB Hanson Industries, LLC v. Google, Inc.,* a class action for alleged false advertising which was settled for $20 million, with the class receiving $15 million.  Marc Seltzer successfully argued the appeal from the judgment approving the settlement before the Ninth Circuit. *See* 465 Fed. Appx. 617 (9th Cir. 2012)

*In Re Universal Service Fund Telephone Billing Practices Litigation*, an antitrust and breach of contract class action involving more than fifty consolidated cases in which Marc Seltzer served as co-lead trial counsel for plaintiffs. The case was settled as to one defendant for benefits to the class totaling $25 million, and tried to a verdict as to the remaining defendant.  The jury found in favor of defendant on the antitrust claim and returned a verdict in favor of plaintiffs on the breach of contract claim which was affirmed by the Tenth Circuit. The trial court issued numerous published decisions in this

matter.  *See, e.g., In Re Universal Service Fund Telephone Billing Practices Litigation*, 300 F. Supp.2d 1107 (D. Kan. 2003).

*Masimo Corp. v. Tyco Healthcare Group L.P.*, an antitrust case in which Marc Seltzer served as co-trial counsel for the plaintiff. The case was tried to a verdict resulting in an award in favor of our client. A new trial was granted as to damages. On retrial, the Court awarded approximately $45 million in damages (after trebling). The Ninth Circuit affirmed the liability verdict and damages award.  *See* 350 Fed. Appx. 95 (9th Cir. 2009).  Our client received a net recovery of approximately $27 million.

*White v. NCAA*, an antitrust class action brought in Los Angeles federal court challenging limitations on financial assistance provided by colleges and universities to student athletes. Marc Seltzer served as co-lead counsel for the plaintiff class. The case was settled for benefits netting the class approximately $220 million, plus court-approved attorneys' fees and costs.

*In re Structured Settlement Litigation*, consolidated class actions brought in the Los Angeles Superior Court in which Marc Seltzer served as one of the lead counsel for the plaintiffs. The plaintiffs were parties to structured settlements who were victimized by the alleged fraudulent conversion of U.S. Treasury bonds backing their settlements. After three years of hotly contested litigation, the case was settled.  More than $100 million was distributed to the class.

*Livid Holdings, Ltd. v. Salomon Smith Barney, Inc.*, a securities fraud case brought on behalf of an investor in a start up company. Marc Seltzer was retained to represent the plaintiff on appeal following the dismissal of the action by the trial court, and was successful in overturning the dismissal of the case. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940 (9th Cir. 2005). The case was subsequently settled for a confidential amount.

*In Motorcar Parts & Accessories Securities Litigation*, fourteen consolidated securities fraud class actions in which Marc Seltzer was appointed by the Los Angeles federal court to serve as lead counsel for the class. The case was settled for $7.5 million. *See Z-Seven Fund, Inc. v. Motorcar Parts & Accessories*, 231 F.3d 1215 (9th Cir. 2000).

*In re IDB Communications Group, Inc. Securities Litigation*, in which Marc Seltzer served as one of four co-lead counsel appointed by the Los Angeles federal court to represent the plaintiff class in more than twenty consolidated securities fraud class action cases. The case was settled for $75 million.

*In re Taxable Municipal Bond Securities Litigation*, in which four lawyers, including Marc Seltzer, served on Plaintiffs' Executive Committee, and together with plaintiffs' lead counsel, supervised and managed every aspect of the litigation. This litigation was a consolidated multi-district proceeding brought on behalf of defrauded purchasers of taxable municipal bonds. The case resulted in numerous reported decisions on important recurring issues arising under the federal securities laws. *See, e.g., In re Taxable Municipal Bond Litigation*, [1993 Transfer Binder] Fed. Sec. L. Rep. (CCH) 97,742 (E.D. La. 1993). After several years of intense litigation, the case was settled for approximately $110 million.

*Cowles v. Gannett Outdoor Co., Inc.*, of Southern California, coordinated class

actions brought in Los Angeles federal court for an alleged conspiracy to suppress competition for leases for billboards sites in Southern California in violation of § 1 of the Sherman Act. Marc Seltzer served as co-lead counsel for the class. The case was settled for $6.5 million.

*Slaven v. B. P. America, Inc.*, a class action brought in Los Angeles federal court on behalf of fishermen and business owners for economic losses suffered as a result of the spill of more than 200,000 gallons of crude oil from a tanker off the coast of Huntington Beach, California that befouled coastal waters and nearby beaches. The case was brought under the Trans-Alaska Pipeline Authorization Act, admiralty law and the law of California, and resulted in several published decisions in the district court and the Ninth Circuit. *See*, e.g., *Slaven v. B. P. America*, Inc., 973 F.2d 1468 (9th Cir. 1992). Marc Seltzer served as co-lead counsel for the class. The case was ultimately settled for $4 million, plus court-approved attorneys' fees and costs.

*In re Carnation Company Securities Litigation*, consolidated class actions for violation of the federal securities laws brought in Los Angeles federal court. The plaintiffs alleged that false denials were made relating to the potential takeover of Carnation Company by Nestle, S.A., before the merger of the two firms was announced. Marc Seltzer served as co-lead counsel for the class. The case was settled for $13 million.

*In re International Technology Securities Litigation*, consolidated securities class actions filed in Los Angeles federal court. The plaintiffs alleged that the Company's financial statements were materially misleading for failing to earlier write off or set up appropriate accounting reserves relating to the Company's off-site waste disposal operations. Marc Seltzer served as co-lead counsel for plaintiffs. The case was settled for $12 million in cash and newly-issued securities.

