|  |  |
|---|---|
| DENIS MARC AUDET, *et al.*, <br><br>                 Plaintiffs, <br><br> v. <br><br> STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, <br><br>                 Defendants. | Case No. 3:16-CV-00940-MPS |

**DEFENDANT STUART A. FRASER'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO**
**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant Stuart A. Fraser ("Fraser"), by his undersigned counsel, hereby answers the First Amended Complaint (the "Complaint") as to himself, based on his present knowledge. Fraser has not knowingly or intentionally waived any applicable defenses. Fraser reserves the right to supplement and amend this Answer and reserves the right to add additional defenses of which he becomes aware through discovery or other investigation.

To the extent plaintiffs use group pleading as a basis to attempt to impose liability on Fraser, Fraser denies all such allegations as to himself and lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations as to former lead defendant Homero Joshua Garza ("Garza") or any of the other defendants, and for that reason, denies them.

Fraser denies the first, unnumbered paragraph of the Complaint to the extent that plaintiffs purport to assert that there is a basis in fact or law for their claims against Fraser. Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of

the allegations relating to the investigative efforts of plaintiffs' counsel, and for that reason denies them.

With respect to the numbered paragraphs of the Complaint, Fraser answers as follows:

## "SUMMARY OF THE ACTION[1]"

1. Fraser denies the allegations in Paragraph 1 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 as to Garza or any other defendant, and for that reason denies them.

2. Fraser denies the allegations in Paragraph 2 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 as to Garza or any other defendant, and for that reason denies them.

3. Fraser admits that, in approximately early 2014, GAW Miners began selling physical mining equipment for virtual currency, that "mining" for virtual currency refers to the process by which miners receive transaction fees and newly-minted virtual currency in exchange for solving computational puzzles using their computers, and that "miners" refers to the individuals and computing equipment used to mine virtual currency. Fraser denies the remaining allegations in Paragraph 3 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 3 as to Garza or any other defendant, and for that reason denies them.

4. Fraser denies the allegations in Paragraph 4 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 as to Garza or any other defendant, and for that reason denies them.

---

1. Fraser admits that the Complaint purports that its summary allegations are not meant to be exclusive of allegations made elsewhere in the Complaint.

5.      Fraser denies the allegations in Paragraph 5 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 as to Garza or any other defendant, and for that reason denies them.

6.      The allegations in Paragraph 6 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 6 are intended as a basis to attempt to impose liability on the part of Fraser, Fraser denies the allegations as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 as to Garza or any other defendant, and for that reason denies them.

7.      Fraser denies the allegations in Paragraph 7 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 as to Garza or any other defendant, and for that reason denies them.

8.      Fraser denies the allegations in Paragraph 8 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 as to Garza or any other defendant, and for that reason denies them.

9.      Fraser denies the allegations in Paragraph 9 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 as to Garza or any other defendant, and for that reason denies them.

10.      Fraser denies the allegations in Paragraph 10 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10 as to Garza or any other defendant, and for that reason denies them.

11.     Fraser denies the allegations in Paragraph 11 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 as to Garza or any other defendant, and for that reason denies them.[2]

12.     Fraser denies the allegations in Paragraph 12.

## "JURISDICTION AND VENUE"

13.     Paragraph 13 alleges conclusions of laws as to which no response is required. To the extent that a response is deemed to be required, Fraser admits only that plaintiffs purport to premise jurisdiction over the subject matter of this action on the statutes they cite in Paragraph 13 and otherwise denies the remaining allegations in Paragraph 13.

14.     Paragraph 14 alleges conclusions of law as to which no response is required. To the extent that a response is deemed to be required, Fraser admits only that plaintiffs purport to premise jurisdiction over the subject matter on the statute they cite in Paragraph 14, and otherwise denies the remaining allegations in Paragraph 14.

15.     Paragraph 15 alleges conclusions of law as to which no response is required. To the extent that a response is deemed to be required, Fraser admits only that plaintiffs purport to premise venue on the statute they cite, the location of the offices of GAW Miners and ZenMiner, and GAW Miners' alleged offers to sell and alleged sales of securities from Connecticut. Fraser denies the remaining allegations in Paragraph 15 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 as to Garza or any other defendant, and for that reason denies them.

---

2.  Fraser acknowledges that plaintiffs originally sued Garza for violations of the federal and state securities laws and for common law fraud. (*See* Compl. against Homero Joshua Garza, Stuart A. Fraser, GAW Miners, LLC, and ZenMiner, LLC, June 15, 2016 (ECF No. 1.)). Fraser further acknowledges that plaintiffs dismissed their claims against Garza without prejudice. (*See* Rule 41(a) Notice of Dismissal, Oct. 24, 2016 (ECF No. 52.)). Fraser denies the remaining allegations in footnote 2 of the Complaint.

16.     Paragraph 16 alleges conclusions of law as to which no response is required.  To the extent that a response is deemed to be required, Fraser denies the allegations in Paragraph 16 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 as to Garza or any other defendant, and for that reason denies them.

17.     Paragraph 17 alleges conclusions of law as to which no response is required.  To the extent that a response is deemed to be required, Fraser denies the allegations in Paragraph 17 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 as to Garza or any other defendant, and for that reason denies them.

