UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC,<br><br>      Defendants. | Case No. 3:16-CV-00940-MPS |

**[PROPOSED] SUPPLEMENTAL PROTECTIVE ORDER GOVERNING
POTENTIALLY PRIVILEGED INFORMATION**

  IT IS HEREBY STIPULATED, AGREED AND ORDERED that the following procedures will govern the production of potentially privileged information by any party or non-party to this action:

  1. This Supplemental Protective Order (the "Supplemental Order") supplements the terms and protections provided in the Standing Protective Order entered in this action on June 15, 2015 (D.E. #5) (the "Protective Order"). This Supplemental Order incorporates by reference the terms of the Protective Order.

  2. In order to decrease the delay and burden of production, any party or non-party (the "Producing Parties") may produce information without substantial initial review for, but without waiving, the attorney-client privilege or other privileges or protections, including but not limited to attorney-work product, or deliberative process, with the understanding that the Producing Parties reserve their rights to assert such privileges or protections in the future.

3.      The Producing Parties may designate a production as "CONFIDENTIAL" under paragraph 3 of the Protective Order (the "Confidential Information") notwithstanding that some of the documents within the production may not qualify for such designation.

4.      In the event that any Party intends to use any Confidential Information that it reasonably believes might be subject to a claim of privilege in depositions, filings with the Court, or trial presentations or testimony, the Party must notify the Producing Parties through counsel of such intention and identify the Confidential Information to be used. The Producing Parties will advise the Party within fourteen (14) days, or a longer period if requested by the Producing Parties and approved by the Parties or the Court, of any objection they have to the use of any Confidential Information based on a claim of privilege or similar protection. During the objection period, the Party may use the Confidential Information consistent with the Protective Order. If the Producing Parties object to the use of any Confidential Information based on a claim of privilege or similar protection, the Producing Parties will follow the procedures set forth in Paragraph 12 of the Protective Order.

5.      Nothing in this Supplemental Order requires production or disclosure of any material that counsel for the Producing Parties contends is protected from disclosure by the attorney-client privilege or another privilege or protection. The entry of this Supplemental Order does not waive an objection, otherwise available to the Producing Parties, that a discovery request is unreasonably burdensome or harassing, or otherwise improper, in whole or in part, under the Federal Rules of Civil Procedure.

6.      The production, whether inadvertent or otherwise, of information subject to the attorney-client privilege, attorney work product protection or any other privilege, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state

proceeding. This Supplemental Order shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal Rules of Evidence.

7.      Nothing in this Supplemental Order precludes or restricts the rights of the Producing Parties to perform a review for the purpose of identifying privileged or protected documents prior to production of any documents if they so choose and to withhold such documents from the production. The Producing Parties will identify such documents as privileged or protected on a privilege log in accordance with the Federal Rules of Civil Procedure.

8.      Except as expressly set forth above, all other terms of the Protective Order remain in full force and effect, including the ability of any party receiving Confidential Information to challenge any confidentiality designation in accordance with Paragraph 12 of the Protective Order.

STIPULATED AND AGREED:

| | |
|---|---|
| IZARD, KINDALL & RAABE, LLP | HUGHES HUBBARD & REED LLP |

By: s/ Mark P. Kindall
Mark P. Kindall (ct13797)
E-mail:  mkindall@ikrlaw.com
Robert A. Izard
E-mail:  rizard@ikrlaw.com
29 S. Main St., Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290

Marc Seltzer (pro hac vice)
E-mail:mseltzer@susmangodfrey.com
California Bar No. 54534
Kathryn Hoek (pro hac vice)
E-mail:  khoek@susmangodfrey.com
California Bar No. 219247
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Seth Ard (pro hac vice)
E-mail:  sard@susmangodfrey.com
New York Bar No. 4773982
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6022
Tel: (212) 336-8330
Fax: (212) 336-8340

Matthew Allen (pro hac vice)
E-mail:  mallen@susmangodfrey.com
Texas Bar No. 24073841
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel: (713) 651-9366
Fax: (713) 654-3367
*Attorneys for Plaintiffs*

By: s/ Sarah L. Cave
Daniel H. Weiner (ct12180)
Sarah L. Cave (phv08437)
Sara E. Echenique (phv08436)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email:  sarah.cave@hugheshubbard.com

David R. Schaefer (ct04334)
Sean M. Fisher (ct23087)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT  06511
Tel.: (203) 772-2600
Fax: (203) 562-2098
Email:  sfisher@bswlaw.com

*Attorneys for Defendant Stuart A. Fraser*

4

SO ORDERED:

DATED: _____, 2017

                                                _____
                                                HON. MICHAEL P. SHEA
                                                UNITED STATES DISTRICT JUDGE