UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, DEAN ALLEN SHINNERS, and JASON VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>                  Defendants. | Case 3:16-cv-00940<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br><br>**STIPULATED ORDER RE: DISCOVERY OF ESI**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiffs Denis Marc Audet, Michael Pfeiffer, Dean Allen Shinners, and Jason Vargas ("Plaintiffs") and Defendant Stuart Fraser ("Fraser") stipulate and agree that the following protocol will govern discovery of documents, electronically stored information ("ESI"), and any other materials and information produced by the Parties during discovery in the above-captioned case.

The parties agree as follows:

1.    <u>Production Format: Hard Copy Documents</u>

The parties agree that all documents existing in paper or hardcopy format shall be produced in single page, Group IV tagged image file format ("TIFF"), or equivalent, at a resolution of at least 300 dpi.

The database load file for such paper or hardcopy documents should contain the following fields to the extent captured at the time of collection: "BEGNO," "ENDNO," "BEGATTACH," "ENDATTACH," "PAGES" and "CUSTODIAN."

In scanning hardcopy documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., hardcopy documents should be logically unitized). The parties will use reasonable efforts to unitize documents correctly.

Color originals may be scanned in black and white ("B&W"), but either party may subsequently request, by Bates number(s), a replacement set of images in color only to the extent that the Requesting Party demonstrates that the loss of the color detracts from the usability or reduces the ability to understand the information imparted in the original; however, categorical or wholesale requests are deemed invalid.

To the extent the Producing Party OCRs the document for its own benefit, OCR should be produced.

2.      Production Format - ESI

The parties agree that all ESI should be produced as single-page, Group IV, 300 DPI TIFF images with the exception of audio, video, and spreadsheet-type files (including, but not limited to, Microsoft Excel and CSV files) which should be produced in native format.

All ESI should be produced with a delimited, database load file that contains the metadata fields listed in Table 1 below, to the extent captured at the time of the collection.   To the extent that metadata does not exist or is not reasonably accessible or available because it was overwritten for any documents produced, nothing in this Stipulation shall require any Party to extract, capture, collect or produce such data.  An .opt image cross-reference file should also be provided for all TIFF images.

Table 1

| Field Name | Specifications Field Name | Field Type | Description Email | Description (E-Files/ Attachments) |
|---|---|---|---|---|
| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
| Bates Begin | Bates number | Text | The Bates number associated with the first page of an email | The Bates number associated with the first page of a document |

| Field Name | Specifications Field Name | Field Type | Description Email | Description (E-Files/ Attachments) |
|---|---|---|---|---|
| Bates End | Bates number | Text | The Bates number associated with the last page of an email | The Bates number associated with the last page of a document |
| Confidential Designation | | Text | The confidentiality designation endorsed on the document. If no designation is present, a default value of "None" will be coded. | The confidentiality designation endorsed on the document. If no designation is present, a default value of "None" will be coded. |
| Redaction | | Text | An indication as to whether the email contains any text redacted | An indication as to whether the document contains any text redacted by the party |
| Email Date Received | | Date (MM/DD/YY YYY format) | The date the email was received | For email attachments, the date the parent email was received |
| Email Date Sent | | Date (MM/DD/YY YYY format) | The date the email was sent | For email attachments, the date the parent email was sent |

5518462v1/014928

| Field Name | Specifications Field Name | Field Type | Description Email | Description (E-Files/ Attachments) |
|---|---|---|---|---|
| Email Time Received | | Time (HH:MM: SS AM/PM) | The time the email was received | For email attachments, the time the parent email |
| Email Time Sent | | Time (HH:MM: SS AM/PM) | The time the email was sent | For email attachments, the time the parent email was sent |
| Email From | Sender | Text | The display name of the sender of an email | N/A |
| Email To | Recipient | Text | The display name of the recipient(s) | N/A |
| Email CC | CC | Text | The display name of the copyee(s) of an email | N/A |
| Email BCC | BCC | Text | The display name of the blind copyee(s) of an email | N/A |
| Email Subject | Subject (e- mail) | Paragraph | The subject line of an email | N/A |

5518462v1/014928

| Field Name | Specifications Field Name | Field Type | Description Email | Description (E-Files/ Attachments) |
|---|---|---|---|---|
| Custodians | Custodian | Paragraph | The custodian of an email | The custodian of a document. |
| Date Created | | Date (MM/DD/Y Y YY format) | N/A | Date the file was created |
| Date Modified | | Date (MM/DD/Y Y YY format) | N/A | Date the file was last modified |
| Time Created | | Time (HH:MM: SS AM/PM) | N/A | Time the file was created |
| Time Modified | | Time (HH:MM: SS AM/PM) | N/A | Time the file was last modified |
| File Name | | Paragraph | N/A | Original file name |
| File Type | | | Field should indicate email file type (e.g., "Microsoft Outlook | A description of the type of file (e.g., "Microsoft Excel 2000") |

5518462v1/014928

| Field Name | Specifications Field Name | Field Type | Description Email | Description (E-Files/ Attachments) |
|---|---|---|---|---|
| HASH | Unique ID | | A calculated value unique to each identical file - the file "fingerprint" | A calculated value unique to each identical file-the file "fingerprint" |
| Parent ID | Parent Documents BatesBegin | Text | The Bates number associated with the first page of the Parent email | The Bates number associated with the first page of the Parent document |
| Text Link | | | Full path to the supplied text (to be left blank when no text file is supplied). | Full path to the supplied text (to be left blank when no text file is supplied) |
| Native Link | | | Full path to the supplied native (to be left blank when no Native Format file is supplied) | Full path to the supplied native (to be left blank when no Native Format file is supplied) |

TIFF images should show any and all text and images which would be visible to the reader using the native software that created the document.  For example, TIFF images of email messages should include the BCC line. PowerPoint documents

5518462v1/014928

should be processed with hidden slides and all speaker notes unhidden, and should be processed to show both the slide and the speaker's notes on the TIFF/JPG image.

