**Hughes Hubbard & Reed**

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Sarah L. Cave
Partner
Direct Dial: +1 (212) 837-6559
Direct Fax: +1 (212) 299-6559
sarah.cave@hugheshubbard.com

May 24, 2018

VIA EMAIL

Honorable Michael P. Shea
United States District Court, District of Connecticut
Abraham A. Ribicoff Federal Building
450 Main Street, Room 217
Hartford, CT 06103

Re:   *Audet v. Fraser*, No. 3:16-cv-000940 (D. Conn): Discovery Dispute

Dear Judge Shea:

On behalf of Defendant Stuart A. Fraser, we seek an order directing Plaintiffs to produce contemporaneous notes taken by one of their representatives at a 2016 meeting with former defendant Homero Joshua Garza ("Garza"), a conversation on which Plaintiffs base several of their allegations in the First Amended Complaint. Pursuant to the Court's discovery rules, the parties attempted in good faith to resolve this discovery dispute through letters, emails, and phone calls. On May 21, 2018, the parties obtained permission from Chambers to submit letters setting forth their respective positions on whether the Garza notes should be produced to Mr. Fraser despite Plaintiffs' assertion that those notes constitute attorney work product.

Plaintiffs—four traders/investors in cryptocurrency who purport to represent a class of such traders/investors—originally named Garza as the principal defendant in this action, alleging that Garza and his two company defendants, GAW Miners, LLC and ZenMiner, LLC (the "Companies"), fraudulently sold cryptocurrency products in violation of federal and state securities law. (ECF No. 1.) Plaintiffs alleged that Fraser controlled Garza and the Companies, and was secondarily liable for their violations. Neither Garza nor the companies appeared or responded to the complaint. On a date in 2016 unknown to Mr. Fraser, one of Plaintiffs' attorneys met with Garza and took detailed notes of Garza's statements concerning his culpability, the Companies' role in perpetuating fraud concerning cryptocurrency, and Mr. Fraser. (On July 20, 2017, Garza pled guilty to the federal charge of wire fraud, admitting a scheme or artifice to defraud by materially false and fraudulent pretenses. He awaits sentencing.)

On November 4, 2016, Plaintiffs amended their complaint, dropping Garza as a defendant and revamping their allegations against Fraser based on statements Garza apparently made during his 2016 meeting with Plaintiffs' representative. (*See, e.g.*, First Am. Compl. ¶¶ 40, 41, 88, 91, 145.) It is undisputed that the Garza notes are responsive to Mr. Fraser's document

84146138_1

requests to Plaintiffs. Plaintiffs refuse to produce the Garza notes, however, on the ground that they are protected by the work product doctrine.

Plaintiffs, who rely directly on Garza's statements made during the 2016 meeting, cannot meet their burden of showing that the work product doctrine shields the Garza notes from disclosure. First, to the extent that the notes record information revealed by Garza, his statements are discoverable facts not shielded simply because an attorney wrote them down during litigation. *See Veliotis v. Nawrocki*, No. 3:98 CV 223 PCD, 1998 WL 1661398, at *3 (D. Conn. Dec. 9, 1998) (requiring production of attorney notes because work product doctrine "does not protect from disclosure the underlying facts known to the party or his counsel, even if acquired in anticipation of litigation").

Second, even if Plaintiffs could show that the work product doctrine applies to the Garza notes, Plaintiffs waived any protection by incorporating in the First Amended Complaint the statements and information Garza privately provided to them. When otherwise-protected information is put "at issue" or relied on in a case, work product protection is waived. *See, e.g., Levy v. Young Adult Inst.*, No. 13-CV-02861-JPOSN, 2015 WL 10891654, at *1 (S.D.N.Y. Dec. 14, 2015) (privilege waived when privileged documents were put "at issue"). Plaintiffs "cannot partially disclose privileged communications or affirmatively rely on privileged communications to support [their] claim . . . and then shield the underlying communications from scrutiny by the opposing party." *See In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000). Plaintiffs' calculated decision to include in their pleading information from Garza waived any work product protection for the notes that memorialize the information he provided. *See id.*

Should the Court suspect that the work product doctrine may apply, it should examine the Garza notes *in camera* to determine whether the notes are discoverable, even if in redacted form. *Unidad Latina En Accion v. U.S. Dep't of Homeland Sec.*, 253 F.R.D. 44, 46 (D. Conn. 2008) (party ordered to submit disputed documents for court's *in camera* inspection); *Makhous v. Watt*, No. 11-cv-05108(PKC) (VMS), 2014 WL 977682, at *5 (E.D.N.Y. Mar. 12, 2014) (same). Mr. Fraser seeks only the factual statements and information Garza revealed to Plaintiffs, not attorney mental impressions or strategy. To the extent the Garza notes contain the former, they are properly discoverable.

