# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, *et al.*, | Civil Action No. 3:16-cv-00940 |
| Plaintiffs, | Honorable Michael P. Shea |
| vs. | |
| STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, | June 13, 2018 |
| Defendants. | |

## DEFENDANT STUART A. FRASER'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Defendant Stuart A. Fraser ("Fraser") seeks an order from the Court compelling Plaintiffs to produce contemporaneous notes taken by one of their representatives at a 2016 meeting with former lead defendant Homero Joshua Garza ("Garza"), a conversation on which Plaintiffs base many of their allegations in the First Amended Complaint (the "Complaint"). Plaintiffs readily admit that they dismissed their claims against Garza after he provided them with information on which they relied to draft their First Amended Complaint, and Garza remains the key witness in this case. The notes taken at a meeting between Garza and Plaintiffs' representative (the "Garza Notes") are highly relevant, and Plaintiffs have not sufficiently demonstrated that any privilege justifies withholding them.

The parties attempted in good faith to resolve this discovery dispute through letters, emails and phone calls. (*See* Affirmation of Sarah L. Cave in Support of Defendant's Motion to Compel ("Cave Aff.") ¶¶ 4-5.) After the parties submitted letters to the Court setting forth their respective positions, the Court directed the parties to submit briefs on whether the Garza Notes are subject to discovery. (ECF Nos. 78 & 80.) Fraser now submits this memorandum in support of his motion to compel production of the Garza Notes.

**STATEMENT OF FACTS**

Plaintiffs are four traders and investors in cryptocurrency who purport to represent a class of such traders and investors. In their original complaint filed in June 2016, Plaintiffs named Garza as the principal defendant in this action, alleging that Garza and his two companies, defendants GAW Miners, LLC and ZenMiner, LLC (the "Companies"), fraudulently sold cryptocurrency products in violation of federal and state securities laws. (ECF No. 1.) Plaintiffs alleged that Fraser controlled Garza and the Companies, and was secondarily liable for their violations. (*Id.*) Neither Garza nor the Companies appeared or responded to the claims against them; following Plaintiffs' dismissal of Garza from this action, the Court entered default judgments against the Companies. (ECF No. 71.)

Garza was criminally charged for his cryptocurrency scheme involving the Companies and pled guilty to the federal charge of wire fraud, admitting a scheme or artifice to defraud by materially false and fraudulent pretenses.[1] He awaits sentencing.[2] The United States Securities and Exchange Commission ("SEC") also brought a civil enforcement action against Garza, in which he invoked his Fifth Amendment right and did not provide any substantive testimony.[3] In stark contrast, Fraser has not been criminally charged nor has the SEC brought any action against him. (Cave Aff. ¶ 13.)

In October 2016, one of Plaintiffs' attorneys met with Garza and took detailed notes of Garza's statements concerning his culpability, the Companies' role in perpetuating fraud

---

1. *United States v. Garza*, 17 Cr. 00158 (RNC) (D. Conn. filed July 20, 2017) (ECF No. 25). (*See also* Cave Aff. ¶ 3.)

2. *Id.* at ECF No. 30. (*See also* Cave Aff. ¶ 3.)

3. *SEC v. Garza*, 15 Civ. 01760 (JAM) (D. Conn. filed Dec. 1, 2015) (ECF No. 36). (*See also* Cave Aff. ¶ 2.)

2

concerning cryptocurrency, and Fraser. Days later, on November 4, 2016, Plaintiffs amended their complaint, dropping Garza as a defendant—presumably as a *quid pro quo* for his cooperation with Plaintiffs—and adding allegations against Fraser based on statements Garza apparently made during the October 2016 meeting with Plaintiffs' representative. (*See, e.g.*, First Am. Compl. ¶¶ 33, 34, 39-48, 50-59, 63, 67-70, 85, 86, 88, 91-93, 102, 128, 145.) For example, in Paragraph 91—an entirely new paragraph not present in Plaintiffs' original Complaint—Plaintiffs allege factual details that Garza apparently provided them concerning technical specifications in the Companies' cryptocurrency operations and Garza's meetings with GAW Miners' employees. (*Id.* ¶ 91.) This information is not contained in any documents or other communications produced by Plaintiffs to date or otherwise available to Fraser—rather, it is only available through Garza's statements. Here, and throughout the Complaint, Plaintiffs rely on factual assertions made by Garza to support their claims against Fraser. (*See e.g.*, *Id.* at 2 (citing "discussions with Homero Joshua Garza" as a basis for Plaintiffs' allegations).)

