# Exhibit A

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, *et al.,* | Civil Action No. 3:16-cv-00940 |
| Plaintiffs, | Honorable Michael P. Shea |
| vs. | |
| STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, | November 29, 2017 |
| Defendants. | |

## DEFENDANT STUART A. FRASER'S
## <u>FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFFS</u>

TO:  Mark P. Kindall, Esq.
Robert A. Izard, Esq.
Izard, Kindall & Raabe, LLP
29 S. Main St., Ste. 305
West Hartford, CT 06107

Marc Seltzer, Esq.
Kathryn Hoek, Esq.
Susman Godfrey L.L.P.
1901 Ave. of the Stars, Ste. 950
Los Angeles, CA 90067

Seth Ard, Esq.
Susman Godfrey L.L.P.
1301 Ave. of the Americas, 32 Fl.
New York, NY 10019

Colin Watterson, Esq.
Susman Godfrey L.L.P.
1000 Louisiana Street, Ste. 5100
Houston, TX 77002

PLEASE TAKE NOTICE that, pursuant to FED. R. CIV. P. 34, Defendant Stuart A. Fraser hereby requests that Plaintiffs respond to the requests for production set forth below, separately and fully, in writing, within 30 days of service.

## DEFINITIONS

1.      The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26 are hereby incorporated by reference into these document requests.

2.      "Communication" means the transmittal of information (in the form of facgts ideas, inquiries or otherwise), including without limitation emails, text messages, messages sent through or on online chatrooms (including Reddit, Bitcoin Talk, Hashtalk.org and others), messages sent through secure applications such as Telegram, social media messages or posts (including LinkedIn, Twitter, Facebook and others), chatrooms, and any other form of communication.

3.      "Companies" refers to GAW Miners, LLC and ZenMiner, LLC (d/b/a/ ZenCloud).

4.      "Complaint" refers to Plaintiffs' First Amended Complaint (ECF No. 57) in this action.

5.      "First Supplemental Initial Disclosures" refers to the Plaintiffs' First Supplemental Rule 26(A)(1) Initial Disclosures served on Defendant Stuart A. Fraser on November 22, 2017.

6.      "Fraser" refers to Defendant Stuart A. Fraser.

7.      "Garza" refers to Homero Joshua Garza, an original defendant in the Complaint filed June 15, 2016 in this action (ECF No. 1), and any attorneys, associates, agents or any other person performing any service for him.

8.      "GAW Cryptocurrency Products" means Hardware-Hosted Mining, Cloud-Hosted Mining, Hashlets, Hashpoints, HashStaker, Paycoin and any other product or service offered by the Companies as alleged in Paragraph 160 of the Complaint.

9.      "GAW Miners" refers to GAW Miners, LLC.

10.     "Initial Disclosures" refers to the Plaintiffs' Rule 26(A)(1) Initial Disclosures served on Defendant Stuart A. Fraser on October 25, 2017.

11.     "Investment" means each and every purchase, sale, transfer or redemption, in any type of security, including without limitation any GAW Cryptocurrency Products or any other virtual currency, made by You or on Your behalf.

12.     "Paybase Wallet" means the virtual currency wallet launched by the Companies to store Paycoin as alleged in Paragraph 153 of the Complaint.

13.     "Paycoin" means the virtual currency product launched by GAW Miners as alleged in Paragraph 8 of the Complaint.

14.     "Plaintiffs," "You" and "Your" refers to Denis Marc Audet, Michael Pfeifer, Dean Allen Shinners and Jason Vargas, and any associates, agents or any other person acting on behalf of Plaintiffs.

15.     "Putative Class Members" refers to any putative class member who may be identified through discovery, and any associates, agents or any other person acting on behalf of Plaintiffs.

16.     "ZenMiner" refers to ZenMiner, LLC (d/b/a/ ZenCloud).


**INSTRUCTIONS**

1.      Each Plaintiff is to respond to these document requests separately.

2.      You must respond to each paragraph of these document requests separately.

3.      If You or any Putative Class Member are withholding responsive documents pursuant to any objection, You should so expressly indicate.

4.      All documents produced shall be produced as they are kept in the usual course of business or in any other manner mutually agreed upon by the parties.

5.      If any document requested cannot be produced in full or in part, You shall state, in writing, the reasons for Your or any Putative Class Member's inability to produce all or any portion of the document requested and serve those reasons on the undersigned.

