# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, DEAN ALLEN SHINNERS, and JASON VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiffs,<br><br>   vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>             Defendants. | Case 3:16-cv-00940<br><br>ECF Case<br><br>CLASS ACTION<br><br>**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT STUART A. FRASER'S FIRST SET OF REQUESTS FOR PRODUCTION**<br><br>DEMAND FOR JURY TRIAL |

To:   Defendant Stuart A. Fraser by and through his counsel of record Daniel H. Weiner, Sarah L. Cave, and Sara E. Echenique, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004-1482 and David R. Schaefer and Sean M. Fisher, Brenner, Saltzman & Wallman LLP, 271 Whitney Avenue, New Haven, CT 06511.

On November 29, 2017, Defendant Stuart A. Fraser ("Fraser") served his First Set of Requests for Production (the "Requests"). Plaintiffs Denis Marc Audet, Michael Pfeiffer, Dean Allen Shinners, and Jason Vargas ("plaintiffs") respond as follows:

I.
General Objections

1.    Plaintiffs file these General Objections which are incorporated in each and every response to the Requests.

2.    Plaintiffs object to each of the Requests to the extent it calls for information subject to the work product doctrine, the attorney-client privilege, joint defense privilege and/or the privilege for the opinions of or facts known or held by

1

non-testifying experts. Any inadvertent disclosure of such information shall not be deemed a waiver of any applicable privilege or immunity.

3.      Plaintiffs object to each of the Requests, including the "Definitions," to the extent the Requests seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of Court, or other applicable law.

4.      Plaintiffs object to each of the Requests to the extent it would require them to do anything more than conduct a reasonable search of files or sources that reasonably may be expected to yield relevant, responsive documents. Plaintiffs object to each of the Requests that purports to require the production of "All" documents, communications, and things. Plaintiffs will conduct a reasonable search as required under the Federal Rules of Civil Procedure.

5.      Plaintiffs object to these requests to the extent they call for communications between any of the plaintiffs on the one hand and law enforcement officials on the other hand and that concern an ongoing criminal matter. Plaintiffs are withholding such documents.

6.      Plaintiffs object to the definition of "Investment" as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it encompasses information unrelated to the products offered by GAW Miners LLC and ZenMiner LLC.

7.      Plaintiffs object to Fraser's instruction that purports to require them to "clearly designate" the "source, owner, and custodian" of responsive documents as vague and ambiguous. It is unclear what distinction between "source, owner, and

2

custodian" Fraser is attempting to draw. Plaintiffs will reasonably indicate the source of responsive documents.

8.      These General Objections are incorporated by reference into each and every specific response that follows.  Plaintiffs' responses are made without waiving any of these General Objections.

## II.
## Objections and Responses

1.      All documents concerning the Companies, Garza, or Fraser.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

2.      All documents and communications concerning the allegation that Fraser "made false and misleading statements to potential and actual investors about GAW Miners' virtual currency mining operations," as alleged in Paragraph 9 of the Complaint.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

3.      All documents concerning communications between Plaintiffs and Garza between June 1, 2014 and the present.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

4.      All documents concerning communications between any Putative Class Member and Garza between June 1, 2014 and the present.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession,

3

custody, or control that are responsive to this request.

5.      All documents concerning communications between Plaintiffs and Fraser between   June 1, 2014 and November 4, 2016.

<u>Response</u>: Subject to the foregoing general objections, plaintiffs respond as follows: plaintiffs have no responsive documents.

6.      All documents concerning communications between Plaintiffs and the Companies   or any employees, representatives or agents of the Companies.

<u>Response</u>: Plaintiffs object to this request as vague and ambiguous to the extent it seeks documents that "concern" their communications with the Companies. Plaintiffs will construe this request as calling for documents that reflect their communications with the Companies, employees and agents of the companies, etc. Plaintiffs object to this request as seeking irrelevant information to the extent it calls for communications between plaintiffs on the one hand and agents or employees of the Companies on the other hand that concern topics unrelated to the Companies, Garza, or Fraser. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

7.      All documents concerning communications between any Putative Class Members   or any employees, representatives or agents of the Companies.

