# Exhibit C

# Hughes Hubbard & Reed

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Sarah L. Cave
Partner
Direct Dial: +1 (212) 837-6559
Direct Fax: +1 (212) 299-6559
sarah.cave@hugheshubbard.com

January 17, 2018

VIA ELECTRONIC MAIL

Colin Watterson
Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
cwatterson@susmangodfrey.com

   Re: Plaintiffs' Responses and Objections to Defendant Stuart A. Fraser's First Request for Production of Documents

Dear Colin,

  We write on behalf of Defendant Stuart A. Fraser ("Mr. Fraser") in response to Plaintiffs' Objections and Responses to Defendant Stuart A. Fraser's First Set of Requests for Production dated December 29, 2017. We have concerns regarding two of Plaintiffs' general objections and four of Plaintiffs' specific objections, as detailed below.

1. In General Objection No. 5, Plaintiffs object to Mr. Fraser's request for communications between Plaintiffs and law enforcement agencies.[1] Such communications would not be subject to any privilege and should be produced. If any law enforcement officials have instructed Plaintiffs to withhold documents or information, please provide the contact information for those officials.

2. In General Objection No. 6, Plaintiffs object to Mr. Fraser's definition of "Investment" as overbroad and beyond the needs of the case.[2] Documents concerning, in particular, other cryptocurrency products are, in fact, relevant to Plaintiffs' claims and claimed damages. For example, it is relevant to know whether Plaintiffs considered investing in other cryptocurrency products, but elected not to. Similarly, is it relevant whether Plaintiffs relied on information received in connection with any investment in other products when

---

1. General Objection No. 5, "Plaintiffs object to these requests to the extent they call for communications between any of the plaintiffs on the one hand and law enforcement officials on the other hand and that concern an ongoing criminal matter. Plaintiffs are withholding such documents."

2. General Objection No. 6, "Plaintiffs object to the definition of "Investment" as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent it encompasses information unrelated to the products offered by GAW Miners LLC and ZenMiner LLC."

81252779_1

making their investments in the GAW Cryptocurrency Products. Because such information is relevant and uniquely available to Plaintiffs, these documents should be produced.

3. In Request No. 12, Mr. Fraser asked for documents reflecting Plaintiffs' meetings with Homero Joshua Garza ("Garza")[3] and in Request No. 50 asked for statements sent by Garza to Plaintiffs or any representatives, and any notes from such meetings.[4] Plaintiffs objected to both Requests on the grounds that such information is privileged.[5] The attorney-client privilege, the work-product doctrine, and the joint-defense/common interest privilege do not protect (i) the fact that Plaintiffs or their representatives had meetings with Garza, (ii) the statements Garza made in those meetings or discussions, or (iii) any documents produced, shown or read to Plaintiffs by Garza. First, Garza does not have an attorney-client relationship with Plaintiffs' counsel. Second, documents responsive to this request would not constitute attorney work product, and Mr. Fraser is not seeking legal analysis, but rather direct quotes and information provided by Garza to Plaintiffs. Third, Plaintiffs, having previously named Garza as a defendant, cannot argue that any joint defense or common interest exists. Fourth, the fact that Plaintiffs' control person claim hinges on Garza's alleged primary violation makes this argument unreasonable. The Second Circuit has held that the common interest privilege protects "[o]nly those communications made in the course of an ongoing common enterprise and intended to further the enterprise." *United States v. Krug*, 868 F.3d 82, 86 (2d Cir. 2017) (internal citation omitted). Accordingly, documents responsive to Requests No. 12 and 50 should be produced.

4. In response to Request No. 34, which seeks Plaintiffs' tax documents for the years 2015 and 2016,[6] Plaintiffs assert that this request is disproportionate to the needs of the case and would invade Plaintiffs' privacy interests.[7] To the extent Plaintiffs' tax returns refer to or relate to their investments in GAW Cryptocurrency Products, including gains or losses on those investments, those documents are relevant to Plaintiffs' claims and

---

3. Request No. 12, "all documents reflecting Your meetings with Garza between June 1, 2014 and the present."

4. Request No. 50, "All statements given by Garza to You or any representatives, associates, agents, or any other person acting on Your behalf, and any notes or documents produced as a result of Garza's statements from July 1, 2013 to the present."

5. Response to Request No. 50, "Plaintiffs object to this request to the extent it seeks information subject to the work product doctrine, the attorney-client privilege, joint defense privilege and/or the privilege for the opinions of or facts known or held by non-testifying experts." Response to Request No. 50 states in part, "Plaintiffs object to this request to the extent it seeks information subject to the work product doctrine, the attorney-client privilege, joint defense privilege and/or the privilege for the opinions of or facts known or held by non-testifying experts."

6. Request No. 34, "All documents concerning Your Federal, State and Local taxes, including tax filings and tax returns, filed for the tax years 2015 and 2016."

7. Response to Request No. 34, "Plaintiffs object to this request as overbroad, unduly burdensome, disproportionate to the needs of this case, and as violating plaintiffs' privacy interests to the extent it seeks Plaintiffs' personal financial information and because Fraser can obtain all relevant information about Plaintiffs' purchases of GAW [Products] through a less invasive means. Plaintiffs will not produce documents responsive to this request."

81252779_1

alleged damages and should be produced. If Plaintiffs have additional privacy concerns, Mr. Fraser is willing to discuss reasonable limitations on review of these documents, including redactions or additional confidentiality protections, in order to facilitate Plaintiffs' production.

5. In response to Request No. 63, which seeks any "data identified in *SEC v. Garza*, No. 3:15-cv-1760-JAM or substantially similar data" as referenced in Plaintiffs' Initial Disclosures, Plaintiffs assert that this request is "premature" in calling for information that is the subject of expert discovery. While Mr. Fraser acknowledges that the parties will proceed with expert discovery in due course, to the extent that Plaintiffs are currently in possession of "data identified in *SEC v. Garza*, No. 3:15-cv-1760-JAM," that Plaintiffs have already produced to or received from the SEC concerning that litigation, there is no reason to delay production of that data to Mr. Fraser.

In conclusion, Mr. Fraser requests Plaintiffs consider these concerns in good faith. If Plaintiffs are unwilling to produce relevant documents as requested in this letter, please suggest a time to meet and confer by telephone, as required by Judge Shea's Instructions for Discovery Disputes.

Best regards,

Sarah L. Cave

cc:   Sean Fisher, Esq. (via electronic mail)