# Exhibit D

# Hughes Hubbard & Reed

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Sarah L. Cave
Partner
Direct Dial: +1 (212) 837-6559
Direct Fax: +1 (212) 299-6559
sarah.cave@hugheshubbard.com

February 21, 2018

VIA ELECTRONIC MAIL

Colin Watterson, Esq.
Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
cwatterson@susmangodfrey.com

Re:   Plaintiffs' Responses and Objections to First Request for Production of Documents

Dear Colin,

We write on behalf of Defendant Stuart A. Fraser following our meet-and-confer call on February 12, 2018 regarding the matters raised in our January 17, 2018 letter. This letter seeks to respond further to the points discussed and, where possible, propose a compromise to resolve the remaining disputed issues concerning Plaintiffs' objections to Mr. Fraser's First Request for Production of Documents (the "Request").[1]

1. As to General Objection No. 5, Plaintiffs assert that they cannot produce documents and communications exchanged with the FBI based on instructions by the FBI to keep these materials confidential. While we appreciate Plaintiffs' desire to respect the FBI's instructions, these materials are discoverable in the Second Circuit absent intervention by the FBI to preclude their disclosure, which has not occurred. *See Three Crown Ltd. P'ship v. Salomon Bros.*, No. 92 CIV. 3142 (RPP), 1993 WL 277182, at *2 (S.D.N.Y. July 21, 1993) ("absent the government's intervening in the proceeding to protect the secrecy of . . . its investigations, the Court will allow liberal discovery of statements made or documents submitted to a governmental agency prior to the initiation of an investigation of any defendant in this litigation concerning the subject matter of this litigation"); *see also Fort Worth Employees' Ret. Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 111 (S.D.N.Y. 2013) ("discoverable documents include those turned over to the government in an investigation of J.P Morgan's assessment of underwriting practices of a loan originator").

   Plaintiffs do not assert that any confidentiality agreement or privilege applies to these materials. Additionally, Plaintiffs appear to have relied on these materials in preparing

---

1. Capitalized terms have the meanings defined in Mr. Fraser's January 17, 2018 letter.

82222848_1

their First Amended Complaint, placing them squarely in the purview of discovery.

Without waiving any rights, in a good-faith attempt to resolve this issue, Mr. Fraser proposes that Plaintiffs disclose the documents and communications that they transmitted to the FBI, while redacting or withholding any communications made or documents provided by the FBI to Plaintiffs. Mr. Fraser reserves the right to seek full disclosure or request that the Court perform an *in camera* review of these materials in their entirety.

2. As to General Objection No. 6, Plaintiffs assert that the definition of "Investment" is overbroad. Without waiving any rights, in a good-faith attempt to resolve this issue, Mr. Fraser proposes limiting the term "Investment" to Plaintiffs' investments in cryptocurrency products or products related to the bitcoin, virtual currency or cryptocurrency markets, including but not limited to the GAW Cryptocurrency Products during the requested time period.

3. As to Request No. 12, you represented that the only documentation resulting from your meeting with Joshua Garza are your own notes, which you claim are protected by the attorney work product doctrine in their entirety.

    Work product immunity, however, is a qualified privilege and certain circumstances may override it. Work product protection is waived when information that normally would be protected is put "at issue" in the case, or is relied upon in the case. *See Levy v. Young Adult Inst.*, No. 13-CV-02861-JPOSN, 2015 WL 10891654, at *1 (S.D.N.Y. Dec. 14, 2015) (holding that documents otherwise privileged were discoverable and that the privilege had been waived when the documents were put "at issue" in the case). Further, "a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party." *See In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000). The Second Circuit has also recognized that implied waiver may be found where the privilege holder "asserts a claim that in fairness requires examination of protected communications." *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)).

    The First Amended Complaint relied on information from your interview with Mr. Garza, and that information is discoverable. *See, e.g.*, First Am. Compl. ¶¶ 33, 34, 39-48, 50-59, 63, 67-70, 85, 86, 88, 91-93, 102, 128, 145-48. To clarify, we are not requesting your mental impressions or strategy, but rather only the factual statements that Garza made to you and on which Plaintiffs relied in preparing their Complaint. We ask you to re-examine your notes to determine whether they may be produced in redacted form to permit disclosure of the non-privileged, factual statements made by Garza.

4. Concerning Request No. 34, we understand that you will discuss with your clients whether their tax return documents reflect any information relating to gains and losses on cryptocurrency investments, including investments in the GAW Cryptocurrency Products. Without waiving any rights, in a good-faith attempt to resolve this issue, Mr. Fraser proposes attorney's-eyes-only in-person review of these tax return documents at a mutually convenient time and location. Mr. Fraser reserves the right to seek physical

copies of these documents in redacted form to protect personal or sensitive information.

In the meantime, we note that, where tax returns are "relevant to the subject matter of the action" and where the information contained therein "is not otherwise readily obtainable," those records should be produced. *Smith v. Bader*, 83 F.R.D. 437, 438 (S.D.N.Y.1979) (plaintiffs may be compelled to produce tax returns where they had placed their income in issue by claiming they suffered losses due to the defendants' actions). *See also Taylor v. Hous. Auth. of City of New Haven*, No. CIV.3:08CV557(JBA), 2009 WL 1635136, at *1 (D. Conn. June 10, 2009) (finding tax returns relevant to punitive damages and ordering them disclosed to opposing counsel). If the information regarding gains and losses stemming from Plaintiffs' investments in the GAW Cryptocurrency Products is available in its entirety elsewhere, we are open to discussing those alternative sources of information.

5. As to Request No. 63, we understand that Plaintiffs will produce the requested documents.

In conclusion, Mr. Fraser requests Plaintiffs consider these proposals in good faith. Please suggest a time to meet and confer further by telephone, as required by Judge Shea's Instructions for Discovery Disputes.

Best regards,

Sarah L. Cave

cc:   Sean Fisher, Esq. (via electronic mail)

82222848_1