# Exhibit E

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| Denis Marc Audet, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 3:16-cv-00940 |
| Stuart A. Fraser, GAW Miners, LLC, and ZenMiner, LLC ) ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     Homero Joshua Garza, 8431 Miners Pt., San Antonio, TX 78252

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

   The items listed in Schedule A, attached.

| Place: Hughes Hubbard & Reed, LLP, One Battery Park Plaza, New York, NY 10004, or per electronic mail, by consent of the parties. | Date and Time: 05/21/2018 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 5/1/18

*CLERK OF COURT*

OR   *[signature]*

_____   _____
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Stuart A. Fraser
_____ , who issues or requests this subpoena, are:

Sarah L. Cave, Hughes Hubbard & Reed, One Battery Park Plaza, NY, NY 10004, sarah.cave@hugheshubbard.com, 212-837-6000; Sean Fisher, BSW Law, 271 Whitney Ave, New Haven, CT 06511 sfisher@bswlaw.com 203-562-2098

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:16-cv-00940

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

    _____
    *Server's signature*

    _____
    *Printed name and title*

    _____
    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## **SCHEDULE A**

### DEFINITIONS

1. The Uniform Definitions in Discovery Requests set forth in Local Civil Rule 26 are hereby incorporated by reference into these document requests.

2. "Communication" means the transmittal of information (in the form of facts ideas, inquiries or otherwise), including without limitation phone calls, emails (including any email addresses used by any employee of the Companies and any domain names purchased in association with the Companies), text messages, messages sent through or on online chatrooms (including Reddit, Bitcoin Talk, Hashtalk.org and others), messages sent through secure applications such as Telegram, social media messages or posts (including LinkedIn, Twitter, Facebook and others), and any other form of communication.

3. "Companies" refers to GAW Miners, LLC and ZenMiner, LLC (d/b/a/ ZenCloud).

4. "Complaint" refers to Plaintiffs' First Amended Complaint (ECF No. 57) in this action.

5. "Fraser" refers to Defendant Stuart A. Fraser.

6. "Garza," "You" and "Your" refer to Homero Joshua Garza, and any attorneys, associates, agents or any other person performing any service for him.

7. "GAW Cryptocurrency Products" means Hardware-Hosted Mining, Cloud-Hosted Mining, Hashlets, Hashpoints, HashStaker, Paycoin (as defined below), CoinCard, Paybase Wallets (as defined below) and any other product or service offered by the Companies as alleged in Paragraph 160 of the Complaint.

8. "Investment" means each and every purchase, sale, transfer or redemption, in any type of security, including without limitation any GAW Cryptocurrency Products, virtual currency wallets, or any other virtual currency, made by You or on Your behalf.

9. "Paybase Wallet" means the virtual currency wallet launched by the Companies to store Paycoin as alleged in Paragraph 153 of the Complaint.

10. "Paycoin" means the virtual currency product launched by GAW Miners as alleged in Paragraph 8 of the Complaint.

11. "Plaintiffs" refers to Denis Marc Audet, Michael Pfeifer, Dean Allen Shinners and Jason Vargas, and any associates, agents or any other person acting on behalf of Plaintiffs.

## INSTRUCTIONS

1. This subpoena applies to all documents in your possession, custody, or control. All documents that respond, in whole or in part, to any portion of the requests herein shall be produced in their entirety, including all attachments and enclosures.

2. All documents produced pursuant hereto are to be produced as they are kept in the usual course of business or shall be organized and labeled (without permanently marking the items produced) so as to correspond with the categories of each numbered request.

3. For each draft, final document, original, and reproduction; each signed and unsigned document; and each additional copy of such document, where such document contains a commentary, note, notation, or any other change whatsoever which does not appear on the original or on the copy of the document produced, it shall be deemed and considered to constitute a separate document.

