# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, DEAN ALLEN SHINNERS, and JASON VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>                    Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br><br>DECLARATION OF COLIN M. WATTERSON RE: PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT STUART A FRASER'S MOTION TO COMPEL DISCOVERY<br><br>July 5, 2018 |

I declare under penalty of perjury as follows:

1.      My name is Colin Watterson. I am an attorney licensed to practice law in the State of Texas and am an associate with the law firm Susman Godfrey LLP. I have personal knowledge of the facts in this declaration.

2.      I serve as counsel for plaintiffs in the above captioned action. I am admitted *pro hac vice* in the above captioned action.

3.      On October 26, 2016, I conducted an interview of Homero Joshua Garza in Austin, Texas. I did so in my capacity as an attorney representing plaintiffs in this case.

4.      The only physical participants in the interview were myself and Mr. Garza. A paralegal at my firm—Simon DeGeorges—also participated by phone.

1

5.     The principal purpose of the interview was to learn information that would support plaintiffs' claim that Stuart Fraser was a controlling person of GAW Miners, LLC, ZenMiner, LLC, and Mr. Garza, as well as information on the underlying fraud. To that end, I asked Mr. Garza questions on those topics.

6.     During the interview, I took handwritten notes. I did not attempt to transcribe the entire interview, but rather took note of information I considered to be significant for the purposes of plaintiffs' claims against Fraser and the companies.

7.     Mr. DeGeorges also took notes. After the interview, I edited, revised, and supplemented Mr. DeGeorges' notes to reflect information I believed to be significant for purposes of plaintiffs' claims against Fraser and the companies.

8.     While collecting documents to produce to Mr. Fraser in this lawsuit, I learned that plaintiff Allen Shinners forwarded a copy of the notes to FBI Special Agent Mark Munster. The email is reflected as entry 3010 on the page from the privilege log attached as Ex. A-3 to this declaration.

9.     <u>Exhibit A-1</u> to this declaration is a true and correct copy of a Petition to Enter Plea of Guilty Pursuant to Rules 10 and 11 of the Federal Rules of Criminal Procedure from *United States v. Garza*, No. 3:17-cr-00158 (D. Conn. 2017).

10.     <u>Exhibit A-2</u> to this declaration is a true and correct copy of an Order Setting Conditions of Release from *United States v. Garza*, No. 3:17-cr-00158 (D. Conn. 2017).

11.   <u>Exhibit A-3</u> to this declaration is a true and correct copy of the relevant page from a privilege log that reflect the notes that are at issue in this motion.

I declare under penalty of perjury that the above statements are true and correct to the best of my knowledge.

Dated: July 5, 2018

Colin M. Watterson

# Exhibit A-1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2017 JUL 20 P 12: 38

US DISTRICT COURT
HARTFORD CT

UNITED STATES OF AMERICA :
                              :
              v.              :      CASE NO.3:17CR 158 (RNC)
                              :
HOMERO GARZA                  :

### PETITION TO ENTER PLEA OF GUILTY
### PURSUANT TO RULES 10 AND 11 OF
### THE FEDERAL RULES OF CRIMINAL PROCEDURE

The above-named defendant respectfully petitions this Court
to permit him/her to enter a plea of " Guilty" to Count ___1___ of
an Indictment/Information in Criminal No. 3:17CR   (RNC) at this
time.

In support of this petition, petitioner represents to the
Court as follows:

(1)  My full and legal name is: Homero

_____Joshua Garza_____.

I request that all proceedings against me be had in this name.

(2)  I am 32 years of age.  I was born in (year) 1985.

(3)  I was born in (City, State, etc.) Galveston, TX.

(4)  [Place check in appropriate places.]

     (a)  I am able to read ✓ and write ✓ in the
          English language.

     (b)  I am not able to read and write English, and I
          have had the benefit of the interpretation and
          translation services of _____
          (name of interpreter), who is fluent in

_____ (name of language).  I

continue to require such an interpreter.

(5)   (a)   I have received the following education in the

United States (check the highest level completed):

Grade School    1___ 2___ 3___ 4___ 5___ 6___ 7___ 8___

High School        4        (Years)

College            _____(Years)

Graduate School _____(Years)

(b)   If education received in foreign country, give

details_____

_____.

(6)   I am represented by counsel and the name of my attorney

is   Marjorie Peerce                                  .

(7)   (a)   I have received a copy of the

Indictment/Information, I have read and discussed

it with my attorney, and I understand every

accusation made against me in this case.

