UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, *et al.*,<br><br>                              Plaintiffs,<br><br>vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC,<br><br>                              Defendants. | Civil Action No. 16-cv-00940<br><br>Honorable Michael P. Shea<br><br><br>July 19, 2018 |

**DEFENDANT STUART A. FRASER'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION TO COMPEL DISCOVERY**

In their opposition brief, Plaintiffs acknowledge for the first time that Plaintiff Allen Shinners emailed the Garza Notes to the Federal Bureau of Investigation. In doing so, Plaintiffs waived any work product protection that might otherwise have applied to the Garza Notes. Contrary to Plaintiffs' assertion that such conduct "is not a waiver of work product because the disclosure did not increase the likelihood of Shinner's [sic] adversary (i.e., Fraser), obtaining a copy of the notes" (Opp. at 16 n.27), courts in the Second Circuit have made clear that disclosing work product to the government without a confidentiality agreement constitutes waiver because there is a strong potential that the material may ultimately become public and thus available to an adversary.

Plaintiffs' assertion that the Garza Notes constitute opinion work product in their entirety is also indefensible, in light of Plaintiffs' concession that those Notes contain factual information regarding various topics critical to Plaintiffs' claims and Mr. Fraser's defenses. It is highly likely that the Garza Notes, at most, constitute fact work product; it is indisputable that they contain factual information subject to discovery.

Finally, Plaintiffs fail to rebut Mr. Fraser's showing of substantial need for the Garza Notes and undue hardship in the event Plaintiffs do not produce them.  Plaintiffs improperly interpret the requirement that a movant show "substantial need" to mean that Mr. Fraser must demonstrate that there is no other evidence available to support his defense; rather, the standard requires only a showing that the evidence sought contains "unique value" probative of issues central to the case.  Mr. Fraser has met that standard here.  Garza's recent representation that he would exercise his Fifth Amendment right against self-incrimination if deposed before his sentencing (which is currently scheduled for a date after the close of discovery in this case) puts the lie to Plaintiffs' suggestion that Mr. Fraser can timely obtain the information in the Garza Notes by deposing Garza.

Accordingly, the Court should compel Plaintiffs to produce the Garza Notes.  At the very least, the Court should require Plaintiffs to submit them to the Court for *in camera* inspection.

## ARGUMENT

### I. Plaintiffs Waived Any Work Product Protection by Producing the Garza Notes to the FBI.

In their opposition brief, Plaintiffs acknowledge that Mark Munster, the recipient of an email from Plaintiff Allen Shinners attaching the Garza Notes, is an FBI agent.  (Opp. at 16 n.27.)  Plaintiffs do not assert that, at the time of that transmittal, they had any confidentiality agreement with the FBI in general or concerning the Garza Notes in particular.  By emailing the Garza Notes to an FBI agent, Plaintiffs waived any protection the work product doctrine might otherwise afford.

As Plaintiffs recognize (Opp. at 16 n.27), waiver of work product occurs when "work product materials are either given to an adversary or used in such a way that they may end up in the hands of an adversary."  *Bank of Am., N.A. v. Terra Nova Ins. Co.,* 212 F.R.D. 166, 170

(S.D.N.Y. 2002). "When material is disclosed to a law enforcement agency without any agreement regarding confidentiality, there is a strong potential that the material may ultimately become public and thus available to an adversary." *Id.* at 173. There are many reasons for this. The material provided to the government could be disclosed if the material is:

> used at a trial—either as part of the government's case-in-chief or for purposes of cross-examining a witness. *See Sidari,* 2000 WL 33407343, at *8 (work product protection waived when materials were given to prosecutor for use at trial). The government might also be required to disclose the material to a criminal defendant because it consists of the statement of a witness called by the government at trial. *See, e.g.,* 18 U.S.C. § 3500. In addition, the government may be required to disclose the material it has received because it is exculpatory, as required by *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L.Ed.2d 215 (1963) or *Giglio v. United States,* 405 U.S. 150, 92 S. Ct. 763, 31 L.Ed.2d 104 (1972). Even in the absence of charges being brought against a defendant, the law enforcement agency might choose to use the information or materials as part of its investigation in order to induce a witness to cooperate. *See, e.g., U.S. Info. Sys.,* 2002 WL 31296430, at *4. Finally, state or federal freedom of information laws might also require disclosure of any written record of the information. The federal Freedom of Information Act, for example, exempts from disclosure, in the case of criminal law enforcement records, only information furnished by a 'confidential' source. *See* 5 U.S.C. § 552(b)(7)(D). Information from non-confidential sources is available to any person (including potential adversaries) as long as the materials are not exempted from disclosure by another section of the statute.

