# Susman Godfrey l.l.p.

a registered limited liability partnership
suite 5100
1000 Louisiana Street
Houston, Texas 77002-5096
(713) 651-9366
fax (713) 654-6666
www.susmangodfrey.com

_____

| Suite 1400 | Suite 3800 | 32nd Floor |
| 1900 Avenue of the Stars | 1201 Third Avenue | 1301 Avenue of the Americas |
| Los Angeles, California 90067-6029 | Seattle, Washington 98101-3000 | New York, New York 10019-6023 |
| (310) 789-3100 | (206) 516-3880 | (212) 336-8330 |

Colin Watterson
Direct Dial (713) 653-7844

E-Mail CWatterson@susmangodfrey.com

January 16, 2019

The Honorable Michael P. Shea
United States District Judge for the District of Connecticut
450 Main Street – Room 217
Hartford, Connecticut 06103

Re:   *Audet et al. v. Fraser et al.*, No. 3:16-cv-00940

Dear Judge Shea:

Per the Court's Instructions for Discovery Disputes, plaintiffs submit this letter regarding a discovery dispute between the parties. The dispute concerns a subpoena that plaintiffs served on PayPal Holdings, LLC ("PayPal"). The parties agree in certain respects, but disagree in other respects and thus respectfully request the Court's guidance.

Fact discovery was originally scheduled to close on August 10, 2018. The parties filed three joint motions (Dkt. 91, 101, & 110) seeking extension of fact discovery for the purpose of deposing former defendant Joshua Garza. The Court granted all three motions. Dkt. 92, 102, & 115. The parties took Garza's deposition in December.

Meanwhile, plaintiffs served a subpoena on PayPal Holdings, LLC on November 13, 2018. When plaintiffs served the subpoena, the relevant Court order regarding fact discovery provided: "The parties shall have until December 1, 2018 to complete fact discovery. If the parties wish for more time, they may file a motion for a further extension at that point demonstrating good cause for such an extension."

Fraser objects to the subpoena as untimely. Fraser's view is that the Court extended fact discovery solely for the purpose of taking Garza's deposition. Plaintiffs' view is that the effect of the Court's October 12, 2018 order was to extend fact discovery without qualification. *See* Dkt. 102. The Court's order simply states that the parties have until December 1, 2018 to complete fact discovery, and contains no qualifications limiting the extension to taking Garza's deposition. "When interpreting orders, the Court should look first to the plain

January 16, 2019
Page 2

meaning of the language of the order." *In re Dynergy Inc.*, 486 B.R. 585, 591 (Bankr. S.D.N.Y. 2013). Under the plain meaning of the order, the subpoena was timely.

Depending on which interpretation is correct, the parties agree on the outcome. If the October 12, 2018 order extended fact discovery generally, Fraser agrees plaintiffs timely served the subpoena. Likewise, if the order extended fact discovery only for the purpose of deposing Garza, plaintiffs agree the subpoena was untimely. Plaintiffs therefore respectfully request that the Court clarify whether the subpoena was timely served.

If the Court concludes the subpoena was not timely served, plaintiffs request that the Court permit enforcement of the subpoena. Under FRCP 16(b)(4), a schedule may be modified "for good cause and with the judge's consent." A finding of good cause largely depends "on the diligence of the moving party." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003).

Here, plaintiffs are seeking discovery from PayPal for a discrete, narrow purpose. During the October 30, 2018 deposition of one of plaintiffs' experts, it became clear that Fraser plans to argue that plaintiffs must offset their damages if they received a "chargeback" from their credit card company. While plaintiffs disagree with Fraser's position as a legal matter, they promptly sought discovery from PayPal out of an abundance of caution. PayPal provided payments processing services to the defendant companies in this case and thus should have records of relevant chargebacks. Because plaintiffs served the subpoena shortly after the deposition, they acted diligently. *See Schulman v. Saloon Beverage, Inc.*, 2014 WL 3353254, at *8–9 (D. Vt. July 9, 2014) (granting plaintiffs leave to file subpoena after discovery cut-off when witness's "involvement only came to their attention around the time of the March 31, 2014 discovery deadline.").

The parties previously discussed seeking clarification of the Court's October 12, 2018 order with the Court's clerk. Because the parties disagree on plaintiffs' alternative request for leave, they agreed to submit letters pursuant to the Court's Instructions for Discovery Disputes.

Respectfully submitted,

*/s/ Colin Watterson*
Colin Watterson

cc:     all counsel of record

6307947v1/014928