# EXHIBIT 2

**Hughes Hubbard & Reed**

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Office: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Sarah L. Cave
Partner
Direct Dial: +1 (212) 837-6559
Direct Fax: +1 (212) 299-6559
sarah.cave@hugheshubbard.com

November 16, 2018

<u>VIA ELECTRONIC MAIL</u>

Colin Watterson, Esq.
Susman Godfrey LLP
1000 Louisiana Street, Suite 5100
Houston, TX 77002
cwatterson@susmangodfrey.com

Re: *Audet v. Fraser, et al.*, No. 3:16-cv-000940 (D. Conn.):
<u>Plaintiffs' Subpoena to PayPal Holdings, Inc.</u>

Dear Colin:

We write in reference to the subpoena served by Plaintiffs on PayPal Holdings, Inc. ("PayPal") dated November 9, 2018, notice of which we received from you via email on November 13, 2018 (the "Subpoena"). As you will recall, the Court ordered completion of fact discovery in this proceeding by August 10, 2018 (ECF. No. 83, the "Scheduling Order"), after the parties jointly sought an extension on June 13, 2018 (ECF No. 81). The parties then jointly moved for two discovery extensions solely for the purpose of taking the deposition of Homero Joshua Garza (*see* ECF Nos. 91, 101), which the Court then granted (*see* ECF Nos. 92, 102). Plaintiffs have not asked to extend the deadline for purposes of taking any other fact discovery.

Discovery deadlines issued by federal courts in scheduling orders may only be modified with the court's consent and for good cause. Fed. R. Civ. P. 16(b)(4); *see Woodley v. Bryant*, No. 07 Civ. 1399(BSJ) (MHD), 2008 WL 1752248, at *1 (S.D.N.Y. Apr. 15, 2008). It is also well-established that subpoenas issued to third parties, such as the Subpoena to PayPal, are not exempt from discovery deadlines in scheduling orders. *Whitserve, LLC v. GoDaddy.com, Inc.*, Civil Action No. 3:11–CV–948 (JCH), 2013 WL 1442449, at *3 (D. Conn. Apr. 9, 2013).

Plaintiffs issued the Subpoena four months after the discovery deadline had passed, in violation of the Scheduling Order and without prior leave of the Court. The Subpoena is therefore untimely and Plaintiffs should withdraw the Subpoena immediately. Absent immediate withdrawal, we will seek relief from the Court.

Best regards,

Sarah L. Cave

cc: PayPal Holdings, Inc. (via Federal Express)
c/o CT Corp. System
818 West 7th St., Suite 930
Los Angeles, CA 90017

Sean Fisher, Esq. (via email)

92814834_1