```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

DENIS MARC AUDET, et al.,          :
                                   :
     Plaintiffs,                   :
                                   :
          v.                       :     CASE NO.  3:16cv940(MPS)
                                   :
STUART A. FRASER, GAW MINERS,      :
LLC, and ZENMINER, LLC,            :
                                   :
     Defendants.                   :


## RULING ON MOTION TO COMPEL

Plaintiffs Denis Marc Audet, Michael Pfeiffer, Dean Allen Shinners, and Jason Vargas, individually and on behalf of a class of all others similarly situated, bring this action against defendants Stuart A. Fraser ("Fraser"), GAW Miners, LLC, and ZenMiner, LLC (collectively "the companies"[1]) alleging violations of federal and state securities law.  Pending before the court is defendant Fraser's motion to compel.  (Doc. #82.)  Defendant Fraser seeks notes plaintiffs' counsel took during an interview of Homero Garza ("Garza"), the companies' CEO who formerly was a defendant in this action.[2]  The plaintiffs object on the ground that the

---

[1] Default has been entered as to the companies.  (Doc. #65.)
[2] U.S. District Judge Michael P. Shea referred the dispute to the undersigned.  (Doc. #78.)  The parties subsequently filed briefs.  See doc. ##82, 86, 89.  Pursuant to the court's order, see doc. #116, the plaintiffs submitted the documents to chambers and plaintiffs' counsel filed an affidavit regarding the creation of the notes.  (Doc. #118-2.)  Defendant Fraser filed a letter response.  (Doc. #120.)

notes are work product. For the reasons set forth below, the motion is granted.

I. Factual Background

The plaintiffs initially named Garza as a defendant in their complaint.[3] On October 20, 2016, Garza entered into a written agreement with the plaintiffs in which he agreed to provide them with information. (Doc. #118-1, Garza Dep. at 148-50.) Thereafter, on October 24, 2016, the plaintiffs dismissed Garza as a defendant from the civil action. (Doc. #52.) On October 26, 2016, plaintiffs' counsel, attorney Colin Watterson, conducted an in-person interview of Garza. (Doc. #118, Watterson Decl. ¶3.) Attorney Watterson's paralegal, Simon DeGeorges, participated in the interview by phone. (Doc. #118, Watterson Decl. ¶4.) According to Attorney Watterson, "[t]he main purpose of the interview was to learn information that would support plaintiffs' claim that Stuart Fraser was a controlling person of GAW Miners, LLC, ZenMiner, LLC, and Mr. Garza, as well as information on the underlying fraud." (Doc. #118, Watterson Decl. ¶5.) Attorney Watterson took notes by hand. (Doc. #118, Watterson Decl. ¶6.) Paralegal DeGeorges also took notes. (Doc. #118, Watterson Decl.

---

[3]During the pendency of this case, Garza was criminally charged and pled guilty to wire fraud. United States v. Garza, 3:17cr158(RNC). The United States Securities and Exchange Commission ("SEC") also brought a civil enforcement action against him. SEC v. Garza, 3:15cv1760(JAM).

¶7.) After the interview, Attorney Watterson edited and supplemented DeGeorges' notes. (Doc. #118, Watterson Decl. ¶7.)

On November 4, 2016, after the interview with Garza, the plaintiffs filed an amended complaint with additional factual assertions about Fraser and his role in the alleged fraud.

On November 8, 2016, plaintiff Allen Shinners sent a copy of the interview notes to FBI Special Agent Mark Munster.[4] (Doc. #118, Watterson Decl. ¶8.)

Defendant Fraser subsequently served the plaintiffs with a discovery request which sought all statements Garza made to the plaintiffs as well as "any notes or documents produced as a result of Garza's statements." (Doc. #82-2, Production Request 50.) Plaintiffs objected to producing the interview notes on the grounds that they are work product.[5] This motion followed.

II. Discussion

Defendant Fraser argues that the plaintiffs waived work product protection when they shared the notes with the FBI. The plaintiffs' disclosure, the defendant argues, substantially increased the likelihood that plaintiffs' adversary (Fraser) would

---

[4]Plaintiff Shinners testified at his deposition that he had had numerous conversations with the FBI in an effort to help build a criminal case against Garza. (Doc. #105-1, Shinners Dep. at 167.)

[5]The plaintiffs listed the interview notes on their privilege log. (Doc. #86, Ex. A-3.)

4

obtain the information, thereby waiving work product protection. I agree.

"[T]he party asserting the protection afforded by the work product doctrine has the burden of showing both that the protection exists and that it has not been waived." NL Indus., Inc. v. ACF Indus. LLC, No. 10CV89W, 2015 WL 4066884, at *5 (W.D.N.Y. July 2, 2015) (internal quotation mark and citation omitted).

Disclosure of attorney work-product to a third party, "unlike disclosure of a document protected by the attorney-client privilege . . . does not necessarily waive the work product immunity." In re Grand Jury Subpoenas Dated December 18, 1981 & Jan. 4, 1982, 561 F. Supp. 1247, 1257 (E.D.N.Y. 1982). "Disclosure of work product to a third party does not waive its protection unless it substantially increases the opportunity for potential adversaries to obtain the information." Id. See NL Indus., Inc., 2015 WL 4066884, at *5 ("The test for waiver is whether the disclosure at issue has substantially increased the opportunities for potential adversaries to obtain the information.")(quotation marks and citations omitted); Bank of Am., N.A. v. Terra Nova Ins. Co., 212 F.R.D. 166, 170 (S.D.N.Y. 2002) ("a disclosure to a non-adversary that 'substantially' or 'materially' increases the likelihood that an adversary will obtain the information results in a waiver of the work product protection").

