UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, et. al.<br><br>    Plaintiff,<br><br>v.<br><br>STUART A. FRASER, et. al.<br><br>    Defendants. | No. 3:16-CV-940 (MPS) |

**ORDER**

The Court has reviewed Magistrate Judge Martinez's Ruling on the Motion to Compel (Doc. No. 127) and plaintiffs' objection thereto, including the attached declarations. (Doc. Nos. 131, 131-1, 131-2, and 131-3). Having done so, the Court OVERRULES the objection for the following reasons:

1. Under Fed. R. Civ. P. 72(a), the objecting party must show that the ruling is clearly erroneous or contrary to law. Plaintiffs' objection does not meet that standard.

2. Plaintiffs' argument that the Ruling misallocated the burden as to waiver of work product doctrine relies on district court decisions, none of which are binding on this Court. More importantly, even if the Court were to accept that the defendant bears the burden of showing waiver, it would find that the defendant has met that burden for the reasons set forth in this order. (Plaintiffs' second objection - that it had no opportunity to respond on this issue because Fraser did not adequately raise it in his opening brief - has been mooted by this Court's consideration of Plaintiffs' objection and attached declarations.)

3. The plaintiffs do not dispute that one of the named plaintiffs gave his lawyer's notes to the FBI to assist in the investigation of Garza and his activities, which, of course, included his activities with defendant Fraser.

4. The plaintiffs also do not dispute that a finding of waiver is warranted if the disclosure to a third party substantially increases the opportunity for potential adversaries to obtain the information. That standard is easily satisfied here by the plaintiffs' disclosure of the notes to the FBI in connection with its investigation of Garza.

5. Any disclosure to the FBI of documents reflecting statements by a target of a criminal investigation - regardless of the assurances the FBI might make - substantially increases the opportunity that others, including adversaries, will obtain the information. Indeed, Rule 16 of the Federal Rules of Criminal Procedure (as well as the Standing Order of this Court) require the Government to turn over such statements to criminal defense counsel, and defense counsel is free to attach the statements to motions to suppress and other pretrial motions. The Government is also free to introduce a defendant's statements at trial - and often does so. Finally, even if there is no trial, both sides are free to use the statements at a sentencing and, again, often do so. In all those circumstances, the documents usually enter the public domain, whether as filings on the docket or trial exhibits. In short, it is plain that a private party giving the Government statements made by a target of a criminal investigation substantially increases the chances that they will be made public or fall into the hands of an adversary. The fact that they did not do so here is irrelevant. The issue is whether the named plaintiff had a reasonable expectation that they would not do so when he sent them to the FBI; he didn't.

6. Nothing in the Freedom of Information Act provision cited by the plaintiff changes this analysis. First, it is unlikely that that provision - 5 U.S.C. 552(b)(7)(D) - applies here at all,

as the plaintiff in a publicly filed lawsuit making allegations similar to those made by the Government can hardly be considered a "confidential source." Second, even if it applied, that provision would not excuse the Government from the disclosure obligations identified above, and thus would not reduce the likelihood of the document's ultimate disclosure.

    7. Plaintiff Shinners's statement in his declaration that the FBI gave him a general assurance that information he provided would be kept confidential and used only for the purpose of investigating Garza does not help his argument. *See In re Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2d Cir. 1993) (leaving open the possibility that a waiver might not be found where there is "an explicit agreement that the [agency] will maintain the confidentiality of the disclosed materials"). Here, there is no specific averment in the declaration that the FBI made such a promise of confidentiality with respect to the specific documents at issue here - the notes of plaintiffs' counsel reflecting Garza's statements. Even if there had been, it would have been an empty promise and not one reasonably relied on, for the reasons set forth above.

    8. The Plaintiffs further argue that there was no waiver because the government and Shinners shared a common interest in developing a fraud case against Garza, pointing out that "courts have also found no waiver when the disclosure of information to the government was to assist in litigation against a common opponent." *Bank of Am., N.A. v. Terra Nova Ins. Co.*, 212 F.R.D. 166, 171 (S.D.N.Y. 2002). This argument is unavailing. "The 'common interests' requirement exists as a proxy for the true concern: whether the transferee is likely to share the transferred material with the adversary." *In re Visa Check/MasterMoney Antitrust Litig.*, 190 F.R.D. 309, 315 (E.D.N.Y. 2000). While the FBI was not likely to *share* the material with the adversary in this case, there was a substantial likelihood that it would disclose the material, in a way that would make it available to the adversary, as discussed above. Thus, in this case, "the

issue is decided based on whether the disclosure to the governmental agency would 'materially' or 'substantially' increase the likelihood that the disclosing party's adversary would obtain the information—regardless of whether the governmental agency was itself in an adversarial position to the disclosing party." *Bank of Am., N.A.*, 212 F.R.D. at 170.

9. Finally, by way of clarification, the order to compel disclosure will be limited to the notes actually provided to the FBI, as those are the documents that were made more likely to be revealed to an adversary by the named plaintiff's actions.

In light of this disposition, the [132] joint motion for a briefing schedule is hereby DENIED AS MOOT.

                                                   IT IS SO ORDERED.

                                                   /p/ MICHAEL P. SHEA

                                                 Michael P. Shea, U.S.D.J.

Dated:       Hartford, Connecticut

              February 19, 2019