UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, *et al.*, | Civil Action No. 3:16-cv-00940 |
| Plaintiffs, | Honorable Michael P. Shea |
| vs. | Magistrate Judge Donna F. Martinez |
| STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, | (ECF Case) |
| Defendants. | May 3, 2019 |

**DEFENDANT STUART A. FRASER'S SUBMISSION
IN RESPONSE TO THE APRIL 15, 2019 ORDER**

In response to the Court's instructions at the April 12, 2019 hearing (the "Hearing")[1] and in the April 15, 2019 Order (the "Order"), Defendant Stuart A. Fraser submits this brief to explain that neither confirmation emails from GAW Miners nor other documents provided by the twenty (20) randomly-selected potential class members[2] to substantiate their claims (examples of which are attached as Exhibits A-J) are sufficient to establish class membership and measure damages on a class-wide basis.

**I.      THE DOCUMENTS FAIL TO ESTABLISH CLASS MEMBERSHIP.**

As set forth in the Joint Declaration, the parties selected twenty potential class members (the "Twenty") from a list of 173 individuals whose losses Shinners personally verified. (Decl. ¶¶ 3-4; *see also* ECF No. 107-1 at 28.) Yet even those individuals on Shinners' list did not submit information sufficient to establish membership in the class in a uniform way.

---

1. *See* Transcript of April 12, 2019 Hearing ("4/12/19 Hrg. Tr.") at 78:21-83:8; 93:20-95:5; 101-21-102:22.
2. The random selection method the parties agreed on and employed is set forth in the Joint Declaration dated May 3, 2019 ("Decl.").

A.      **The Confirmation Emails From GAW Miners Are Insufficient.**

First, only eleven of the Twenty provided Shinners with an automatically-generated confirmation email from GAW Miners (like the one the Court discussed during the Hearing[3]) listing a purchase of one of the relevant GAW Miners products during the proposed class period. That only 55% of the sample submitted a confirmation email from GAW Miners shows that these emails are not a universal form of proof of class membership.

Second, even for putative class members who submitted confirmation emails from GAW Miners, those emails are not sufficient to establish membership in the class.[4]  The confirmation emails do not necessarily correspond with actual purchases of Hashlets, Hashpoints, Hashstakers or Paycoins, because customers could receive a confirmation email from GAW Miners before they completed their purchase if they selected the "pay with Bitcoin" option on the GAW Miners website.  (*See* Exhibit K; Exhibit L.)  HashTalk forum moderators specifically discussed the fact that a confirmation email should not be treated "as if its [sic] a receipt" of a purchase.  (*See* Exhibit M.)  Because confirmation emails from GAW Miners do not equate to purchases, they are not sufficient to establish membership in the class, and individual inquiries would be required.  (*See* ECF No. 107 at 10-11 (every class member must have purchased or sold one of the securities at issue).)

Third, the proposed class definition excludes employees, agents and affiliates of GAW Miners and ZenMiner, but the confirmation emails lack any information about the employment, agency, or affiliate status of the individuals who received them.  (*See, e.g.*, Exhibit A.)  As Fraser has shown, GAW Miners had many employees, agents and affiliates who promoted GAW Miners' products in exchange for commissions (*e.g.*, GAW Miners Affiliates), discounts (*e.g.*,

---

3.   *See* 4/12/19 Hrg. Tr. at 102:2-11.

resellers), or other remuneration (*e.g.*, pen testers, beta testers, freelance developers).[5] Because the confirmation emails do not contain any information about the relationship between the putative purchaser and GAW Miners or ZenMiner, individual inquiries would be necessary to determine whether an individual must be excluded from the class.[6]

### B.  Other Documents The Twenty Submitted Are Insufficient.

Apart from confirmation emails from GAW Miners, the Twenty provided Shinners with a mélange of other documents that must be individually analyzed to determine membership in the class. They include:

1) Credit card statements that do not show any payments made to GAW Miners, but instead reflect transactions with unrelated currency exchange services such as Circle (s*ee, e.g.,* Exhibit B; Exhibit C);

2) Credit card statements that appear to reflect a transaction involving GAW Miners, but do not indicate whether that transaction involved a purchase of any of the GAW Miners products at issue (as opposed to a funding transaction or purchase of different products or services outside of the class definition) (*see, e.g.*, Exhibit D);

3) Confirmation emails that appear to reflect purchases of products from sellers other than GAW Miners, such as "You Can Mine" and "One Miner" (*see, e.g.*, Exhibit E (You Can Mine); Exhibit F (One Miner));

4) Extracts of account transaction data from the ZenCloud or PayBase databases (*see, e.g.*, Exhibit G; Exhibit H), which the Court recognized are unreliable (*see* 4/12/19 Hrg. Tr. at 94:19-23); and

5) Excel spreadsheets of unknown provenance that appear to tabulate certain transactions related to GAW Miners (*see, e.g.*, Exhibit I).

