## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| DENIS MARC AUDET, *et al.,* | Civil Action No. 3:16-cv-00940 |
| Plaintiffs, | Honorable Michael P. Shea |
| vs. | Magistrate Judge Donna F. Martinez |
| STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, | (ECF Case) |
| Defendants. | July 5, 2019 |

### DEFENDANT STUART A. FRASER'S SUBMISSION
### IN RESPONSE TO JUNE 21, 2019 ORDER

Defendant Stuart A. Fraser submits this Response pursuant to the Court's invitation in its Ruling on Class Certification dated June 21, 2019 (the "June 21 Ruling") (ECF No. 141). While Fraser continues to believe that class certification is inappropriate in this case, he addresses below a new issue raised by the Court's modified class definition set out at page 10 of the June 21 Ruling.[1]

**ONLY INDIVIDUALS WHO PURCHASED OR ACQUIRED "FROM GAW MINERS AND ZENMINER" SHOULD BE PART OF THE CLASS.**

The definition of the class Plaintiffs proposed required that, in order for an individual to be a member of that class, he or she must have "purchased or acquired Hashlets, Hashpoints, HashStakers, and Paycoin **from GAW Miners and ZenMiner**." (June 21 Ruling at 9; ECF No. 97 at 11 (emphasis added).) On the motion for class certification, Plaintiffs did not dispute

---

1. Fraser also disagrees with portions of the factual background recited in the June 21 Ruling, particularly Plaintiffs' allegation that he served as "the Board" of defendant GAW Miners. (June 21 Ruling at 2, citing paragraph 46 of Plaintiffs' Amended Complaint.) Fraser specifically denied this allegation (ECF No. 73 at ¶ 46); the Court correctly noted that Fraser's secondary liability for the alleged fraud "will be the critical liability issue at the trial." (June 21 Ruling at 20.)

that only individuals who purchased from GAW Miners or ZenMiner could qualify for class membership, assuming all other requirements were met.  (ECF No. 97 at 11; *see also id*. at 13 (referring to purchases made on Zencloud and Paybase databases); *id*. at 19 ("Ownership can be verified by investor records or transactional data from the Companies that show when customers purchased which products.").)  Plaintiffs' supplemental submission after oral argument reconfirmed that this proposed class was limited to purchases or acquisitions from GAW Miners and ZenMiner:  all of the documents Plaintiffs submitted reflected transactions with GAW Miners or ZenMiner.  (ECF No. 140 at 3-4 & Exs. 4-9; *see also id.* Ex. 3 at 1 (Plaintiff Shinners describing "several ways for people to purchase products **from GAW Miners and ZenMiner**" (emphasis added).)

The Court adopted this approach as well, relying on the "three main types of documents that are reasonably uniform and could be used during a claims process" to determine class membership—**all** of the documents reflect purchases or acquisitions **from GAW Miners or ZenMiner**.  (June 21 Ruling at 30, referring to (1) "copies of emails from gawminers.com"; (2) "documents confirming transfers of Bitcoin from outside exchanges to GAW Miners"; and (3) "credit card data from Braintree and Stripe" (the two payment processors the Companies used) or credit statements showing transactions with GAW Miners.)

In its modification of the definition of the class, however, the Court omitted without discussion the words "from GAW Miners and ZenMiner."  (June 21 Ruling at 10.)  The Court should restore that limitation:  omission of the words "from GAW Miners and ZenMiner" would allow individuals to qualify as members of the class even if they purchased Hashlets, Hashpoints, HashStakers or Paycoin from third parties other than GAW Miners or ZenMiner, based on those third parties' unknown or different representations that are not the subject of Plaintiffs'

allegations against the defendants.  Not only would such a class be broader than the one

Plaintiffs asked the Court to certify (*see* pp. 1-2, *supra*), it is also beyond the scope of potential

liability for the claims Plaintiffs assert.  *See Moore v. Paine Webber Inc.*, 306 F.3d 1247, 1253

(2d Cir. 2002) (explaining that class certification of fraud claims is not appropriate unless the

claims are "based on uniform misrepresentations made to all members of the class"); *Davis v.*

*Navient Corp.*, No. 17-CV-00992-LJV-JJM, 2018 WL 1603871, at *7 (W.D.N.Y. Mar. 12,

2018), *report and recommendation adopted*, 2019 WL 360173 (W.D.N.Y. Jan. 29, 2019)

(denying class certification where there was "no uniformity among the proposed class members

either as to the alleged conduct of Navient Solutions, or as to their alleged injuries arising from

that conduct").

　　　　Accordingly, Fraser respectfully requests that the Court amend the modified class

definition to add the bolded text below:

> All persons or entities who, between August 1, 2014 and January 19, 2015, (1) purchased Hashlets, Hashpoints, HashStakers, or Paycoin **from GAW Miners and ZenMiner**; or (2) acquired Hashlets, Hashpoints, HashStakers, or Paycoin **from GAW Miners and ZenMiner** by converting, upgrading, or exchanging other products sold by the Companies.  Excluded from the Class are any defendants, any parent, subsidiary, affiliate, or employee of any defendant, any co-conspirator and any governmental entity.

Dated: July 5, 2019

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: s/ Sarah L. Cave
Daniel H. Weiner (ct12180)
Sarah L. Cave (phv08437)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: daniel.weiner@hugheshubbard.com

David R. Schaefer (ct04334)
Sean M. Fisher (ct23087)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT 06511
Tel.: (203) 772-2600
Fax: (203) 562-2098
Email: sfisher@bswlaw.com

*Attorneys for Defendant Stuart A. Fraser*