UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, and DEAN ALLEN SHINNERS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>　　　　Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br>Courtroom 2<br><br>ECF Case<br><br>CLASS ACTION<br><br>JULY 15, 2019<br><br>JOINT STATUS REPORT |

Pursuant to the Court's July 8, 2019, order (Dkt. 144), on July 11, 2019, the parties met and conferred by phone about a proposed schedule and any appeals under FRCP 23(f). The parties continued to meet and confer via email after their phone call. The parties submit this joint status report:

Schedule

The parties largely agree on a proposed schedule. However, they disagree on the amount of time for and the scope of remaining discovery. Below is the parties' proposed schedule and their respective positions on discovery:

| Event | Deadline |
|---|---|
| Complete remaining discovery. | See parties' positions below. |
| Merits expert reports by party bearing the burden of proof. | 9/25/19 |
| Rebuttal expert reports. | 11/11/19 |

| Event | Deadline |
|---|---|
| Reply reports. | 12/11/19 |
| Complete expert depositions. | 12/11/19 |
| File dispositive motions. | 12/23/19 |
| Responses to dispositive motions. | 1/22/20 |
| Replies to dispositive motions. | 2/5/20 |
| Joint pretrial memorandum. | 30 days after Court's ruling on dispositive motions OR 30 days after deadline to file dispositive motions if the parties file no dispositive motions. |

Parties' positions on remaining discovery.

*Plaintiffs' position:*

Fraser proposes discovery that is far broader than the narrow discovery the Court said it would permit: "chargebacks or private transactions" by which "class members reduce their losses or achieved net gains." Dkt. 141 at 33-34. It should be noted that information about a class member's transactions in the securities at issue are almost always attained as a part of the post-trial claims administration process. The damages calculation for class members generally presents issues for individual treatment and the cases are legion for the proposition that the existence of these individual questions does not defeat class certification.

Discovery of absent class members is the exception, not the rule. *McCarthy v. Paine Webber Grp., Inc.*, 164 F.R.D. 309, 313 (D. Conn. 1995). A defendant must make a "strong showing" to justify discovery of absent class members, and discovery of absent class members must pertain to common issues. *Id.* Because the discovery Fraser seeks does not pertain to common issues, the Court should not allow it at this time. *See Collins v. Int'l Dairy Queen*, 190

F.R.D. 629, 631 (M.D. Ga. 1999); *Nitsch v. Dreamworks Animation SKG, Inc.*, 5:14-cv-04062, Dkt. 337 (N.D. Cal. Oct. 14, 2016).

Indeed, the Court recognized that this type of information can be gathered during the "claims process," after trial. Dkt 141 at 32-33. If the Court is inclined to permit discovery now, it should minimize the burdens for absent class members by making the discovery non-mandatory, prohibiting depositions, and limiting the discovery to a small number of absent class members. *See Boynton v. Headwaters, Inc.*, 2009 WL 3103161, at *2 (W.D. Tenn. Jan. 30, 2009) (non-mandatory questionnaires are a favored method of taking discovery from absent class members); *Baldwin & Flynn v. Nat'l Safety Assocs.*, 149 F.R.D. 598, 600 (N.D. Cal. 1993) ("The burden is heavy to justify asking questions by interrogatories, even heavier to justify depositions."); *Laborers Local 17 Health & Ben. Fund v. Morris*, 1998 WL 241279, at *3 (S.D.N.Y. May 12, 1998) (permitting document discovery from only ten absent class members that were "organized entities"). And if discovery is permitted, it should be limited to narrow interrogatories and document requests only on the topic of whether there was a chargeback or private transaction and limited to 10 randomly selected absent class members. The cost and burdens of a deposition on an absent class member far outweigh the benefit, given that questionnaires, document requests, or interrogatories will provide any relevant information on chargebacks and compensating gains. If over 170 class members are served with interrogatories and document requests and responding takes an average of five to ten hour to complete, then this discovery will require more than a thousand hours of total time to complete. Completing the discovery could take months. Fraser did not attempt to take any of this discovery during discovery, and it is far

too late now for it to try to take this burdensome discovery now. Ironically, Fraser even objected to third-party discovery that plaintiffs tried to serve relating to chargebacks.

