# Susman Godfrey l.l.p.

a registered limited liability partnership
suite 5100
1000 Louisiana Street
Houston, Texas 77002-5096
(713) 651-9366
fax (713) 654-6666
www.susmangodfrey.com

_____

| Suite 1400 | Suite 3800 | 32nd Floor |
| 1900 Avenue of the Stars | 1201 Third Avenue | 1301 Avenue of the Americas |
| Los Angeles, California 90067-6029 | Seattle, Washington 98101-3000 | New York, New York 10019-6023 |
| (310) 789-3100 | (206) 516-3880 | (212) 336-8330 |

Colin Watterson
Direct Dial (713) 653-7844

E-Mail CWatterson@susmangodfrey.com

July 29, 2019

**VIA E-MAIL & E-FILE**

The Hon. Michael P. Shea
United States District Judge
United States Courthouse
450 Main Street – Room 217
Hartford, Connecticut 06103

Re:   *Audet v. Fraser*, No. 16-cv-000940, Dkt. 151

Dear Judge Shea:

Defendant Stuart Fraser's counsel filed a letter asking the Court for permission to obtain discovery from unidentified third parties. Fraser's letter says that "Discovery from third parties such as payment processors or credit card companies will help determine the extent to which individual issues exist with respect to damages, particularly with respect to chargebacks." The Court granted plaintiffs leave to file a response by today.

Here, it is undisputed that GAW Miners used only two companies to process its credit card orders. The first company is a subsidiary of PayPal called Braintree. The second is called Stripe. These were the two companies GAW Miners identified as its credit card processors in response to a subpoena from the SEC. If discovery from third parties is permitted, plaintiffs respectfully submit that it should be limited to these two companies and to seeking information about chargeback or private sale transactions relating to the 173 investors as to whom Fraser has been permitted to submit discovery requests.

After Fraser's counsel made her request to take this third-party discovery, plaintiffs' counsel contacted Fraser's counsel and proposed that the discovery be limited in this manner. Fraser's counsel declined this request.

6735288v1/014928

July 29, 2019
Page 2

A request to obtain unspecified discovery from unidentified third parties would be contrary to the proportionality requirement imposed by Rule 26(b)(1). The discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, . . . the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(1).

Therefore, plaintiffs respectfully request as follows:

*First*, if the Court permits discovery from third parties, it should be limited to discovery of PayPal and Stripe, and only as to chargeback or private sale transactions about the 173 absent class members. That is the scope of discovery discussed at the telephonic hearing. In any event, this third-party discovery should not be permitted to go beyond the subject or chargebacks or private sale transactions.

*Second*, the Court should allow plaintiffs to take third-party discovery to the same extent Fraser is permitted to do so, as noted in the Court's minute order.

Sincerely,

*/s/ Colin Watterson*

Colin Watterson

cc: counsel of record

6735288v1/014928