

Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: +1 (212) 837-6000
Fax: +1 (212) 422-4726
hugheshubbard.com

Daniel H. Weiner
Partner
Direct Dial: +1 (212) 837-6874
Direct Fax: +1 (212) 299-6874
daniel.weiner@hugheshubbard.com

November 13, 2019

VIA ECF

Honorable Michael P. Shea
United States District Court, District of Connecticut
Abraham A. Ribicoff Federal Building
450 Main Street, Room 217
Hartford, CT 06103

> Re:     *Audet v. Fraser*, No. 16-cv-940 (MPS) (D. Conn)

Dear Judge Shea:

On behalf of Defendant Stuart A. Fraser, and pursuant to this Court's order dated July 19, 2019 (ECF No. 150), we write to notify the Court that Mr. Fraser intends to move to decertify the class as to damages.

On July 8, 2019 this Court certified the following class:

> All persons or entities who, between August 1, 2014, and January 19, 2015, (1) purchased Hashlets, Hashpoints, HashStakers, or Paycoin from GAW Miners, LLC and/or ZenMiner, LLC; or (2) acquired Hashlets, Hashpoints, HashStakers, or Paycoin from GAW Miners, LLC and/or ZenMiner, LLC, by converting, upgrading, or exchanging other products sold by GAW Miners, LLC and/or ZenMiner, LLC. Excluded from the Class are any defendants, any parent, subsidiary, affiliate, or employee of any defendant, any co-conspirator, and any governmental agency.

ECF No. 144.

In conjunction with its certification Order, the Court also authorized post-certification discovery related to "chargebacks or private transactions" including up to ten depositions of absent class members, and ordered that Fraser notify the Court "whether he intends to move to decertify the class as to damages within two weeks of the last deposition." ECF No. 150; *see also* ECF No. 141, at 34 ("[t]he Court will permit Fraser to take post-certification discovery related to chargebacks or private transactions from class members. If that discovery shows that a material number of proposed class members have had chargebacks or other compensating gains

that negate or reduce their losses as a result of transactions with third parties, and that such proof is highly individualized, Fraser can file a motion to decertify the class as to damages").

Post-certification discovery, which remains ongoing[1], has confirmed that decertification of the class as to damages is warranted for the following reasons:

First, Plaintiffs' damages expert Robert Mills has admitted that he cannot calculate damages related to purchases of Hashpoints and Paycoin on a class-wide basis. *See* Mills 9/25/19 Report ("My analysis excludes Hashpoints and Paycoin sold by the Companies to members of the class because I currently am not aware of a methodology that can be used to reliably identify such sales by reference to the databases.")  As a result, the class definition should exclude purchases and acquisitions of Hashpoints and Paycoin.

Second, the recent depositions confirm that many class members received significant credit card chargebacks, and there is no way to ascertain their value on a class-wide basis.  Four of the individuals whose depositions we requested received chargebacks, but had never before produced the relevant documentation despite Mr. Fraser's interrogatories and document requests seeking it.  Another of the deponents confirmed she received approximately $100,000 in chargebacks.  Neither Mr. Mills nor Plaintiffs suggested any way to calculate the total class-wide value of chargebacks received by class members without individualized inquiry.

Third, the recent depositions confirm that certain class members engaged in private transactions, such as reseller transactions and sales of Paycoin on third-party exchanges, which are not reflected in the ZenCloud database, and Plaintiffs have not proposed any way to account for such transactions on a class-wide basis.  By way of example, one deponent (Mr. Grimes) submitted information to named Plaintiff Allen Shinners estimating losses of approximately $140,000 from his purchases of Hashlets.  At his deposition, however, Mr. Grimes admitted that he was a reseller, and that his gross sales of Hashlets as a reseller on his own website were higher than his purchases, thereby offsetting any losses.  He also testified that he does not have documentation to identify all of the Hashlets sales he made on his reseller website.  This is a stark example where a class member purports to have significant losses, but in fact the class member has *no losses* due to offsetting private sales, and the lack of available documentation for those offsetting sales makes it impossible for any expert to calculate the complete offset to the class member's purported $140,000 in losses.

Fourth, analysis of transactions for the deposed class members reveals numerous discrepancies between the deponents' documents and the ZenCloud database, casting further doubt on the reliability of the data source on which Plaintiffs rely for their class-wide damages calculations.

Accordingly, Mr. Fraser respectfully requests that the Court set a briefing schedule for him to move to decertify the class as to damages.

---

1. The parties have completed seven out of the ten depositions permitted by the Court, and continue to work together to complete the remaining three depositions.  In addition, Fraser awaits further class member responses to certain interrogatories, as agreed by the Parties.

95469367_2

3

Respectfully submitted,

   /s/ Daniel H. Weiner  

cc:     Colin S. Watterson, Esq. (via email)
         Counsel for Plaintiffs

95469367_2