UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, and DEAN ALLEN SHINNERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br>Courtroom 2<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br>January 22, 2020<br><br>DECLARATION OF COLIN M. WATTERSON RE: PLAINTIFFS' OPPOSITION TO FRASER'S MOTION TO DECERTIFY THE CLASS AS TO DAMAGES |

I, Colin M. Watterson, declare under penalty of perjury as follows:

1.      My name is Colin M. Watterson. I am an attorney licensed to practice law in the State of Texas and am an associate with the law firm Susman Godfrey L.L.P. I have personal knowledge of the facts in this declaration.

2.      I serve as counsel for plaintiffs in the above captioned action. I am admitted *pro hac vice* in the above captioned action. I am making this declaration in support of plaintiffs' opposition to Fraser's Motion to Decertify the Class as to Damages.

3.      With a few exceptions for truly irrelevant or non-responsive documents, counsel for plaintiffs produced all documents provided by the absent class members in response to Fraser's Document Requests to Absent Class Members. Counsel for Fraser has never raised any issues with this document production.

4.       After plaintiffs served objections to Fraser's Interrogatories to Potential Class Members, the parties and met and conferred several times over those objections. Eventually, as a

compromise, the parties agreed to four interrogatories that were to be directed to the absent class members. Counsel for Fraser has never raised any issues with the answers the class members provided or claimed that any of the answers were incomplete.

5.      Fraser took the deposition of seven absent class members. Fraser asked to take the depositions of several additional class members who had limited availability due to family, work, and travel commitments. To address these scheduling commitments, the parties agreed to conduct a deposition of one such class member by written questions. Counsel for Fraser never ultimately provided any written questions for this individual. Fraser also never identified alternative class members to depose, which was another suggestion I made to address the scheduling conflicts.

6.      During a meet and confer, I told counsel for Fraser that, if counsel for Fraser had any specific questions for a specific absent class member, I would be happy to direct those questions to the absent class member. Counsel for Fraser never took me up on that offer.

7.      In early January, I contacted Hilary Kinckner regarding the approximately $5,000 in refunds he indicated he received to Allen Shinners. Mr. Kinckner explained that this was a reference to refunds for hardware he received from GAW Miners and that a document he sent to Mr. Shinners and that was produced as GAW00362383 shows these refunds.

8.      In early January, I contacted Alexander Lukashevich regarding the $789.99 refund that he indicated he received to Allen Shinners. Mr. Lukashevich informed me that he had no independent documentation of the refund, but confirmed that he did in fact receive it.

9.      GAW00361522 was produced on April 30, 2018.

10.     Exhibits 63, 65, 66 and 67 to Fraser's motion to decertify were produced by plaintiffs in 2018. Fraser also cites to two Hashtalk.org posts as exhibits 68 and 69. Plaintiffs

also produced a number of documents from Hashtalk in 2018, although it is unclear to me whether exhibits 68 and 69 are documents plaintiffs produced or are from some other unspecified source.

11.     Counsel for Fraser never made a request that we ask Ryan Grimes to provide any of the email confirmations he saved from his resale business.

12.     I have reviewed the 111 interrogatory responses provided by the absent class members. 108 of the responses stated that the class member was not a reseller.

13.     Exhibit 1 to this opposition is a copy of a spreadsheet prepared by Named Plaintiff Allen Shinners that contains information provided to him from victims of the GAW Miners fraud. The spreadsheet is true and correct except that columns containing potentially personally identifiable information were hidden. The spreadsheet was produced in this litigation as GAW00361522.

14.     Exhibit 2 to this opposition is a true and correct copy of experts from the deposition of Teresa Crivello, which was taken in this lawsuit on October 23, 2019.

15.     Exhibit 3 to this opposition is a copy of documents related to chargebacks received by Teresa Crivello. The documents are true and correct except that they have been redacted to remove personally identifiable information and information related to financial accounts. The documents were produced in this litigation as Crivello00000125.

16.     Exhibit 4 to this opposition is a true and correct copy of experts from the deposition of Ryan Grimes, which was taken in this lawsuit on October 22, 2019.

17.     Exhibit 5 to this opposition is a copy of a chargeback notification that was provided by Ryan Grimes. The document is true and correct except that it has been redacted to

remove personally identifiable and information related to financial accounts. The document was produced in this litigation as Grimes00000003.

18.   Exhibit 6 to this opposition is a copy of a chargeback notification that was provided by Ryan Grimes. The document is true and correct except that it has been redacted to remove personally identifiable and information related to financial accounts. The document was produced in this litigation as Grimes00000006.

19.   Exhibit 7 to this opposition is a copy of a chargeback notification that was provided by Ryan Grimes. The document is true and correct except that it has been redacted to remove personally identifiable and information related to financial accounts. The document was produced in this litigation as Grimes00000014.

20.   Exhibit 8 to this opposition is a copy of a credit card statement provided by Hilary Knickner. The document is true and correct, except that transactions unrelated to GAW Miners have been redacted. The document was produced in this litigation as GAW00362383.

21.   Exhibit 9 to this opposition is a copy of correspondence from Citi relating to an investigation into a chargeback. The document is true and correct, except that it has been redacted to remove personally identifiable information and information related to financial accounts. The document was produced in this litigation as GAW00365049.

22.   Exhibit 10 to this opposition is a copy of correspondence from Citi relating to a chargeback. The document is true and correct, except that it has been redacted to remove personally identifiable information. The document was produced in this litigation as Tuberosi00000107.

23.   Exhibit 11 to this opposition is a copy of a Bank of America statement that contains balance adjustments due to chargebacks. The document is true and correct, except that it

has been redacted to remove information regarding unrelated transactions and personally identifiable information. The document was produced in this litigation as GAW01075693.

