UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DENIS MARC AUDET *ET AL.*, | : | Civil Action No. |
| | : | 3:16-CV-00940-MPS |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a/ ZEN CLOUD, | : | |
| | : | |
| | : | September 25, 2020 |
| | : | |
| Defendants. | : | |
| | : | |

### DEFENDANT STUART A. FRASER'S SUPPLEMENTAL BRIEF PURSUANT TO THE COURT'S MAY 4, 2020 ORDER

Defendant Stuart A. Fraser submits this Supplemental Brief in response to the two questions posed by the Court in its May 4, 2020 Order (ECF 206, the "May 4 Order") regarding "issues related to damages that might be resolvable on a class-wide basis" in the liability trial. As set forth below in response to the Court's inquiries: (1) the jury should not determine any damages-related issues in the class-wide liability trial; (2) nor should the Court determine any damages-related questions, as a matter of law and on a class-wide basis, during the liability phase.

### Factual Background

In its May 4 Order, the Court denied without prejudice Fraser's Motion to Decertify the Class as to Damages (the "Decertification Motion") and bifurcated the liability and damages phases of the trial of this action. (ECF 206 at 1.) The Court

explained: "because there does not appear to be a method by which a jury could determine aggregate damages with reasonable accuracy, and because bifurcation serves the interests of judicial economy, I find that bifurcation is the most appropriate course of action." (*Id.*) With regard to the lack of evidence to support an aggregate damages award, the Court further explained that "bifurcation of liability and damages is warranted [because] a combined trial on liability and damages, resulting in a jury verdict awarding aggregate damages to the Plaintiffs, is likely to prejudice Fraser." (*Id.* at 14.) With regard to judicial economy, the Court added that, "[a]fter a trial on liability, the Court will have before it a more fulsome factual record and will be better positioned to determine how best to structure the subsequent proceedings," and "in the event that Fraser prevails at the liability stage, the need to decide on a method for determining damages will of course be obviated entirely." (*Id.* at 15.) The Court also deferred decision on what the damages phase of this case might look like until after the liability trial. (*See, e.g.*, *id.* at 16 ("The Court will determine how to structure the damages phase of this case—including whether individual damages issues predominate over all common issues, such that decertification as to damages is warranted—if and when the
2

question of liability is resolved in the Plaintiffs' favor.").)[1] While the precise form of the damages phase remained uncertain, the parties reached consensus that, in any damages phase following the liability trial, each potential individual class member would need to come forward and establish his/her net damages during that phase.[2]

In concluding the May 4 Order, the Court noted that "[s]ignificant questions remain regarding the scope of the liability trial and the extent to which it should include

---

1. *See also* Apr. 24, 2020 Hearing Tr. (ECF 210) at 39:22-40:2 (Court noted that, after a liability phase, if Plaintiffs prevail, "then [Fraser] could renew [the] motion [to decertify the class as to damages]; we could have a discussion about what's the best way to decide damages in this case among some of the options that I outlined in the notice filed on the docket [ECF 203] should we – that one extreme we'd have decertification, but on a different side we'd have a claims process.").) In the referenced April 22, 2020 notice, the Court suggested some options for what a damages phase might look like if the Court were to bifurcate the liability and damages phases, including: "(1) the possibility of using a claims process, (2) the possibility of appointing a Special Master to adjudicate the damages incurred by each class member, (3) some combination of (1) & (2), *e.g.*, a process including court-approved interrogatories, the opportunity for challenges by the defendant, a determination by a Special Master whether there were issues to be tried, and a trial before the Special Master or the District Court, and (4) the possibility of decertifying the class as to damages, after giving notice to class members as to how to pursue final adjudications of their damages claims." (ECF 203.)

2. *See* Apr. 24, 2020 Hearing Tr. (ECF 210) at 42:20-43:5 (Plaintiffs' counsel: "…if plaintiffs don't offer evidence of aggregate class-wide loss to the jury and the class doesn't render an aggregate lump sum verdict, then what we end up with is the jury rendering something else like a formula. Then during each claims administration process, each class member on a retail basis says, I was injured in this amount. If necessary, here's documentation to say how much I was injured. I did or did not receive a chargeback. You know, if I received a chargeback, here's documentation to the extent that I have it."); *id.* at 47:13-23 (Fraser's counsel discussing the damages phase: "essentially each class member will need to establish his or her damages by coming forward with how much they paid and evidence of what they might have received back.").

