**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, DEAN ALLEN SHINNERS, and JASON VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                           Plaintiffs,<br><br>    vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>                         Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br>Courtroom 2<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br>September 1, 2021<br><br>JOINT TRIAL MEMORANDUM |

**<u>JOINT TRIAL MEMORANDUM</u>**

1. **<u>Trial Counsel</u>**

<u>Counsel for Plaintiffs</u>:

Jacob Buchdahl
Seth Ard
Geng Chen
Russell Rennie
Susman Godfrey L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340
jbuchdahl@susmangodfrey.com
sard@susmangodfrey.com
gchen@susmangodfrey.com
rrennie@susmanfodfrey.com

Mark P. Kindall
Izard Kindall & Raabe LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (212) 336-6290
mkindall@ikrlaw.com

Counsel for Defendant Stuart A. Fraser[1]:

Daniel H. Weiner
Marc A. Weinstein
Amina Hassan
Hannah L. Miller
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482
Tel.: (212) 837-6874
Fax: (212) 299-6874
daniel.weiner@hugheshubbard.com
marc.weinstein@hugheshubbard.com
amina.hassan@hugheshubbard.com
hannah.miller@hugheshubbard.com

Rowena A. Moffett
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT  06511
Tel.: 203-772-2625
Fax: (203) 562-2098
Email: rmoffett@bswlaw.com

2. **Jurisdiction**

Plaintiffs' Statement

    a.   The Court has federal question jurisdiction under 28 U.S.C. § 1331 over the claims arising under the Securities Exchange Act of 1934.  The Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the claims arising under the Connecticut Uniform Securities Act and Connecticut common law, which form part of the same case or controversy as the federal securities claims.

---

1.  Defendants GAW Miners, LLC and ZenMiner, LLC have not appeared in this action and the Court has entered a default against them.  ECF No. 71.

    b.   Additionally, the Court has diversity jurisdiction under 28 U.S.C. § 1332(d)(2) over all of the claims.  The matter in controversy exceeds $5,000,000, exclusive of costs and interests; at least one member of the class of plaintiffs is a citizen of a State different from any of the defendants; and at least one member of the class of plaintiffs is a citizen or a subject of a foreign state, and any of the defendants is a citizen of a State.

<u>Mr. Fraser's Statement</u>:  Defendant does not contest that the Court has subject matter jurisdiction over Plaintiffs' claims.

### 3.  <u>Jury / Non-Jury</u>

This matter is to be tried to a jury.

### 4.  <u>Length of Trial</u>

The plaintiffs anticipate that their affirmative case will take approximately 3 to 3.5  days of trial testimony.  Mr. Fraser anticipates that his case will take approximately 3 to 3.5 days of trial testimony.  Accordingly, the parties believe that the entire case will take approximately 6 to 7 days to be tried.

### 5.  <u>Further Proceedings Prior to Trial</u>

The parties do not anticipate any further proceedings prior to the commencement of trial beyond the Court's decision on the parties' motion *in limine*, the pre-trial conferences already set by the Court for September 29 and October 15, 2021, and the Court's resolution of any disputed items concerning this Joint Trial Memorandum and related filings.

6. **Nature of the Case**

    a. **Plaintiffs' Statement of the Nature of the Case**

The plaintiffs bring four sets of claims against Defendants GAW Miners, LLC and ZenMiner, LLC; and four related causes of action against Defendant Stuart Fraser.   For convenience, the four sets of claims are grouped together below.  Because GAW Miners, LLC and ZenMiner, LLC have defaulted, the jury will render a verdict only as to Plaintiffs' claims against Defendant Stuart Fraser.

    i. **Conn. Gen. Stat § 36b-16: offer or sale of unregistered securities.**

GAW Miners and ZenMiner (the "Companies") violated Section 36b-16 of the Connecticut Uniform Securities Act, Conn. Gen. Stat. § 36b-16, by offering or selling securities that were not registered under the Act, namely Hashlets, HashStakers, Hashpoints, and Paycoin.

Mr. Fraser is liable for the Companies' offer or sale of unregistered securities, pursuant to Section 36b-29(c) of the Act, because he directly or indirectly controlled the Companies; served as a partner, officer, or director of the Companies; or occupied a similar status or performed similar functions as a partner, officer, or director of the Companies.

