EXHIBIT C

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 1 | 2/20/2006 | Garza, Josh | Fraser, Stuart | Email re FW: management | 240 | No objection | |
| 3 | 3/5/2014 | | | Chase Consolidated Balance Summary | | Limited objection on grounds of invasion of privacy because the document includes Mr. Fraser's home address.  (Mr. Fraser does not object to this document to the extent Plaintiffs redact his home address.) | Plaintiffs are amenable to discussing how to protect personally identifiable information not relevant to their claims, such as Mr. Fraser's home address, if they use this exhibit at trial. |
| 4 | 3/18/2014 | Kleckner, Jed | Kleckner, Jed | Email re FW: GAWMiners.com | 175 | No objection. | |
| 5 | 3/18/2014 | Fraser, Stuart | Garza, Josh | Email re Website for gawminers | 176 | No objection | |
| 6 | 3/21/2014 | Garza, Josh | Fraser, Stuart | Email re Did 150k in orders | 177 | No objection | |
| 7 | 4/10/2014 | Garza, Josh | Fraser, Stuart | Email re GAW Labs Mail - Planning | 159 | Statements by Mr. Garza in this email chain are inadmissible hearsay (FRE 802). | Mr. Garza's statements are not hearsay because Plaintiffs do not intend to introduce them, if they are introduced, for their truth. Fed. R. Evid. 801(c)(2). |
| 8 | 4/16/2014 | Fraser, Stuart | Garza, Josh | Email re Fwd: Crestmark Funds $5.6 Million Loan to New York Distributor | 192 | No objection | |
| 9 | 4/17/2014 | Fraser, Stuart | Garza, Josh | Email re Hey! | 178 | This email exchange is inadmissible under FRE 401/402 and FRE 403 because it relates to sales of hardware miners, which are not at issue here, and is particularly misleading and prejudicial to Mr. Fraser because juror might incorrectly infer that Mr. Fraser might have had access to an "admin" site during the relevant time period and related to the products at issue; however, this email predates the start of the class period by over three months, when GAW Miners was selling miners, not any of the products at issue. | Defendant's access to internal GAW Miners' sales reporting, and his monitoring of the same, is relevant to the issue of his control, authority, and role with respect to GAW Miners.

Regarding prejudice, this exhibit is not likely to mislead the jury or lead to the "inference" Defendant identifies.  The exhibit is clearly dated, and Defendant may elicit testimony or otherwise establish facts regarding the timeline of events. |
| 10 | 4/25/2014 | Barack, Mike | McLain, David | Email re Cease & Desist Notice | 57 | This document is not relevant (FRE 401/402) and unfairly prejudicial to Mr. Fraser (FRE 403) because it predates the class period, relates to a dispute between GAW Miners and a third party, and does not have any bearing on any disputed issue.

Statements in this email chain by Messrs. McLain, Garza and Barack constitute inadmissible hearsay (FRE 802). | Defendant's presence on this email thread, and his communications with GAW Miners employees and agents, including counsel retained by the company, is relevant to the issue of his control, authority, and role with respect to the company, **notwithstanding that it pre-dated the class period.**

