# EXHIBIT E

### PLAINTIFFS' EXHIBIT AND DEPOSITION OBJECTIONS

### Abbreviation Chart

The following chart lists objection codes used by Plaintiffs for their objections to Defendant's exhibits and deposition designations.

| CODE | OBJECTION DESCRIPTION |
|---|---|
| A | Argumentative |
| AS | Attorney statement; no question asked |
| CC | Calls for a conclusion |
| CD | Compound |
| DUPE | Duplicate exhibit |
| IO | Improperly includes attorney objection or colloquy |
| IP | Improper hypothetical |
| MIL | Subject of a motion *in limine* |
| MT | Misstates prior testimony |
| NA | Calls for narrative |
| NR | Non-responsive |
| O | Overbroad |
| UNTIMELY | Untimely disclosed |
| V | Vague |
| 104a | Foundation |
| 106 | Completeness |
| 402 | Relevance |
| 403 | Asked and answered, unduly prejudicial, confusing, misleading, wastes time, cumulative |
| 408 | Inadmissible under FRE 408 |
| 501 | Privileged and/or improperly seeks privileged information |
| 602 | Calls for speculation; speculative; lack of personal knowledge |
| 611b | Outside the scope of direct examination |
| 611c | Leading |
| 701 | Improper opinion by lay witness |
| 802 | Hearsay, multiple hearsay |
| 901 | Authenticity |
| 1002 | Best evidence |
| 1006 | Improper 1006 summary |

### Plaintiffs' Categorical Objections to Exhibits

Specifically with respect to Defendants' exhibits, Plaintiffs' objections include both categorical objections that apply to multiple exhibits and objections specific to the exhibit in question. Categorical objections are denoted on Defendant's exhibit list with the following codes. Exhibit-specific objections that do not fall within one of these categorical objections are provided

directly on Defendant's exhibit list. Please note that some of Plaintiffs' categorical objections include sub-categories, and each of those sub-objections incorporates the main objection by reference.

**DUPE:** The proposed exhibit appears to be a duplicate of another exhibit on Mr. Fraser's exhibit list.

**MIL: Motion in Limine**
This proposed exhibit is subject to a motion in limine.

**UNTIMELY: Untimeliness**
The proposed exhibit was not disclosed to Plaintiffs in discovery, and Plaintiffs otherwise had no reason to believe that Mr. Fraser intended to rely on the exhibit at trial. Fed. R. Civ. P. 26.

**104a: No Foundation**
Mr. Fraser lacks personal knowledge of the creation of the proposed exhibit. He is not the author of the document and/or was not a participant in the email correspondence reflected in the document, and he has not designated deposition testimony that lays foundation for this document.
Fed. R. Evid. 104(a); Fed. R. Evid. 602. In the event Mr. Fraser intends to lay foundation for exhibits involving a Plaintiff during his examination of that Plaintiff at trial, Plaintiffs will withdraw this objection.

**106: Completeness**
The proposed exhibit appears to be an excerpt of a larger writing that in fairness ought to be considered in context. Fed. R. Evid. 106.

- 106-A: This proposed exhibit appears to be part of an Internet discussion but does not include the full discussion and/or appears to reflect edits or deletions that remove relevant context. *See also* Fed. R. Evid. 1002.

- 106-B: Some portion of the proposed exhibit is obscured such that its content cannot be clearly discerned.

**402/403: Relevance**
The proposed exhibit is not being offered for any relevant disputed issue in the forthcoming jury trial regarding Mr. Fraser's liability to the class, or to the extent the exhibit has some minor probative value, that is outweighed by the danger of prejudice to Plaintiffs or the class, confusion of the issues, and misleading the jury, including by distracting from classwide liability issues. Fed. R. Evid. 402; Fed. R. Evid. 403.

- 402/403-A: To the extent Mr. Fraser offers this exhibit as evidence that his name did not appear on corporate filings or that he was not referred to as an officer or director of the Companies, that does not bear on Plaintiffs' allegation that Mr. Fraser was a control person of GAW Miners and ZenMiner by virtue of his personal and business relationship with Garza and his investment in the companies. This exhibit is more prejudicial than probative

as it is likely to mislead the jury into conflating a company's formal designation of officers and directors with the control person standard under federal and state securities laws.

- 402/403-B: This exhibit predates the class period and does not appear to relate to Hashlets, Hashpoints, Hashstakers, or Paycoin.

- 402/403-C: This exhibit appears to reflect an Internet discussion that includes anonymous posts from unknown authors whose unverifiable hearsay statements would be prejudicial to Plaintiffs and the Class, who cannot effectively rebut them. To the extent this exhibit contains non-hearsay statements that might be probative of some issue, their probative value is significantly outweighed by the prejudicial effect of the hearsay statements. The exhibit is also prejudicial to the class to the extent Mr. Fraser offers the exhibit as reflecting statements by class members, given the highly casual, hyperbolic, and/or offensive nature of some of these statements.

- 402/403-D: This exhibit concerns correspondence between Plaintiff Allen Shinners and individuals at GAW Miners regarding the Paycoin whitepaper or other GAW Miners documents and/or activities. To the extent this exhibit has any probative value, that value is limited to Mr. Fraser's arguments as to Mr. Shinners specifically, and it would be prejudicial to the class to include those arguments in the class trial.

- 402/403-E: This exhibit concerns correspondence between Plaintiff Michael Pfeiffer and Josh Garza that post-dates the class period. To the extent this exhibit has any probative value, that value is limited to Mr. Fraser's arguments as to Mr. Pfeiffer specifically, and it would be prejudicial to the class to include those arguments in the class trial.

## 802: Hearsay

The proposed exhibit will be offered for the truth of the matter asserted and does not fall into any hearsay exception or exclusion. Fed. R. Evid. 801(c); Fed. R. Evid. 802. The proposed exhibit was not authored by Plaintiffs and is not covered by a hearsay exclusion of Federal Rule of Evidence 801(d)(2), and Mr. Fraser has not made the requisite showing to invoke the hearsay exception of Rule 803(6). Furthermore, to the extent that only a portion of the exhibit was authored by Plaintiffs, Plaintiffs object to the introduction of the remainder of the exhibit.

## 901: Authenticity

Mr. Fraser has not made the requisite showing that the proposed exhibit is what it purports to be. Fed. R. Evid. 901(a). The proposed exhibit has not been authenticated by a witness with personal knowledge as provided by Rule 901(b)(1), and is not covered by any of the self-authentication provisions of Rule 902.

## 1002: Best Evidence

The proposed exhibit does not appear to be original writing or a straightforward printout or other clearly admissible duplicate. Fed. R. Evid. 1002; Fed R. Evid. 1003. This objection applies in particular to exhibits that purport to be excerpts or compilations of email correspondence or Internet discussions, but lacking indication that the excerpts are accurate or complete, information about who created the document, and/or reason to believe that the exceptions in Rule

1004 would apply.

- <u>1002-A</u>: This exhibit appears to reflect part or all of an Internet discussion but does not clearly indicate the dates and/or authors of each of the statements contained within it.