*Guenther v. Cooper Life Sciences, Inc.*, a combined stockholders class and derivative action brought in San Francisco federal court for alleged false and misleading statements regarding the Company's products and prospects. Marc Seltzer served as co-lead counsel for plaintiffs. The case was settled for $9.85 million in cash plus non-cash economic benefits valued at $8.3 million.

*Heckmann v. Ahmanson,* consolidated class and derivative actions arising out of the alleged "greenmailing" of the Walt Disney Co. by Saul Steinberg and a group of his companies. Marc Seltzer was one of the lead counsel for the class of stockholders. The case was settled after three weeks of trial for approximately $60 million. *See Heckmann v. Ahmanson*, [1989 Transfer Binder] Fed. Sec. L. Rep. ¶ 94, 447 (Cal. Sup. Ct. April 12, 1989) (order denying summary judgment).

*Financial Federation, Inc. v. Ashkenazy*, in which Marc Seltzer and his co-trial counsel successfully defended at trial an anti-takeover case brought in Los Angeles federal court under the federal securities laws and the RICO statute by a financial institution against persons who allegedly sought to take control of the institution. *See Financial Federation, Inc. v. Ashkenazy*, [1984 Transfer Binder] Fed. Sec. L. Rep. (CCH) 91,489 (C.D. Cal. 1983).

*Green v. Occidental Petroleum Corp.*, in which Marc Seltzer, together with co-counsel, represented plaintiffs in consolidated securities fraud class action

cases that established important precedent in the Ninth Circuit regarding the certification of plaintiff classes and the computation of damages in securities fraud cases. *See Green v. Occidental Petroleum Corp.*, 541 F.2d 1335 (9th Cir. 1976). The case was settled for $12 million.

*Wool v. Tandem Computers, Inc.*, a securities fraud class action in which Marc Seltzer played a leading role. One of the notable achievements in this case was a victory for the plaintiffs in the Ninth Circuit which established important precedent concerning the measure of damages recoverable in federal securities fraud class action cases, the standard for "controlling person" liability under the federal securities laws and the requirements for pleading fraud with the particularity specified under Rule 9(b), Fed.R. Civ. P. S*ee Wool v. Tandem Computers, Inc.*, 818 F.2d 1433 (9th Cir. 1987). Following the issuance of the Ninth Circuit's decision, the case was settled for $16.5 million.

*Plaine v. McCabe*, a securities class action, in which Marc Seltzer argued before the Ninth Circuit, obtaining a substantial victory for plaintiffs, and establishing significant precedent in the Ninth Circuit regarding the standards for liability and remedies for violations of tender offer disclosure rules under the federal securities laws. *See Plaine v. McCabe*, 797 F.2d 713 (9th Cir. 1986).

*Biben v. Card*, consolidated securities fraud class actions where Marc Seltzer served as co-lead counsel for plaintiffs. The plaintiffs achieved substantial pretrial victories, including establishing the validity of their claims under the federal securities laws against the defendants in that case. *See Biben v. Card*, [1984-1985 Transfer Binder] Fed. Sec. L. Rep. (CCH) 92,010 (W.D. Mo. 1985), on denial of motion for reconsideration, [1984-1985 Transfer Binder] Fed. Sec. L. Rep. (CCH) 92,083 (W.D. Mo. 1985). The case settled for approximately $12 million.

*Sanwa Bank California v. Facciani*, where Marc Seltzer was co-lead counsel for a plaintiff class in which settlements totaling approximately $26 million in cash were obtained on behalf of defrauded investors who were victimized by an alleged Ponzi scheme.

*In re California Indirect-Purchaser Infant Formula Antitrust Class Action Litigation*, comprised of several consolidated consumer class actions brought for alleged price-fixing of infant formula products. Marc Seltzer was appointed by the Court to serve as one of two co-lead counsel for plaintiffs and the class. The case was settled for approximately $20 million.

*Small v. Sunset Park*, where Marc Seltzer was lead counsel for a class of investors involving an alleged Ponzi scheme in which settlements totaling more than $16.8 million were achieved ($11.8 million net to the class), including $12 million paid in settlement by a then "Big Five" accounting firm.

*In re Applied Magnetics Corporation Securities Litigation*, consolidated securities fraud class actions, filed in Los Angeles federal court, where Marc Seltzer was appointed co-lead counsel for the class.  Plaintiffs successfully defended against defendants' motion to dismiss plaintiffs' consolidated complaint.  *See In re Applied Magnetics Corp. Sec. Litig.*, [1994-1995 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 98,345 (C.D. Cal. 1994).  The case was subsequently settled.

*Schneider v. Traweek*, federal and state court securities fraud class actions in which Marc Seltzer was lead counsel for the plaintiffs. Significant victories were obtained on plaintiffs' behalf in defeating motions to dismiss and in obtaining class certification. *See Schneider v. Traweek* [1990 Transfer Binder] Fed. Sec. L. Rep. (CCH) 95,419 and 95,505 (C.D. Cal. 1990). The case was settled for approximately $14 million, $10.8 million net to the class.

*Johnson v. Boston*, where Marc Seltzer was co-lead counsel for a nationwide class of investors in promissory notes victimized by an alleged Ponzi scheme.  Approximately $20 million in settlements were obtained for the defrauded investors.

*Lilienthal v. Levi Strauss & Co.*, an individual minority shareholder's action for alleged breach of fiduciary duty by the majority owners, which resulted in a judgment after trial for the plaintiff providing for a recovery in excess of $3 million.  Plaintiff subsequently collected more than $2 million net of attorneys' fees.  Marc Seltzer was co-trial counsel for the plaintiff with Jack Corinblit.