## **"PARTIES"**

18.     Fraser admits that he was 55 years old as of the date the Complaint was filed, lives in Armonk, New York, has served as Vice Chairman at Cantor Fitzgerald, L.P., has invested in defendants GAW Miners, LLC ("GAW Miners") and ZenMiner, LLC d/b/a ZenCloud ("ZenMiner") (GAW Miners and ZenMiner, collectively, "the Companies"), and for some time acted as Garza's unofficial mentor.  Fraser denies the remaining allegations in Paragraph 18.

19.     Fraser admits that GAW Miners was formed in May 2014 as a Delaware limited liability company that maintained its principal place of business in Bloomfield, Connecticut, that Garza is the Managing Member of GAW Miners, that Garza told him that Fraser owned a minority interest in GAW Miners, and that Garza controlled GAW Miners and directed GAW Miners' day-to-day activities.  Fraser denies the remaining allegations in Paragraph 19.

20.     Fraser admits that ZenMiner was formed in July 2014 as a Delaware limited liability company that shared its principal place of business with GAW Miners in Bloomfield,

Connecticut, and that Garza is the Managing Member of ZenMiner, controlled ZenMiner and directed ZenMiner's day-to-day activities during all relevant times. Fraser denies the remaining allegations in Paragraph 20.

21-24. Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraphs 21-24, and for that reason denies them. Fraser denies that he fraudulently induced plaintiffs to take any action.

## "STATEMENT OF FACTS ALLEGED IN THE COMPLAINT[3]"

### "Background on Virtual Currency and 'Mining'"

25.    Fraser admits that virtual currency is a form of value that is electronically created and stored, lacks the backing of any government authority, central bank or commodity such as gold, and can be used to purchase goods and services from any person or entity willing to accept it as a form of payment. Fraser further admits that Bitcoin is a form of virtual currency and that the United States dollar is an example of a currency established by government regulation or law. Fraser denies the remaining allegations in Paragraph 25 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraphs 25 as to Garza or any other defendant, and for that reason denies them.

26.    Fraser admits that "mining" for virtual currency refers to the process by which miners receive transaction fees and newly-minted virtual currency in exchange for solving computational puzzles using their computers, and "miners" refers to the individuals and computing equipment used to mine virtual currency. Fraser denies the remaining allegations in Paragraph 26 as to himself and is without knowledge or information sufficient to form a belief as

---

3. Fraser uses the headings and subheadings utilized in the Complaint for reference purposes only and denies plaintiffs' allegations contained in those headings and subheadings to the extent plaintiffs intend them as a basis to impose liability on the part of Fraser.

to the truth or falsity of the remaining allegations in Paragraphs 26 as to Garza or any other defendant, and for that reason denies them.

27.     Fraser admits that virtual currencies use "blockchain" technology that permits transactions to be gathered into blocks and recorded onto a public ledger.  Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27, and for that reason denies them.

28.     Fraser admits that "mining" for virtual currency refers to the process by which miners receive transaction fees and newly-minted virtual currency in exchange for solving computational puzzles using their computers.  Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 28, and for that reason denies them.

29.     Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 29, and for that reason denies them.

30.     Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 30, and for that reason denies them.

31.     Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 31, and for that reason denies them.

**"Garza and Fraser's Business and Personal Relationship"**

32.     Fraser admits that Garza founded and was the CEO of GAW Miners, that Garza held a substantial ownership interest in ZenMiner, that Garza could and did direct GAW Miners' and ZenMiner's strategy and financial decisions, and that Garza had control over their day-to-day operations.  Fraser denies the remaining allegations in Paragraph 32.

33.     Fraser admits that he has known Garza since approximately 2003, that Garza started a computer business called Optima Computers, that Fraser first met Garza when Garza

installed an internet connection at Fraser's properties in Vermont, that Garza occasionally asked Fraser for business advice, and that Garza and Fraser developed a business relationship and became friends. Fraser denies the remaining allegations in Paragraph 33 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 33 as to Garza or any other defendant, and for that reason denies them.

34. Fraser admits that Garza occasionally asked Fraser for business advice. Fraser denies the remaining allegations in Paragraph 34 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 as to Garza or any other defendant, and for that reason denies them.

35. Fraser admits that, on December 11, 2006, Fraser, Garza and a third individual filed patent application no. 11/609,155, which issued on August 6, 2013 as U.S. Patent No. 8,504,651 and is entitled "Code Injection System and Method of Operation," that, on April 8, 2013, the same three individuals filed a continuation application (Appl. No. 13/858,856), which issued on February 18, 2014 as U.S. Patent No. 8,656,049, and is also entitled "Code Injection System and Method of Operation," and that both patents relate to technology for injecting code into an HTML file. Fraser denies the remaining allegations in Paragraph 35.

36. Fraser admits that, in 2005, he and Garza together founded Great Auk Wireless High Speed Internet, which later became known as GAW High Speed Internet, or GAW-HSI, and whose purpose was to provide "last mile" internet in Vermont. Fraser further admits that GAW-HSI applied for and received grant funds from the State of Vermont for certain internet projects and that the grant funds were later returned to the State when the projects were not completed. Fraser denies the remaining allegations in Paragraph 36 as to himself and is without

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 36 as to Garza or any other defendant, and for that reason denies them.

37.     Fraser admits that he owned an approximately 50% interest in GAW-HSI, that Fraser agreed to forgive a loan he had extended to Garza for Garza's mortgage, that Fraser agreed to provide additional funds for GAW-HSI, and that Garza sent Fraser an email in approximately July 2013, and respectfully refers the Court to that email for its contents. Fraser denies the remaining allegations in Paragraph 37 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 37 as to Garza or any other defendant, and for that reason denies them.