Each image file shall be named according to a unique corresponding Bates number associated with the document.  Each image file shall be branded according to the Bates number and any confidentiality designation.

Color originals may be produced in B&W TIFF format; provided that: (1) a party may subsequently request, by Bates number(s), a replacement set of images in Color and (2) the producing party must provide such Color versions within 10 business days. The parties agree to only request color versions if they believe that the loss of the color detracts from the usability or reduces the ability to understand the original.

If a document is produced in native format, a single-page Bates-stamped TIFF image slip-sheet containing the confidential designation and text stating the document has been produced in native format should also be provided.  If documents requested in native format require redactions, the parties should meet and confer regarding how to implement redactions while ensuring that proper formatting and usability are maintained.

Notwithstanding the foregoing, all documents that the producing party received from third parties should be produced in the same manner and form, including native files and all metadata, as the producing party received from the producing Third Party.

3.     Production media and encryption of productions

Unless otherwise agreed, the parties shall provide document productions in the following manner:  The producing party shall provide the production data on CDs, DVDs, external hard drives, or via FTP as appropriate.  If the producing party so desires, it can encrypt the production data using an industry acceptable encryption method.  In such a case, the producing party shall forward the password to decrypt the production data separately from the CD, DVD, or external drive on which the production data is saved. Production volumes shall be identified by the name of the producing party and numbered sequentially.

4.     Processing Specification

    A.     ESI Date and Time Processing: To the extent reasonably practicable, all ESI shall be processed within a uniform time zone: i.e., Greenwich Mean Time "GMT". To the extent a Producing Party cannot process ESI with GMT, it shall disclose the same and the Parties shall meet and confer regarding a reasonable alternative.

    B.     Global or Horizontal Deduplication:  Removal of duplicate documents should only be done on exact duplicate documents (based on MD5 or

Page **7** of **10**

SHA-1 hash values, at the family level).  Attachments should not be eliminated as duplicates for purposes of production, unless the parent email and all attachments are also duplicates.  An email that includes content in the BCC or other blind copy field should not be treated as a duplicate of an email that does not include content in those fields, even if all remaining content in the email is identical.  De-duplication should be done across the entire collection (i.e., global level) and the CUSTODIAN field should list each Custodian, separated by a semicolon, who was a source of that document.

C.   <u>Email Thread Suppression</u>:  Each Party may also deduplicate emails in such a way as to eliminate earlier or incomplete chains of emails, and produce only the most complete iteration of an email chain and any unique attachments associated with the email set; provided that none of the earlier emails in the chain contained attachments.  In other words, regardless of the existence of a more complete, later email, all emails that contain attachments must also be produced.

D.   <u>Corrupted or Unreadable Files</u>:  If any file is corrupted or not readable by the Producing Party, and is attached to an otherwise responsive document, it shall be produced with a slip sheet indicating the file is corrupt and could not be reviewed.

E.   <u>System Files</u>:  Each Party may exclude certain files and folders that are reasonably identified as system files and do not contain user-created files.

5.   <u>Images with poor legibility</u>

If a document is originally produced in an illegible or difficult to read form, the producing party shall have the option of responding by producing a native-file version of the document or producing a replacement image of legible quality.  If a dispute arises with regard to requests for legible images, the parties will meet and confer in good faith to try to resolve it.

6.   <u>Miscellaneous documents</u>

If particular documents warrant a different format from that described above, the parties will cooperate to arrange for the mutually acceptable production of such documents.  The parties agree not to degrade the search ability of documents as part of the document production process.


Dated: January 9, 2018

IZARD, KINDALL & RAABE, LLP

By: /s/ Mark P. Kindall
Mark P. Kindall (ct13797)
E-mail: mkindall@ikrlaw.com
Robert A. Izard
E-mail: rizard@ikrlaw.com
29 S. Main St., Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290

Marc Seltzer (pro hac vice)
E-mail:mseltzer@susmangodfrey.com
California Bar No. 54534
Kathryn Hoek (pro hac vice)
E-mail: khoek@susmangodfrey.com
California Bar No. 219247
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Seth Ard (pro hac vice)
E-mail: sard@susmangodfrey.com
New York Bar No. 4773982
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6022
Tel: (212) 336-8330
Fax: (212) 336-8340

Colin Watterson (*pro hac vice*)
Email:  cwatterson@susmangodfrey.com
Texas Bar No. 2409330
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX  77002
Tel: (713) 651-9366
Fax: (713) 654-3367

*Attorneys for Plaintiffs*

HUGHES HUBBARD & REED LLP

By: /s/ Sarah L. Cave
Daniel H. Weiner (ct12180)
Sarah L. Cave (phv08437)
Sara E. Echenique (phv08436)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: sarah.cave@hugheshubbard.com

David R. Schaefer (ct04334)
Sean M. Fisher (ct23087)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT  06511
Tel.: (203) 772-2600
Fax: (203) 562-2098
Email: sfisher@bswlaw.com

*Attorneys for Defendant Stuart A. Fraser*

\*       \*       \*

Dated _____, 2018

                                        SO ORDERED:

                                        _____
                                            The Honorable Michael P. Shea

5518462v1/014928