Respectfully submitted,

*[signature]*

Sarah L. Cave

SLC

cc:    Colin S. Watterson, Esq. (via email)

## SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
SUITE 5100
1000 LOUISIANA STREET
HOUSTON, TEXAS 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

_____

| SUITE 1400 | SUITE 3800 | 32ND FLOOR |
| 1900 AVENUE OF THE STARS | 1201 THIRD AVENUE | 1301 AVENUE OF THE AMERICAS |
| LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 | NEW YORK, NEW YORK 10019-6023 |
| (310) 789-3100 | (206) 516-3880 | (212) 336-8330 |

COLIN WATTERSON
DIRECT DIAL (713) 653-7844

E-MAIL CWATTERSON@SUSMANGODFREY.COM

May 24, 2018

The Honorable Michael P. Shea
United States District Judge for the District of Connecticut
450 Main Street – Room 217
Hartford, Connecticut 06103

Re:   *Audet et al. v. Fraser et al.*, No. 3:16-cv-00940

Dear Judge Shea:

Per the Court's Instructions for Discovery Disputes, plaintiffs submit this letter regarding a discovery dispute brought by defendant Stuart Fraser.

This case is a securities fraud class action about a high-tech Ponzi scheme orchestrated by Joshua Garza. Mr. Fraser was Garza's business partner, provided financing for the Ponzi scheme, and co-owned the entities that perpetrated the fraud. As such, plaintiffs allege that Mr. Fraser was a controlling person under § 20(a) of the Securities Exchange Act of 1934.

In 2016, I interviewed Garza and took down notes. Mr. Fraser is requesting that the Court order production of those notes for two reasons. **First**, Mr. Fraser claims the notes contain factual statements that are non-opinion work product. **Second**, he claims that work product protection was waived because information I learned from Garza was used in drafting an amended complaint. Mr. Fraser is incorrect.

Mr. Fraser does not and cannot dispute that the notes are a "document[] . . . prepared in anticipation of litigation or for trial by or for another party or its representative." FRCP 26(b)(3)(A). It is hornbook law that attorney interview notes are work product. *See Hickman v. Taylor*, 329 U.S. 495 (1947).

It should also be beyond dispute that the notes are opinion work product. "Forcing an attorney to disclose notes and memoranda of witnesses' oral statements is particularly disfavored because it tends to reveal the attorney's mental processes." *Upjohn Co. v. U.S.*, 449 U.S. 383, 399 (1981). Here, the notes reflect my mental

May 21, 2018
Page 2

processes. And even when notes also contain factual statements, they are still opinion work product because: "an attorney's mental processes are revealed . . . even when the attorney's memorandum is factual in nature, merely summarizing what the witness said in response to the attorney's questions. The attorney exercises judgment in determining which witnesses to interview, what subject areas to cover (and not cover), how to frame specific questions and in what order, and how much time to devote to particular topics. Further, the attorney exercises selective judgment in determining what is worthy of being written down (or remembered) during the interview." *S.E.C. v. Nadel*, 2012 WL 1268297, at *7 (E.D.N.Y. April 16, 2012) (quoting *SEC v. Sentinel Mgmt. Grp., Inc.*, 2010 WL 4977220 (N.D. Ill. Dec. 2, 2010)).

Even if the notes were fact work product, Mr. Fraser would still need to show he has "substantial need for the materials to prepare [his] case and cannot, without undue hardship, obtain their substantial equivalent by other means." FRCP 26(b)(3)(A)(ii). Mr. Fraser has never articulated a substantial need for the notes and has made no effort to obtain their substantial equivalent by, for example, deposing Garza. *See Gen. Elec. Capital Corp. v. DirecTV, Inc.*, 1998 WL 34344850, at *5 (D. Conn. Aug. 19, 1998) (party seeking work product must ordinarily try to obtain the information through other means such as a deposition).

Mr. Fraser's waiver argument fails. Using interview notes to draft a filed-document does not waive work product protections. Work product is waived when a "disclosure substantially increases the opportunity for potential adversaries to obtain the information." *Lavatec Laundry Tech., GmbH v. Lavatec, Inc.*, 2014 WL 1665018, at *3 (D. Conn. April 25, 2014). In *Lavatec*, a plaintiff sought production of communications and drafts of affidavits signed by third parties. *Id.* at *1. The court held that no waiver occurred because "It cannot be that simply because a party produces an affidavit, any materials associated with preparing that affidavit—including attorney work product—are automatically fair game for discovery." The same is true of the amended complaint.

I certify that I have met and conferred with counsel for Mr. Fraser and made a good faith effort to resolve this dispute, but was unable to do so.

Respectfully submitted,

*/s/ Colin Watterson*

Colin Watterson

cc:     all counsel of record

5819937v1/014928