Plaintiffs now refuse to produce the Garza Notes to Fraser, arguing that they are protected by the work product doctrine. (*See* ECF No. 78; Cave Aff. ¶¶ 4-5.) In their privilege log, however, Plaintiffs provide no detail about the Garza Notes, the subjects discussed or the attendees of the meeting with Garza to support their claim that the Garza Notes are protected in their entirety by the work product doctrine. Their privilege log also notes that, on November 8, 2016, one of the named plaintiffs, Allen Shinners, emailed a copy of the Garza Notes to a non-party (Mark Munster), whose affiliation is not indicated. The entries on Plaintiffs' privilege log concerning the Garza Notes appear as follows:[4]

---

4. Cave Aff. ¶ 6.

| # | To | Sender | CC | BCC | Date | Description | Privilege(s) |
|---|---|---|---|---|---|---|---|
| 3016 | | | | | 10/26/2016 | Draft handwritten notes from J. Garza interview | WP |
| 3017 | | | | | 10/28/2016 | Revised notes from J. Garza interview | WP |
| 3022 | Mark Munster | Allen Shinners | | | 11/8/2016 9:34 | Email attaching Garza interview notes | WP |

## CERTIFICATION OF CONSULTATION

Pursuant to the Federal Rules of Civil Procedure and Local Rule 37(a), Fraser certifies that he, through his attorneys, attempted in good faith to confer with Plaintiffs in an effort to obtain the requested discovery without judicial action and to resolve the issue that this Motion raises. Despite several calls and written communications to meet and confer regarding the Garza Notes, the parties are unable to reach agreement on this issue. (Cave Aff. ¶¶ 4-5.) Because the Garza Notes are unavailable to Fraser and contain factual material provided by Garza to Plaintiffs, it is critical that the Garza Notes be produced.

## LEGAL ARGUMENT

The burden of establishing that the Garza Notes are protected from discovery rests with Plaintiffs, the parties asserting that privilege. *See Mercator Corp. v. United States*, 318 F.3d 379, 384 (2d Cir. 2002); *Koumoulis v. Indep. Fin. Mktg. Grp., Inc.*, 295 F.R.D. 28, 39 (E.D.N.Y. 2013) ("[T]he party asserting the work-product privilege bears the heavy burden of establishing its applicability."). Here, Plaintiffs have not met their heavy burden of showing that the work product doctrine applies to the Garza Notes. Even if the work product doctrine applied, Plaintiffs waived any protection afforded by that doctrine by incorporating statements and information Garza provided during the 2016 meeting into their pleading to support their claims

against Fraser, thereby putting them directly "at issue." Accordingly, the Court should compel Plaintiffs to produce the Garza Notes to Fraser.[5]

I.   **The Work Product Doctrine Does Not Protect the Garza Notes From Discovery.**

    A.   **The Garza Notes contain factual material.**

The work product doctrine shields from disclosure certain documents and other materials prepared in anticipation of litigation or trial by a party or a party's representative unless there is a showing of substantial need and the inability obtain the substantial equivalent without undue hardship. Fed. R. Civ. P. 26(b)(3). But, not all notes generated by attorneys or their representatives are shielded by the work product doctrine, which "does not protect from disclosure the underlying facts known to the party or his counsel, even if acquired in anticipation of litigation." *Veliotis v. Nawrocki*, No. 98 Civ. 225 PCD, 1998 WL 1661398, at *3 (D. Conn. Dec. 9, 1998) (requiring disclosure of attorney conversations with non-party witness concerning underlying facts); *see also In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d 180, 183 (2d Cir. 2007) (affirming District Court order requiring production of recordings created in anticipation of litigation); *In re John Doe Corp.*, 675 F.2d 482, 493 (2d Cir. 1982) (affirming an order requiring disclosure of notes that "recite[d] in a paraphrased, abbreviated form, statements by [a witness] . . ."). To the extent that the Garza Notes contain factual information revealed by Garza, they are discoverable and Plaintiffs must produce them to Fraser. *See Veliotis*, 1998 WL 1661398, at *3.