6.      If any of the documents requested herein are withheld under a claim of privilege, You must produce a privilege log in accordance with the requirements in Local Civil Rule 26(e).

7.      Responsive documents are to be clearly designated so as to reflect their source, owner and custodian.

8.      These document requests are continuing in nature.  If, after responding to these document requests, You or any Putative Class Member obtain or become aware of additional responsive documents, You are required to provide such information by way of supplemental responses.

9.      Except where otherwise indicated, each request covers the time period beginning June 1, 2014 and continuing to November 4, 2016.

## REQUESTS

1.      All documents concerning the Companies, Garza, or Fraser.

2.      All documents and communications concerning the allegation that Fraser "made false and misleading statements to potential and actual investors about GAW Miners' virtual currency mining operations," as alleged in Paragraph 9 of the Complaint.

4

3.      All documents concerning communications between Plaintiffs and Garza between June 1, 2014 and the present.

4.      All documents concerning communications between any Putative Class Member and Garza between June 1, 2014 and the present.

5.      All documents concerning communications between Plaintiffs and Fraser between June 1, 2014 and November 4, 2016.

6.      All documents concerning communications between Plaintiffs and the Companies or any employees, representatives or agents of the Companies.

7.      All documents concerning communications between any Putative Class Members or any employees, representatives or agents of the Companies.

8.      All documents sufficient to identify any phone calls, voicemails or other voice calls, including Skype, FaceTime or other similar modes of communication, between any Plaintiff and Garza relating to Your Investments, GAW Cryptocurrency Products or the Companies between June 1, 2014 and the present.

9.      All documents sufficient to identify any phone calls, voicemails or other voice calls, including Skype, FaceTime or other similar modes of communication, between any Putative Class Member and Garza relating to Your Investments, GAW Cryptocurrency Products or the Companies between June 1, 2014 and the present.

10.     All documents sufficient to identify any phone calls, voicemails or other voice calls, including Skype, FaceTime or other similar modes of communication, between any Plaintiff and Fraser relating to Your Investments, GAW Cryptocurrency Products or the Companies between June 1, 2014 and November 4, 2016.

11.     All documents sufficient to identify any phone calls, voicemails or other voice calls, including Skype, FaceTime or other similar modes of communication, between any

Putative Class Member and Fraser relating to their Investments, GAW Cryptocurrency Products or the Companies between June 1, 2014 and November 4, 2016.

12.     All documents reflecting Your meetings with Garza between June 1, 2014 and the present.

13.     All documents reflecting any Putative Class Members' meetings with Garza between June 1, 2014 and the present.

14.     All documents reflecting Your meetings with the Companies or their agents or representatives between June 1, 2014 and the present.

15.     All documents reflecting any Putative Class Members' meetings with the Companies or their agents or representatives between June 1, 2014 and the present.

16.     Documents sufficient to show each Plaintiff's online names, aliases or identities (including without limitation any alias, address or name used on Twitter, Facebook, Reddit, Bitcoin Talk, Hashtalk.org, Skype, Pumpking and any other communities, chatrooms or boards) relating to Your Investments, GAW Cryptocurrency Products or the Companies.

17.     Documents sufficient to show all email addresses used by or associated with Plaintiffs in connection with the Companies, Your Investments or GAW Cryptocurrency Products or used in connection with membership or posting on any cryptocurrency blogs, including without limitation Hashtalk.org.

18.     All documents concerning any online posts, communications or other representations made by Plaintiffs relating to any GAW Cryptocurrency Products.

19.     All documents concerning any online posts, communications or other representations made by Putative Class Members relating to any GAW Cryptocurrency Products.

20.     All documents concerning any online posts, communications or other representations made by Plaintiffs relating to virtual currency, cryptocurrency, Bitcoin, Paycoin, altcoin currencies or any other form of virtual currency.

21.     All documents concerning any online posts, communications or other representations made by Putative Class Members relating to virtual currency, cryptocurrency, Bitcoin, Paycoin, altcoin currencies or any other form of virtual currency.

22.     All documents and communications concerning the financial records of the Companies or Garza, including the general ledger, financial statements, accounting records or other similar reports.

23.     All documents concerning Your Investments, including bank account statements, investment account statements, and any other statements, communications or documents depicting, describing or identifying Your Investments.

24.     All documents concerning Your proof of purchase, receipt, confirmation email or other such documentation or communication representing, identifying or memorializing Your purchase, payment or ownership of any GAW Cryptocurrency Product.