<u>Response</u>: Plaintiffs object to this request as vague and ambiguous to the extent it seeks documents that "concern" communications between Putative Class Members and the Companies. Plaintiffs will construe this request as calling for documents that reflect communications of the Putative Class Members and the Companies, employees and agents of the companies, etc. Plaintiffs object to this request as seeking irrelevant information to the extent it calls for communications between Putative Class Members on the one hand and agents or employees of the Companies on the other hand that concern topics unrelated to the Companies, Garza, or Fraser. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

8.      All documents sufficient to identify any phone calls, voicemails or other voice calls, including Skype, FaceTime or other similar modes of communication, between   any   Plaintiff   and   Garza   relating   to   Your   Investments,   GAW

4

Cryptocurrency Products or the  Companies between June 1, 2014 and the present.

<u>Response</u>: Plaintiffs object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about their investments in securities other than the GAW Cryptocurrency Products. Plaintiffs will not produce documents related to their non-GAW Cryptocurrency Products investments. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

9.      All documents sufficient to identify any phone calls, voicemails or

other voice calls, including Skype, FaceTime or other similar modes of

communication, between any  Putative Class Member and Garza relating to Your

Investments, GAW Cryptocurrency Products  or the Companies between June 1,

2014 and the present.

<u>Response</u>: Plaintiffs object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about the Putative Class Members' investments in securities other than the GAW Cryptocurrency Products. Plaintiffs will not produce documents related to the Putative Class Members' non-GAW Cryptocurrency Products investments. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

10.      All documents sufficient to identify any phone calls, voicemails or other

voice  calls, including Skype, FaceTime or other similar modes of communication,

between any  Plaintiff  and  Fraser  relating  to  Your  Investments,  GAW

Cryptocurrency Products or the  Companies between June 1, 2014 and November 4,

2016.

<u>Response</u>: Plaintiffs object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about their investments in securities other than the GAW Cryptocurrency Products. Plaintiffs will not produce documents related to their non-GAW Cryptocurrency Products investments. Subject to the foregoing general and specific objections, plaintiffs respond as follows: plaintiffs have no responsive documents.

5

11.     All documents sufficient to identify any phone calls, voicemails or other voice calls, including Skype, FaceTime or other similar modes of communication, between any Putative Class Member and Fraser relating to their Investments, GAW Cryptocurrency Products  or the Companies between June 1, 2014 and November 4, 2016.

Response: Plaintiffs object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about the Putative Class Members' investments in securities other than the GAW Cryptocurrency Products. Plaintiffs will not produce documents related to the Putative Class Members' non-GAW Cryptocurrency Products investments. Subject to the foregoing general and specific objections, plaintiffs respond as follows: plaintiffs have no responsive documents.

12.     All documents reflecting Your meetings with Garza between June 1, 2014 and  the present.

Response: Plaintiffs object to this request to the extent it seeks information subject to the work product doctrine, the attorney-client privilege, joint defense privilege and/or the privilege for the opinions of or facts known or held by non-testifying experts. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

13.     All documents reflecting any Putative Class Members' meetings with Garza  between June 1, 2014 and the present.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

14.     All documents reflecting Your meetings with the Companies or their agents or  representatives between June 1, 2014 and the present.

Response: Plaintiffs object to this request as seeking irrelevant information to the extent it calls for information about meetings with agents or employees of the Companies that concern topics unrelated to the Companies, Garza, or Fraser. Plaintiffs object to this request to the extent it seeks information subject to the work

6

product doctrine, the attorney-client privilege, joint defense privilege and/or the privilege for the opinions of or facts known or held by non-testifying experts. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

15.     All documents reflecting any Putative Class Members' meetings with the Companies or their agents or representatives between June 1, 2014 and the present.