4. Please provide documents as single-page black and white TIFFs, with document-level OCR, delimited (.DAT) document load file, LFP or OPT image load files, and metadata for the following fields: BegDoc, EndDoc, BegAttach, EndAttach, Subject, FileName, Sent Date, Created Date, Last Modified Date, Author, From, To, CC, BCC, Recipients, Custodian, FilePath, Parent, MD5, ConfidentialStamp, Text_Path, and File_Path.

5. Please provide separate copies of spreadsheets (Excel), presentations (PowerPoint) and database files in their native format. The produced file should be named with the Bates number of the first page of the corresponding TIFF production of the document (e.g., "ABC0000001.xls").

6. If you contend that any document, group of documents, or any portion thereof, that is responsive to any request to produce herein is privileged or otherwise immune from discovery, you shall communicate in writing the nature of the claim of privilege or immunity from discovery, describe the nature of the documents at issue, and confer in good faith with us in order to facilitate further compliance with the Federal Rules of Civil Procedure and the Local Civil Rules.

7. If you claim a privilege with respect to a portion of a document, you should nonetheless produce the portion of the document for which you do not claim a privilege.

8. Except where otherwise indicated, each request covers the time period beginning January 1, 2003 and continuing to November 4, 2016.

## REQUESTED DOCUMENTS

1. All documents and Communications concerning the records of the Companies, including without limitation the purchase and sale of any assets, any bank account statements (including for accounts at Bank of America and United Bank), payroll reports, pay stubs, spending reports, real estate rental or purchase agreements, general ledgers, financial statements, accounting records, tax documents, documents illustrating the internal structure or operation of the Companies, or other similar reports and records.

2. All documents and Communications concerning loans, payments or gifts made by Fraser to You or the Companies, including without limitation bank account statements, credit card statements, and wire, money-transfer or other receipts.

3. All documents and Communications concerning loans, payments or gifts made by You to Fraser or the Companies, including without limitation bank account statements, credit card statements, and wire, money-transfer or other receipts.

4. All documents concerning Communications between You and any employees, representatives, agents, or consultants of the Companies, Fraser, or Thomas Fraser, between March 1, 2014 and November 4, 2016.

5. All documents and Communications concerning press releases, interviews with reporters (including without limitation with CoinDesk.com, Hastalk.org, Hastalk.ch, CyrptoCoinsNews.com, Coinbrief.net, 99bitcoins.com, TechCruch.com, and CoinJournal.net, publicists or the like), public statements, reports, calls, meetings, or any other interactions that have been or are publically available, either purposefully or inadvertently, and were or are within Your or the Companies' possession, regarding the Companies, any GAW Cryptocurrency Product or any form of virtual currency, between March 1, 2014 and November 4, 2016.

6. All documents and Communications concerning Your Investments, losses or earnings relating to Your ownership of any Investments, or any other form of currency, or activity on any virtual currency exchange, including without limitation Your Federal, State and Local taxes, including tax filings and tax returns, filed for the tax years 2003 - 2016.

7. All documents produced by You to the Securities and Exchange Commission in relation to *SEC v. Garza et al.*, 3:15-cv-01760-JAM (D. Conn. Dec. 1, 2015).

8. All documents produced by You to the Department of Justice in relation to *USA v. Garza*, 3:17-cr-00158-RNC-1 (D. Conn. July 20, 2017).

9. All documents concerning Communications between You and Plaintiffs, including without limitation all documents produced by You to Plaintiffs, and all documents and Communications concerning Plaintiffs' proof of purchase, receipts, confirmation emails or other such documentation or Communication representing, identifying or memorializing Plaintiffs' purchase, payment, ownership or sale of any virtual currency, including without limitation bitcoin and Paycoin, and any other mining equipment or GAW Cryptocurrency Product, between June 1, 2014 and the present.

10. All documents concerning or reflecting statements given by You to Plaintiffs or any representatives, associates, agents, or any other person acting on Your behalf, and any notes or documents produced as a result of Your statements from July 1, 2013 and continuing to the present, not including any public filings with the Federal District Court for the District of Connecticut in *Audet v. Fraser, et al.*, No. 3:16-cv-00940 (D. Conn. June 15, 2016).