(b)   As stated below in my own words, I understand that

in the counts of the Indictment/Information to

which I am now offering to plead guilty, I am

charged with the following crime(s):

Wire fraud

_____

_____

2

[Identify each count and the nature of the crime charged therein.]

(8)  (a)  I have given my attorney a full statement of all the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment/Information, and I believe that my attorney is fully informed as to all such matters.

(b)  After I gave my attorney the statement just mentioned in 8(a), my attorney informed, counseled, and advised me as to the nature of every accusation against me, and as to any possible defense I might have with respect to these accusations.

(9)  My attorney has advised me that, with respect to the Count(s) to which I intend to plead "GUILTY," the punishment which the law provides is as follows:

[Add up the punishments on each count.  For example, if a defendant is pleading guilty to counts one and two, and there is a two-year maximum sentence on count one, and a five-year maximum sentence on count two, write in seven years as the maximum amount of imprisonment, and $100 as the mandatory special assessment. Fill in only those blanks that are applicable.]

(a)  A maximum of ____20____ imprisonment.

(b)  A mandatory minimum of ____0____ imprisonment.

3



(C)    A maximum fine of $ ___250,000___ *or alternative fine 18 USC 3571*.

(d)    A minimum fine of $ ___0___.

(e)    A maximum term of supervised release of __3__ years following imprisonment for the offense(s) charged in Count(s) ___1___ of the Indictment/Information.

(f)    A minimum term of supervised release of at least ___0___ years following imprisonment for the offense(s) charged in Count(s) ___1___ of the Indictment/Information.

I understand that if I violate any condition of the supervised release before the term expires, I may be required to serve a further term of imprisonment based upon the class of the felony of the underlying conviction, pursuant to 18 USC 3583(e)(3). (A felony-5 years, B Felony-3 years, C or D felony-2years, other cases - 1 year.)

(g)    A maximum order of restitution equal to the amount of loss resulting to any victims of the offense(s) charged in the Indictment/ Information to which I am offering to plead guilty.

(h)    I understand that I must also pay a mandatory special assessment of $ __100__.

(10) My attorney has also advised me that:

[Check applicable line.]

_____ (a) Because the offense to which I am offering to plead "GUILTY" is a Class A/B felony, the Court is not authorized to sentence me to probation.

__✓__ (b)  Probation is a possible sentence, but that it may or may not be granted.

(11) My attorney has also advised me that because the offense(s) to which I am now offering to plead guilty occurred on

4

or after November 1, 1987, I will be sentenced pursuant to the law with consideration given to the guidelines promulgated by the United States Sentencing Commission.

My attorney has counseled me with his/her opinion on what my sentencing range might be. I fully understand that my attorney's opinion (or my own) may be incorrect and that the Guidelines calculation will be performed on the basis of facts set forth in a Presentence Report which will be prepared for the Court before sentencing. I understand that my attorney's opinion or prediction concerning the Guidelines is not binding on the Court; that it is the Court which will actually determine the sentence to be imposed; and that I have no right to withdraw my plea on the ground that my attorney's opinion or prediction (or my own) concerning the Guidelines proved to be incorrect. I fully understand that the sentence could be up to the maximum provided by the statute.

My attorney has advised me that in certain instances under the Guidelines, conduct which is found or stipulated to have occurred will be taken into consideration in computing the Guidelines, even though that conduct does not form the basis of the specific count(s) to which I am pleading guilty.

My attorney has advised me, and I fully understand, that parole has been abolished for offenses committed on or after

5

November 1, 1987, and that if I am sentenced to prison, I will not be released on parole.

(12) Consequences for parole and probation. [Check if defendant is on probation or parole in this or any other court.]

I understand that by pleading GUILTY here, my probation/parole may be revoked and I may be required to serve time in prison in the case in which I am on probation/parole, in addition to any sentence imposed upon me in this case. Moreover, my attorney has advised me that my status on probation/parole at the time of the offense charged in this case may result in an increase in the Guideline range or in the sentence imposed.

(13) My attorney has advised me that if I plead "GUILTY" to more than one offense, the Court may order the sentence to be served consecutively -- that is, one after another.

(14) I understand that I may, if I so choose, plead "NOT GUILTY" to any offense charged against me, and that I may continue to plead "NOT GUILTY," if I have already so pleaded.

(15) I understand that if I choose to plead "NOT GUILTY," I may proceed to trial at the time set by the Court. I further understand that the United States Constitution guarantees me:

      (a)   the right to a speedy and public trial by jury;

      (b)   the right to see, hear, and question all witnesses called by the government against me;

      (c)   the right  to use the power and
process of the Court to compel the
production of any evidence,
including the attendance of any
witnesses, in my favor;

      (d)   the right to have the assistance of
counsel in my defense at all stages
of these proceedings, as well as
upon the trial; and

      (e)   the right not to be compelled to
incriminate myself; that is, I
understand that if I go to trial, I
may remain silent and I cannot be
compelled to take the witness
stand.