*Bank of Am., N.A. v. Terra Nova Ins. Co.*, 212 F.R.D. 166, 173 (S.D.N.Y. 2002); *see also S.E.C. v. Thrasher*, No. 92 CIV. 6987 (JFK), 1995 WL 46681, at *4 (S.D.N.Y. Feb. 7, 1995), *aff'd*, No. 92 CIV. 6987 (JFK), 1995 WL 456402 (S.D.N.Y. Aug. 2, 1995). Each one of these circumstances applies to the Garza Notes.

Plaintiffs do not suggest that they had any confidentiality agreement with the FBI at the time Plaintiff Shinners emailed the Garza Notes to the government (or at any other time). The FBI has never been a party to this litigation and no criminal charges have ever been brought against Mr. Fraser. (Reply Decl. ¶ 2.) Accordingly, by voluntarily emailing the Garza Notes to the FBI, Plaintiffs waived any work product protection that might have otherwise applied to them. *See id.*; s*ee also D'Ippolito v. Cities Serv. Co.*, 39 F.R.D. 610, 610 (S.D.N.Y. 1965)

(finding waiver of work product protection where the exhibit in question had been voluntarily disclosed to the Antitrust Division of the Department of Justice, the government was not a party to the lawsuit, and the disclosure of the document could not "be termed as an interchange of information between counsel on the same side of the litigation.").

## II. The Garza Notes Are Highly Likely to Constitute Fact Work Product, Rather than Entirely Opinion Work Product.

There is no dispute that "fact work product may encompass factual material, including the result of a factual investigation," whereas "opinion work product reveals the 'mental impressions, conclusions, opinions, or legal theories or an attorney or other representative.'" (*See* Opp. at 4). Here, the parties dispute the nature of the Garza Notes: Plaintiffs argue that those Notes are opinion work product in their entirety "because they contain the mental impressions of one of plaintiffs' attorneys" (Opp. at 5), while Mr. Fraser argues that they are more likely fact work product, at most. Mr. Fraser's position is more tenable: Courts in the Second Circuit have made clear that attorney interview notes may constitute fact work product, even where they reveal an attorney's views. For instance, in *S.E.C. v. Thrasher*, the court explained:

> [N]otes of an informal witness interview are likely to be replete with insights as to the staff attorneys' views concerning whom to question, what general subjects to probe and what specific questions are likely to elicit the most helpful information from the Commission's perspective. This does not mean, however, that the transcript of such testimony or the notes of such an interview are necessarily classifiable as opinion work product and thus unavailable even on a showing of both 'substantial need' and an inability 'without undue hardship to obtain the substantial equivalent of the materials by other means.'

No. 92 Civ. 6987 (JFK), 1995 WL 46681, at *5 (ordering production of attorney notes containing witness statements despite work product objection).

Case 3:16-cv-00940-MPS   Document 89   Filed 07/19/18   Page 5 of 10

5

The cases Plaintiffs cite do not support their argument that the Garza Notes are entirely opinion work product. For example, in *United States v. J. B. Williams Co.*, the court did not hold that the relevant records were exclusively opinion work product. 402 F. Supp. 796, 801 (S.D.N.Y. 1975). Rather, the court determined, after reviewing the records *in camera*, that they were not "purely factual," but nonetheless went on to analyze their discoverability using a framework typically applied to fact work product (*i.e.*, determining whether the movant had adequately shown a need for production of the records). *Id.* The court ultimately declined to allow discovery of the records, but only because the movant's own agents were physically present at the meetings from which the records derived, and therefore "their own recollection [was] available"—not because the records were entirely opinion work product subject to a heightened degree of protection. *Id.*

Likewise, in *S.E.C. v. NIR Group, LLC*, the court recognized that attorney notes from a witness interview may constitute fact work product, and that, "where a witness's statements can be effectively isolated from the representative's thoughts, even where the representative took a hand in soliciting and deciding how to document the witness's statements, a showing of sufficient need may justify disclosure." 283 F.R.D. 127, 135 (E.D.N.Y. 2012) (citing *In re John Doe Corp.*, 675 F.2d 482, 493 (2d Cir.1982)). Only after *in camera* review did the court in that case determine that those particular notes and memoranda were not discoverable because they "prominently feature [the attorney's] questions, follow-up points, and notations such as enumeration that cannot be adequately extricated from the facts." *S.E.C. v. NIR Grp., LLC*, 283 F.R.D. at 135.