5

Courts have considered the issue of waiver of work product protection in a variety of cases, including those in which "the disclosure of information to governmental authorities was made in the hope that the government will 'attack' the disclosing party's adversary." Matrix Essentials, Inc. v. Quality King Distributors, Inc., No. CV901070 (LDW/WDW), 2006 WL 8435312, at *2 (E.D.N.Y. Jan. 12, 2006) (quoting Information Resources, Inc. v. Dun & Bradstreet Corp., 999 F. Supp. 591, 592 (S.D.N.Y. 1998)). "Such disclosure, it has been held, cannot be said to be done in the pursuit of trial preparation, and disclosure in such a situation results in a waiver of the work product protection." Matrix Essentials, Inc., 2006 WL 8435312, at *2 (quotation marks and citations omitted). "When material is disclosed to a law enforcement agency without any agreement regarding confidentiality, there is a strong potential that the material may ultimately become public and thus available to an adversary. This may occur if the material is used at trial – either as part of the government's case-in-chief or for purposes of cross-examining a witness." Bank of America v. Terra Nova Ins. Co., 212 F.R.D. 166, 172 (S.D.N.Y. 2002).

In Information Resources, Inc. v. Dun & Bradstreet Corp., 999 F. Supp. 591 (S.D.N.Y. 1998), plaintiffs' counsel made apparently unsolicited submissions to various government agencies in the United States and abroad in hopes of encouraging them to take

6

action against the defendant. The court concluded that work product "protection is waived for materials submitted voluntarily to stimulate beneficial official action. This vindicates the principle of full disclosure, prevents the unfairness of selective revelations, and reflects the common-sense perception that in most such cases the privacy attending creation of the work-product had either served its purpose or was of little importance in the first place." Id. at 593. See, e.g., United States ex rel. Rubar v. Hayner Hoyt Corp., No. 514CV830, 2018 WL 5811427(GLS/CFH), at *6 (N.D.N.Y. Nov. 5, 2018) ("By providing the final version of the Report to the [Syracuse Police Department] and District Attorney's Office, the Court concludes that defendants waived the work-product privilege with respect to both the final Report and its drafts"); Cante v. Baker, No. 07-CV-1716(ERK), 2008 WL 2047885, at *1 (E.D.N.Y. May 9, 2008)(plaintiffs waived work product protection where they submitted documents at issue to government agencies); Bank of Am., N.A. v. Terra Nova Ins. Co., 212 F.R.D. 166, 172-73 (S.D.N.Y. 2002) ("Disclosing information to governmental authorities in the hope that they will attack an adversary . . . cannot be said to be done in the pursuit of . . . trial preparation. . . . Thus, disclosure in such a situation results in a waiver of the work product protection.")(quotation marks and citations omitted); U.S. Info. Sys., Inc. v. Int'l Bhd. of Elec. Workers Local Union No. 3, No. 00CIV.4763(RMB)(JCF), 2002

7

WL 31296430, at *4 (S.D.N.Y. Oct. 11, 2002) (plaintiff waived work product protection where it "made an unsolicited, uncompelled disclosure of the information to the District Attorney's Office. It did so without any assurance, formal or informal, that the communications would be kept confidential."); D'Ippolito v. Cities Service Co., 39 F.R.D. 610, 610 (S.D.N.Y. 1965) (plaintiff's voluntary disclosure of document to attorneys in the Antitrust Division of the Department of Justice waived work product protection).

The plaintiffs, as the party invoking work-product protection, "bear[] the burden of demonstrating that it has not been waived." Norton v. Town of Islip, No. CV 04-3079, 2015 WL 5542543, at *3 (E.D.N.Y. Sept. 18, 2015)(quotation marks and citation omitted). The plaintiffs brush past this burden, addressing the defendant's waiver argument only in a footnote. They provide no evidence regarding their disclosure to the FBI, and simply assert that "the disclosure did not increase the likelihood of Shinner's adversary (i.e. Fraser) obtaining a copy of the notes." (Doc. #86 at 16 n. 27.) This assertion is unavailing. The record before the court shows that plaintiff Shinners voluntarily shared the notes with the FBI. Nothing in the record suggests that the disclosure was made pursuant to any agreement that the notes would be kept confidential. Under these circumstances, the plaintiffs' disclosure increased the likelihood

8

that Fraser, their adversary, would obtain the information. The plaintiffs have not met their burden of showing they did not waive work product protection and therefore, the defendant's motion is granted.[6]

III. Conclusion

For these reasons, defendant Fraser's motion to compel is granted.

SO ORDERED this 22nd day of January 2019 at Hartford, Connecticut.

```
            _____/s/_____
            Donna F. Martinez
            United States Magistrate Judge
```

---

[6]Because I find defendant Fraser's waiver argument dispositive, I do not reach the defendant's other arguments – namely, that the notes are not work product and that even if they are work product, the plaintiffs should produce the notes because they contain factual information for which defendant Fraser has substantial need and cannot obtain the equivalent without undue hardship.

9