---

4.  The named Plaintiffs themselves do not appear to have confirmation emails to support all of the purchases they claim.  (*Compare, e.g.*, ECF No. 1-1 at Ex. 2 *with* ECF No. 113-1 at A-55.)
5.  *See* ECF No. 107 at 33-35; *see also* ECF No. 126 at 10.
6.  At least one of the Twenty applied to be, and possibly served as, a GAW Miners reseller and/or affiliate, but this is evident only from looking beyond the documents provided by that individual in support of his claims. (*See, e.g.*, Exhibit N.)

Case 3:16-cv-00940-MPS   Document 139   Filed 05/03/19   Page 4 of 7

4

None of these alternative documents is sufficient to demonstrate membership in the class on a uniform basis.[7]

## II. THE DOCUMENTS ARE INSUFFICIENT TO ESTABLISH DAMAGES.

Neither the confirmation emails nor the other information provided can serve as uniform proof to establish damages. As discussed above, not every confirmation email from GAW Miners equates to a purchase from GAW Miners, and nine of the Twenty did not provide any GAW Miners confirmation email showing their purchase of a relevant product. (*See* Section I, *supra*.)

Furthermore, neither the confirmation emails nor the other documents reliably reflect the "value received" portion of Plaintiffs' proposed damages equation. (*See* ECF No. 97 at 40; ECF No. 107 at 28-30; ECF No. 107-2 at ¶¶ 34, 36-38, 59-61, 64, 67-69, 76-77; *see also* ECF No. 126 at 11-12; CUSA § 36b-29.) Each confirmation email from GAW Miners lists only an amount the customer purportedly paid for the products listed; there are no confirmation emails for subsequent sales or refunds. Accordingly, even if the confirmation emails accurately demonstrated purchases, determining the "value received" by each putative class member would necessarily require individualized inquiries.

The assorted other documents the Twenty provided similarly fail to establish the "value received" portion of the equation, and are far from common proof. None of the putative class members included comprehensive or reliable (let alone uniform) information regarding credit card chargebacks, sales of their Paycoin on public exchanges, sales of their other GAW Miners products on the GAW Miners secondary market or through any other channels (including private

---

7. Eleven of the Twenty appear to reside in a foreign country and should be excluded from the class unless Plaintiffs show that a judgment would be recognized and enforced in those countries. (*See* ECF No. 107 at 38-40.)

sales of entire accounts to other customers),[8] refunds received from GAW Miners or ZenMiner, or withdrawals of Bitcoin payouts from their ZenCloud or PayBase accounts.  (*See* ECF No. 107 at 28-31.)  Even where putative class members acknowledged credit card chargebacks,[9] there is no way to verify whether the information they self-reported is comprehensive or accurate without individual inquiries.

Accordingly, neither the confirmation emails nor the other documents are sufficient to demonstrate damages without the need to resort to individual inquiries.  Plaintiffs have failed to demonstrate that damages are subject to common proof.

### III.  CONCLUSION

For the reasons above, as well as those discussed in Fraser's Opposition to Class Certification, Motion to Strike Plaintiffs' Experts, and all accompanying exhibits, the Court should deny Plaintiffs' Motion for Class Certification.

Dated:  May 3, 2019

        Respectfully submitted,

        HUGHES HUBBARD & REED LLP

        By: s/ Sarah L. Cave
        Daniel H. Weiner (ct12180)
        Sarah L. Cave (phv08437)
        Sara E. Echenique (phv08436)
        Hughes Hubbard & Reed LLP
        One Battery Park Plaza
        New York, NY 10004-1482
        Tel.: (212) 837-6000
        Fax: (212) 422-4726
        Email: sarah.cave@hugheshubbard.com

---

8. In their Sworn Certifications, Plaintiffs Pfeiffer and Shinners each attested to receiving value from their sales of GAW Miners products.  (*See* ECF No. 1-1 (listing $21,656.90 worth of sales on Pfeiffer's Sworn Certification, and $1,943.91 worth of sales on Shinners' Sworn Certification).)  The confirmation emails they submitted do not reflect any of that value received.  (*See* ECF No. 113-1 at A-54, A-55.)
9. *See, e.g.*, Exhibit J (acknowledging two chargebacks received, one pending).

6

                David R. Schaefer (ct04334)
                Sean M. Fisher (ct23087)
                Brenner, Saltzman & Wallman LLP
                271 Whitney Avenue
                New Haven, CT 06511
                Tel.: (203) 772-2600
                Fax: (203) 562-2098
                Email: sfisher@bswlaw.com

*Attorneys for Defendant Stuart A. Fraser*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 3, 2019, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing]. Parties may access this filing through the Court's system.

/s/*Sean M. Fisher*
Sean M. Fisher (ct23087)