As for timing, plaintiff agrees that any requests should be served in one week, but the discovery should be completed within 60 days.

*Fraser's position*:

The Court's June 21, 2019 order permits Fraser "to take post-certification discovery related to chargebacks or private transactions from class members." Fraser proposes the following plan for post-certification class member discovery:

• Fraser will issue document requests and/or interrogatories to Plaintiffs and/or third parties by July 24, 2019 (within seven (7) days of the status conference).

• Plaintiffs will respond or object to all document requests and/or interrogatories within 14 days of receiving them; Plaintiffs will produce all responsive documents on behalf of class members within 30 days of receiving Fraser's document requests.

• Depositions of up to ten (10) class members will be completed by October 30, 2019.

• Within two weeks of the last deposition, Fraser will notify the Court whether he intends to move to decertify the class as to damages before trial, or if he will reserve the right to move to decertify the class at or after trial.

## FRCP 23(f) appeals.

None of the parties intends to file a petition for leave to appeal under FRCP 23(f).

DATED: July 15, 2019

Respectfully submitted,

| | |
|---|---|
| /s/ Colin Watterson | /s/ Sarah L. Cave |
| Colin Watterson (*pro hac vice*) | Daniel H. Weiner |
| cwatterson@susmangodfrey.com | daniel.weiner@hugheshubbard.com |
| Texas Bar No. 2409330 | Sarah L. Cave |
| Susman Godfrey L.L.P. | sarah.cave@hugheshubbard.com |
| 1000 Louisiana Street, Suite 5100 | Sara E. Echenique |
| Houston, TX  77002 | sara.echenique@hugheshubbard.com |
| Tel: (713) 651-9366 | Hughes Hubbard & Reed LLP |
| Fax: (713) 654-3367 | One Battery Park Plaza |
| | New York, NY  10004-1482 |
| Mark P. Kindall (ct13797) | Tel: (212) 837-6000 |
| mkindall@ikrlaw.com | Fax: (212) 422-4726 |
| Robert A. Izard | |
| rizard@ikrlaw.com | Sean M. Fisher (ct23087) |
| Izard, Kindall & Raabe, LLP | sfisher@bswlaw.com |
| 29 S. Main St., Suite 305 | Brenner, Saltzman & Wallman LLP |
| West Hartford, CT 06107 | 271 Whitney Avenue |
| Tel: (860) 493-6292 | New Haven, CT  06511 |
| Fax: (860) 493-6290 | Tel: (203) 772-2600 |
| | Fax: (203) 562-2098 |
| Marc Seltzer (*pro hac vice*) | |
| mseltzer@susmangodfrey.com | |
| California Bar No. 54534 | |
| Kathryn Hoek (*pro hac vice*) | |
| khoek@susmangodfrey.com | |
| California Bar No. 219247 | |
| Susman Godfrey L.L.P. | |
| 1900 Avenue of the Stars, Suite 1400 | |
| Los Angeles, CA 90067 | |
| Tel: (310) 789-3100 | |
| Fax: (310) 789-3150 | |
| | |
| Seth Ard (*pro hac vice*) | |
| sard@susmangodfrey.com | |
| New York Bar No. 4773982 | |
| Susman Godfrey L.L.P. | |
| 1301 Avenue of the Americas, 32nd Floor | |
| New York, NY 10019-6022 | |
| Tel: (212) 336-8330 | |
| Fax: (212) 336-8340 | |

Edgar Sargent (*pro hac vice*)
esargent@susmangodfrey.com
Washington Bar No. 28283
Susman Godfrey L.L.P.
1201 Third Avenue, Suite 3800
Tel: (202) 516-3880
Fax: (310) 789-3150

*Counsel for Plaintiffs*