24.     Exhibit 12 to this opposition is a true and correct copy of experts from the deposition of John Tuberosi, which was taken in this lawsuit on October 23, 2019.

25.     Exhibit 13 to this opposition is a true and correct copy of experts from the deposition of Lawrence David Hughes, which was taken in this lawsuit on November 5, 2019.

26.     Exhibit 14 to this opposition is a copy of an email receipt from HoosierMiner. The document is true and correct except that it was redacted to remove personally identifiable information. The document was produced in this lawsuit as GAW00361866.

27.     Exhibit 15 to this opposition is a copy of an email receipt from CryptoCause. The document is true and correct except that it was redacted to remove personally identifiable information. The document was produced in this lawsuit as GAW00363918.

28.     Exhibit 16 to this opposition is a copy of an email receipt from ZigHash. The document is true and correct except that it was redacted to remove personally identifiable information. The document was produced in this lawsuit as GAW00363923.

29.     Exhibit 17 to this opposition is a copy of an email receipt from Hash Pros. The document is true and correct except that it was redacted to remove personally identifiable information. The document was produced in this lawsuit as GAW00364817.

30.     Exhibit 18 to this opposition is a copy of an email receipt from PrimeHashlets. The document is true and correct except that it was redacted to remove personally identifiable information. The document was produced in this lawsuit as GAW00364619.

7090199v1/014928

31.     Exhibit 19 to this opposition is a copy of an email receipt from You Can Mine. The document is true and correct except that it was redacted to remove personally identifiable information. The document was produced in this lawsuit as GAW00364626.

32.     Exhibit 20 to this opposition is a copy of Payton Peterson's interrogatory responses.

33.     Exhibit 21 to this opposition is a copy of Trestin Harper's interrogatory responses.

34.     Exhibit 22 to this opposition is a copy of Dimitri Zelepuhin's interrogatory responses.

35.     Exhibit 23 to this opposition is a copy of Roman Gorodnev's integratory responses.

36.     Exhibit 24 to this opposition is a true and correct copy of experts from the deposition of Daniel Simpson, which was taken in this lawsuit on October 29, 2019.

37.     Exhibit 25 to this opposition is a true and correct copy of experts from the deposition of Jason Vargas, which was taken in this lawsuit on October 29, 2019.

38.     Exhibit 26 to this opposition is a true and correct copy of experts from the deposition of Mahendra Phagu, which was taken in this lawsuit on October 31, 2019.

39.     Exhibit 27 to this opposition is a true and correct copy of the CryptsyTrade tab of a spreadsheet that was produced in this litigation as Amman00000002.

40.     Exhibit 28 to this opposition is a true and correct copy of a spreadsheet that was attached to a March 1, 2015 email from David McLain. The email and spreadsheet were not produced with bates numbers.

41.     Exhibit 29 to this opposition is a true and correct copy of an email that was produced in this litigation as Anastasakis00000012.

42.     Exhibit 30 to this opposition is a true and correct copy of an email that was produced in this litigation as GAW00362126.

43.     Exhibit 31 to this opposition is a true and correct copy of an email that was produced in this litigation as GAW00362127.

44.     Exhibit 32 to this opposition is a true and correct copy of an email that was produced in this litigation as GAW00362129.

45.     Exhibit 33 to this opposition is a copy of Tom Mueller's interrogatory responses.

46.     Exhibit 34 to this opposition is a copy of the private sales tab of a spreadsheet named "Direct Sales – Carlos00001." The spreadsheet is true and correct except that it was redacted to remove personally identifiable information. The spreadsheet was produced without bates numbers in this litigation.

47.     Exhibit 35 to this opposition is a copy of a wire confirmation. The document is true and correct except that it was redacted to remove confidential information. The document was produced as GAW00362835 in this litigation.

48.     Exhibit 36 to this opposition is a copy of a bank statement showing a wire for 100,000. The statement is true and correct except that it was redacted to remove financial account information and information regarding unrelated transactions. The document was produced in this litigation as GAW00365424.

49.     Exhibit 37 to this opposition is a copy of an invoice. The invoice is true and correct except that it was redacted to remove personally identifiable information. The document was produced in this litigation as GAW00364768.

50.     Exhibit 38 to this opposition is a copy of a Wells Fargo statement. The statement is true and correct except that it was redacted to remove personally identifiable information and

7090199v1/014928

financial information regarding unrelated transactions. The document was produced in this litigation as GAW00365424.

51.    <u>Exhibit 39</u> to this opposition is a true and correct copy of a letter of authorization identifying multiple accounts belonging to Acacia da Rosa Florentino.

52.    <u>Exhibit 40</u> to this opposition is a true and correct copy of a letter of authorization identifying multiple accounts belonging to Robert de Wilde.

53.    <u>Exhibit 41</u> to this opposition is a true and correct copy of a letter of authorization identifying multiple accounts belonging to David Miles Shepherd.

54.    <u>Exhibit 42</u> to this opposition is a true and correct copy of the Supplemental Expert Report of Robert Mills dated October 21, 2019.

55.    <u>Exhibit 43</u> to this opposition is a copy of a chargeback notification that was provided by Ryan Grimes. The document is true and correct except that it has been redacted to remove personally identifiable and information related to financial accounts. The document was produced in this litigation as Grimes00000027.


I declare under penalty of perjury under the laws of the United States that the foregoing is above statements are true and correct to the best of my knowledge, information, and belief.

Dated: January 22, 2020
At New York, New York

<u>*/s/ Colin M. Watterson*</u>
Colin M. Watterson