3

some issues related to damages that might be resolvable on a class-wide basis." (ECF 206 at 17.) Accordingly, the Court directed the parties to submit briefing on two questions, which Fraser addresses below in turn.

## I.      QUESTION 1

In its May 4 Order, the Court posed the following first question:

> Should any discrete issues pertaining to damages be determined by the jury in the class-wide liability trial? For example, should the reliability of the ZenCloud database be determined by the jury? Which other damages-related issues, if any, should be determined in the class-wide liability trial? The parties should also address whether trying any such issues during the liability phase raises concerns under the Reexamination Clause of the Seventh Amendment.

(ECF 206 at 17.)

### A.      Damages-Related Issues in General.

For the reasons set forth below, the jury should not determine any damages-related issues in the class-wide liability trial.

<u>One</u>:  The Court has bifurcated trial between liability and damages. (ECF 206 at 1, 14-16.) Re-introducing damages-related issues into the class-wide liability trial is inconsistent with the bifurcation between liability and damages, and is likely to create juror confusion and unnecessarily complicate and lengthen the liability trial. Because the jury will not be asked to render a damages award, jurors will not have the appropriate context within which they are asked to make factual determinations on issues related solely to the damages phase of the case. The jury will be left wondering why the parties are wasting time on issues unrelated to liability, and confused about how such evidence, and arguments about such evidence, fit into the case presented to it.

4

Moreover, it is likely that the presentation of damages evidence during the liability trial will result in overlapping witnesses and other evidence between the liability and damages phases, in the event that liability is determined against Fraser. This will unnecessarily impose a substantial, additional trial expense on the parties, including Fraser, who is not a deep-pocketed corporate defendant. In the event that liability is determined in Fraser's favor, trying any damages-related issues in the liability phase will waste the jurors' time and judicial and party resources.

Two: Attempting to have the jury determine damages-related issues in both the liability and damages phases of the bifurcated trial raises concerns under the Reexamination Clause of the Seventh Amendment, which provides that "no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. The Reexamination Clause prevents the splitting of issues into separate trials where doing so raises the risk of a later, different jury reexamining the same factual issues determined by an earlier jury. *See Blyden v. Mancusi*, 186 F.3d 252, 268 (2d Cir. 1999) (under the Seventh Amendment, "issues may be divided and tried separately, but a given issue may not be tried by different, successive juries.") (citing *Byrd v. Blue Ridge Rural Elec. Coop.*, 356 U.S. 525, 537–38 (1958) and *Gasoline Prods. Co. v. Champlin Refin. Co.*, 283 U.S. 494, 500 (1931)). Here, there are no discrete, factual damages-related issues that can be extricated from an overall determination of damages by a later jury so as to be tried in the class-wide liability phase without implicating the Reexamination Clause.

Three: Because the Court has not yet determined what the damages phase of this

5

case will look like and issues regarding the damages phase have been deferred, Fraser cannot fully assess the potential complications, prejudice and Reexamination Clause issues that might arise by trying some damages-related issues on a piecemeal basis in the class-wide liability phase and the remaining damages-related issues in a second, damages-only phase.

For the foregoing reasons, the liability trial in this case should be limited to issues of liability only.

### B. ZenCloud Database.

Question 1 also specifically asks whether the jury should determine the reliability of the ZenCloud database as part of the class-wide liability trial. It should not.

Asking the jury to determine the reliability of the database will be an inefficient use of the Court's and jury's time, and will waste the parties' resources if liability is determined in Fraser's favor. Trying this issue will require presentation of a significant amount of evidence, including expert testimony, which would otherwise be entirely unnecessary if Plaintiffs lose on liability, or of limited utility at best if Plaintiffs win on liability. Plaintiffs' expert conceded that he cannot use the ZenCloud database to "reliably identify" purchases of Paycoin and Hashpoints and estimate the related alleged damages. (*See* Sept. 25, 2019 Expert Report of Robert Mills (ECF 179-2, Ex. 76) ¶ 36).) Similarly, the May 4 Order recognizes that Plaintiffs cannot use the ZenCloud database to prove class-wide damages because that database does not contain records of the relevant sets of transactions. (*See, e.g.*, May 4 Order at 4 ("Chargebacks are not reflected in the ZenCloud database."); *id*. at 6 ("It is unclear whether the ZenCloud