**Relief sought**:   Damages, interest, attorneys' fees, and costs, as provided for by the Connecticut Uniform Securities Act.[2]

    ii. **Conn. Gen. Stat. § 36b-29(a): offer or sale of securities by means of an untrue statement of fact.**

---

2. *See* Conn. Gen. Stat. § 36b-29(a) (providing that a purchaser may recover from a person liable under this provision "the consideration paid for the security, together with interest at eight per cent per year from the date of payment, costs and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security, or for damages if he no longer owns the security").

GAW Miners and ZenMiner violated Section 36b-29(a)(2) of the Connecticut Uniform Securities Act, Conn. Gen. Stat. § 36b-29(a)(2), by offering or selling securities by means of an untrue statement of a material fact, or omissions to state a material fact necessary to make statements not misleading, including, among other things, statements about the Companies' operations, investment products, and cryptocurrency mining activity.

Mr. Fraser is liable for the Companies' violations of Section 36b-29(a)(2) under two provisions of Section 36b-29.  *First*, he is liable pursuant to Section 36b-29(c) of the Act because he directly or indirectly controlled the Companies; served as a partner, officer, or director of the Companies; or occupied a similar status or performed similar functions as a partner, officer, or director of the Companies.  *Second*, he is liable for "materially assist[ing]" GAW Miners and ZenMiner in their violations of Section 36b-29(a)(2).  *See* Conn. Gen. Stat. § 36b-29(a)(2).

**Relief sought**:  Damages, interest, attorneys' fees, and costs, as provided for by the Connecticut Uniform Securities Act.  *See supra* note 2.

### iii.  **Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5: securities fraud.**

GAW Miners and ZenMiner violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b-5 promulgated thereunder, 17 CFR § 240.10b-5, by employing a device, scheme, or artifice to defraud; making untrue statements of material fact, or omitting to state material facts necessary to make their statements not misleading, regarding the Companies' operations, investment products, and cryptocurrency mining activity, among other things; or engaging in an act, practice, or course of business which operate or would operate as a fraud or deceit, in connection with the purchase or sale of a security, and by the use of any means or instrumentality of interstate commerce.

Mr. Fraser is liable for the Companies' violations of Section 10(b) and Rule 10b-5 pursuant to Section 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78t, because he directly or indirectly controlled GAW Miners and ZenMiner and culpably participated in their fraudulent conduct.

**Relief sought**:  Damages and prejudgment interest.

iv.  **Common-law fraud.**

GAW Miners and ZenMiner committed fraud under the common law of Connecticut by making false representations of fact regarding, among other things, the Companies' operations, and investment products, and cryptocurrency mining activity, knowing that these representations were false and making them in order to induce the plaintiffs to rely on them.

Mr. Fraser is liable for aiding and abetting the Companies' fraud.

**Relief sought**:  Damages.

b.  **Mr. Fraser's Statement**

This is a class action brought by purchasers of certain crypto-mining and cryptocurrency related products sold by two companies operated and controlled by former lead defendant Homero Joshua Garza ("Garza"):  GAW Miners, LLC ("GAW Miners") and ZenMiner, LLC ("ZenMiner," and with GAW Miners, the "Companies").

The class consists of:  *"All persons or entities who, between August 1, 2014, and January 19, 2015, (1) purchased Hashlets, Hashpoints, HashStakers, or Paycoin from GAW Miners, LLC and/or ZenMiner, LLC; or (2) acquired Hashlets, Hashpoints, HashStakers, or Paycoin from GAW Miners, LLC and/or ZenMiner, LLC, by converting, upgrading, or exchanging other products sold*

*by GAW Miners, LLC and/or ZenMiner, LLC."* (ECF 144)  The class representatives are plaintiffs Dean Allen Shinners, Denis Marc Audet and Michel Pfeiffer.

Plaintiffs allege that the Companies (1) engaged in fraud in the purchase or sale of securities in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and (2) Section 36b-29(a)(2) of the Connecticut Uniform Securities Act ("CUSA"); (3) offered to sell or sold securities in violation of Section 36b-29(a)(1) of the CUSA; and (4) committed common law fraud under Connecticut state law.