Statements in the email by people other than Defendant are not hearsay because Plaintiffs do not intend to introduce them, if they are introduced, for their truth.  Fed. R. Evid. 801(c)(2). |
| 11 | 5/2/2014 | Garza, Josh | Fraser, Stuart | SMS from Stuart Fraser [(917) 733-5515] - Message Thread | 180 | No objection | |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 12 | 5/4/2014 | Garza, Josh | Fraser, Stuart | Email re Hashing Contract | 58 | This email is not relevant because it relates to a dispute between GAW Miners and a third party that predates the class period and is unrelated to the products at issue (FRE 401, 402). Any probative value of the email is outweighed by the danger of unfair prejudice to Mr. Fraser, confusion of the issues, and misleading the jury because it includes allegations of a breach of contract against GAW Miners that are unrelated to any of the products in this action (FRE 403). Mr. Garza's statements are inadmissible hearsay (FRE 802). | Defendant's presence on this email thread, and his communications with GAW Miners employees and agents, including counsel retained by the company, is relevant to the issue of his control, authority, and role with respect to the company, notwithstanding that it pre-dated the class period. Defendant fails to identify how the jury is at risk of being confused by an email regarding a dispute between GAW Miners and another party.  The fact that it is purportedly unrelated to the products at issue in the case makes it less, not more, likely the jury will be confused. Regarding hearsay, Mr. Garza's statements are not hearsay because Plaintiffs do not intend to introduce them, if they are introduced, for their truth.  Fed. R. Evid. 801(c)(2). |
| 13 | 5/4/2014 | Garza, Josh | | Email re Advertising GAWMiners | 154 | No objection | |
| 14 | 5/4/2014 | Huynh, Alex | Li, Terry; Garza, Josh | Email re OEM Sales of miners | 171 | This email exchange is not relevant because it predates the class period and is unrelated to the products at issue (FRE 401, 402). In addition, any limited probative value is outweighed by the danger of unfair prejudice to Mr. Fraser, confusion of the issues, and misleading the jury that could result from Mr. Garza's reference to his board seats around the world. Mr. Huynh's and Mr. Garza's statements are inadmissible hearsay (FRE 802). | Defendant's presence on this email thread, and his communications with potential GAW Miners business partners is relevant to the issue of his control, authority, and role with respect to the company, notwithstanding that it pre-dated the class period. Defendant fails to identify how the jury is at risk of being confused by Mr. Garza's reference to his board seats. Regarding hearsay, Mr. Garza's and Mr. Huynh's statements are not hearsay because Plaintiffs do not intend to introduce them, if they are introduced, for their truth.  Fed. R. Evid. 801(c)(2). |
| 16 | 5/5/2014 | Fraser, Stuart | Garza, Josh | Email re like? | 170 | No objection | |
| 17 | 5/5/2014 | Garza, Josh | team@geniuseastwork.com | Email re Gridseed Price Change | 179 | No objection | |
| 18 | 5/8/2014 | McLain, David | Fraser, Stuart | Email re GAW Miners | 46 | Mr. McLain's statements constitute inadmissible hearsay (FRE 802). | Mr. McClain's statements are not hearsay because Plaintiffs do not intend to introduce them for their truth.  Fed. R. Evid. 801(c)(2). |
| 19 | 5/18/2014 | Fraser, Stuart | Garza, Josh | Email re Hey - Doing a great job | 182 | No objection | |
| 20 | 5/18/2014 | Fraser, Stuart | Garza, Josh | Email re info | 193 | No objection | |
| 21 | 5/20/2014 | Garza, Josh | Fraser, Stuart | Email re howard | 194 | No objection | |
| 22 | 5/23/2014 | Fraser, Stuart | Garza, Josh | Email re zenminer | 156 | No objection | |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 23 | 5/23/2014 | Garza, Josh | Fraser, Thomas; Fraser, Stuart | Email re Congrats :) | 157 | Mr. Fraser objects to PX23 for reasons specified in Mr. Fraser's motion *in limine*.<br><br>In addition, the article attached to the email constitutes inadmissible hearsay (FRE 802).<br><br>This exhibit also constitutes an improper compilation of documents.  The attached article is not properly included in this exhibit as it was not an attachment to the email. | The article is not hearsay because Plaintiffs do not intend to introduce this exhibit for the truth of the article's assertions.  Fed. R. Evid. 801(c)(2).<br><br>Regarding Defendant's technical objection, the attached article is also reproduced at PX 145. |
| 24 | 6/1/2014 | Fraser, Stuart | Garza, Josh | Email re I won't bother you again | | No objection | |
| 25 | 6/5/2014 | Fraser, Stuart | Garza, Josh | Email re bitcoin mining controller advertising | 164 | No objection | |
| 26 | 6/5/2014 | | | Chase Wire Transfer Outgoing Request | | Limited objection on grounds of invasion of privacy because the document includes Mr. Fraser's home address and phone number. | Plaintiffs are amenable to discussing how to protect personally identifiable information not relevant to their claims, such as Mr. Fraser's home address and phone number, if they use this exhibit at trial. |
| 27 | 6/5/2014 | Pease, Dan | Garza, Josh | Email re Re: wire | | No objection | |
| 28 | 6/6/2014 | Garza, Josh | Garza, Josh | Email re Fwd: "Our Deal" | 255 | No objection | |
| 29 | 6/10/2014 | Moosajee, Shiraz | Garza, Josh | Email re Financial Plan - attaching DnJ Miner Corp - Income Statement & Balance Sheet - May 31, 2014.xls | 183 | This email attaches and discusses the income statement and balance sheet of "DnJ Miner Corp," which is not a party to this action.  Mr. Fraser objects to PX29 on grounds of relevance (FRE 403).<br><br>Shiraz Moosajee's email constitutes inadmissible hearsay, including with regard to the state of the financials and inventory accounting.  (FRE 802.)<br><br>To the extent Plaintiffs claim they are introducing this email for a reason other than the truth of Mr. Moosajee's statements, the exhibit is more prejudicial than probative (FRE 401/402/403).  Therehere is a high likelihood the jury will improperly assume the truth of these statements.  This email is not a one-off statement, but rather numerous statements included in a long, detailed email.  Thus, the prejudicial impact of Mr. Moosajee's statements, and the danger of confusion of issues and misleading the jury far outweighs any probative value of this email chain.  (FRE 401, 403.) | "DnJ Miner" was a corporate entity affiliated with GAW Miners.  See PX 27 (June 2014 email thread between Mr. Garza and Mr. Fraser wherein Mr. Garza asked Mr. Fraser to wire $150,000 to "DnJ Miner Corp" "for gaw miners.").  Mr. Fraser made the wire transfer.  The exhibit is therefore relevant to Mr. Fraser's financial relationship with GAW Miners and Mr. Garza, notwithstanding that it pre-dated the class period.<br>Mr. Moosajee's email is not hearsay because Plaintiffs do not intend to introduce it for the truth of its assertions.  Fed. R. Evid. 801(c)(2).<br>This exhibit is probative regarding Mr. Fraser's notice of the lack of financial controls and inventory accounting systems at GAW Miners as of June 2014.  Defendant does not explain which statements would be prejudicial to him, why they would be prejudicial, and why a "long, detailed email" would be prejudicial in particular.  Any risk of prejudice can be mitigated by a proper instruction to the jury.  In any event, Plaintiffs do not intend to review every single statement in the email at trial. |
| 30 | 6/12/2014 | | | JPMorgan Chase Original Advance of Debit | | Limited objection on grounds of invasion of privacy because the document includes Mr. Fraser's home address. | Plaintiffs are amenable to discussing how to protect personally identifiable information not relevant to their claims, such as Mr. Fraser's home address, if they use this exhibit at trial. |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 31 | 6/20/2014 | Fraser, Stuart | Garza, Josh | Email re RE: Chargeback notice: Case #CBXW00868_7HQV8DW (Reply by: 2014-07-01) | 242 | No objection | |
| 32 | 6/22/2014 | Garza, Josh | Fraser, Stuart | Email re Fraser/Garza Investment Deal | 47 | No objection | |
| 33 | 7/19/2014 | Fraser, Stuart | Garza, Josh | Email re Re: home | 195 | No objection | |
| 34 | 7/22/2014 | Fraser, Stuart | Garza, Josh | Email re AMEX PAYMENTS form my Bank Account | 163 | No objection | |
| 35 | 7/29/2014 | Garza, Josh | Fraser, Stuart | SMS message thread | 184 | No objection | |
| 36 | 7/29/2014 | Fraser, Stuart | Garza, Josh | SMS message thread | 185 | Mr. Fraser objects to this exhibit because it predates the class period and does not relate to the products at issue, and any probative value is outweighed by the potential prejudice to Mr. Fraser as a result of the reference to overselling, which in this case had to do with overpromising during an interview, not selling more Hashlets than there was Hardware available to support them (FRE 403/403). | Defendant's communications with Mr. Garza, including with respect to advice and guidance regarding GAW Miners business, is relevant to the issue of his control, authority, and role with respect to the company, notwithstanding that it pre-dated the class period. The reference to "oversell[ing]" does not present the risk of prejudice to Defendant that substantially outweights the probative value of the document. As Defendant notes, this exhibit, which is clearly dated, pre-dates the class period and the period in which Hashlets were available for sale. |
| 37 | 7/29/2014 | Fraser, Stuart | Garza, Josh | Email re next week. | | No objection | |
| 38 | 8/1/2014 | Garza, Josh | Fraser, Stuart | Email re Re: Domain name - BTC.com | | No objection | |
| 39 | 8/5/2014 | Garza, Josh | Moosajee, Shiraz | Email re Investors | | Mr. Garza's email, including his statement that he speaks for Stuart, is inadmissible hearsay (FRE 802). Dan Kelley's August 5, 2021, 11:21 a.m. email constitutes inadmissible hearsay, including with regard to the state of the financials and inventory systems. (FRE 802.) To the extent Plaintiffs claim they are introducing these emails for a reason other than the truth of these statements, the prejudicial impact of such statements far outweighs any probative value of his email. (FRE 401, 403.) | Mr. Garza's and Mr. Kelley's emails are not hearsay because Plaintiffs do not intend to introduce them for the truth of their assertions. Fed. R. Evid. 801(c)(2). This exhibit is probative regarding Mr. Fraser's continuing notice of the lack of financials or inventory systems at GAW Miners as of August 2014. Defendant does not explain which statements would be prejudicial to him or why they would be prejudicial. As with PX 29, any risk of prejudice can be mitigated by a proper instruction to the jury. |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 40 | 8/9/2014 | | | Archived version of the GAW Miners' website, http://gawminers.com/ | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list. To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | Plaintiffs made untimeliness objections to exhibits that were not produced by Defendant during discovery, **and which Plaintiffs otherwise had no reason to believe Defendant intended to rely on at trial.** Fed. R. Civ. P. 26. By contrast, both parties have used documents like PX 40 during this litigation and would reasonably expect that such documents would be relied upon at trial. *See* ECF No. 96-1 (Plaintiffs' declaration in support of their motion for class certification), ¶ 14 (attaching the "August 20, 2014 version of the webpage gawminers.com/hashlet taken from the Internet Archive (archive.org/web)"); ECF No. 107-1 (Defendant's declaration in support of his opposition to Plaintiffs' motion for class certification), ¶ 30 (attaching the "September 2, 2014 ZenCloud Terms of Service taken from archive.today"); *see also* ECF No. 141 (order granting class certification), at 43-44 (citing archived versions of GAW Miners product pages). Defendant has not articulated how he is prejudiced by the introduction of exhibits at trial that were previously cited in this litigation by one or both parties, or substantially similar documents to those exhibits. |