38.     Fraser denies the allegations in Paragraph 38 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 as to Garza or any other defendant, and for that reason denies them.

39.     Fraser admits that Garza attempted to give him a car that Fraser refused to accept, that he and Garza occasionally socialized with their families and other mutual friends, that he and Garza communicated by text message, that Fraser encouraged Garza to devote adequate attention to GAW-HSI, and that Fraser's wife gave Fraser a book for his 50th birthday, and Fraser respectfully refers the Court to that book for its contents. Fraser denies the remaining allegations in Paragraph 39 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 39 as to Garza or any other defendant, and for that reason denies them.

40.     Fraser denies the allegations in Paragraph 40.

41.     Fraser denies the allegations in Paragraph 41 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 as to Garza or any other defendant, and for that reason denies them.

42.     Fraser denies the allegations in Paragraph 42 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 as to Garza or any other defendant, and for that reason denies them.

43.     Fraser admits that he and Garza spoke by phone and occasionally met in person. Fraser further admits that plaintiffs purport to refer to a statement in an April 2014 "Google Hangout" and respectfully refers the Court to that statement for its contents.  Fraser denies the remaining allegations in Paragraph 43 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 43 as to Garza or any other defendant, and for that reason denies them.

44.     Fraser admits that Plaintiffs purport to refer to June 2014 emails between Garza and Dan Pease, and respectfully refers the Court to those emails for their contents.  Fraser denies the remaining allegations in Paragraph 44 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 44 as to Garza or any other defendant, and for that reason denies them.

45.     Fraser admits that plaintiffs purport to quote from an undated email between Garza and Fraser, and Fraser respectfully refers the Court to that email for its contents.  Fraser denies the remaining allegations in Paragraph 45.

46.     Fraser admits that, in March 2014, Garza incorporated GAW Miners, that Garza served as CEO of GAW Miners, and that plaintiffs purport to quote from undated emails from

Fraser, and Fraser respectfully refers the Court to those emails for their contents. Fraser denies the remaining allegations in Paragraph 46.

47.    Fraser admits that he provided funds to GAW Miners. Fraser denies the remaining allegations in Paragraph 47.

48.    Fraser admits that Garza told him that Fraser owned a minority interest in GAW Miners, that David McLain is a friend and a lawyer with whom Fraser did business on matters unrelated to the allegations in the Complaint, and that Fraser asked McLain to review information concerning funds that Fraser had supplied to Garza in 2013 and 2014. Fraser denies the remaining allegations in Paragraph 48 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 48 as to Garza or any other defendant, and for that reason denies them.

49.    Fraser admits that Garza told him that Fraser owned a minority interest in GAW Miners and that plaintiffs purport to refer to undated emails to and from Garza, and respectfully refers the Court to those emails for their contents. Fraser denies the remaining allegations in Paragraph 49 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49 as to Garza or any other defendant, and for that reason denies them.

50.    Fraser admits that plaintiffs purport to quote from emails between Garza and Fraser sent in April 2014, May 2014 and January 2015, and Fraser respectfully refers the Court to those emails for their contents. Fraser denies the remaining allegations in Paragraph 50.

51.    Fraser admits that he spoke with a person who held himself out as a representative of Zeus Miner regarding mining equipment. Fraser denies the remaining allegations in Paragraph 51 as to himself and is without knowledge or information sufficient to form a belief as

to the truth or falsity of the remaining allegations in Paragraph 51 as to Garza or any other defendant, and for that reason denies them.

52. Fraser admits that plaintiffs purport to quote from emails between Fraser and Garza dated May 5, 2014 and June 2014, and Fraser respectfully refers the Court to those emails for their contents. Fraser denies the remaining allegations in Paragraph 52.

53. Fraser admits that he spoke on one occasion with a reporter from the Wall Street Journal about GAW Miners. Fraser otherwise denies the allegations in Paragraph 53.

54. Fraser admits that he created a personal Twitter account, from which he sent a very small number of messages about virtual currency and which he later cancelled. Fraser denies the remaining allegations in Paragraph 54.

55. Fraser admits that he is Vice Chairman of Cantor Fitzgerald and that plaintiffs purport to quote emails from April 10, 2014 and December 2014, and Fraser respectfully refers the Court to those emails for their contents. Fraser denies the remaining allegations in Paragraph 55.

56. Fraser admits that, in November 2014, he participated in a meeting with individuals from Cantor Fitzgerald during which GAW Miners was discussed, and that plaintiffs purport to quote from an undated email from Fraser to Jim Ficarro, and Fraser respectfully refers the Court to that email for its contents. Fraser denies the remaining allegations in Paragraph 56.

57. Fraser admits that Howard Lutnick is the CEO of Cantor Fitzgerald and that plaintiffs purport to quote from an email between Fraser and Howard Lutnick dated October 31, 2014, and Fraser respectfully refers the Court to that email for its contents. Fraser denies the remaining allegations in Paragraph 57.

58. Fraser admits that plaintiffs purport to quote from emails from Garza in November 2014 and December 2014, and Fraser respectfully refers the Court to those emails for

their contents. Fraser denies the remaining allegations in Paragraph 58 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 58 as to Garza or any other defendant, and for that reason denies them.

59. Fraser admits that plaintiffs purport to quote from emails between Fraser and Garza in 2014, and Fraser respectfully refers the Court to those emails and their attachments for their contents. Fraser denies the remaining allegations in Paragraph 59.