Plaintiffs have provided no information about the content of the Garza Notes, other than that they are the handwritten notes created during a meeting between Garza and a representative

---

5. Plaintiffs may also have waived any work product privilege by sending the notes to a non-party. *See Coastline Terminals of Connecticut, Inc. v. U.S. Steel Corp.*, 221 F.R.D. 14, 16–17 (D. Conn. 2003).

5

of Plaintiffs.  Accordingly, Plaintiffs have failed to carry their "heavy burden" to demonstrate that the Garza Notes constitute undiscoverable work product.  *See In re Grand Jury Subpoena Dated July 6, 2005*, 510 F.3d at 183.

> **B.   Fraser has a substantial need for the Garza Notes and cannot obtain them or their substantial equivalent without undue hardship.**

In addition, where, as here, the party requesting the documents, has a substantial need for them, and is unable to obtain their substantial equivalent without undue hardship, discovery is required.  *See* Fed. R. Civ. P. 26(b)(3).

> **1.   Fraser has a substantial need for the Garza Notes.**

Fraser has a substantial need for the Garza Notes because they form the heart of the claims Plaintiffs assert against him in the First Amended Complaint.  Courts in the Second Circuit have held that a substantial need exists where, as here, the documents sought "have a unique value apart from those already in the movant's possession." *In re Aggrenox Antitrust Litig.*, No. 14 Civ. 00572 (SRU), 2017 WL 5885664, at *12 (D. Conn. Nov. 29, 2017) (internal quotation marks omitted); *see also S.E.C. v. Thrasher*, No. 92 CIV. 6987 (JFK), 1995 WL 46681, at *8 (S.D.N.Y. Feb. 7, 1995) (movants had a "substantial need to learn what the identified witnesses [had] told the Commission and would state under oath about their knowledge of the movants' role in the transmission and receipt of insider information"), *aff'd*, No. 92 CIV. 6987 (JFK), 1995 WL 456402 (S.D.N.Y. Aug. 2, 1995).  Here, Plaintiffs acknowledge that their allegations against Fraser in the First Amended Complaint, which no longer includes Garza as a defendant, are based directly on their discussions with Garza.  (First Am. Compl. at 2.)  The Garza Notes thus have unique value and Fraser has a substantial need for them.

### 2. Fraser cannot obtain the Garza Notes or their equivalent by any other means.

Fraser cannot obtain the substantial equivalent of the Garza Notes by other means. Fraser has twice unsuccessfully attempted to serve Garza with a document subpoena. (Cave Aff. ¶¶ 7-9.) Fraser attempted to serve Garza at two addresses with which he was associated, first on May 1, 2018 at a Texas address and again on May 2, 2018 at a Vermont address, both without success. (*Id.*) Fraser additionally asked Garza's criminal counsel to accept service of a subpoena on his behalf, again without success. (Cave Aff. ¶ 10.) Fraser also asked Plaintiffs through interrogatories for Garza's last known address; Plaintiffs have not yet responded. (Cave Aff. ¶ 11.) Although Plaintiffs—who have access to Garza that Fraser does not—served Garza with a deposition notice, no deposition date has been confirmed (Cave Aff. ¶ 12); it remains uncertain whether Garza will provide substantive testimony, particularly in light of his prior invocation of his Fifth Amendment rights in his SEC testimony. Because Garza has previously invoked the Fifth Amendment and his deposition is uncertain, Fraser is unable to discover Garza's statements by any means other than by procuring the Garza Notes. *See Thrasher*, 1995 WL 46681, at *9 (the hardship prong is met "[w]hen a witness has previously invoked the Fifth Amendment" unless there has been "a showing that he has subsequently changed his mind and agreed to waive the privilege").