25.     All documents concerning the Putative Class Members' proof of purchase, receipt, confirmation email or other such documentation or communication representing, identifying or memorializing Putative Class Members' purchase, payment or ownership of any GAW Cryptocurrency Product.

26.     All documents and communications concerning research You conducted prior to any investments made in relation to any GAW Cryptocurrency Product.

27.     All documents and communications concerning research Putative Class Members conducted prior to any investments made in relation to any GAW Cryptocurrency Product.

28.     All documents concerning Plaintiffs' Paybase Wallets and any other virtual currency wallets, including Paybase Wallets or virtual currency wallets that were not used or which were opened for a single exchange, purchase or sale of virtual currency.

29.     All communications concerning Plaintiffs' purchase, sale, investment or interest in the purchase, payment or ownership of any GAW Cryptocurrency Product.

30.     All communications concerning the Putative Class Members' purchase, sale, investment or interest in the purchase, payment or ownership of any GAW Cryptocurrency Product.

31.     All documents concerning Plaintiffs' sale, attempts to sell, gifting or otherwise terminating ownership of any GAW Cryptocurrency Product or any product or services sold or offered by the Companies.

32.     All documents concerning the Putative Class Members' sale, attempts to sell, gifting or otherwise terminating ownership of any GAW Cryptocurrency Product or any product or services sold or offered by the Companies.

33.     All documents reflecting purchases or sales Plaintiffs made in any virtual currency transaction, including without limitation any virtual currency, cryptocurrency, digital currency, Bitcoins, altcoins, including Paycoin, or any other form of currency.

34.     All documents concerning Your Federal, State and Local taxes, including tax filings and tax returns, filed for the tax years 2015 and 2016.

35.     All documents concerning losses or earnings relating to Plaintiffs' ownership of any virtual currency, cryptocurrency, digital currency, Bitcoins, altcoins, Paycoin, or any other form of currency.

36.     All communications concerning losses or earnings relating to Plaintiffs' ownership of any virtual currency, cryptocurrency, digital currency, Bitcoins, altcoins, Paycoin, or any other form of currency.

37.     All communications concerning any of Plaintiffs' virtual currency transactions, including any virtual currency, cryptocurrency, digital currency, Bitcoins, altcoins, including paycoin, or any other form of currency.

38.     All documents and communications concerning any virtual currency exchanges on which Plaintiffs were active or in which Plaintiffs invested, including without limitation Bittrex, Yobit, Etherum, Bitstamp, Bitfinex, Coinbase, Cryptsy, BTC-e, Kraken, BTCChina, Bitcoin Source, Gemini Exchange, Changelly, Cryptopia, Binance, cex.io, hitBTC, Paxful, Indacoin, Cancoin, Coinmama, Bitbond, xCoins, Cryptex24 or any other exchanges on which Paycoin, Bitcoin or any other virtual currency may be monitored, purchased or sold.

39.     All documents concerning the allegations of each misrepresentation, communication, meeting or other similar allegation included in the Complaint between July 1, 2013 and November 4, 2016.

40.     All documents and communications concerning the allegation in Paragraph 10 of the Complaint that "[d]efendants' activities had the hallmarks of a Ponzi scheme".

41.     All documents and communications concerning the allegation in Paragraph 10 of the Complaint that "defendants sold far more computing power than they owned and dedicated to virtual currency mining".

42.     All documents and communications concerning the allegation in Paragraph 12 of the Complaint that "Fraser came up with the idea for ZenMiner".

43.     All documents and communications concerning the allegation in Paragraph 20 of the Complaint that "Fraser is an investor in ZenMiner".

9

44.    All documents and communications concerning the allegation in Paragraph 40 of the Complaint that "Garza and Fraser's relationship differed from a typical investor relationship".

45.    All documents and communications concerning the allegation in Paragraph 41 of the Complaint that "Fraser paid Garza's salary".

46.    All documents and communications concerning the allegation in Paragraph 43 of the Complaint that "Garza and Fraser frequently discussed the strategic direction of their various business ventures".

47.    All documents and communications concerning the allegation in Paragraph 175 of the Complaint that Fraser "was a controlling person of Garza, GAW Miners and ZenMiner".

48.    All documents and communications that Plaintiffs refer to, quote or summarize in the Complaint, including all emails, meeting notes, communications and discussions quoted or referenced in the Complaint, regardless of the date on which those documents were created or those communications took place.