Response: Plaintiffs object to this request as seeking irrelevant information to the extent it calls for information about meetings between the Putative Class Members and agents or employees of the Companies that concern topics unrelated to the Companies, Garza, or Fraser. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

16.     Documents sufficient to show each Plaintiff's online names, aliases or identities  (including without limitation any alias, address or name used on Twitter, Facebook, Reddit, Bitcoin Talk, Hashtalk.org, Skype, Pumpking and any other communities, chatrooms or boards)  relating to Your Investments, GAW Cryptocurrency Products or the Companies.

Response: Plaintiffs object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about the plaintiffs' investments in securities other than the GAW Cryptocurrency Products. Plaintiffs will not produce documents related to the plaintiffs' non-GAW Cryptocurrency Products investments. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

17.     Documents sufficient to show all email addresses used by or associated with  Plaintiffs  in connection with the Companies, Your Investments or GAW Cryptocurrency  Products or used in connection with membership or posting on any cryptocurrency blogs,  including without limitation Hashtalk.org.

<u>Response</u>: Plaintiffs object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about the plaintiffs' investments in securities other than the GAW Cryptocurrency Products. Plaintiffs will not produce documents related to the plaintiffs' non-GAW Cryptocurrency Products investments. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

18.    All documents concerning any online posts, communications or other

representations made by Plaintiffs relating to any GAW Cryptocurrency Products.

<u>Response</u>: Plaintiffs object to this request to the extent it implies plaintiffs made any representation concerning the GAW Cryptocurrency Products. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

19.    All documents concerning any online posts, communications or other

representations made by Putative Class Members relating to any GAW

Cryptocurrency Products.

<u>Response</u>: Plaintiffs object to this request to the extent it implies that the Putative Class Members made any representation concerning the GAW Cryptocurrency Products. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

20.    All documents concerning any online posts, communications or other

representations made by Plaintiffs relating to virtual currency, cryptocurrency,

Bitcoin, Paycoin,  altcoin currencies or any other form of virtual currency.

<u>Response</u>: Plaintiffs object to this request to the extent it implies plaintiffs made any representation concerning the GAW Cryptocurrency Products. Plaintiffs object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about cryptocurrency or virtual currency other than the GAW Cryptocurrency Products. Plaintiffs will not produce documents unrelated to the GAW Cryptocurrency Products. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

21.    All documents concerning any online posts, communications or other representations made by Putative Class Members relating to virtual currency, cryptocurrency, Bitcoin, Paycoin, altcoin currencies or any other form of virtual currency.

Response: Plaintiffs object to this request to the extent it implies the Putative Class Members made any representation concerning the GAW Cryptocurrency Products. Plaintiffs object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about cryptocurrency or virtual currency other than the GAW Cryptocurrency Products. Plaintiffs will not produce documents unrelated to the GAW Cryptocurrency Products. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

22.    All documents and communications concerning the financial records of the Companies or Garza, including the general ledger, financial statements, accounting records or other similar reports.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

23.    All documents concerning Your Investments, including bank account statements, investment account statements, and any other statements, communications or documents depicting, describing or identifying Your Investments.

Response: Plaintiffs object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about the Putative Class Members' investments in securities other than the GAW Cryptocurrency Products. Plaintiffs will not produce documents related to the Putative Class Members' non-GAW Cryptocurrency Products investments. Plaintiffs object to this request as overbroad, unduly burdensome, disproportionate to the needs of this case, and as violating plaintiffs' privacy interests to the extent it seeks Plaintiffs' financial information that is unrelated to the GAW Cryptocurrency Products. Plaintiffs will not produce financial information unrelated to their

9

purchases of the GAW Cryptocurrency Products. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

24.     All documents concerning Your proof of purchase, receipt, confirmation email or other such documentation or communication representing, identifying or memorializing Your purchase, payment or ownership of any GAW Cryptocurrency Product.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

25.     All documents concerning the Putative Class Members' proof of purchase, receipt, confirmation email or other such documentation or communication representing, identifying or memorializing Putative Class Members' purchase, payment or ownership of any GAW Cryptocurrency Product.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

26.     All documents and communications concerning research You conducted prior to any investments made in relation to any GAW Cryptocurrency Product.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

27.     All documents and communications concerning research Putative Class Members conducted prior to any investments made in relation to any GAW Cryptocurrency Product.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession,

custody, or control that are responsive to this request.