      (f)   the right to be found "not guilty" on any charge
for which the evidence lawfully admitted at trial
does not sustain a finding of guilt
beyond a reasonable doubt.

(16) I understand that, by pleading "GUILTY," I waive (that is, I give up) my right to a trial, and that there will be no further trial of any kind.

(17) I understand that, if I plead "GUILTY," the Court may ask me questions about the offense to which I am pleading "GUILTY."  I also understand that if I answer these questions under oath, on the record, and in the presence of counsel, my answers, if false, may later be used against me in a prosecution for perjury or false statement.  I understand also that, by pleading "GUILTY," I waive any right against self-incrimination concerning the facts constituting the offense to which I am pleading "GUILTY."

(18) I understand that, if I plead "GUILTY," the Court may impose the same punishment as if I had pleaded "NOT GUILTY," stood trial, and had been convicted by a jury.

(19) I further understand that if I plead "GUILTY," I waive (that is, I give up) any defenses I may have had and, in particular, that I waive any claims which I may have had based upon any previous violations of my statutory or constitutional rights.  I understand that if I were to continue to plead "NOT GUILTY," I would be entitled to have my attorney make appropriate application to the Court based upon any such violations -- for example, a motion to suppress evidence.

(20) I declare that no officer or agent of any branch of government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "GUILTY," except to the extent that my plea of "GUILTY" may be a factor considered by the Court in determining whether I have accepted responsibility for my criminal conduct within the meaning of the Guidelines or to the extent indicated in my written plea agreement with the Government.

(21) I declare that I have not been _threatened_ or _forced_ in any way to plead guilty at this time or any other times.

(22) My decision to plead "GUILTY" arises out of discussions between me and my attorney, who advised me that if I plead "GUILTY" to Count(s) _____/_____ the government has agreed to the following: [Staple here a copy of any written agreement between the government and the defendant. If there is no written agreement, state the nature of the agreement in the space below.]

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____.

(23) I understand that the Court may accept or reject the terms of this agreement, or may defer its decision to accept or reject the agreement until it has had an opportunity to consider a presentence report prepared by the United States Probation Office.

(24) (a)  I have made this decision to plead "GUILTY" freely
          and voluntarily and as a result of my own
          reasoning processes.

     (b)  I know that the Court will not accept a plea of
          "GUILTY" from any one who claims to be innocent
          and I am not pleading "GUILTY" for any reason
          other than that I am indeed guilty.

(25) [Place check mark in appropriate place:]

I have __√__/have not_____ made any statement to any law
enforcement officer or anyone else in which I admitted the crime
or any part of the crime to which I now want to plead guilty.

    [Check if defendant has made such a statement:]
__√__ I would choose to plead "GUILTY" even if I knew that
the statement could not be used against me.

(26) I understand that, in cases prior to November 1, 1987,
a federal judge has no authority to order a federal sentence of
imprisonment to run at the same time as a state sentence of
imprisonment.  However, for an offense committed after November
1, 1987, I understand that under 18 U.S.C. § 3584(a), a federal
judge may impose terms of imprisonment that run concurrently.

(27) I believe and understand that my attorney has done all
that an attorney should have done to counsel and assist me with
respect to this case.

10

(28) I am not now under the influence of any drugs or alcohol.

(29) Within the last seven (7) days, I have taken the following drugs, medicines, pills or alcoholic beverages:

(30)  The following is my own statement as to what occurred, which shows that I am, in fact, guilty of each charge to which I am now offering to plead "Guilty."  [Defendant must set forth, in his/her own handwriting, or through an interpreter, his/her own statement as to each count with which he/she is charged.  Use additional sheets if necessary and attach to this petition.]

While I was working at GAW Miners There were a number of public statements I made which I knew were not true at the time I made them. For instance, I made a public statement announcing that GAW had purchased Zenminer and this was not true. After the launch of hashlets, and up until the beginning of December, I made statements about the companies mining capacity that were not true.

I made these statements Knowing that people would use them in making a decision on purchasing GAW Miner Hashlets or paycoins with the US Money or crypto currency.

12

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(31) I declare that I offer my plea of "GUILTY" freely and
voluntarily and of my own accord.  I also declare that my
attorney has explained to me, and I understand, the statements
set forth in the Indictment/Information and in this petition and
in the "Certificate of Counsel" attached to this petition.