To the extent the Garza Notes constitute work product, they are likely to be fact work product. According to Plaintiffs' counsel, the Garza Notes derive from an interview whose

"principal purpose . . . was to learn information that would support plaintiffs' claims that Stuart Fraser was a controlling person of GAW Miners, LLC, ZenMiner, LLC, and Mr. Garza, as well as information on the underlying fraud." (Declaration of Colin M. Watterson, ECF No. 86-1, ¶ 5.)  The Garza Notes likely contain relevant factual information that, at most, constitutes fact work product.  *See Gruss v. Zwirn*, 296 F.R.D. 224, 231 (S.D.N.Y. 2013) ("it appears likely that the notes of witness interviews contain some measure of fact work product.").

### III. Mr. Fraser Demonstrated a Substantial Need for the Garza Notes and Cannot Timely Obtain Them or Their Equivalent by Other Means Without Undue Hardship.

Plaintiffs acknowledge that a "substantial need exists 'where the information sought is 'essential' to the party's defense, is 'crucial' to the determination of whether the defendant could be held liable for the acts alleged, or carries great probative value on contested issues.'"  (Opp. at 10 (citing *Gucci American, Inc. v. Guess?, Inc.*, 271 F.R.D. 58, 74-75 (S.D.N.Y. 2010)).)  As Judge Underhill in this District recently noted:

> [T]he Advisory Committee Notes to Rule 26(b)(3) explained that the . . . substantial need and undue hardship requirements reflect[ed] the holding[ ] of an Eastern District of New York case, *Burke v. United States*, 32 F.R.D. 213 (E.D.N.Y. 1963).  *Burke* indicate[d] that a moving party's burden [to demonstrate a substantial need] is generally met if it demonstrates that the materials are relevant to the case, the materials have a unique value apart from those already in the movant's possession, and special circumstances excuse the movant's failure to obtain the requested materials itself.

*In re Aggrenox Antitrust Litig.*, No. 14 Civ. 00572 (SRU), 2017 WL 5885664, at *14 (D. Conn. Nov. 29, 2017) (internal quotation marks omitted).

Those criteria are met here.  The Garza Notes undoubtedly contain information that is directly relevant with respect to the central issue in this case—Mr. Fraser's control, if any, over the fraud perpetrated by Garza and the Companies.   In addition, the Garza Notes are not duplicative of evidence otherwise available to Mr. Fraser; they therefore have "unique value"

apart from evidence already in Mr. Fraser's possession.  (Reply Decl. ¶ 3.)  And Mr. Fraser cannot timely obtain the Garza Notes from any other source.  Therefore, Mr. Fraser has demonstrated his substantial need for production of the Garza Notes.  *See, e.g.*, *Weiss v. Nat'l Westminster Bank, PLC*, 242 F.R.D. 33, 68 (E.D.N.Y. 2007) (substantial need existed where it was "likely that the plaintiffs rel[ied] on [the] same sources to allege that [the defendant] [had] a connection to the attacks that caused plaintiffs' injuries.  Consequently, their information and documents may not be used by plaintiffs as a sword and, the extent they seek protection from disclosure, as a shield."); *Weber v. Paduano*, No. 02 CIV. 3392 (GEL), 2003 WL 161340, at *14 (S.D.N.Y. Jan. 22, 2003) (substantial need existed where reports sought by the plaintiff were "more thorough and elaborate" than the reports she already had, and contained "information that may be essential to establishing whether or not the building defendants failed to properly maintain the apartment building."); *Nat'l Cong. for Puerto Rican Rights v. City of New* York, 194 F.R.D. 105, 110 (S.D.N.Y. 2000) (substantial need existed where information regarding officers' stop-and-frisk activity, demographic composition, and the selection, training and supervision of officers was "directly probative on many of the issues" in the case, including "plaintiffs' claims involving defendants' failure to screen, recruit, train, discipline and supervise officers appropriately and their encouragement of race-based stops and frisks"); *S.E.C. v. Thrasher*, No. 92 Civ. 6987 (JFK), 1995 WL 46681, at *8 ("There is no question that the movants have a substantial need to learn what the identified witnesses have told the Commission and would state under oath about their knowledge of the movants' role in the transmission and receipt of insider information.").

The circumstances in this case are comparable to those in the latex allergy case Plaintiffs cite.  (*See* Opp. at 10-11 (citing *Harris v. Provident Life & Accident Ins. Co.*, 198 F.R.D. 26

(N.D.N.Y. 2000)).)  In that case, the court ordered the plaintiff to produce reports of tests conducted to determine whether she had a latex allergy in part because they went to the core of the plaintiff's claims, which hinged on her having a latex allergy.  *Id.* at 31-32.  Here, information provided by Garza about Mr. Fraser's involvement (or lack thereof) in the alleged fraud is similarly relevant and potentially dispositive.  For example, the notes may well reveal that Garza told Plaintiffs' counsel about Mr. Fraser's lack of control over the conduct of Garza and the Companies; that information would be directly relevant with respect to the central issue in this case, just like the tests revealing that the plaintiff in *Harris* did not have a latex allergy.