6

database can be used to estimate the aggregate total of reseller transactions with reasonable accuracy."); *id*. (sales of Paycoin are not reflected in the database); *id*. at 10 ("[p]rivate sales of accounts were typically negotiated and memorialized via email"). Since the ZenCloud database cannot be used to calculate damages on a class-wide basis, there is little point in having the jury determine its reliability on that basis. For example, at the oral argument on Fraser's Motion to Decertify, while Plaintiffs' counsel argued that the ZenCloud database could be used to "substantiate a class member's claim," counsel also conceded that the database might only be a "cross-check" for some elements of the damages claims. (*See* Apr. 24, 2020 Hearing Tr. (ECF 210) at 45:2-8, 46:4-6.)[3] Later during the argument, Plaintiffs' counsel agreed with the Court that the database would be only one source of information for a fact-finder in the second phase of the case to determine whether an individual class member's claim looks "legit[imate]." (*See id*. at 45:17-46:4.)[4] Because the ZenCloud database does not contain

---

3. During the oral argument, the Court asked "[w]hat [Plaintiffs] see as the role of the database in the second phase" were the Court to order bifurcation of the trial. Plaintiffs' counsel responded, in part, as follows: "… If [the database is] determined to be reliable for all purposes or for some purposes, it stands as a source of information or data to cross-check a number of elements of the damages claims here." (*Id*. at 44:20-45:8.)

4. Court inquiring from Plaintiffs' counsel: "When I hear you say that, what I have in mind is, so liability finding in the first phase. Second phase we have some kind of a claims process. … And one source of information for either the special master or the Court to determine, gee, does this claim look legit, is to look at the database and compare, well, what does the database show about what this particular class member bought? Is that what you're talking about?." Plaintiffs' counsel confirmed, "[t]hat's correct, Your Honor." (*Id*.)

information regarding critical aspects of a damages calculation, at most the jury would only be able to consider the reliability of the database for very limited purposes. Thus, having the jury determine the reliability of the ZenCloud database in a class-wide liability phase is not justified by the limited utility of the determinations that the jury might make with regard to that issue.

## II.     QUESTION 2

In its May 4 Order, the Court posed the following second question:

> What questions should the Court decide as a matter of law during the liability phase of this case? Of these, which questions should the Court decide prior to trial, and which questions should it decide after hearing the evidence but prior to approving the final jury instructions? Each party should address the merits of any questions it would have the Court decide prior to trial.

(ECF 206 at 17.)

Given the context in which the Court raised this second question in its May 4 Order – *i.e.*, "the scope of the liability trial and the extent to which it should include some issues related to damages that might be resolvable on a class-wide basis" (*see id*.) – Fraser understands that this inquiry is limited to damages-related legal issues that might be resolvable on a class-wide basis, and does not cover issues of law that (i) are not related to damages that might be resolvable on a class-wide basis, and (ii) might otherwise be the subject of a motion *in limine*, the parties' Joint Trial Memorandum or a motion made by the parties under Rule 50(a) of the Federal Rules of Civil Procedure.[5]

---

5.  By email correspondence exchanged between the parties' attorneys, Plaintiffs confirmed that they interpret Question 2 similarly.

8

Subject to the foregoing, there are no damages-related questions that the Court should decide as a matter of law and on a class-wide basis during the liability phase of this case.

Dated:  September 25, 2020                                     HUGHES HUBBARD & REED LLP

By:  /s/ *Daniel H. Weiner*

Daniel H. Weiner (ct12180)
Marc A. Weinstein (*pro hac vice*)
Hannah Miller (*pro hac vice*)
One Battery Park Plaza
New York, NY  10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: daniel.weiner@hugheshubbard.com

David R. Schaefer (ct04334)
Sean M. Fisher (ct23087)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT  06511
Tel.: (203) 772-2600
Fax: (203) 562-2098
Email: sfisher@bswlaw.com

*Attorneys for Defendant Stuart A. Fraser*

96870532