Plaintiffs' claims against Mr. Fraser, a minority investor in the Companies, are secondary in nature—*i.e.*, claims grounded in allegations of control person and aiding and abetting liability. Specifically, Plaintiffs assert the following four claims against Mr. Fraser:  (1) control person liability under Section 20(a) of the Exchange Act; (2) aiding and abetting fraud in the sale of securities in violation of Section 36b-29(a)(2) of the CUSA; (3) control person liability under Section 36b-29(c) of the CUSA; and (4) aiding and abetting common law fraud.

Plaintiffs' claims against Fraser are not supported by the evidence.  Plaintiffs cannot carry their burden of proof that the products at issue constitute securities, nor can they carry their burden of proof on Mr. Fraser's alleged control, participation in and aiding and abetting of the predicate violations.  Even if Plaintiffs were to satisfy their burden, they cannot prevail on their claims based on the following additional defenses:

- Section 20(a) control person claim:  Mr. Fraser did not directly or indirectly induce the violations at issue and acted in good faith.  *See* 15 U.S.C. § 78t(a).

- CUSA § 36b-29(a)(2) aiding and abetting claim:  Mr. Fraser did not know, and in the exercise of reasonable care could not have known, of Garza's and the Companies' untrue statements of material fact or any omission to state a material

fact necessary to make the statements made, in the light of the circumstances under which they are made, not misleading.  *See* CUSA § 36b-29(a)(2).

- CUSA § 36b-29(c) control person claim:  Mr. Fraser did not know, and in exercise of reasonable care could not have known, that the products at issue constituted securities, and that Garza and the Companies were offering or selling securities without registration.  *See* CUSA § 36b-29(c).  With respect to Hashstakers, even if Plaintiffs satisfy their burden of proof under this claim, Mr. Fraser is not liable for the additional reason that Hashstakers were exempt from registration as a short-term product.  *See* CUSA § 36b-21(a)(10).  Nor did Mr. Fraser know, and in the exercise of reasonable care could not have known, that Garza and the Companies were offering or selling securities by means of any untrue statement of material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading.  *See* CUSA § 36b-29(a)(2); *id*. § 36b-29(c).

- Affirmative defenses based on Plaintiffs' individual conduct:  Plaintiffs' CUSA claims are barred to the extent they also violated the CUSA by offering or selling unregistered securities.  Plaintiffs' claims are also barred, in whole or in part, under the doctrines of *in pari delicto*, unclean hands and ratification.

- In addition, to the extent the jury finds in favor of Plaintiffs on the Section 20(a) control person claim, Mr. Fraser is entitled to an apportionment of fault under the Private Securities Litigation Reform Act.  *See* 15 U.S.C. § 78u–4(f)(2)(B)(i).[3]

---

3.  In the event this case proceeds to a damages phase, Mr. Fraser has additional defenses, including affirmative defenses such as Plaintiffs' failure to mitigate their damages, which he intends to assert at that point.

7. **Trial by Magistrate Judge**

The parties do not consent to trial by magistrate judge.

8. **Evidence**

    a. **Witnesses**

        i. Plaintiffs' Fact Witnesses

The following fact witnesses are expected to offer live testimony at trial (*i.e.*, they are not witnesses who will be called only if the need arises):

- **Stuart Fraser.** c/o Daniel H. Weiner, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004. Mr. Fraser is a defendant in this action. Mr. Fraser is expected to testify about, among other things, his relationship with Homero "Josh" Garza; his role in business ventures with Mr. Garza prior to GAW Miners; his role in Defendant companies GAW Miners, LLC and ZenMiner, LLC; and the alleged fraud perpetrated by the Defendant companies on the plaintiffs.

  **EXPECTED DURATION OF TESTIMONY: 3-5 HOURS**

- **Dean Allen Shinners.** c/o Susman Godfrey LLP, 1301 Avenue of the Americas, 32nd Floor, New York, NY 10019. Mr. Shinners is one of the named plaintiffs in this action. Mr. Shinners is expected to testify in support of plaintiffs' claims, including, among other things, the defendants' misrepresentations about the securities they sold to class members and Mr. Shinners' transactions in those securities.