| 41 | 8/12/2014 | Fraser, Stuart | Garza, Josh | Email re Acess to GAWMiners sales | | No objection | |
| 42 | 8/12/2014 | Fraser, Stuart | Garza, Josh | SMS message thread | | No objection | |
| 43 | 8/13/2014 | | | Press Release re Geniuses at Work Corp Acquires Controlling Equity In ZenMiner for $8M | 241 | Mr. Fraser objects to PX43 for reasons specified in Mr. Fraser's motion *in limine* . | |
| 44 | 8/14/2014 | Fraser, Stuart | Fraser, Thomas | Email re Re: Geniuses at Work Corp Acquires Controlling Equity In ZenMiner for $8M | 158 | Mr. Fraser objects to PX44 for reasons specified in Mr. Fraser's motion *in limine* .<br><br>Thomas Fraser's statements constitute inadmissible hearsay (FRE 802). | Thomas Fraser's statements are not hearsay because Plaintiffs do not intend to introduce them, if they are introduced, for their truth. Fed. R. Evid. 801(c)(2). |
| 45 | 8/16/2014 | Fraser, Stuart | Lutnick, Howard; Kleckner, Jed | Email re Crazy Opening to our New Product! GAWMiners.com | 196 | No objection | |
| 46 | 8/17/2014 | Fraser, Stuart | Garza, Josh | Email re question | 197 | No objection | |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 47 | 8/18/2014 | | | Archived version of the "Hashlet" page from GAW Miners' website, www.gawminers.com/pages/hashlet | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list. To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | Plaintiffs made untimeliness objections to exhibits that were not produced by Defendant during discovery, **and which Plaintiffs otherwise had no reason to believe Defendant intended to rely on at trial.** Fed. R. Civ. P. 26.  By contrast, both parties have used documents like PX 47 during this litigation and would reasonably expect that such documents would be relied upon at trial.  *See*  ECF No. 96-1 (Plaintiffs' declaration in support of their motion for class certification), ¶ 14 (attaching the "August 20, 2014 version of the webpage gawminers.com/hashlet taken from the Internet Archive (archive.org/web)"); ECF No. 107-1 (Defendant's declaration in support of his opposition to Plaintiffs' motion for class certification), ¶ 30 (attaching the "September 2, 2014 ZenCloud Terms of Service taken from archive.today"); *see also*  ECF No. 141 (order granting class certification), at 43-44 (citing archived versions of GAW Miners product pages).  Defendant has not articulated how he is prejudiced by the introduction of exhibits at trial that were previously cited in this litigation by one or both parties, or substantially similar documents to those exhibits. |
| 48 | 8/19/2014 | | | Screenshots of the ZenCloud interface available at https://cryptomining-blog.com/3318-review-of-the-gaw-miners-hashlet-digital-cloud-miner/ | | The description of this exhibit does not comport with the exhibit itself to the extent that the exhibit includes a lengthy "review" of Hashlets in addition to the screenshots.  The review constitutes inadmissible hearsay (FRE 802) and neither the screenshots nor the review have been authenticated (FRE 901). | The exhibit is not hearsay.  Plaintiffs intend to offer the exhibit for nonhearsay purposes, including the fact that the representations about Hashlets in the article were being made and discussed publicly.  Fed. R. Evid. 801(c)(2). |
| 49 | 8/20/2014 | McLain, David | Garza, Josh | Email re Trademark | 199 | This email correspondence constitutes inadmissible hearsay (FRE 802)<br><br>To the extent Plaintiffs intend to use this document to show Mr. Fraser was copied on an email regarding GAW Miners, it is an incomplete document because it does not show when Mr. Fraser was added to the chain or by whom (FRE 106). | This email is not hearsay because Plaintiffs do not intend to introduce it for its truth.  Fed. R. Evid. 801(c)(2).  Regarding its "incomplete[ness]," Defendant has not identified why information regarding when he was added to the chain, or by whom, "in fairness ought to be considered at the same time," or what other writings or statements ought to be introduced at the same time.  Fed. R. Evid. 106. |
| 50 | 8/21/2014 | McLain, David | Fraser, Stuart | Email re Re: GAWMiners, etc al… | 198 | No objection | |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 51 | 8/26/2014 | | | Archived version of the "Hashlet" page from GAW Miners' website, www.gawminers.com/pages/hashlet | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list.  To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | Plaintiffs made untimeliness objections to exhibits that were not produced by Defendant during discovery, **and which Plaintiffs otherwise had no reason to believe Defendant intended to rely on at trial.** Fed. R. Civ. P. 26.  By contrast, both parties have used documents like PX 51 during this litigation and would reasonably expect that such documents would be relied upon at trial.  *See*  ECF No. 96-1 (Plaintiffs' declaration in support of their motion for class certification), ¶ 14 (attaching the "August 20, 2014 version of the webpage gawminers.com/hashlet taken from the Internet Archive (archive.org/web)"); ECF No. 107-1 (Defendant's declaration in support of his opposition to Plaintiffs' motion for class certification), ¶ 30 (attaching the "September 2, 2014 ZenCloud Terms of Service taken from archive.today"); *see also*  ECF No. 141 (order granting class certification), at 43-44 (citing archived versions of GAW Miners product pages).  Defendant has not articulated how he is prejudiced by the introduction of exhibits at trial that were previously cited in this litigation by one or both parties, or substantially similar documents to those exhibits. |
| 52 | 8/29/2014 | Fraser, Stuart | Garza, Josh | Email re Re: Check it | 186 | No objection | |
| 53 | 8/30/2014 | Garza, Josh | Fraser, Stuart | SMS message thread | | The statements by Mr. Garza are inadmissible hearsay (FRE 802).  In addition, any probative value of this email is outweighed by the danger of unfair prejudice to Mr. Fraser that could result from the jury thinking Mr. Fraser profited from his involvement in the Companies (FRE 403). | Mr. Garza's statements are not hearsay because Plaintiffs do not intend to introduce them for their truth.  Fed. R. Evid. 801(c)(2).  Defendant's argument regarding the danger of unfair prejudice has no basis in the exhibit, a message thread concerning GAW Miners' purported sales; it says or implies nothing about Defendant's financial involvement in GAW Miners. |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 54 | 9/4/2014 | | | Archived version of the "Hashlet" page from GAW Miners' website, www.gawminers.com/pages/hashlet | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list.  To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | Plaintiffs made untimeliness objections to exhibits that were not produced by Defendant during discovery, **and which Plaintiffs otherwise had no reason to believe Defendant intended to rely on at trial.** Fed. R. Civ. P. 26.  By contrast, both parties have used documents like PX 54 during this litigation and would reasonably expect that such documents would be relied upon at trial.  *See*  ECF No. 96-1 (Plaintiffs' declaration in support of their motion for class certification), ¶ 14 (attaching the "August 20, 2014 version of the webpage gawminers.com/hashlet taken from the Internet Archive (archive.org/web)"); ECF No. 107-1 (Defendant's declaration in support of his opposition to Plaintiffs' motion for class certification), ¶ 30 (attaching the "September 2, 2014 ZenCloud Terms of Service taken from archive.today"); *see also*  ECF No. 141 (order granting class certification), at 43-44 (citing archived versions of GAW Miners product pages).  Defendant has not articulated how he is prejudiced by the introduction of exhibits at trial that were previously cited in this litigation by one or both parties, or substantially similar documents to those exhibits, or substantially similar documents to those exhibits. |
| 55 | 9/5/2014 | | | Archived version of the "Hashlet Solo" page from GAW Miners' website, http://gawminers.com/pages/hashlet-solo | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list.  To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | See above |
| 56 | 9/5/2014 | | | Archived version of the "Hashlet Prime" page from GAW Miners' website, http://gawminers.com:80/pages/hashletprime/ | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list.  To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | See above |
| 57 | 9/7/2014 | | | Archived version of the "Hashlet" page from GAW Miners' website, www.gawminers.com/pages/hashlet | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list.  To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | See above |
| 58 | 9/7/2014 | | | Archived version of the "Hashlet Genesis" page from GAW Miners' website, http://gawminers.com:80/pages/hashletgenesis | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list.  To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | See above |
| 59 | 9/10/2014 | McLain, David | Fraser, Stuart | Email re Re: GAWMiners | 54 | No objection | |
| 60 | 9/12/2014 | McLain, David | Fraser, Stuart | Email re Re: GAWMiners | 56 | Mr. McLain's email to Mr. Fraser is inadmissible hearsay (FRE 802). | Mr. McClain's email is not hearsay.  Plaintiffs intend to offer the exhibit for nonhearsay purposes, including the fact of the communications therein.  Fed. R. Evid. 801(c)(2). |
| 61 | 9/13/2014 | Fraser, Stuart | Garza, Josh | SMS message thread | 165 | No objection | |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 62 | 9/14/2014 | Garza, Josh | Eden, Matthew | Email re Offer of Employment | 1 | No objection | |
| 63 | 10/1/2014 | Trowbridge, Christopher | McLain, David | Email re Engagement Agreement for GAW Miners | 49 | The statement as to Mr. Fraser's ownership of GAW Miners is inadmissible hearsay (FRE 802).  What a third party, who is neither a witness nor otherwise related to this case, says about Mr. Fraser's ownership of GAW Miners, is not probative of the issue; even if probative, it is highly prejudicial and misleading (FRE 401/402, 403).