60. Fraser admits only that plaintiffs purport to quote from an email in 2014, and Fraser respectfully refers the Court to that email for its contents. Fraser denies the remaining allegations in Paragraph 60 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 60 as to Garza or any other defendant, and for that reason denies them.

61. Fraser admits that plaintiffs purport to quote from an email dated November 14, 2014 from Fraser, and Fraser respectfully refers the Court to that email for its contents. Fraser denies the remaining allegations in Paragraph 61.

62. Fraser admits that plaintiffs purport to quote from a LinkedIn message sent to him on December 16, 2014, and Fraser respectfully refers the Court to that message for its contents. Fraser denies the remaining allegations in Paragraph 62 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 62 as to Garza or any other defendant, and for that reason denies them.

63. Fraser admits that plaintiffs purport to quote from a text message dated June 13, 2014 from Fraser to Garza, and Fraser respectfully refers the Court to that text message for its contents. Fraser denies the remaining allegations in Paragraph 63.

64.     Fraser admits that plaintiffs purport to quote from undated correspondence between Garza and Fraser, and Fraser respectfully refers the Court to that correspondence for its contents.  Fraser denies the remaining allegations in Paragraph 64 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 64 as to Garza or any other defendant, and for that reason denies them.

65.     Fraser admits that plaintiffs purport to quote from an undated email from Fraser to Garza, and Fraser respectfully refers the Court to that email for its contents.  Fraser denies the remaining allegations in Paragraph 65.

66.     Fraser admits that plaintiffs purport to quote from emails dated June 10, 2014 between Garza and Shiraz Moosajee, and Fraser respectfully refers the Court to those emails for their contents.  Fraser denies the remaining allegations in Paragraph 66 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 66 as to Garza or any other defendant, and for that reason denies them.

67.     Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67, and for that reason denies them.

68.     Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 68, and for that reason denies them.

69.     Fraser admits that plaintiffs purport to refer to email correspondence among Moosajee, Garza and Fraser, and Fraser respectfully refers the Court to that email correspondence for its contents.  Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 69 as to Garza or any other defendant, and for that reason denies them.

70.     Fraser denies the allegations in Paragraph 70.

71.     Fraser admits that plaintiffs purport to quote from an August 2014 email between Garza and Fraser, and Fraser respectfully refers the Court to that email for its contents. Fraser denies the remaining allegations in Paragraph 71 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 71 as to Garza or any other defendant, and for that reason denies them.

72.     Fraser admits that GAW-HSI had a corporate credit card the bill for which Fraser was responsible, that Garza opened an American Express Plum Card that Garza used for GAW Miners, and that plaintiffs purport to quote from a May 2014 email, and Fraser respectfully refers the Court to that email for its contents. Fraser denies the remaining allegations in Paragraph 72 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 72 as to Garza or any other defendant, and for that reason denies them.

73.     Fraser denies the allegations in Paragraph 73.

74.     Fraser admits that plaintiffs purport to quote from email correspondence between Garza and Fraser dated August 1, 2014, and Fraser respectfully refers the Court to that email correspondence for its contents. Fraser denies the remaining allegations in Paragraph 74.

**"Hardware- and Cloud-Hosted Mining"**

75.     Fraser admits that GAW Miners' primary business was sales of virtual currency mining equipment. Fraser denies the remaining allegations in Paragraph 75 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 75 as to Garza or any other defendant, and for that reason denies them.

76. Fraser denies the allegations in Paragraph 76 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 as to Garza or any other defendant, and for that reason denies them.

77. The allegations in Paragraph 77 are not directed to Fraser, who accordingly has no obligation to respond. To the extent the allegations in Paragraph 77 are intended as a basis to impose liability on the part of Fraser, Fraser admits that GAW Miners' primary business was sales of virtual currency mining equipment. Fraser denies the remaining allegations in Paragraph 77 allegations as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 77 as to Garza or any other defendant, and for that reason denies them.

78. Fraser admits that Garza created and incorporated ZenMiner in 2014. Fraser denies the remaining allegations in Paragraph 78 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 78 as to Garza or any other defendant, and for that reason denies them.

79. Fraser admits that GAW Miners' primary business was sales of virtual currency mining equipment. Fraser denies the remaining allegations in Paragraph 79 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 79 as to Garza or any other defendant, and for that reason denies them.

80. The allegations in Paragraph 80 are not directed to Fraser, who accordingly has no obligation to respond. To the extent the allegations in Paragraph 80 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations in Paragraph 80, and for that reason denies them.

81. The allegations in Paragraph 81 are not directed to Fraser, who accordingly has no obligation to respond. To the extent the allegations in Paragraph 81 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 81, and for that reason denies them.

82. The allegations in Paragraph 82 are not directed to Fraser, who accordingly has no obligation to respond. To the extent that the allegations in Paragraph 82 are intended as a basis to impose liability on the part of Fraser, Fraser denies those allegations as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 as to Garza or any other defendant, and for that reason denies them.

83. Fraser admits that Thomas Fraser is his son. Fraser denies the remaining allegations in Paragraph 83 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 83 as to Garza or any other defendant, and for that reason denies them.

84. The allegations in Paragraph 84 are not directed to Fraser, who accordingly has no obligation to respond. To the extent the allegations in Paragraph 84 are intended as a basis to impose liability of the part of Fraser, Fraser admits that plaintiffs purport to refer to a report that appeared on Cryptocoinsnews.com on or about May 23, 2014, and Fraser respectfully refers the Court to that report for its contents. Fraser denies the remaining allegations in Paragraph 84 as to himself and is without knowledge or information sufficient to form a belief as to the truth or

falsity of the remaining allegations in Paragraph 84 as to Garza or any other defendant, and for that reason denies them.