*   *   *   *   *   *

Because Plaintiffs fail to demonstrate that the Garza Notes constitute work product, and because the Garza Notes contain factual material critical to Fraser's defense that cannot be obtained by any other means, the Garza Notes are not protected from discovery by the work product doctrine and the Court should direct Plaintiffs to produce them to Fraser. *See Thrasher*,

1995 WL 46681, at *9 (requiring disclosure of attorney notes summarizing statements of witnesses).

## II.     Plaintiffs Waived Any Protection Afforded by the Work Product Doctrine.

Even if the work product doctrine might have shielded the Garza Notes from discovery, Plaintiffs waived any protection by incorporating into their First Amended Complaint the information Garza provided to them during the 2016 meeting, thereby putting Garza's statements directly "at issue."  A party waives work product protection when putting otherwise-protected information "at issue" or relying on it in a case.  *See Levy v. Young Adult Inst.*, No. 13 Civ. 02861 (JPO) (SN), 2015 WL 10891654, at *1 (S.D.N.Y. Dec. 14, 2015) (privilege waived by putting otherwise-privileged documents "at issue").  Plaintiffs "cannot partially disclose privileged communications or affirmatively rely on privileged communications to support [their] claim . . . and then shield the underlying communications from scrutiny by the opposing party." *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000).  Plaintiffs' calculated decision to include information provided by Garza in their First Amended Complaint waived any work product protection that might have otherwise applied to the Garza Notes.

## III.     An *In Camera* Review Is Appropriate.

For the reasons stated above, the Court should order production of the Garza Notes. Should the Court suspect that the work product doctrine may apply, however, it should examine the Garza Notes *in camera* to determine whether they are discoverable even in redacted form. *See Gruss v. Zwirn*, 296 F.R.D. 224, 231 (S.D.N.Y. 2013) (declining to rely exclusively on the representations of counsel regarding the content of interview notes and ordering their production for the court's *in camera* inspection).  Even in *S.E.C. v. Nadel*, which Plaintiffs have cited to support the proposition that attorney interview notes are protected by the work product doctrine,

the court first reviewed the documents *in camera* to determine the appropriate degree of protection.  No 11 Civ. 215 (WFK) (AKT), 2012 WL 1268297, at *7 (E.D.N.Y. Apr. 16, 2012).

## CONCLUSION

The Court should compel Plaintiffs to produce the Garza Notes to Fraser because (i) the underlying facts set forth in those notes are not protected, (ii) Fraser has a substantial need for the information contained in those notes that cannot be satisfied elsewhere, and (iii) Plaintiffs put the factual information in the Garza Notes "at issue" in their First Amended Complaint.  In the alternative, Plaintiffs should be compelled to submit the Garza Notes for an *in camera* review to determine whether they are discoverable.

Dated:  June 13, 2018

>Respectfully submitted,
>
>HUGHES HUBBARD & REED LLP
>
>By:  /s/ Sarah L. Cave
>
>Daniel H. Weiner (ct12180)
>Sarah L. Cave (phv08437)
>Sara E. Echenique (phv08436)
>Hughes Hubbard & Reed, LLP
>One Battery Park Plaza
>New York, NY 10004-1482
>Tel.: (212) 837-6000
>Fax: (212) 422-4726
>Email: Sarah.cave@hugheshubbard.com
>
>David R. Schaefer (ct04334)
>Sean M. Fisher (ct23087)
>Brenner, Saltzman & Wallman LLP
>271 Whitney Avenue
>New Haven, CT 06511
>Tel.: (203) 772-2600
>Fax: (203) 562-2098
>Email: sfisher@bswlaw.com
>
>*Attorneys for Defendant Stuart A. Fraser*