49.    All documents on which You relied in drafting the Complaint.

50.    All statements given by Garza to You or any representatives, associates, agents, or any other person acting on Your behalf, and any notes or documents produced as a result of Garza's statements from July 1, 2013 and continuing to the present.

51.    All documents referenced in Your Initial Disclosures and Your First Supplemental Initial Disclosures, or relied upon in drafting Your Initial Disclosures and Your First Supplemental Initial Disclosures, from July 1, 2013 and continuing to the present.

52.    All "[c]ommunications and correspondence from and between Defendants Homero Joshua Garza and Stuart A. Fraser," between July 1, 2013 and November 4, 2016, as referenced in Your Initial Disclosures.

53.     All documents concerning the "marketing and advertising of defendants' cryptocurrency products" as referenced in Your Initial Disclosures.

54.     All documents concerning "GAW Miners' and Zenminer's sales information" as referenced in Your Initial Disclosures.

55.     All documents concerning the "pricing of GAW Miners' and Zenminer's cryptocurrency products" as referenced in Your Initial Disclosures.

56.     All documents "reflecting the prior content of relevant websites, including Gawminers.com, Hashtalk.org, Paycoin.com, and blog.paybase.com" as referenced in Your Initial Disclosures.

57.     All documents concerning Your damages calculations for Your claims against Fraser in this action, including without limitation all documents concerning Your out-of-pocket losses and all documents on which such computations are or will be based.

58.     All documents concerning Your damages calculations for Your claims against Fraser in this action, including without limitation all documents relating to Your assertion in the First Supplemental Initial Disclosures that the GAW Cryptocurrency Products were "worthless" and all documents on which such computations are or will be based.

59.     All documents concerning Your damages calculations for Your claims against Fraser in this action, including all documents relating to the calculation of the difference between Your out-of-pocket expenses and the current value of any digital currency on which Your calculations may be based, and all documents on which such computations are or will be based.

60.     All documents concerning Your damages calculations for Your claims against Fraser, including all documents relating to the calculation of pre-judgement interests on Your alleged damages and all documents on which such computations are or will be based.

11

61.     All documents concerning Your damages calculations with respect to the
"benefit-of-the-bargain" common law claim, as described in Your First Supplemental Initial
Disclosures, and all documents on which such computations are or will be based.

62.     All documents concerning Your damages calculations with respect to the
"restitution" common law claim, as described in Your First Supplemental Initial Disclosures, and
all documents on which such computations are or will be based.

63.     All documents concerning any "data identified in *SEC v. Garza,* No. 3:15-cv-
1760-JAM or substantially similar data" as alleged in Your First Supplemental
Initial Disclosures.

DATED: November 29, 2017

Respectfully submitted,

HUGHES HUBBARD & REED LLP


By: s/ Sarah L. Cave

Daniel H. Weiner (ct12180)
Sarah L. Cave (phv08437)
Sara E. Echenique (phv08436)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: sarah.cave@hugheshubbard.com


David R. Schaefer (ct04334)
Sean M. Fisher (ct23087)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT  06511
Tel.: (203) 772-2600
Fax: (203) 562-2098
Email: sfisher@bswlaw.com


*Attorneys for Defendant Stuart A. Fraser*

80791173_1

DRAFT 11/29/2017
PRIVILEGED AND CONFIDENTIAL

## CERTIFICATE OF SERVICE

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the

United States of America that, on November 29, 2017, I caused to be served copies of Defendant

Stuart A. Fraser's First Set of Requests for Production to Plaintiffs upon the following counsel

via electronic mail:

Mark P. Kindall, Esq.
Robert A. Izard, Esq.
Izard, Kindall & Raabe, LLP
29 S. Main St., Ste. 305
West Hartford, CT 06107

Marc Seltzer, Esq.
Kathryn Hoek, Esq.
Susman Godfrey L.L.P.
1901 Ave. of the Stars, Ste. 950
Los Angeles, CA 90067

Seth Ard, Esq.
Susman Godfrey L.L.P.
1301 Ave. of the Americas, 32 Fl.
New York, NY 10019

Colin Watterson, Esq.
Susman Godfrey L.L.P.
1000 Louisiana Street, Ste. 5100
Houston, TX 77002


                                         s/ Sarah L. Cave
                                           Sarah L. Cave