28.    All documents concerning Plaintiffs' Paybase Wallets and any other virtual currency wallets, including Paybase Wallets or virtual currency wallets that were not used or which were opened for a single exchange, purchase or sale of virtual currency.

<u>Response</u>: Plaintiffs object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about cryptocurrency or virtual currency other than the GAW Cryptocurrency Products. Plaintiffs will not produce documents unrelated to the GAW Cryptocurrency Products. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

29.    All communications concerning Plaintiffs' purchase, sale, investment or interest in the purchase, payment or ownership of any GAW Cryptocurrency Product.

<u>Response</u>: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

30.    All communications concerning the Putative Class Members' purchase, sale, investment or interest in the purchase, payment or ownership of any GAW Cryptocurrency Product.

<u>Response</u>: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

31.    All documents concerning Plaintiffs' sale, attempts to sell, gifting or otherwise terminating ownership of any GAW Cryptocurrency Product or any product or services sold or offered by the Companies.

<u>Response</u>: Subject to the foregoing general objections, plaintiffs will conduct a

5507834v1/014928

reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

32.    All documents concerning the Putative Class Members' sale, attempts to sell, gifting or otherwise terminating ownership of any GAW Cryptocurrency Product or any product or services sold or offered by the Companies.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

33.    All documents reflecting purchases or sales Plaintiffs made in any virtual currency transaction, including without limitation any virtual currency, cryptocurrency, digital currency, Bitcoins, altcoins, including Paycoin, or any other form of currency.

Response: Plaintiffs object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about transactions concerning cryptocurrency or virtual currency other than the GAW Cryptocurrency Products. Plaintiffs will not produce documents unrelated to the GAW Cryptocurrency Products. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

34.    All documents concerning Your Federal, State and Local taxes, including tax filings and tax returns, filed for the tax years 2015 and 2016.

Response: Plaintiffs object to this request as overbroad, unduly burdensome, disproportionate to the needs of this case, and as violating plaintiffs' privacy interests to the extent it seeks Plaintiffs' personal financial information and because Fraser can obtain all relevant information about Plaintiffs' purchases of GAW Plaintiffs through a less invasive means. Plaintiffs will not produce documents responsive to this request.

35.    All documents concerning losses or earnings relating to Plaintiffs' ownership of any virtual currency, cryptocurrency, digital currency, Bitcoins, altcoins, Paycoin, or any other form of currency.

5507834v1/014928

Response: Plaintiffs object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about transactions concerning cryptocurrency or virtual currency other than the GAW Cryptocurrency Products. Plaintiffs will not produce documents unrelated to the GAW Cryptocurrency Products. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

36.     All communications concerning losses or earnings relating to Plaintiffs' ownership of any virtual currency, cryptocurrency, digital currency, Bitcoins, altcoins, Paycoin,  or any other form of currency.

Response: Plaintiffs object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about transactions concerning cryptocurrency or virtual currency other than the GAW Cryptocurrency Products. Plaintiffs will not produce documents unrelated to the GAW Cryptocurrency Products. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

37.     All communications concerning any of Plaintiffs' virtual currency transactions,  including any virtual currency, cryptocurrency, digital currency, Bitcoins, altcoins, including  paycoin, or any other form of currency.

Response: Plaintiffs object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about transactions concerning cryptocurrency or virtual currency other than the GAW Cryptocurrency Products. Plaintiffs will not produce documents unrelated to the GAW Cryptocurrency Products. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

38.     All documents and communications concerning any virtual currency exchanges  on which Plaintiffs were active or in which Plaintiffs invested, including without limitation  Bittrex, Yobit, Etherum, Bitstamp, Bitfinex, Coinbase, Cryptsy, BTC-e, Kraken, BTCChina,  Bitcoin Source, Gemini Exchange, Changelly, Cryptopia, Binance, cex.io, hitBTC, Paxful,  Indacoin, Cancoin, Coinmama, Bitbond,

13

xCoins, Cryptex24 or any other exchanges on which Paycoin, Bitcoin or any other virtual currency may be monitored, purchased or sold.