(32) I have read and discussed with my attorney the
Indictment/Information, and I further state that I wish the Court
to omit and consider as waived (that is, to consider as given up)
by me all reading of the Indictment/Information in open court,

and all further proceedings upon my arraignment, and to consider
any undecided motions previously made by me as withdrawn.

(33) I request that the Court enter now my plea of "GUILTY"
as set forth above in reliance upon my statements in this
petition.

Signed by me in open court in the presence of my attorney at
_____, Connecticut, this _____ day of _____,
2017.

Defendant

## CERTIFICATE OF COUNSEL

The undersigned, as attorney and counselor for the
defendant, _Homero Joshua Garza_ , hereby certifies as
follows:

(1)  I have read and fully explained to the defendant all
the accusations against the defendant which are set forth in the
Indictment/Information in this case;

(2)  To the best of my knowledge and belief each statement
set forth in the foregoing petition is in all respects accurate
and true;

(3)  The plea of "GUILTY," as offered by the defendant in
the foregoing petition, accords with my understanding of the
facts as related to me by the defendant, and is consistent with
my advice to the defendant;

(4)  In my opinion, the defendant's waiver of the reading of
the Indictment/Information in open court, and of all further
proceedings upon arraignment as provided in the Federal Rules of
Criminal Procedure, is voluntarily made; the defendant understood
what he/she was doing when he/she waived the reading; and I
recommend to the Court that the waiver be accepted by the Court;

(5)  In my opinion the plea of "GUILTY," as offered by the
defendant in the foregoing petition, is voluntarily and
understandingly made, and I recommend to the Court that the plea

15

of "GUILTY" be now accepted and entered on behalf of the defendant as requested in the defendant's petition;

(6)  I have read and understood and explained to the defendant all the provisions of Rules 10 and 11 of the Federal Rules of Criminal Procedure, and I believe the defendant understands the substance of both of those Rules;

(7)  I have caused a copy of the foregoing petition, completed by the defendant, to be delivered to the Assistant United States Attorney in charge of this case prior to the parties' appearance in court at the plea proceeding.

Signed by me in open Court and in the presence of the defendant above named at Hartford, Connecticut, this 20 day of July , 2017.

_____
Attorney for the Defendant

16

O R D E R

Good cause appearing from the foregoing petition of the
defendant above named and the certificate of his counsel, and
from all proceedings heretofore had in this case, it is
RECOMMENDED that the petition be granted and that the defendant's
plea of "GUILTY" be accepted and entered as prayed in the
defendant's petition and as recommended in the certificate of his
counsel.

It is so ordered.

Entered at Hartford, Connecticut, this 20th day of
July, 2017.

/s/ DFM

Donna F. Martinez
United States Magistrate Judge

Exhibit A-2

Case 3:16-cv-00940-MPS Document 861 Filed 07/05/19 Page 24 of 28
Case 3:17-cr-00158-RNC Document 20 Filed 07/25/17 Page 1 of 3

AO 199A (Rev. 12/11) Order Setting Conditions of Release
Page 1 of **3** Pages

# UNITED STATES DISTRICT COURT

for the

District of Connecticut

FILED

2017 JUL 25  A 9 36

US DISTRICT COURT

| United States of America | ) | |
| v. | ) | Case No. 3:17 CR 158 (RNC) |
| Homero Joshua Garza | ) | |
| *Defendant* | ) | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____

*Place*

on _____

*Date and Time*

If blank, defendant will be notified of next appearance.

(5)   The defendant must sign an Appearance Bond, if ordered.

AO 199B (Rev. 12/11) Additional Conditions of Release                                              Page __2__ of __3__ Pages

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

(   ) (6)   The defendant is placed in the custody of:

Person or organization _____

Address *(only if above is an organization)* _____

City and state _____    Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____      _____

                                                              *Custodian*                                        *Date*

( ✓ ) (7)   The defendant must:

(   ) (a)   submit to supervision by and report for supervision to the _____ ,

           telephone number _____ , no later than _____ .

(   ) (b)   continue or actively seek employment.

(   ) (c)   continue or start an education program.

( ✓ ) (d)   surrender any passport to:   Atty. Pearce _____

( ✓ ) (e)   not obtain a passport or other international travel document.

( ✓ ) (f)   abide by the following restrictions on personal association, residence, or travel:   Continental United States

(   ) (g)   avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____

(   ) (h)   get medical or psychiatric treatment: _____

(   ) (i)   return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____

(   ) (j)   maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

( ✓ ) (k)   not possess a firearm, destructive device, or other weapon.