Plaintiffs argue that Mr. Fraser does not have a substantial need for the Garza Notes because he could "prepare his defense through his own testimony, testimony of GAW Miners employees, through testimony from Garza, or from documentary evidence."  (Opp. at 11).  That is incorrect.  The standard is not whether the evidence sought is the only relevant evidence available to put on a defense, but rather whether the evidence sought provides "unique value" not otherwise available to the movant.  *See In re Aggrenox Antitrust Litig.*, No. 3:14-CV-00572 (SRU), 2017 WL 5885664, at *14.  Although documentary evidence and the testimony of others involved may contribute to Mr. Fraser's defense, the Garza Notes offer unique value not otherwise available through the testimony of others.

Plaintiffs' assertion that Mr. Fraser should use other means such as "testimony from Garza" to prepare his defense is particularly disingenuous.  While Plaintiffs claim that Mr. Fraser has only a "hunch" that Garza will refuse to testify (Opp. at 13), the truth is otherwise: Plaintiffs' counsel recently stated that Garza will exercise his Fifth Amendment right against self-incrimination if he were to be deposed before his sentencing, which has been rescheduled to September 13, 2018—after the close of discovery in this case.  (Reply Decl. ¶¶ 4-5.)  Although

Plaintiffs offer to extend discovery past Garza's sentencing date for purposes of taking Garza's deposition (Opp. at 14 n.26), there is no certainty that Garza will provide substantive testimony at his deposition, whenever it might occur.

Even if Garza ultimately does provide substantive testimony, by that time well over three years will have passed since the end of the class period, and two years or more will have passed since Plaintiffs' interview of Garza. Garza may not be able to recall relevant events as clearly as he did during that October 2016 interview. Moreover, he may not recall what he said to Plaintiffs' counsel during that interview. Therefore, the deposition of Garza, even if it were to eventually occur, would not necessarily be the substantial equivalent of the Garza Notes. *See Abdell v. City of New York*, 2006 WL 2664313 (S.D.N.Y. Sept. 14, 2006) ("There may be alternative means of ascertaining what the police officers observed at the time of each arrest, but none of the sources of such information is the 'substantial equivalent' of the DA Data Sheets. While the plaintiffs can take the deposition of each officer, the difficulty of recalling the details of chaotic events that took place more than two years ago is likely to diminish the utility of the testimony."). Accordingly, the Garza Notes may provide the only opportunity for Mr. Fraser to timely learn what Garza told Plaintiffs' counsel with respect to Mr. Fraser's role (if any) in GAW Miners and ZenMiner.

Plaintiffs also suggest that Mr. Fraser would need to have hired a private investigator or taken additional steps to serve Garza with a subpoena, citing only one out-of-circuit case in support. (*See* Opp. at 12-13.) This argument is moot, given that Plaintiffs' counsel—who apparently has access to Garza's whereabouts—has since successfully served him with a deposition subpoena, but advises that Garza will exercise his Fifth Amendment rights if deposed before sentencing (Reply Decl. ¶ 4), as discussed above.

### IV. Plaintiffs Do Not Oppose *In Camera* Review

Plaintiffs do not oppose Mr. Fraser's request that, in the event the Court declines to find that work product has been waived, the Court order Plaintiffs to submit the Garza Notes for *in camera* review so that the Court can determine whether any portions of those Notes warrant protection. Should the Court conclude, after reviewing the Garza Notes, that some portion of those Notes reflects Plaintiffs' counsel's mental impressions, opinions or legal theories, Mr. Fraser does not object to the redaction of that information.

### CONCLUSION

For the reasons set forth above, the Court should compel Plaintiffs to produce the Garza Notes to Mr. Fraser. In the alternative, the Court should accept Plaintiffs' offer to submit the Garza Notes for *in camera* review to determine the extent to which they are discoverable.

Dated: July 19, 2018

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: /s/ Sarah L. Cave

Daniel H. Weiner (ct12180)
Sarah L. Cave (phv08437)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: sarah.cave@hugheshubbard.com

David R. Schaefer (ct04334)
Sean M. Fisher (ct23087)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT 06511
Tel.: (203) 772-2600
Fax: (203) 562-2098
Email: sfisher@bswlaw.com
*Attorneys for Defendant Stuart A. Fraser*

84517403_3