  **EXPECTED DURATION OF TESTIMONY: 1-2 HOURS**

- **Michael Pfeiffer.** c/o Susman Godfrey LLP, 1301 Avenue of the Americas, 32nd Floor, New York, NY 10019. Mr. Pfeiffer is one of the named plaintiffs in this action. Mr. Pfeiffer is expected to testify in support of the plaintiffs' claims, including, among other things, the defendants' misrepresentations about the securities they sold to class members and Mr. Pfeiffer's transactions in those securities.

  **EXPECTED DURATION OF TESTIMONY: 1-2 HOURS**

- **Denis Marc Audet.** c/o Susman Godfrey LLP, 1301 Avenue of the Americas, 32nd Floor, New York, NY 10019. Mr. Audet is one of the named plaintiffs in this action. Mr. Audet is expected to testify in support of the plaintiffs' claims, including, among other things, the defendants' misrepresentations about the

securities they sold to class members and Mr. Audet's transactions in those securities.

**EXPECTED DURATION OF TESTIMONY: 1-2 HOURS**

**Mr. Fraser's Objection:**  Mr. Fraser objects to Plaintiffs' contention that these witnesses will testify as to "defendants' misrepresentations about the securities they sold to class members," insofar as that statement appears to apply to all defendants, including Mr. Fraser. Plaintiffs have not alleged that Mr. Fraser made any misrepresentations; rather, their claims against Mr. Fraser are grounded in secondary liability.  Plaintiffs' witnesses must be limited to testify to what Plaintiffs have claimed.  Mr. Fraser also objects to Mr. Garza testifying by deposition testimony, and will file a motion *in limine* as to that issue.

  ii.  <u>Plaintiffs' Expert Witness</u>

Plaintiffs' expert witness is likely to testify (*i.e.*, he is not a witness who will be called only if the need arises).

- **Dr. Arvind Narayanan.**  308 Sherrerd Hall, Princeton, NJ 08540.  Dr. Narayanan is Associate Professor of Computer Science at Princeton University and an expert in the areas of cryptocurrencies and blockchains.

  Dr. Narayanan will provide an explanation of cryptocurrency, cryptocurrency mining, and blockchains; and his analysis of the securities offered or sold by GAW Miners, LLC and ZenMiner, LLC, as set forth generally in his expert report, which is attached as Exhibit A.  The basis for Dr. Narayanan's testimony and opinions are his knowledge, training, experience, and expertise in the subjects of cryptocurrency, blockchains, and cloud-hosted mining, as well as the materials on which he intends to rely, which are listed in Appendices A and B to the attached Exhibit A.  A copy of his *curriculum vitae* is attached as Exhibit B.

**EXPECTED DURATION OF TESTIMONY: 2-3 HOURS**

  iii.  <u>Mr. Fraser's Fact Witnesses</u>

The following fact witnesses are expected to offer live testimony at trial:

(1) <u>Stuart A. Fraser</u> (c/o Daniel H. Weiner, Hughes Hubbard & Reed LLP, One Battery Park Plaza, New York, NY 10004): Defense counsel expect Mr. Fraser to testify at trial regarding Plaintiffs' allegations and Mr. Fraser's defenses, including his lack of control over Garza and the Company Defendants. Counsel anticipate that their direct examination of Mr. Fraser will last approximately four hours; time for re-direct will be determined by the scope and nature of Plaintiffs' cross-examination. Mr. Fraser will testify at trial, *i.e.*, he is not a witness who will be called only if the need arises.

**b. <u>Exhibits</u>**

A list containing Plaintiffs' exhibits, Mr. Fraser's objections to Plaintiffs' exhibits, and Plaintiffs' responses to those objections is attached as Exhibit C. A list containing Mr. Fraser's exhibits, Plaintiffs' objections to Mr. Fraser's exhibits, and Mr. Fraser's responses to those objections is attached as Exhibit D. A document listing objection codes and abbreviations used by Plaintiff is attached as Exhibit E.

**c. <u>Deposition Testimony</u>**

The plaintiffs expect to present the following fact witnesses at trial through their deposition testimony.