Nor have Plaintiffs provided any foundation for these statements (FRE 901).  Mr. McLain's deposition testimony does not provide that foundation either:
Q Did you tell Mr. Trowbridge that Mr. Fraser was a 50 percent owner of GAW Miners?
A I don't know for sure what I told Mr. Trowbridge. But, I mean, again, in the beginning, we thought all companies were going to be that way, like they were in the past.
Q Do you know why, do you know why Mr. Trowbridge -- well, strike that. Can you think of any way that Mr. Trowbridge would have come to believe that Mr. Fraser was a 50 percent owner, other than you telling Mr. Trowbridge that Mr. Fraser was a 50 percent owner?
MS. CAVE: Objection to the form.
THE WITNESS: No. I don't know.
(McLain Dep. Tr. 57:10-24)

The remainder of the email is not relevant at all and therefore inadmissible.  (FRE 401/402)

Plaintiffs have not designated any testimony to authenticate this document (FRE 901) | The email in question is not hearsay because Plaintiffs do not intend to introduce it for the truth of its assertions. Fed. R. Evid. 801(c)(2).
As to relevance, this exhibit is probative regarding Mr. Fraser's ownership stake in GAW Miners.  The exhibit demonstrates the belief of its author, Christopher Trowbridge—an attorney who had prepared an engagement letter to represent GAW Miners—that Mr. Fraser was a 50% owner of GAW Miners as of October 2014. As Defendant notes, Mr. McClain, who acted as counsel for GAW Miners during this period (and, at other points, for Mr. Fraser personally), testified that there was no way (or he was not aware of any way) Mr. Trowbridge could have come to believe that Mr. Fraser was a 50% owner of GAW Miners besides his conversations with Mr. McClain—GAW Miners' lawyer.  See Dep. of David McClain 57:16-24.  Separately, this exhibit (including the "remainder" of it) is probative regarding Defendant's role in GAW Miners; a lawyer whom the company planned to retain—whose only knowledge about the company came from Mr. McClain—planned to send the engagement letter between his firm and GAW Miners to both Josh Garza and to Mr. Fraser.
Defendant does not offer any explanation why this exhibit is "highly prejudicial and misleading."
Regarding authentication, Mr. McClain produced this email to Defendant pursuant to a subpoena and thereafter confirmed its authenticity by answering questions about it during his deposition.  Dep. of David McClain 56:23-57:2. |
| 64 | 10/11/2014 | Garza, Josh | Pease, Dan; McLain, David; Dunlevy, Juliette; Fraser, Stuart | Email re Re: Merchant Services Update | 188 | This email exchange is inadmissible hearsay (FRE 802).

In addition, this exchange is incomplete in that it is not clear from this document when Mr. Fraser was added to the chain or by whom (FRE 106). GAW00636739 makes clear that he was not included on the initial email from Mr. Pease to Mr. Garza. | This exhibit is not hearsay.  Plaintiffs intend to offer the exhibit for nonhearsay purposes, including the fact of the communications therein. Fed. R. Evid. 801(c)(2).