85.     Fraser admits that plaintiffs purport to quote from communications between Fraser and Garza on May 2, 2014 and May 18, 2014, and Fraser respectfully refers the Court to those communications for their contents.  Fraser denies the remaining allegations in Paragraph 85 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 85 as to Garza or any other defendant, and for that reason denies them.

86.     Fraser admits that Thomas Fraser is his son and that Thomas Fraser is employed by Cantor Fitzgerald.  Fraser denies the remaining allegations in Paragraph 86.

87.     Fraser admits that plaintiffs purport to refer to a press release dated August 24, 2014, and Fraser respectfully refers the Court to that press release for its contents.  Fraser denies the remaining allegations in Paragraph 87 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 87 as to Garza or any other defendant, and for that reason denies them.

88.     Fraser denies the allegations in Paragraph 88.

89.     The allegations in Paragraph 89 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 89 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 89, and for that reason denies them.

90.     Fraser denies the allegations in Paragraph 90 as to himself, and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90 as to Garza or any other defendant, and for that reason denies them.

91.     Fraser denies the allegations in Paragraph 91 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 91 as to Garza or any other defendant, and for that reason denies them.

92.     Fraser admits that plaintiffs purport to quote from an email from Garza dated May 4, 2014, and Fraser respectfully refers the Court to that email for its contents.  Fraser denies the remaining allegations in Paragraph 92 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 92 as to Garza or any other defendant, and for that reason denies them.

93.     Fraser admits that plaintiffs purport to quote from documents Garza sent on May 5, 2014, and Fraser respectfully refers the Court to those documents for their contents.  Fraser denies the remaining allegations in Paragraph 93 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 93 as to Garza or any other defendant, and for that reason denies them.

94.     The allegations in Paragraph 94 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that the allegations in Paragraph 94 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94, and for that reason denies them.

**"The Shift to 'Hashlets'"**

95.     The allegations in Paragraph 95 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that the allegations in Paragraph 95 are intended as a basis

to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95, and for that reason denies them.

96.    Fraser denies the allegations in Paragraph 96.

97.    The allegations in Paragraph 97 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that the allegations in Paragraph 97 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 97, and for that reason denies them.

98.    The allegations in Paragraph 98 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that the allegations in Paragraph 98 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 98, and for that reason denies them.

99.    The allegations in Paragraph 99 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that any allegations in Paragraph 99 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 99, and for that reason denies them.

100.    The allegations in Paragraph 100 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 100 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations in Paragraph 100, and for that reason denies them.

101.    The allegations in Paragraph 101 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 101 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101, and for that reason denies them.

102.    Fraser admits that he was on occasion able to access ZenCloud.  Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 102, and for that reason denies them.

103.    The allegations in Paragraph 103 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 103 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 103, and for that reason denies them.

104.    Fraser admits that GAW Miners began selling Hashlets at some time in 2014, and that plaintiffs purport to refer to press releases dated August 24 and 26, 2014, and Fraser respectfully refers the Court to those press releases for their contents.  Fraser denies the remaining allegations in Paragraph 104 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 104 as to Garza or any other defendant, and for that reason denies them.

105.    The allegations in Paragraph 105 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 105 are intended as a basis

to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105, and for that reason denies them.

106.     The allegations in Paragraph 106 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 106 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 106, and for that reason denies them.

107.     The allegations in Paragraph 107 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 107 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 107, and for that reason denies them.

108.     The allegations in Paragraph 108 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 108 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 108, and for that reason denies them.

109.     The allegations in Paragraph 109 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 109 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 109, and for that reason denies them.

110.     Fraser denies the allegations in Paragraph 110.

111.     Fraser denies the allegations in Paragraph 111 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 111 as to Garza or any other defendant, and for that reason denies them.

112.     The allegations in Paragraph 112 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 112 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 112, and for that reason denies them.

113.     The allegations in Paragraph 113 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 113 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 113, and for that reason denies them.

114.     The allegations in Paragraph 114 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 114 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 114, and for that reason denies them.

115.     Fraser denies the allegations in Paragraph 115 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115 as to Garza or any other defendant, and for that reason denies them.

116.     Fraser admits that Garza directed all of GAW Miners' publicity efforts for Hashlet offerings, that Garza had complete authority and control over GAW Miners' promotional materials including GAW Miners' website and posts Garza made on GAW Miners' message board, and that Garza spoke to reporters covering the virtual currency industry.  Fraser denies the remaining allegations in Paragraph 116.

117.     The allegations in Paragraph 117 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 117 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 117, and for that reason denies them.

118.     The allegations in Paragraph 118 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 118 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 118, and for that reason denies them.

119.     Fraser denies the allegations in Paragraph 119 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 119 as to Garza or any other defendant, and for that reason denies them.

120.     The allegations in Paragraph 120 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 120 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 120, and for that reason denies them.

121.     The allegations in Paragraph 121 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 121 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 121, and for that reason denies them.

122.     The allegations in Paragraph 122 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 122 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 122, and for that reason denies them.

123.     The allegations in Paragraph 123 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 123 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 123, and for that reason denies them.