<u>Response</u>: Plaintiffs object to this request as overbroad, unduly burdensome, and disproportionate to the needs of this case to the extent it seeks information about transactions concerning cryptocurrency or virtual currency other than the GAW Cryptocurrency Products. Plaintiffs will not produce documents unrelated to the GAW Cryptocurrency Products. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

39.     All documents concerning the allegations of each misrepresentation, communication, meeting or other similar allegation included in the Complaint between July 1, 2013 and November 4, 2016.

<u>Response</u>: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

40.     All documents and communications concerning the allegation in Paragraph 10 of the Complaint that "[d]efendants' activities had the hallmarks of a Ponzi scheme".

<u>Response</u>: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

41.     All documents and communications concerning the allegation in Paragraph 10 of the Complaint that "defendants sold far more computing power than they owned and dedicated to virtual currency mining".

<u>Response</u>: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

42.     All documents and communications concerning the allegation in Paragraph 12 of the Complaint that "Fraser came up with the idea for ZenMiner."

14

<u>Response</u>: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

43.     All documents and communications concerning the allegation in Paragraph 20 of the Complaint that "Fraser is an investor in ZenMiner."

<u>Response</u>: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

44.     All documents and communications concerning the allegation in Paragraph 40 of the Complaint that "Garza and Fraser's relationship differed from a typical investor relationship".

<u>Response</u>: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

45.     All documents and communications concerning the allegation in Paragraph 41 of the Complaint that "Fraser paid Garza's salary".

<u>Response</u>: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

46.     All documents and communications concerning the allegation in Paragraph 43 of the Complaint that "Garza and Fraser frequently discussed the strategic direction of their various business ventures".

<u>Response</u>: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

47.     All documents and communications concerning the allegation in Paragraph 175 of the Complaint that Fraser "was a controlling person of Garza, GAW Miners and ZenMiner".

<u>Response</u>: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

48.    All documents and communications that Plaintiffs refer to, quote or summarize in  the Complaint, including all emails, meeting notes, communications and discussions quoted or  referenced in the Complaint, regardless of the date on which those documents were created or  those communications took place.

<u>Response</u>: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

49.    All documents on which You relied in drafting the Complaint.

<u>Response</u>: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

50.    All statements given by Garza to You or any representatives, associates, agents,  or any other person acting on Your behalf, and any notes or documents produced as a result of  Garza's statements from July 1, 2013 and continuing to the present.

<u>Response</u>: Plaintiffs object to this request to the extent it seeks information subject to the work product doctrine, the attorney-client privilege, joint defense privilege and/or the privilege for the opinions of or facts known or held by non-testifying experts. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

51.    All documents referenced in Your Initial Disclosures and Your First Supplemental Initial Disclosures, or relied upon in drafting Your Initial Disclosures and Your  First Supplemental Initial Disclosures, from July 1, 2013 and continuing to the present.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

52.     All "[c]ommunications and correspondence from and between Defendants Homero Joshua Garza and Stuart A. Fraser," between July 1, 2013 and November 4, 2016, as referenced in Your Initial Disclosures.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

53.     All documents concerning the "marketing and advertising of defendants' cryptocurrency products" as referenced in Your Initial Disclosures.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

54.     All documents concerning "GAW Miners' and Zenminer's sales information" as referenced in Your Initial Disclosures.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

55.     All documents concerning the "pricing of GAW Miners' and Zenminer's cryptocurrency products" as referenced in Your Initial Disclosures.

Response: Subject to the foregoing general objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

56.     All documents "reflecting the prior content of relevant websites, including Gawminers.com, Hashtalk.org, Paycoin.com, and blog.paybase.com" as referenced in Your Initial Disclosures.