( ✓ ) (l)   not use alcohol (   ) at all ( ✓ ) excessively.

( ✓ ) (m)   not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(   ) (n)   submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.

(   ) (o)   participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.

(   ) (p)   participate in one of the following location restriction programs and comply with its requirements as directed.

      (   ) (i)   **Curfew.** You are restricted to your residence every day (   ) from _____ to _____ , or (   ) as directed by the pretrial services office or supervising officer; or

      (   ) (ii)   **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

      (   ) (iii)   **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

(   ) (q)   submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.

      (   ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.

( ✓ ) (r)   report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(   ) (s)   _____

AO 199C  (Rev. 09/08)  Advice of Penalties                                         Page ___3___ of ___3___ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

        Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.
        While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year.  This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.
        It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court.  The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.
        If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed.  If you are convicted of:
    (1)  an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
    (2)  an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
    (3)  any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
    (4)  a misdemeanor –  you will be fined not more than $100,000 or imprisoned not more than one year, or both.
        A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive.  In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

        I acknowledge that I am the defendant in this case and that I am aware of the conditions of release.  I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed.  I am aware of the penalties and sanctions set forth above.

_____
                                                        *Defendant's Signature*

_____
                                                        *City and State*

### Directions to the United States Marshal

(    )  The defendant is ORDERED released after processing.
(    )  The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release.  If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

                                                                                        /s/ DFM

Date: ___7/24/17___        _____
                                                        *Judicial Officer's Signature*

                                                        USMJ
                                                        *Printed name and title*


DISTRIBUTION:    COURT      DEFENDANT      PRETRIAL SERVICE      U.S. ATTORNEY      U.S. MARSHAL

Exhibit A-3

Audet, et al. v. Fraser et al., No. 3:16-cv-00940 (D. Conn.)

Plaintiffs' First Amended Privilege Log -- 6/19/2018

| # | To | Sender | CC | BCC | Date | Description | Privilege(s) |
|---|---|---|---|---|---|---|---|
| 2999 | gaw.lawsuit.allen1980s @gmail.com | Carlos E | | | 10/6/2016 10:04 | Email sent for purposes of organzing/gathering information for lawsuit/class action. | WP |
| 3000 | 'Carlos E' | gaw.lawsuit.allen1980s @gmail.com | | | 10/19/2016 11:13 | Email sent for purposes of organzing/gathering information for lawsuit/class action. | WP |
| 3001 | Allen Shinners | John Cortesi | gaw.lawsuit.allen1980s@gmail.com | | 10/25/2016 4:27 | Email sent for purposes of organzing/gathering information for lawsuit/class action. | WP |
| 3002 | 'John Cortesi' | gaw.lawsuit.allen1980s @gmail.com | | | 10/25/2016 9:52 | Email sent for purposes of organzing/gathering information for lawsuit/class action. | WP |
| 3003 | gaw.lawsuit.allen1980s @gmail.com | John Cortesi | | | 10/25/2016 13:32 | Email sent for purposes of organzing/gathering information for lawsuit/class action. | WP |
| 3004 | | | | | 10/26/2016 | Draft handwritten notes from J. Garza interview | WP |
| 3005 | | | | | 10/28/2016 | Revised notes from J. Garza interview | WP |
| 3006 | Allen S. | Tommy James | | | 10/31/2016 19:57 | Email sent for purposes of organzing/gathering information for lawsuit/class action. | WP |
| 3007 | 'Tommy James' | gaw.lawsuit.allen1980s @gmail.com | | | 10/31/2016 20:48 | Email sent for purposes of organzing/gathering information for lawsuit/class action. | WP |
| 3008 | gaw.lawsuit.allen1980s @gmail.com | Josh Gathje | | | 11/1/2016 15:15 | Email sent for purposes of organzing/gathering information for lawsuit/class action. | WP |
| 3009 | Allen S. | Tommy James | | | 11/2/2016 13:50 | Email sent for purposes of organzing/gathering information for lawsuit/class action. | WP |
| 3010 | Mark Munster | Allen Shinners | | | 11/8/2016 9:34 | Email attaching Garza interview notes | WP |
| 3011 | gaw.lawsuit.allen1980s @gmail.com | Stefan Stolk | | | 11/28/2016 10:16 | Email sent for purposes of organzing/gathering information for lawsuit/class action. | WP |
| 3012 | 'Stefan Stolk' | gaw.lawsuit.allen1980s @gmail.com | | | 11/28/2016 10:49 | Email sent for purposes of organzing/gathering information for lawsuit/class action. | WP |