- **Homero "Josh" Garza.** Texas; address unknown. Mr. Garza is expected to testify about, among other things, his relationship with Stuart Fraser; his business ventures with Mr. Fraser; and the alleged fraud perpetrated by the defendant companies on the plaintiffs.

- **Madeline Eden.** Texas; address unknown. Ms. Eden is expected to testify about, among other things, her experiences working at the defendant companies, the companies' operations, and the alleged fraud perpetrated by the defendant companies on the plaintiffs.

- **Joe Mordica.** Mississippi; address unknown. Mr. Mordica is expected to testify about, among other things, his experiences working at the defendant companies, the companies' operations, and the alleged fraud perpetrated by the defendant companies on the plaintiffs.

Mr. Fraser expects to present the following fact witnesses at trial through their deposition testimony:

11

(1)   <u>Joe Mordica</u> (last known address, Hattiesburg, Mississippi):  Mr. Mordica will testify, by deposition, on the topics covered by his testimony that Mr. Fraser designates pursuant to Section 8(c) of the Joint Trial Memorandum instructions. We anticipate introducing Mr. Mordica's testimony at trial, *i.e.*, he is not a witness who will be called only if the need arises.

(2)   <u>Eric Capuano</u> (last known address, Austin, Texas):  Mr. Capuano will testify, by deposition, on the topics covered by his testimony that Mr. Fraser designates pursuant to Section 8(c) of the Joint Trial Memorandum instructions.   We anticipate introducing Mr. Capuano's testimony at trial, *i.e.*, he is not a witness who will be called only if the need arises.

(3)   <u>Daniel J. Pease</u> (last known address, Indianapolis, Indiana):  Mr. Pease will testify, by deposition, on the topics covered by his testimony that Mr. Fraser designates pursuant to Section 8(c) of the Joint Trial Memorandum instructions. We anticipate introducing Mr. Pease's testimony at trial, *i.e.*, he is not a witness who will be called only if the need arises.

(4)   <u>Madeline Eden</u> (last known address, Bastrop, Texas):  Ms. Eden will testify, by deposition, on the topics covered by her testimony that Mr. Fraser designates pursuant to Section 8(c) of the Joint Trial Memorandum instructions.   We anticipate introducing Ms. Eden's testimony at trial, *i.e.*, she is not a witness who will be called only if the need arises.

(5)   <u>Jonah Dorman</u> (last known address, Jenison, Michigan):  Mr. Dorman will testify, by deposition, on the topics covered by his testimony that Mr. Fraser designates pursuant to Section 8(c) of the Joint Trial Memorandum instructions.   We anticipate introducing Mr. Dorman's testimony at trial, *i.e.*, he is not a witness who will be called only if the need arises.

(6)   <u>Amber Capuano</u> (last known address, Austin, Texas):  Ms. Capuano will testify, by deposition, on the topics covered by her testimony that Mr. Fraser designates pursuant to Section 8(c) of the Joint Trial Memorandum instructions.   We anticipate introducing Ms. Capuano's testimony at trial, *i.e.*, she is not a witness who will be called only if the need arises.

A list containing Plaintiffs' designations; Mr. Fraser's objections and counter-designations; and Plaintiffs' objections to Mr. Fraser's counter-designations is attached as Exhibit F.  A list containing Mr. Fraser's designations; Plaintiffs' objections and counter-designations; and Mr. Fraser's objections to Plaintiffs' counter-designations is attached as Exhibit G.  (As noted, a document listing objection codes and abbreviations used by Plaintiff is attached as Exhibit E.)  The

marked-up deposition transcripts (blue for Plaintiffs; red for Mr. Fraser; purple for testimony designated by both parties) are attached as Exhibits H through N.