Regarding its "incomplete[ness]," Defendant has not identified why information regarding when he was added to the chain, or by whom, "in fairness ought to be considered at the same time," or what other writings or statements ought to be introduced at the same time. Fed. R. Evid. 106. |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 65 | 10/21/2014 | | | Archived version of the "ZenCloud FAQ" page from GAW Miners' website, www.gawminers.com/pages/zencloud-faq | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list.  To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | Plaintiffs made untimeliness objections to exhibits that were not produced by Defendant during discovery, **and which Plaintiffs otherwise had no reason to believe Defendant intended to rely on at trial.** Fed. R. Civ. P. 26.  By contrast, both parties have used documents like PX 65 during this litigation and would reasonably expect that such documents would be relied upon at trial.  *See*  ECF No. 96-1 (Plaintiffs' declaration in support of their motion for class certification), ¶ 14 (attaching the "August 20, 2014 version of the webpage gawminers.com/hashlet taken from the Internet Archive (archive.org/web)"); ECF No. 107-1 (Defendant's declaration in support of his opposition to Plaintiffs' motion for class certification), ¶ 30 (attaching the "September 2, 2014 ZenCloud Terms of Service taken from archive.today"); *see also*  ECF No. 141 (order granting class certification), at 43-44 (citing archived versions of GAW Miners product pages).  Defendant has not articulated how he is prejudiced by the introduction of exhibits at trial that were previously cited in this litigation by one or both parties, or substantially similar documents to those exhibits, or substantially similar documents to those exhibits. |
| 66 | 10/29/2014 | Fraser, Thomas | Fraser, Stuart | Email re The Next Steps in Project Prime:  HashPool and HashCoin | 79 | No objection | |
| 67 | 10/31/2014 | Fraser, Stuart | Garza, Josh | Message thread re "At the W." | 200 | The messages prior to "Howard is supportive" are not probative of any issue in this case (FRE 401) and are highly prejudicial to Mr. Fraser (FRE 403).  They are also inadmissible hearsay (FRE 802). | Plaintiffs are amenable to discussing ways to exclude certain parts of this exhibit from presentation to the jury.   However, Plaintiffs dispute that parts of the message are not relevant or are inadmissible hearsay, particularly Mr. Fraser's own statements. Fed. R. Evid. 801(d)(2)(A). |
| 68 | 11/7/2014 | Garza, Josh | Fraser, Stuart | Email re Twitter | 166 | No objection | |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 69 | 11/9/2014 | | | Archived version of the "Hashlet Solo" page from GAW Miners' website, www.gawminers.com/pages/hashlet-solo | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list.  To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | Plaintiffs made untimeliness objections to exhibits that were not produced by Defendant during discovery, **and which Plaintiffs otherwise had no reason to believe Defendant intended to rely on at trial.** Fed. R. Civ. P. 26.  By contrast, both parties have used documents like PX 69 during this litigation and would reasonably expect that such documents would be relied upon at trial.  *See*  ECF No. 96-1 (Plaintiffs' declaration in support of their motion for class certification), ¶ 14 (attaching the "August 20, 2014 version of the webpage gawminers.com/hashlet taken from the Internet Archive (archive.org/web)"); ECF No. 107-1 (Defendant's declaration in support of his opposition to Plaintiffs' motion for class certification), ¶ 30 (attaching the "September 2, 2014 ZenCloud Terms of Service taken from archive.today"); *see also*  ECF No. 141 (order granting class certification), at 43-44 (citing archived versions of GAW Miners product pages).  Defendant has not articulated how he is prejudiced by the introduction of exhibits at trial that were previously cited in this litigation by one or both parties, or substantially similar documents to those exhibits, or substantially similar documents to those exhibits. |
| 70 | 11/9/2014 | | | Archived version of the Hash Coin website, https://hashcoin.com/ | | Description does not adequately make clear that this is just a screenshot of a portion of the Hash Coin website.<br><br>Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list.  To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | Regarding timeliness, see above.  To the extent Defendant objects to Plaintiffs' description of the document on the exhibit list, and not to the exhibit itself, no response is required. |
| 72 | 11/17/2014 | Messer, Amber | Garza, Josh | Email re White Paper | 144 | This email and attachment constitute inadmissible hearsay (FRE 802).<br><br>The attachment is not authenticated (FRE 901). | The email is not hearsay because it was made by Defendant's co-conspirator (GAW Miners, acting through an agent and employee, Amber Messer) during and in furtherance of Defendant's and GAW Miners' conspiracy regarding Paycoin.  Fed. R. Evid. 801(d)(2)(E).  The attachment is not hearsay because Plaintiffs do not intend to offer it, if it is offered, for its truth.  Fed. R. Evid. 801(c)(2).<br><br>Ms. Capuano (as Ms. Messer became known) authenticated this exhibit through deposition testimony, which Defendant has designated.  *See*  Deposition of Amber Capuano 43:11-25. |
| 73 | 11/17/2014 | Beja, Samantha | Garza, Josh | Email re RE: Advise - Per Stuart Fraser's recommendation | 238 | This email is cumulative of PX71 (FRE 403). | Plaintiffs have removed PX 71. |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 74 | 11/18/2014 | Fraser, Stuart | Messer, Amber; Fraser, Samantha; Fraser, Thomas | Email re White Paper | 80 | No objection | |
| 75 | 11/18/2014 | Messer, Amber | | Email re Josh Garza, CEO of GAW miners meeting at Cantor Fitzgerald | 142 | No objection | |
| 76 | 11/18/2014 | Messer, Amber | Ficarro, Jim | Email re White Paper - HashCoin | 146 | This email and attachment constitute inadmissible hearsay (FRE 802). The attachment is not authenticated (FRE 901). | This exhibit is not hearsay. Plaintiffs intend to offer the email and attachment for nonhearsay purposes, including the fact of the communications. Fed. R. Evid. 801(c)(2). |
| 77 | 11/19/2014 | Fraser, Stuart | Garza, Josh; McLain, David | Email re Fwd: Document 1 | 239 | No objection | |
| 78 | 11/20/2014 | Garza, Josh | Wise, Harrison | Email re Stuart will talk to him | 167 | No objection | |
| 79 | 11/21/2014 | Wise, Harrison | Garza, Josh | Email re Stuart and ICO Release | 149 | No objection | |
| 80 | 11/21/2014 | Fraser, Stuart | Garza, Josh | Email re RE: ICO/Paycoin release draft - Please Review | 169 | No objection | |
| 81 | 11/24/2014 | | | Press Release re GAW Miners Announces Plans for Initial Coin Offering | | No objection | |
| 82 | 11/25/2014 | | | Michael Casey, BitBeat: GAW Miners to Launch Bitcoin Challenger, Paycoin, Wall Street Journal | 93 | No objection | |
| 83 | 11/25/2014 | Sarracino, Christina | Messer, Amber; Gogol, Christian; Wise, Harrison; Lindenberger, Michael; McCartney, John | Email re Coverage in the WSJ - 'BitBeat: GAW Miners to Launch Bitcoin Challenger, Paycoin' | 148 | No objection | |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 84 | 11/26/2014 | Casey, Michael J. | Garza, Josh | Email re We need to do a follow-up on these allegations of fraud | 168 | Mr. Casey's emails constitute inadmissible hearsay (FRE 802). Mr. Casey's allegations of fraud are also unfairly prejudicial to Mr. Fraser and would be misleading to a jury because these allegations are just that – allegations; these have not been independently verified; and are lacking in foundation (FRE 403, 602). | This exhibit is not hearsay.  Plaintiffs intend to offer the emails for nonhearsay purposes, including the recipients' notice of allegations of fraud.  Fed. R. Evid. 801(c)(2).  The exhibit is not unfairly prejudicial.  Mr. Casey's email states, repeatedly, that he is conveying **allegations** to Mr. Garza and Mr. Fraser so that they may address them.  In that regard, there is nothing misleading about the exhibit.  In any event, any risk of prejudice is substantially outweighed by the probative value of the exhibit regarding the recipients' notice of fraud allegations.  Defendant's Rule 602 / foundation objection is misplaced because Plaintiffs are not offering the email to prove the truth of the allegations repeated therein. |
| 85 | 11/26/2014 | Kelley, Dan | Garza, Josh; Fraser, Stuart | Email re Follow up from CF meeting | 201 | No objection | |
| 86 | 11/28/2014 | Abramov, Rami | Eden, Matthew | Email re Fwd: The HashStaker is Here | 4 | This email and attachment constitute inadmissible hearsay (FRE 802). Any probative value of this document is outweighed by the danger of unfair prejudice to Mr. Fraser because this email, on its face, is a draft document that was subject to further internal review, and not a statement sent to class members on which they might have relied in purchasing HashStakers (FRE 403). | This exhibit is not hearsay.  Plaintiffs intend to offer the email for nonhearsay purposes, including for the fact of the representations made by GAW Miners in the email text in question (as evidence by Madeline Eden's corresponding deposition testimony that some of the representations were incorrect).  Fed. R. Evid. 801(c)(2).  The danger of unfair prejudice, if any, is slight: the exhibit "on its face" is a draft document, not a document sent out in this form to class members. |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 87 | 12/1/2014 | | | Michael Casey, BitBeat: Under Fire, GAW Miners' CEO Garza Takes on His Critics, Wall Street Journal, https://www.wsj.com/articles/BL-MBB-30211 | | This article constitutes inadmissible hearsay (FRE 802).

The article contains allegations of fraud, which are unfairly prejudicial to Mr. Fraser and would be misleading to a jury because these allegations are just that – allegations; these have not been independently verified; and are lacking in foundation (FRE 403, 602).

The paragraph that begins, "[a]s for the charge that GAW is a Ponzi scheme" lacks probative value (FRE 401) and is unfairly prejudicial to Mr. Fraser (FRE 403) because it is a statement by Mr. Garza about Mr. Fraser without Mr. Fraser's involvement or consent. | This exhibit is not hearsay.  Plaintiffs intend to offer the article for nonhearsay purposes, including the fact of Mr. Garza's representations about GAW Miners.  Fed. R. Evid. 801(c)(2).

The exhibit is not unfairly prejudicial. As with Mr. Casey's email, the article states that it is relaying allegations about GAW Miners and the company's response to those allegations.  In that regard, there is nothing misleading about the exhibit.  In any event, any risk of prejudice is substantially outweighed by the probative value of the exhibit.