124.     Fraser admits that plaintiffs purport to quote from an October 2014 Hashtalk.org post, and Fraser respectfully refers the Court to that post for its contents.  Fraser denies the remaining allegations in Paragraph 124 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 124 as to Garza or any other defendant, and for that reason denies them.

125.     The allegations in Paragraph 125 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 125 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations in Paragraph 125, and for that reason denies them.

126.     Fraser admits that plaintiffs purport to quote from email correspondence between Garza and Pease on October 10, 2014, and Fraser respectfully refers the Court to that email correspondence for its contents.  Fraser denies the remaining allegations in Paragraph 126 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 126 as to Garza or any other defendant, and for that reason denies them.

127.     The allegations in Paragraph 127 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 127 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 127, and for that reason denies them.

128.     Fraser denies the allegations in Paragraph 128 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 128 as to Garza or any other defendant, and for that reason denies them.

129.     The allegations in Paragraph 129 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 129 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 129, and for that reason denies them.

130.     The allegations in Paragraph 130 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 130 are intended as a basis

to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 130, and for that reason denies them.

131.    The allegations in Paragraph 131 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 131 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 131, and for that reason denies them.

132.    The allegations in Paragraph 132 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 132 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 132, and for that reason denies them.

133.    The allegations in Paragraph 133 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 133 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 133, and for that reason denies them.

134.    The allegations in Paragraph 134 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that any allegations in Paragraph 134 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 134, and for that reason denies them.

135.    Fraser denies the allegations in Paragraph 135 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 135 as to Garza or any other defendant, and for that reason denies them.

**"The Move to Hashpoints, Paycoin and Paybase"**

136.    Fraser denies the allegations in Paragraph 136 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 136 as to Garza or any other defendant, and for that reason denies them.

137.    The allegations in Paragraph 137 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that any allegations in Paragraph 137 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 137, and for that reason denies them.

138.    The allegations in Paragraph 138 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that any allegations in Paragraph 138 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 138, and for that reason denies them.

139.    Fraser denies the allegations in Paragraph 139 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 139 as to Garza or any other defendant, and for that reason denies them.

140.    The allegations in Paragraph 140 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraph 140 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to

form a belief as to the truth or falsity of the allegations in Paragraph 140, and for that reason denies them.

141. The allegations in Paragraph 141 are not directed to Fraser, who accordingly has no obligation to respond. To the extent that any allegations in Paragraph 141 are intended as a basis to impose liability on the part of Fraser, Fraser admits that plaintiffs purport to quote from a January 2015 post and respectfully refers the Court to that post for its contents. Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 141, and for that reason denies them.

142. The allegations in Paragraph 142 are not directed to Fraser, who accordingly has no obligation to respond. To the extent that any allegations in Paragraph 142 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 142, and for that reason denies them.

143. The allegations in Paragraph 143 are not directed to Fraser, who accordingly has no obligation to respond. To the extent that any allegations in Paragraph 143 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 143, and for that reason denies them.

144. Fraser denies the allegations in Paragraph 144 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 144 as to Garza or any other defendant, and for that reason denies them.

145. Fraser admits that plaintiffs purport to quote from an undated and unidentified communication between Garza and Fraser, and Fraser respectfully refers the Court to that

communication for its contents. Fraser denies the remaining allegations in Paragraph 145 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 145 as to Garza or any other defendant, and for that reason denies them.

146. Fraser admits that, on or about November 17, 2014, he asked some of his colleagues at Cantor Fitzgerald to participate in a meeting to discuss GAW Miners, and that plaintiffs purport to refer to an undated "Hash Coin White Paper," and Fraser respectfully refers the Court to that document for its contents. Fraser denies the remaining allegations in Paragraph 146 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 146 as to Garza or any other defendant, and for that reason denies them.

147. Fraser admits that he is Vice-Chairman of Cantor Fitzgerald. Fraser denies the remaining allegations in Paragraph 147.

148. Fraser admits that plaintiffs purport to quote from a December 2014 promotional video and an undated, unspecified communication from Fraser, and Fraser respectfully refers the Court to the video and communication for their contents. Fraser denies the remaining allegations in Paragraph 148 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 148 as to Garza or any other defendant, and for that reason denies them.

149. The allegations in Paragraph 149 are not directed to Fraser, who accordingly has no obligation to respond. To the extent that any allegations in Paragraph 149 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149, and for that reason denies them.

150.    The allegations in Paragraph 150 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that any allegations in Paragraph 150 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 150, and for that reason denies them.

**"The Final Push:  HashStakers"**

151.    The allegations in Paragraph 151 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that any allegations in Paragraph 151 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 151, and for that reason denies them.

152.    The allegations in Paragraph 152 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that any allegations in Paragraph 152 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152, and for that reason denies them.

153.    The allegations in Paragraph 153 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that any allegations in Paragraph 153 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 153, and for that reason denies them.

154.    The allegations in Paragraph 154 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that any allegations in Paragraph 154 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 154, and for that reason denies them.

155.    The allegations in Paragraph 155 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that any allegations in Paragraph 155 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 155, and for that reason denies them.

156.    The allegations in Paragraph 156 are not directed to Fraser, who, accordingly, has no obligation to respond.  To the extent that any allegations in Paragraph 156 are intended as a basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 156, and for that reason denies them.

157.    Fraser denies the allegations in Paragraph 157 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 157 as to Garza or any other defendant, and for that reason denies them.

158.    Fraser denies the allegations in Paragraph 158 as to himself and is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 158 as to Garza or any other defendant, and for that reason denies them.