Response: Subject to the foregoing general objections, plaintiffs will conduct a

17

reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

57.    All documents concerning Your damages calculations for Your claims

against  Fraser in this action, including without limitation all documents concerning

Your out-of-pocket  losses and all documents on which such computations are or will

be based.

<u>Response</u>: Plaintiffs object to this request as premature to the extent it calls for information that is properly the subject of expert discovery. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

58.    All documents concerning Your damages calculations for Your claims

against  Fraser in this action, including without limitation all documents relating to

Your assertion in the First Supplemental Initial Disclosures that the GAW

Cryptocurrency Products were "worthless"  and all documents on which such

computations are or will be based.

<u>Response</u>: Plaintiffs object to this request as premature to the extent it calls for information that is properly the subject of expert discovery. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

59.    All documents concerning Your damages calculations for Your claims

against  Fraser in this action, including all documents relating to the calculation of

the difference between  Your out-of-pocket expenses and the current value of any

digital currency on which Your  calculations may be based, and all documents on

which such computations are or will be based.

<u>Response</u>: Plaintiffs object to this request as premature to the extent it calls for information that is properly the subject of expert discovery. Subject to the foregoing

general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

60.    All documents concerning Your damages calculations for Your claims against  Fraser, including all documents relating to the calculation of pre-judgement interests on Your  alleged damages and all documents on which such computations are or will be based.

Response: Plaintiffs object to this request as premature to the extent it calls for information that is properly the subject of expert discovery. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

61.    All documents concerning Your damages calculations with respect to the  "benefit-of-the-bargain" common law claim, as described in Your First Supplemental Initial  Disclosures, and all documents on which such computations are or will be based.

Response: Plaintiffs object to this request as premature to the extent it calls for information that is properly the subject of expert discovery. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

62.    All documents concerning Your damages calculations with respect to the "restitution" common law claim, as described in Your First Supplemental Initial Disclosures, and  all documents on which such computations are or will be based.

Response: Plaintiffs object to this request as premature to the extent it calls for information that is properly the subject of expert discovery. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

63.    All documents concerning any "data identified in *SEC v. Garza,* No.

19

3:15-cv- 1760-JAM or substantially similar data" as alleged in Your First Supplemental Initial Disclosures.

<u>Response</u>: Plaintiffs object to this request as premature to the extent it calls for information that is properly the subject of expert discovery. Subject to the foregoing general and specific objections, plaintiffs will conduct a reasonable search and produce non-privileged documents in their possession, custody, or control that are responsive to this request.

DATED: December 29, 2017

Respectfully submitted,

*/s/ Colin M. Watterson*
Colin Watterson (*pro hac vice*)
Email:  cwatterson@susmangodfrey.com
Texas Bar No. 2409330
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX  77002
Tel: (713) 651-9366
Fax: (713) 654-3367

Marc Seltzer (*pro hac vice*)
E-mail:mseltzer@susmangodfrey.com
California Bar No. 54534
Kathryn Hoek (*pro hac vice*)
E-mail: khoek@susmangodfrey.com
California Bar No. 219247
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Tel: (310) 789-3100
Fax: (310) 789-3150

Seth Ard (*pro hac vice*)
E-mail: sard@susmangodfrey.com
New York Bar No. 4773982
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6022
Tel: (212) 336-8330
Fax: (212) 336-8340

20

Mark P. Kindall (ct13797)
E-mail: mkindall@ikrlaw.com
Robert A. Izard
E-mail: rizard@ikrlaw.com
IZARD, KINDALL & RAABE, LLP
29 S. Main St., Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290

*Counsel for Plaintiffs*


<u>Certificate of Service</u>

I hereby certify that on December 29, 2017, I served the foregoing via

electronic mail on the following:

Daniel H. Weiner
Sarah L. Cave
Sara E. Echenique
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482

Sean M. Fisher (ct23087)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT  06511

*/s/ Colin Watterson*
Colin Watterson

5507834v1/014928