9. **Stipulations and Proposed findings of Fact and Conclusions of Law**

1. The parties have conferred and do not agree on a written stipulation of uncontroverted facts.

a. **Bench Trial**

This section is inapplicable to this matter.

b. **Jury Trial**

i. **Proposed Voir Dire Questions**

The parties' joint proposed voir dire instructions are submitted herewith as Exhibit O.

ii. **Proposed Jury Instructions**

The parties' proposed jury instructions (including separate proposals where the parties could not agree) are submitted herewith as Exhibit P. The parties' objections to proposed instructions are located in footnotes to the instructions; Plaintiffs' objections are highlighted blue and Defendant's objections are highlighted gray.

iii. **Proposed Verdict Form**

The parties met and conferred but could not reach agreement on a proposed verdict form. Accordingly, the parties' separate proposed verdict forms are submitted herewith as Exhibits Q and R. Objections to the other party's proposed verdict form are located in footnotes.

iv.   **Brief Description of the Case and Parties**

The parties met and conferred but could not reach agreement on a description of the case and parties.   Accordingly, the parties' separate submissions are submitted herewith as Exhibits S and T.

**10. Anticipated Evidentiary Problems**

As noted above, both parties intend to call Defendant Stuart Fraser as a witness and respectfully request guidance from the Court regarding the procedure and timing for Mr. Fraser's testimony, including the scope and order of examination by Plaintiffs' and Defendant's counsel. The parties will be prepared to present their views at the pretrial conference on September 29, 2021.

Both parties are filing certain motions *in limine* concurrently with the filing of this Joint Trial Memorandum.

**11. Courtroom Technology**

Counsel for Plaintiffs intend to use a laptop computer to display exhibits to witnesses and the jury and to play clips of deposition testimony.   Subject to health and safety protocols, and the views of the Court, Plaintiffs' counsel intend to have a technician present throughout the trial to aid the trial team with the presentation of evidence and the management of courtroom technology.

Mr. Fraser's counsel intend to:   (a) play video recordings of deposition designations; (b) connect their personal laptops to the Court's presentation system in order to display material to the jury on a large screen/monitor; and (c) use an Elmo, if necessary.   Mr. Fraser's counsel also intend to bring at least one primary and one backup laptop for use in the Courtroom.   In the event there are COVID-related restrictions on the number of a party's lawyers permitted in the Courtroom,

Mr. Fraser's counsel request a live feed system for members of the trial team not present in the Courtroom at any given time during the trial.

Dated: September 1, 2021

By: _/s/ Seth Ard_____

    Jacob Buchdahl (*pro hac vice*)
    Seth Ard (*pro hac vice*)
    Geng Chen (*pro hac vice*)
    Russell F. Rennie (*pro hac vice*)
    SUSMAN GODFREY L.L.P.
    1301 Avenue of the Americas, 32nd Floor
    New York, NY 10019-6022
    Tel: (212) 336-8330
    Fax: (212) 336-8340

    Marc Seltzer (*pro hac vice*)
    mseltzer@susmangodfrey.com
    California Bar No. 54534
    SUSMAN GODFREY L.L.P.
    1901 Avenue of the Stars, Suite 950
    Los Angeles, CA 90067
    Tel: (310) 789-3100
    Fax: (310) 789-3150

    Mark P. Kindall (ct13797)
    mkindall@ikrlaw.com
    Robert A. Izard
    rizard@ikrlaw.com
    IZARD, KINDALL & RAABE, LLP
    29 S. Main St., Suite 305
    West Hartford, CT 06107
    Tel: (860) 493-6292
    Fax: (860) 493-6290

    *Counsel for Plaintiffs*

By: _/s/ Daniel H. Weiner_____

    Daniel H. Weiner (ct12180)
    Marc A. Weinstein (*pro hac vice*)
    Amina Hassan (*pro hac vice*)
    Hannah Miller (*pro hac vice*)
    Hughes Hubbard & Reed LLP
    One Battery Park Plaza
    New York, NY  10004-1482
    Tel.: (212) 837-6000
    Fax: (212) 422-4726
    Email:
    daniel.weiner@hugheshubbard.com

    David R. Schaefer (ct04334)
    Sean M. Fisher (ct23087)
    Rowena Moffett (ct414899)
    Brenner, Saltzman & Wallman LLP
    271 Whitney Avenue
    New Haven, CT  06511
    Tel.: (203) 772-2600
    Fax: (203) 562-2098
    Email: rmoffett@bswlaw.com

    *Attorneys for Defendant Stuart A. Fraser*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2021, a copy of foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing  system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*/s/ Russell Rennie*
Russell Rennie