Regarding Defendant's third objection, Mr. Fraser testified to the SEC that he was aware of this article and the fact that Mr. Garza invoked Mr. Fraser as evidence that GAW Miners was not a Ponzi scheme.  See SEC Dep. of Stuart Fraser 246:1-13.  Accordingly, the article is probative of Mr. Fraser's awareness of public accusations that GAW Miners was a Ponzi scheme and that GAW Miners, through Mr. Garza, was invoking Mr. Fraser's name in connection with those accusations.  It is not clear why Mr. Fraser's purported non-involvement and non-consent in Mr. Garza's statements at issue render this exhibit prejudicial to him. |
| 88 | 12/2/2014 | | | Archived version of the "Buy HashStaker" page from GAW Miners' website, www.gawminers.com/pages/buy-hashstaker | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list.  To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | Plaintiffs made untimeliness objections to exhibits that were not produced by Defendant during discovery, and which Plaintiffs otherwise had no reason to believe Defendant intended to rely on at trial. Fed. R. Civ. P. 26.  By contrast, both parties have used documents like PX 88 during this litigation and would reasonably expect that such documents would be relied upon at trial.  See ECF No. 96-1 (Plaintiffs' declaration in support of their motion for class certification), ¶ 14 (attaching the "August 20, 2014 version of the webpage gawminers.com/hashlet taken from the Internet Archive (archive.org/web)"); ECF No. 107-1 (Defendant's declaration in support of his opposition to Plaintiffs' motion for class certification), ¶ 30 (attaching the "September 2, 2014 ZenCloud Terms of Service taken from archive.today"); see also ECF No. 141 (order granting class certification), at 43-44 (citing archived versions of GAW Miners product pages).  Defendant has not articulated how he is prejudiced by the introduction of exhibits at trial that were previously cited in this litigation by one or both parties, or substantially similar documents to those exhibits, or substantially similar documents to those exhibits. |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 89 | 12/3/2014 | | | Archived version of the "HashStaker" page from GAW Miners' website, www.gawminers.com/pages/hashstaker | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list. To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | See above |
| 90 | 12/7/2014 | Garza, Josh | Fraser, Stuart | Email re Re: GoCoin Investment (offline) | 172 | Plaintiffs' counsel has informed us that this was intended to be Dep. Ex. 172.<br><br>No objection. | |
| 91 | 12/9/2014 | Fraser, Stuart | Garza, Josh | Email re GoCoin | 173 | No objection. | |
| 92 | 12/11/2014 | | | GoCoin LLC Convertible Promissory Note Purchase Agreement - Bridge Financing | 51 | The document is not authenticated (FRE 901).<br><br>Correspondence from GoCoin from December 18, 2014 indicates that this document was not in fact used; rather a version of the GoCoin agreement that Garza signed was used. See Dec. 18, 2014 B. Garvey (GoCoin) email to A. Messer (Garza's Personal Assistant), et al., re "Follow up" (GAW00166353) (Garvey attaches "the final documentation," which includes the GoCoin LLC Convertible Promissory Note Purchase Agreement, signed by Garza). Consistent with the foregoing, PX92 is not fully executed. Using an unauthenticated, what appears to be a draft agreement that was not used, is unfairly prejudicial to Mr. Fraser (FRE 403). | PX 92 was **produced by David McClain, who served at the time as counsel for GAW Miners (and before and after his engagement with GAW Miners, as an attorney for Mr. Fraser), in response to a subpoena from Mr. Fraser.** Additionally, as Mr. Fraser's objection acknowledges, PX 92 is sufficiently similar to other versions of this agreement (including versions on Defendant's exhibit list) to establish that PX 92 is what is Plaintiffs claim it to be—a draft version of the GoCoin LLC Convertible Promissory Note Purchase Agreement. See also Fed. R. Evid. 901(4).<br><br>The exhibit is not unfairly prejudicial to Mr. Fraser. The document is probative notwithstanding that it "appears to be a draft agreement" because of what it tends to show about Mr. Fraser's relationship to, and within, GAW Miners as of December 2014 and his willingness to act on the company's behalf. Defendant fails to explain what would be unfairly prejudicial about the introduction of this exhibit. |
| 93 | 12/15/2014 | Fraser, Stuart | Kleckner, Jed; Fraser, Thomas; Fraser, Scott; and Lutnick, Howard | Email re Paycoin trading ahead of ICO! | 82 | No objection | |
| 94 | 12/16/2014 | Fraser, Stuart | Garza, Josh | Email re when | | No objection | |
| 95 | 12/17/2014 | | | Archived version of the Paycoin website, http://www.paycoin.com/ | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list. To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery.<br><br>Description does not adequately make clear that this is just a screenshot of a portion of the Paycoin website, not the entire website. | Regarding timeliness, see Plaintiffs' Response to Defendant's Objection to PX 88. To the extent Defendant objects to Plaintiffs' description of the document on the exhibit list, and not to the exhibit itself, no response is required. |
| 96 | 12/19/2014 | Garza, Josh | Kelley, Dan | Email re Re: I had a dream | 232 | This email chain constitutes inadmissible hearsay (FRE 802). | This exhibit is not hearsay. Plaintiffs intend to offer the email thread for nonhearsay purposes, including the participants' state of mind and notice regarding issues with GAW Miners' representations regarding Paycoin. Fed. R. Evid. 801(c)(2). |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|----|------|------|-----|------------|------|------------------------|----------------------------------------------|
| 97 | 12/20/2014 | Gogol, Christian | Eden, Matthew; Garza, Josh | Email re Screen Shots/HashStaker Expiration | 5 | Email does not appear to have any relevance (FRE 401). | Plaintiffs designated a portion of Madeline Eden's deposition testimony (Dep. of Madeline Eden 121:2-124:16) in which Ms. Eden refers to this exhibit in the course of discussing and explaining HashStakers, one of the four products at issue in this case. |
| 98 | 12/24/2014 | Fraser, Stuart | Garza, Josh | SMS message thread | 191 | No objection | |
| 99 | 12/29/2014 | | | Archived version of the "HashStaker" page from GAW Miners' website, http://www.gawminers.com:80/pages/hashstaker | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list.  To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | Plaintiffs made untimeliness objections to exhibits that were not produced by Defendant during discovery, **and which Plaintiffs otherwise had no reason to believe Defendant intended to rely on at trial.** Fed. R. Civ. P. 26.  By contrast, both parties have used documents like PX 99 during this litigation and would reasonably expect that such documents would be relied upon at trial.  *See*  ECF No. 96-1 (Plaintiffs' declaration in support of their motion for class certification), ¶ 14 (attaching the "August 20, 2014 version of the webpage gawminers.com/hashlet taken from the Internet Archive (archive.org/web)"); ECF No. 107-1 (Defendant's declaration in support of his opposition to Plaintiffs' motion for class certification), ¶ 30 (attaching the "September 2, 2014 ZenCloud Terms of Service taken from archive.today"); *see also*  ECF No. 141 (order granting class certification), at 43-44 (citing archived versions of GAW Miners product pages).   Defendant has not articulated how he is prejudiced by the introduction of exhibits at trial that were previously cited in this litigation by one or both parties, or substantially similar documents to those exhibits, or substantially similar documents to those exhibits. |
| 100 | 12/29/2014 | | | Archived version of the "Buy HashStaker" page from GAW Miners' website, http://www.gawminers.com:80/pages/buyhashstaker#preparation | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list.  To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | See above |
| 101 | 12/30/2014 | McLain, David | Messer, Amber | Email re GAW Miners, LLC Operating Agreement | 50 | No objection | |
| 102 | 12/31/2014 | | | Archived version of the Paybase website, https://www.paybase.com/ | | Plaintiffs have lodged a timeliness objection to similar exhibits on Defendant's exhibit list.  To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | See above |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 103 | 1/5/2015 | | | Diana Ngo, Altcoins Dropping Off Coin-Swap in Boycott Against GAW Miners, CoinTelegraph, https://cointelegraph.com/news/altcoins-dropping-off-coin-swap-in-boycott-against-gawminers | | This article constitutes inadmissible hearsay (FRE 802). Nor is it an authenticated document (FRE 901). Any probative value of the article is outweighed by the danger of unfair prejudice to Mr. Fraser and misleading the jury because the article contains a third party's unverified allegations of "dubious" claims by GAW Miners and GAW Miners being a "bad actor".  (FRE 403) | The statements in this exhibit are not hearsay.  Plaintiffs intend to offer the exhibit for nonhearsay purposes, including the fact that the representations about Paycoin and Paybase reported and discussed in the article were being publicly made and discussed. Fed. R. Evid. 801(c)(2). The probative value of the exhibit is not outweighed by the danger of unfair prejudice.  The article (accurately) reports on the allegations against GAW Miners with respect to its representations about Paycoin. Moreover, the exhibit makes clear that it is reporting on "allegations" against GAW Miners, rather than established facts.  If necessary, the jury can be instructed that this document is not being offered for the truth of the statements and allegations within it. |
| 104 | 1/7/2015 | | | Stan Higgins, GAW Miners and the Disappearing $20 Paycoin Floor, https://www.coindesk.com/gaw-miners-paycoin-disappearing-20-floor | | This article constitutes inadmissible hearsay, including purported statements by GAWCEO and statements regarding whether Paycoin is "centralized" as compared to the "decentralized" network of Bitcoin (FRE 802). The article, including the screenshots of various Internet posts contained within the article, have not been authenticated (FRE 901). Any probative value of the article is outweighed by the danger of unfair prejudice to Mr. Fraser and misleading the jury because the article contains a third party's allegations and arguments regarding the $20 floor (FRE 403) | The statements in this exhibit are not hearsay.  Plaintiffs intend to offer the exhibit for nonhearsay purposes, including the fact that the representations about Paycoin and Paybase reported and discussed in the article were being publicly made and discussed. Fed. R. Evid. 801(c)(2). The probative value of the exhibit is not outweighed by the danger of unfair prejudice.  The article (accurately) reports on the allegations against GAW Miners with respect to its representations about Paycoin. Moreover, the exhibit makes clear that it is reporting on "accusations" against GAW Miners (and the "debate" over the company's statements), rather than established facts.  If necessary, the jury can be instructed that this document is not being offered for the truth of the statements and allegations within it. |
| 105 | 1/16/2015 | | | Table re Paycoins - Records from paycoins table for Plaintiffs' accounts | 208 | PX105 is an excerpt of the ZenCloud database produced to Mr. Fraser by Plaintiffs' counsel (with the column for Plaintiff's name added by Mr. Fraser's counsel).  The reliability of the ZenCloud database is a disputed issue between the parties.  The Court has deferred resolution of that issue until after the liability trial, if needed.  Mr. Fraser responds to PX105 on grounds of lack of authentication, unreliability and unfair prejudice (FRE 901, 403). | Mr. Audet is familiar with his own purchase history and can testify regarding his purchases, including to the extent they are consistent with records produced from the ZenCloud database. Defendant offers no specific explanation of the unfair prejudice from this document. |
| 106 | 1/18/2015 | Mordica, Joe | Kelley, Dan | Email re Tonight's Issue | 23 | This email exchange constitutes inadmissible hearsay (FRE 802). | This email exchange is not hearsay because Plaintiffs do not intend to introduce it for the truth of its assertions.  Fed. R. Evid. 801(c)(2). Additionally, Defendant has designated the portion of Mr. Mordica's deposition concerning this exhibit.  See Deposition of Joe Mordica 108:11-22, 112:8-11.  For that reason, the exhibit itself ought in fairness to be considered at the same time.  See Fed. R. Evid. 106. |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 107 | 1/20/2015 | Mordica, Joe | Garza, Josh | Email re Re: XPY | 24 | This email exchange constitutes inadmissible hearsay (FRE 802). | This exhibit is not hearsay. Plaintiffs intend to offer the email thread for nonhearsay purposes, including the fact of the communications about Paycoin. Fed. R. Evid. 801(c)(2). |
| 109 | 2/26/2015 | Dorman, Jonah | Garza, Josh | Email re RE: Winding Down | | This email constitutes inadmissible hearsay, including Mr. Dorman's reference to Mr. Fraser and Josh Garza as the "companies [sic] officers" (FRE 802).<br><br>This email is also confusing and unfairly prejudicial because Mr. Dorman is speaking about several GAW companies and the GAW "conglomerate" generally without specifying a particular company, so any references to "officers" and "ownership" are non-specific, potentially misleading and confusing (FRE 403).<br><br>In addition, Mr. Fraser is not a recipient or sender of the email and did not approve this email or its content. Therefore, its use is unfairly prejudicial to him (FRE 403).<br><br>Plaintiffs lack personal knowledge of this exhibit. They are not a participant in the email correspondence reflected in the document, and have not designated deposition testimony that lays foundation for this document (FRE 104(a), FRE 602). | This email exchange is not hearsay for multiple reasons. First, Plaintiffs do not intend to introduce it for the truth of its assertions. Fed. R. Evid. 801(c)(2). The email is probative regarding the beliefs of GAW Miners' then-Interim CEO, Jonah Dorman, with respect to Mr. Fraser's ownership of GAW Miners and related entities and his role within them as an officer; the beliefs of employees regarding whether someone is a corporate officer are probative of whether that person exercised authority or control over the employees' company. Second, Mr. Dorman's statements are those of a coconspirator (GAW Miners, acting through an agent and employee, Amber Messer) during and in furtherance of Defendant's and GAW Miners' conspiracy regarding the products at issue in the case. Fed. R. Evid. 801(d)(2)(E).<br><br>Regarding Defendant's objection as to which entities are being referred to, the email thread makes clear that Mr. Dorman and the other participants in the exchange are discussing GAW Miners and ZenMiner. See PX 109 at 3-4 (Mr. Garza, in discussing "winding things down," referring to GAW Miners-related tasks); id. at 1 (Mr. Dorman referring to users waiving claims against "the companies officers (Josh and Stuart) personally in exchange for continued use of the services and a service credit to the new or continued platform," which platforms can only be related to GAW Miners).<br><br>Defendant offers no support for his argument that any document he did not "approve," but which refers to him, is "unfairly prejudicial." |