159.    The allegations in Paragraph 159 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that any allegations in Paragraph 159 are intended as a

basis to impose liability on the part of Fraser, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of those allegations in Paragraph 159, and for that reason denies them.

<strong>"CLASS ALLEGATIONS"</strong>

160.    Paragraph 160 alleges conclusions of law as to which no response is required.  To the extent that a response is deemed to be required, Fraser admits that plaintiffs purport to bring this action as a class action on behalf of "all persons or entities who, between June 1, 2014 and the present purchased or acquired Hardware-Hosted Mining, Cloud-Hosted Mining, Hashlets, Hashpoints, HashStakers, and Paycoin from GAW Miners and Zen Miner" and excluding "defendants, any parent, subsidiary, affiliate, agent or employee of any defendant, any co-conspirator and any governmental entity," and otherwise denies the remaining allegations in Paragraph 160.  Fraser specifically denies that class action treatment is appropriate for the claims asserted against him.

161.    Paragraph 161 alleges conclusions of law as to which no response is required.  To the extent that a response is deemed to be required, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161, and for that reason denies them.  Fraser expressly denies that class action treatment is appropriate for the claims asserted against him.

162.    Paragraph 162 alleges conclusions of law as to which no response is required.  To the extent that a response is deemed to be required, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162, and for that reason denies them.  Fraser expressly denies that class action treatment is appropriate for the claims asserted against him.

163.     Paragraph 163 alleges conclusions of law as to which no response is required.  To the extent that a response is deemed to be required, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 163, and for that reason denies them.  Fraser expressly denies that class action treatment is appropriate for the claims asserted against him.

164.     Paragraph 164 alleges conclusions of law as to which no response is required.  To the extent that a response is deemed to be required, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 164, and for that reason denies them.  Fraser expressly denies that class action treatment is appropriate for the claims asserted against him.

165.     Paragraph 165 alleges conclusions of law as to which no response is required.  To the extent that a response is deemed to be required, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 165, and for that reason denies them.  Fraser expressly denies that class action treatment is appropriate for the claims asserted against him.

166.     Paragraph 166 alleges conclusions of law as to which no response is required.  To the extent that a response is deemed to be required, Fraser is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 166, and for that reason denies them.  Fraser expressly denies that class action treatment is appropriate for the claims asserted against him.

## **"FIRST CLAIM FOR RELIEF"**

167.     Fraser repeats and incorporates by reference each of his responses to Paragraphs 1-166 set forth herein.

168-173.    The allegations in Paragraphs 168-173 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that any allegations in Paragraphs 168-173 are intended as a basis to impose any liability on the part of Fraser, Fraser denies the allegations in Paragraphs 168-173.

## "SECOND CLAIM FOR RELIEF"

174.    Fraser repeats and incorporates by reference each of his responses to Paragraphs 1-173 set forth herein.

175-178.    Paragraphs 175-178 allege conclusions of law as to which no response is required.  To the extent that a response is deemed to be required, Fraser denies the allegations in Paragraphs 175-178.

## "THIRD CLAIM FOR RELIEF"

179.    Fraser repeats and incorporates by reference each of his responses to Paragraphs 1-178 set forth herein.

180-186.    The allegations in Paragraphs 180-186 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent that any allegations in Paragraphs 180-186 are intended as a basis to impose any liability on the part of Fraser, Fraser denies the allegations in Paragraphs 180-186.

## "FOURTH CLAIM FOR RELIEF"

187.    Fraser repeats and incorporates by reference each of his responses to Paragraphs 1-186 set forth herein.

188-191.     Paragraphs 188-191 allege conclusions of law as to which no response is required.  To the extent that a response is deemed to be required, Fraser denies the allegations in Paragraphs 188-191.

## **"FIFTH CLAIM FOR RELIEF"**

192.     Fraser repeats and incorporates by reference each of his responses to Paragraphs 1-191 set forth herein.

193-195.     The allegations in Paragraphs 193-195 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraphs 193-195 are intended as a basis to impose liability on the part of Fraser, Fraser denies the allegations in Paragraphs 193-195.

## **"SIXTH CLAIM FOR RELIEF"**

196.     Fraser repeats and incorporates by reference each of his responses to Paragraphs 1-195 set forth herein.

197-199.     Paragraphs 197-199 allege conclusions of law as to which no response is required.  To the extent that a response is deemed to be required, Fraser denies the allegations in Paragraphs 197-199.

## **"SEVENTH CLAIM FOR RELIEF"**

200.     Fraser repeats and incorporates by reference each of his responses to Paragraphs 1-199 set forth herein.

201-203.     The allegations in Paragraphs 201-203 are not directed to Fraser, who accordingly has no obligation to respond.  To the extent the allegations in Paragraphs 201-203

are intended as a basis to impose liability on the part of Fraser, Fraser denies the allegations in Paragraphs 201-203.

## "EIGHTH CLAIM FOR RELIEF"

204.    Fraser repeats and incorporates by reference each of his responses to Paragraphs 1-203 set forth herein.

205-207.        Paragraphs 205-207 allege conclusions of law as to which no response is required.  To the extent that a response is deemed to be required, Fraser denies the allegations in Paragraphs 205-207.

## "PRAYER FOR RELIEF"

208.    No answer is required in response to the statements in the First Amended Complaint's Prayer For Relief.  To the extent that a response to those statements is deemed to be required, Fraser denies them and requests that the Court deny all relief requested by plaintiffs and dismiss the First Amended Complaint as to Fraser with prejudice.