| 110 | 4/9/2015 | McLain, David | Fraser, Stuart | Email re Stu Car | 202 | No objection | |
| 112 | 5/14/2015 | | | Chase Online Wire Activity | | No objection | |
| 113 | 5/20/2015 | Marcelino, Juan Marcel | Lundgren, Gretchen; Shields, Kathy | Letter re In the Matter of GAW Miners, LLC (B-02979) | | PX113 is cumulative of PX111.<br><br>Mr. Fraser also objects to PX113 on grounds of invasion of privacy because the document includes a private phone number and account number information. This information should be redacted. | Plaintiffs have removed PX 111. Plaintiffs are amenable to discussing how to protect personally identifiable information not relevant to their claims, such as Mr. Fraser's phone number and account number information, if they use this exhibit at trial. |
| 115 | 9/25/2015 | Pfeiffer, Michael | craig@zoomhash.com | Email re Seeking recognition as a beta investor in zoomhash cloud mining | 88 | No objection | |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|----|------|------|----|-------------|---------------------|------------------------|----------------------------------------------|
| 116 | 12/1/2015 | | | Complaint in Securities and Exchanges Commission v Garza, Complaint, SEC v. Garza, 3:15-cv-01760 | | This complaint, from another proceeding, constitutes inadmissible hearsay (FRE 802). The admission of this complaint into evidence will also be unfairly prejudicial to Mr. Fraser because it contains the SEC's allegations as to the very fraud at issue here, including the SEC's allegation that Hashlets are securities (FRE 403). | Plaintiffs are not seeking to introduce this exhibit for the truth of its assertions.  Fed. R. Evid. 801(c)(2).  In addition, Plaintiffs note that this exhibit is also on Defendant's exhibit list (see DX 677). Plaintiffs note that this exhibit is also on Defendant's exhibit list (see DX 677), along with three other filings from the SEC action.  Some of these filings are predicated on the fact that Hashlets constitute securities.  See, e.g., DX 692 (Final Judgment as to Defendant Homero Joshua Garza, in SEC v. Garza et al., 15-cv-01760), at 3-4 (permanently restraining and enjoining Mr. Garza from further violations of Section 5 of the Securities Act, which prohibits the sale of securities without a registration statement).  Regardless, any prejudice that might result from the introduction of this exhibit can be addressed through an appropriate instruction to the jury that PX 116 / DX 677 represents the SEC's allegations against Mr. Garza and the Companies. |
| 117 | 1/1/2016 | | | Arvind Narayanan et al., Bitcoin and Cryptocurrency Technologies: A Comprehensive Introduction | 223 | This book is inadmissible hearsay (FRE 802). Admitting this document also is unfairly prejudicial to Mr. Fraser given that the author is Plaintiffs' expert (FRE 403). To the extent the book is admitted, it should not bear the sticker on the first page showing the book on loan to defense counsel. | Plaintiffs are introducing this exhibit for the nonhearsay purpose of establishing Mr. Narayanan's credentials in the field.  Defendant does not explain how it is unfairly prejudicial when used for that purpose. Plaintiffs are amenable to introducing a copy of this exhibit without the sticker on the first page showing the book on loan to defense counsel, if they seek to introduce it at trial. |
| 118 | 6/15/2016 | | | Plaintiffs' Certifications | 96 | Plaintiffs' own certifications are inadmissible hearsay (FRE 802). | |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 119 | 7/20/2017 | Garza, Josh; Peerce, Marjorie; Pierpont, Hon. John T. | | Plea Agreement Letter | 19 | For the reasons discussed in his motion *in limine* , Mr. Fraser objects to portions of this document that refer to GAW Miners' acquisition of ZenMiner (see Paragraph 5, page 9 of 11).<br><br>Mr. Fraser objects to Paragraph 6 (page 10 of 11).  The reference to "defendant along with others …" is vague and unfairly prejudicial to Mr. Fraser (FRE 403). It also constitutes inadmissible hearsay (FRE 802). | This exhibit falls within the hearsay exception for evidence of a final judgment of conviction.  Mr. Garza pleaded guilty to a felony, and the relevant portion of this exhibit (the "Stipulation of Offense Conduct") consists of facts—including the facts in Paragraph 6 regarding how GAW Miners made payouts to its Hashlets investors—that were essential to Mr. Garza's plea of guilty and the subsequent judgment of conviction.  *See*  Fed. R. Evid. 803(22); *Am. Int'l Specialty Lines Ins. Co. v. Towers Fin. Corp.* , 1997 WL 906427, at *4 n.7 (S.D.N.Y. Sept. 12, 1997) (collecting cases regarding the admissibility of such statements in later civil proceedings).<br><br>The quoted language in Paragraph 6 is not vague; it simply does not identify the "others."  Nor is it unfairly prejudicial to Mr. Fraser.  It does not unfairly suggest Mr. Fraser as one of the (multiple) "others."  And in any case, Mr. Fraser will have the opportunity to testify about his participation or non-participation in the Companies' payments to Hashlet investors. |
| 120 | 8/19/2017 | | | Garza Change of Plea Hearing Transcript | 253 | For the reasons discussed in his motion in limine, Mr. Fraser objects to Plaintiffs relying on or presenting or adducing evidence regarding GAW Miners' partnership with or acquisition of ZenMiner (see, e.g., Tr. at 44:4-17).  Mr. Fraser also objects to the transcript at 45:4-9.  The reference to "Defendant along with others…" is vague and unfairly prejudicial to Mr. Fraser (FRE 403).  It also constitutes inadmissible hearsay (FRE 802). | *See*  Plaintiffs' Response to Defendant's Objection to PX 119. |
| 121 | 6/1/2018 | | | Defendant Stuart A. Fraser's Response to Plaintiffs' First set of Interrogatories to Stuart Fraser | 155 | Mr. Fraser objects to the portions of this document that are legal in nature as opposed to substantive, factual responses, e.g., legal objections.  These portions of the document will be confusing for the jury (FRE 403). | Plaintiffs do not intend to introduce Mr. Fraser's legal objections. |
| 122 | 8/9/2018 | | | Table re Zencloud MySQL Dump (D. Audet) | 207 | PX122 is an excerpt of the ZenCloud database produced to Mr. Fraser by Plaintiffs' counsel (with the column for Plaintiff's name added by Mr. Fraser's counsel).  The reliability of the ZenCloud database is a disputed issue between the parties.  The Court has deferred resolution of that issue until after the liability trial, if needed.  Mr. Fraser responds to PX122 on grounds of lack of authentication, unreliability and unfair prejudice (FRE 901, 403). | Mr. Audet is familiar with his own purchase history and can testify regarding his purchases, including to the extent they are consistent with records produced from the ZenCloud database. Defendant offers no specific explanation of the unfair prejudice from this document. |
| 124 | 3/15/2021 | | | Certification from Department of Banking, State of Connecticut | | Plaintiffs have lodged a timeliness objection to a similar exhibit on Defendant's exhibit list from the Department of Banking.  To the extent the Court adopts Plaintiffs' position on timeliness, this exhibit is untimely in that it was not produced to Mr. Fraser during discovery. | Plaintiffs produced this document to Defendant on April 26, 2021. Defendant has not articulated how he is surprised or prejudiced by the introduction of this exhibit, nor did he object or otherwise respond when Plaintiffs made their production. |
| 125 | | | | Paycoin: A Cryptocurrency fit for world adoption (White Paper) | 10 | No objection | |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 126 | | | | Scott Fargo, Groundbreaking Deal Between GAWMiners and Zenminer Will Revolutionize Mining!, cryptocoinsnews.com | 69 | This article is inadmissible hearsay. Mr. Fraser also objects to PX126 for reasons specified in Mr. Fraser's motion *in limine* . | This exhibit is not hearsay. Plaintiffs intend to offer the exhibit for nonhearsay purposes, including the fact that representations of GAW Miners' purported acquisition of ZenMiner were being publicly made and discussed. Fed. R. Evid. 801(c)(2). |
| 127 | | | | Michael Pfeiffer Account Summary | 102 | This document is inadmissible hearsay (FRE 802). It is also misleading and unfairly prejudicial to Mr. Fraser because it includes purchases from non-GAW/ZenMiner sellers, which make Mr. Pfeiffer's damages from the alleged fraud look greater than they are. | Even assuming that Defendant's interpretation of this exhibit is correct (and assuming his damages argument is valid, which Plaintiffs do not concede), the exhibit is not unfairly prejudicial. Defendant may elicit testimony from Mr. Pfeiffer regarding the exhibit, including whom he purchased from, and seek an appropriate limiting instruction if it somehow became necessary. Those measures can mitigate any risk, assuming any exists, of the jurors misinterpreting the exhibit. |
| 128 | | | | Table of S. Fraser Transactions | 160 | No objection | |
| 129 | | | | Hash-Base Corporation | 244 | No objection | |
| 133 | | | | Archived versions of hashtalk.org available via archive.org. | | PX133 contains unauthenticated statements purportedly by Garza and anonymous Hashtalk users. For example, the set of posts titled "Additional 24 Hours for POW" appear to have been posted by GAWCEO, but last edited by "BitJane," and also appear to be from January 20, 2015 (from after the Class Period) (FRE 901).<br><br>Posts dated from after the Class Period are also not relevant (FRE 401).<br><br>These statements also constitute inadmissible hearsay (FRE 802). | The statements in this exhibit are not hearsay. Plaintiffs intend to offer the exhibit for nonhearsay purposes, including the fact that the representations about Paycoin contained in the exhibit were being publicly made and discussed. Fed. R. Evid. 801(c)(2).<br><br>The portions of the exhibit purportedly dated January 20, 2015 (the day after the class period ended) are relevant because they reflect facts regarding Paycoin during the class period. |
| 138 | | | | Demonstrative for Arvind Narayanan | | Plaintiffs have not provided this document to defense counsel. Pursuant to Judge Shea's rules regarding exhibits, Mr. Fraser objects to this document being admitted into evidence at trial. (*See* Joint Trial Memorandum Instructions for the Hon. Michael P. Shea ¶ 8(b).) Mr. Fraser reserves all other objections with regard to this document. | |
| 139 | | | | Demonstrative for D. Allen Shinners | | Same as above | |
| 140 | | | | Demonstrative for Michael Pfeiffer | | Same as above | |
| 141 | | | | Demonstrative for Denis Marc Audet | | Same as above | |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 142 | | | | Spreadsheet created by D. Audet re Hashlet Purchases | | This document appears to list Mr. Audet's purchases of Hashlets. However, based on the document, the vast majority of the Hashlets listed on this document were purchased from sellers other than GAW Miners on the "Hash Market." Only the top four rows indicate purchases from "GAW." Accordingly, this document is unfairly prejudicial to Mr. Fraser because it makes Mr. Audet's damages appear larger than they are (FRE 403). Also, it is unnecessarily cumulative of the certification he submitted in this case, which is included in PX118. | Even assuming that Defendant's interpretation of this exhibit is correct (and assuming his damages argument is valid, which Plaintiffs do not concede), the exhibit is not unfairly prejudicial. Defendant may elicit testimony from Mr. Audet regarding the exhibit, including what the purchase descriptions mean, and seek an appropriate limiting instruction if it somehow became necessary. Those measures can mitigate any risk, assuming any exists, of the jurors misinterpreting the exhibit.<br><br>This exhibit is not cumulative of PX 118; among other things, this exhibit includes more detailed information about the transactions described in the exhibit than does PX 118. |
| 143 | 2/13/2015 | | | Archived version of Stuart Fraser's Twitter feed (@GTAUKSTER), available at https://web.archive.org/web/20150213100410/http://twitter.com/gtaukster | | PX143 is an unauthenticated document.  (FRE 901)<br><br>The retweeted messages in PX143 are inadmissible hearsay.  FRE 806; *see also Pirri v. Cheek* , 851 F. App'x 183, 192 (Fed. Cir. 2021) (defendant retweeting a statement did not mean that she had adopted the statement as her own); *Schering Corp. v. Pfizer Inc.* , 189 F.3d 218, 239 (2d Cir. 1999) (a party statement that "merely repeats hearsay" is not admissible as a party admission).<br><br>The document refers to "Paybase Honors," which is the subject of one of Mr. Fraser's motion *in limine* .<br><br>This document is untimely.  It was not produced in discovery, rather it was produced by Plaintiffs during the Joint Trial Memorandum exchange process, on August 24, 2021, three days before the original deadline for the filing of the Joint Trial Memorandum.  Plaintiffs have lodged similar timeliness objections to a number of Mr. Fraser's exhibits.<br><br>This document is also more prejudicial than probative (FRE 401/402, FRE 403).  The tweets and retweets are not relevant to a disputed issues in this case, e.g, the document does not include any alleged misstatement by Mr. Fraser.  Furthermore, any marginal probative value of this document is far outweighed by the risk of the jury perceiving the retweeted statements to be statements by Mr. Fraser himself. | This is an archived version of a Twitter account bearing Defendant's name, his frequently used moniker ("aukster"), and his photograph (along with what is presumably a photograph of one of his properties in Vermont).  Moreover, in addition to other indicia of authenticity, certain of the tweets in PX 143 match the content of messages that Defendant testified he tweeted.  See Deposition of Stuart Fraser 184:8-19 (Q: And do you remember what the Tweets were about? A:  One was . . . something along the lines of you'll soon be able to get a credit card, or something like that.  And I wrote, you know, get me a black -- a black one. I don't have a black one, by the way. But -- and then -- and then right before New Year's I wrote it -- it should be an interesting year for Paycoin or whoever."); PX 143 (tweet of Dec. 31, 2014 reading "Keep an eye on XPY in 2015! It's going to be a Great New Year. Best to all, stu"); id. (tweet of Dec. 15, 2014 reading "Still would like a Black PayCoin Card! #OldSchool").<br>Regarding retweets, they are not hearsay because Plaintiffs do not intend to introduce them for the truth of their assertions.  Fed. R. Evid. 801(c)(2). |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 143 | | | | | | In addition, the "Trends" section on the right, which includes #BritishSexPositions and has a "change" button that suggests the user might have control over what is listed, is highly prejudicial to Mr. Fraser. | **Plaintiffs' Response Continued**: Regarding timeliness, Defendant failed to produce this document in discovery notwithstanding Plaintiffs' request for production of all documents "documents reflecting communications transmitted through social media (e.g., LinkedIn, Twitter, Facebook, etc.) relating to GAW Miners, ZenMiner, and/or cryptocurrency."