## "DEMAND FOR JURY TRIAL"

209.    Fraser joins in plaintiffs' demand for a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Fraser hereby asserts the following affirmative defenses, without assuming any burden of proof that would otherwise fall on plaintiffs.

## FIRST DEFENSE

The Complaint fails to state a claim on which relief can be granted against Fraser.

## SECOND DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because they fail to state a cause of action under section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §78t(a).

## THIRD DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because Fraser did not have the power or ability to direct or cause direction of the operation, management, policies, business and advertising strategies, external communications, or day-to-day activities of Garza or the Companies.

## FOURTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because Fraser did not have the power or ability to direct or cause direction of Garza's decisions with respect to the operation, management, policies, business and advertising strategies, external communications, or day-to-day activities of the Companies.

## FIFTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because Fraser was not a culpable participant in any primary violation of the Securities Exchange Act of 1934, 15 U.S.C § 78a *et seq.* or any rule or regulation thereunder.

## SIXTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because Fraser did not act with scienter.

## SEVENTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because Fraser did not and should not have known that representations by Garza or the Companies were false or misleading.

## EIGHTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because plaintiffs fail to sufficiently state a cause of action for aiding and abetting fraud in the sale of securities under section 36b-29(a)(2) of the Connecticut Uniform Securities Act.

## NINTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because plaintiffs fail to allege any direct or independent injury caused to them by Fraser.

## TENTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because plaintiffs are barred from claiming injury and damages, if any, because they failed to make reasonable efforts to mitigate such injury or damage.

## ELEVENTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because any damage allegedly suffered by plaintiffs arising out of Fraser's conduct was caused by the intervening acts or omissions of persons other than Fraser and those acts or omissions superseded any action or omission by Fraser for which he might be considered liable, and Fraser reserves the right to join responsible parties or file claims against responsible parties.

## TWELFTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because any damage allegedly suffered by plaintiffs was not caused by any action attributable to Fraser, including without limitation his alleged control over Garza or the Companies

## THIRTEENTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, by the economic loss doctrine.

## FOURTEENTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because plaintiffs and other members of the proposed class lack standing to assert the purported claims for relief.

## FIFTEENTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because plaintiffs fail to adequately plead loss causation.

## SIXTEENTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part because plaintiffs failed to use reasonable care to prevent damages allegedly sustained.

## SEVENTEENTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because any damage allegedly suffered by plaintiffs over the purported class period is the result of other factors for which Fraser bears no responsibility.

## EIGHTEENTH DEFENSE

This action is not maintainable as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## NINETEENTH DEFENSE

Any damage, loss or liability sustained by plaintiffs must be reduced, diminished or eliminated in proportion to the wrongful or negligent conduct of entities or individuals other than Fraser under principles of equitable allocation, recoupment, set-off, contribution, proportionate responsibility and comparative fault.

## TWENTIETH DEFENSE

Plaintiffs cannot prove joint and several liability against Fraser because they cannot disprove that Fraser acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations or causes of action.

## TWENTY-FIRST DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because plaintiffs cannot demonstrate that any violation of the federal securities laws by Fraser directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons.

## TWENTY-SECOND DEFENSE

To the extent that plaintiffs are deemed to have sustained any damage, loss or injury, any damage award against Fraser should be reduced, diminished or eliminated under the proportionate liability provisions of the Private Securities Litigation Reform Act to reflect only Fraser's percentage of responsibility.

## TWENTY-THIRD DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because plaintiffs did not reasonably rely on the public statements alleged in the Complaint that were alleged to be materially false or misleading when made.

## TWENTY-FOURTH DEFENSE

The Claims asserted in the Complaint against Fraser are barred, in whole or in party, because some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain, and therefore were available to plaintiffs.

## TWENTY-FIFTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, by the doctrines of waiver, estoppel, laches or unclean hands.

## TWENTY-SIXTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because the alleged damages sought are too speculative and uncertain, and because of the impossibility of ascertaining and allocating such alleged damages.

## TWENTY-SEVENTH DEFENSE

The claims asserted in the Complaint against Fraser are barred, in whole or in part, because Fraser is not liable for the acts of Garza, the Companies, or any other actor.

## TWENTY-EIGHTH DEFENSE

Plaintiffs are not entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

## TWENTY-NINTH DEFENSE

This action cannot be maintained as a class action as a matter of law and fact.

************

Fraser has insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to him, and therefore reserves the right to assert such additional defenses.

WHEREFORE, Fraser respectfully requests that this Court:

A.　Dismiss plaintiffs' claims and enter judgment in Fraser's favor;

B.　Award Fraser reasonable attorneys' fees incurred in defense of this action, including costs and expenses; and

C.　Award Fraser all further relief that the Court determines to be fair and just.

Dated:　November 13, 2017

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: s/ Sarah L. Cave
Daniel H. Weiner (ct12180)
Sarah L. Cave (phv08437)
Sara E. Echenique (phv08436)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: sarah.cave@hugheshubbard.com

David R. Schaefer (ct04334)
Sean M. Fisher (ct23087)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT 06511
Tel.: (203) 772-2600
Fax: (203) 562-2098
Email: sfisher@bswlaw.com

*Attorneys for Defendant Stuart A. Fraser*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 21017, a copy of the foregoing Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Respectfully submitted,

 s/ Sarah L. Cave

Sarah L. Cave (phv08437)
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: sarah.cave@hugheshubbard.com