At a minimum, this information was equally accessible to both parties (and, in fact, Defendant was considerably better positioned to obtain it than Plaintiffs).  Finally, Defendant can claim no unfair surprise with respect to this exhibit, which consists of his own statements and social media posts.

This exhibit is directly relevant to numerous disputed issues, including, among others, Defendant's participation and involvement in GAW Miners' business, his knowledge of specific GAW Miners products and the misrepresentations made by GAW Miners about those products, and his relationship with Mr. Garza. |
| 145 | 5/23/2014 | Garza, Josh | Fraser, Thomas; Fraser, Stuart | Email re Congrats :) (SEC Deposition of Stuart Fraser, Exhibit 3) | | PX145 is cumulative of PX23 and PX 126.  Mr. Fraser also objects to PX145 for reasons specified in Mr. Fraser's motion *in limine* .  PX145 also constitutes inadmissible hearsay. | This exhibit is not hearsay.  Plaintiffs intend to offer the exhibit for nonhearsay purposes, including the fact that representations of GAW Miners' purported acquisition of ZenMiner were being publicly made and discussed.  Fed. R. Evid. 801(c)(2).

PX 145 is not cumulative of PX 23.  It includes a higher-resolution color version of the article included as part of PX 23.  (Conversely, PX 23 includes an email message not included as part of PX 145.)

PX 145 is not cumulative of PX 126.  The two are different articles dated several months apart containing different representations about the purported acquisition. |
| 146 | 8/14/2014 | | | Stan Higgins, GAW Acquires $8 Million Stake in ZenMiner (SEC Deposition of Stuart Fraser, Exhibit 4) | | Mr. Fraser objects to PX146 for reasons specified in Mr. Fraser's motion *in limine* .  PX146 also constitutes inadmissible hearsay. | This exhibit is not hearsay.  Plaintiffs intend to offer the exhibit for nonhearsay purposes, including the fact that representations of GAW Miners' purported acquisition of ZenMiner were being publicly made and discussed.  Fed. R. Evid. 801(c)(2). |
| 147 | 5/4/2015 | | | SEC Subpoena for Testimony to Stuart Fraser, In the Matter of GAW Miners, LLC (B-0279) (SEC Deposition of Stuart Fraser, Exhibit 27) | | No objection | |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 148 | 3/5/2015 | | | SEC Subpoena for Documents to Stuart Fraser, In the Matter of GAW Miners, LLC (B-0279) (SEC Deposition of Stuart Fraser, Exhibit 28) | | Mr. Fraser objects to the use of this document as an exhibit insofar as it includes Mr. Fraser's home address. | Plaintiffs are amenable to discussing how to protect personally identifiable information not relevant to their claims, such as Mr. Fraser's home address, if they use this exhibit at trial. |
| 149 | 4/9/2014 | Garza, Josh | Fraser, Stuart | Email re Wire info (SEC Deposition of Stuart Fraser, Exhibit 36) | | No objection | |
| 150 | 10/29/2014 | GAW Miners | Fraser, Stuart | Email re The Next Steps in Project Prime: HashPool and HashCoin (SEC Deposition of Stuart Fraser, Exhibit 46) | | No objection | |
| 151 | 11/21/2014 | Waizer, Harry | Fraser, Stuart | Email re Fw: Document1 (SEC Deposition of Stuart Fraser, Exhibit 49) | | This document is incomplete because it does not include the attachment (FRE 106). In addition, this document constitutes inadmissible hearsay (FRE 802). | This exhibit is not hearsay. Plaintiffs intend to offer the emails for nonhearsay purposes, including the fact of the communications regarding regulatory compliance. Fed. R. Evid. 801(c)(2).<br><br>Defendant does not explain why the "letter from FinCEN" "in fairness ought to be considered at the same time." Fed. R. Evid. 106. |
| 152 | 11/21/2014 | Garza, Josh | Fraser, Stuart | Email re Stuart and ICO Release (offline) (SEC Deposition of Stuart Fraser, Exhibit 50) | | This document constitutes inadmissible hearsay (FRE 802). | This exhibit is not hearsay. Plaintiffs intend to offer the emails for nonhearsay purposes, including the fact of the participants' discussion of GAW's financial performance. Fed. R. Evid. 801(c)(2). |
| 153 | 11/25/2014 | | | Michael Casey, BitBeat: GAW Miners to Launch Bitcoin Challenger, Paycoin, and other documents (SEC Deposition of Stuart Fraser, Exhibit 51) | | Starting on page 3, this document constitutes inadmissible hearsay, including purported posts by Garza and an article titled "30 days of transparent questions and answers" (FRE 802). These documents are not authenticated as originating from Garza or the Companies (FRE 901). Many of the individual posts and articles in this compilation are not even dated. The document also includes handwritten dates by an unidentified author. | Regarding authentication, this document consists of multiple documents that were produced as part of GAW00121245. Plaintiffs also filed some of them as exhibits to their memorandum in support of their motion for class certification. See ECF No. 96-1, ¶¶ 28-36; see also ECF No. 141 at 43-44 (Court citing to these documents as evidence of common misrepresentations made to class members). As noted in counsel's declaration in support of Plaintiffs' motion, these are true and correct copies of posts by Mr. Garza from Hashtalk.org, twitter.com, and other sites regarding Paybase and Paycoin.<br><br>Regarding hearsay, the documents are not inadmissible hearsay because Plaintiffs do not intend to introduce them for the truth of their assertions. Fed. R. Evid. 801(c)(2). |

| PX | Date | From | To | Description | Deposition Exhibit # | Mr. Fraser's Objection | Plaintiffs' Response to Defendant's Objection |
|---|---|---|---|---|---|---|---|
| 154 | 11/21/2014 | Garza, Josh | Wise, Harrison | Email re ICO/Paycoin release draft - Please Review (SEC Deposition of Stuart Fraser, Exhibit 53) | | This document, including Mr. Garza's statement that "Stuart is ok with that," constitutes inadmissible hearsay (FRE 802). | This exhibit is not hearsay; Plaintiffs do not intend to introduce it to prove that Mr. Fraser was "okay with" the statement in the exhibit being attributed to him, but rather to establish the circumstances surrounding Mr. Fraser's participation in the press release discussed in the exhibit.  Fed. R. Evid. 801(c)(2). |
| 155 | 12/8/2014 | | | Diagram regarding Paycoin Rounds (SEC Deposition of Stuart Fraser, Exhibit 55) | | Mr. Fraser objects to this email because it is not authenticated (FRE 901) and lacks a proper foundation (FRE 104a).  In addition, any probative value of this document is outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury because it is not clear from this document what this is, where it came from, whether this plan depicted was actually implemented or whether this was a statement made to the public of an internal document (FRE 402/403). | |
| 156 | 1/20/2015 | Fraser, Stuart | Garza, Josh | Email re Fwd: Introducing the Official Paycoin Exchange (SEC Deposition of Stuart Fraser, Exhibit 57) | | No objection | |
| 157 | 12/19/2014 | Kelley, Dan | Garza, Josh | Email re I had a dream (SEC Deposition of Stuart Fraser, Exhibit 58) | | This email chain constitutes inadmissible hearsay (FRE 802).  In addition, this email chain is unnecessarily cumulative of PX96 (FRE 403). | *See*  Plaintiffs' Response to Defendant's Objection to PX 96. |
| 158 | 1/9/2015 | Fraser, Stuart | Garza, Josh | Email re Fwd: GAW Fiasco (SEC Deposition of Stuart Fraser, Exhibit 59) | | Mr. Goodeve's statements constitute inadmissible hearsay (FRE 802).  To the extent Plaintiffs claim that they intend to use his email for a purpose other than the truth of his statements, the statements of a third-party, who is not a witness and has never been deposed, are unfairly prejudicial to Mr. Fraser (FRE 403).

Several documents in this set include what appears to be a private fax number in the footer of the documents.  This should be redacted in the event any of these individual documents come into evidence. | Defendant does not explain why the fact that Mr. Goodeve is not a witness, and was not deposed, makes this exhibit "unfairly prejudicial" to him.  Mr. Goodeve's email to Mr. Fraser contained accusations that GAW Miners and Mr. Garza engaged in conduct that might lead to civil or criminal liability for various people.  The relevance of this exhibit lies in the fact that Mr. Fraser forwarded it to Mr. Garza with the message "Call me. ☺".  Mr. Fraser's non-hearsay statement and his conduct in forwarding the email make it appropriate for Plaintiffs to introduce this exhibit and question Mr. Fraser about it.

Regarding private fax numbers, Plaintiffs are amenable to discussing how to protect personally identifiable information not relevant to their claims, such as account information, if they use these exhibits at trial. |