# EXHIBIT Q

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| DENIS MARC AUDET *et al.*, : | |
| : | |
| Plaintiffs, : | |
| : | Civil Action No. |
| v. : | 3:16-CV-00940-MPS |
| : | |
| STUART A. FRASER, GAW MINERS, : | |
| LLC, and ZENMINER, LLC, (d/b/a/ ZEN : | September 1, 2021 |
| CLOUD), : | |
| Defendants. : | |

**DEFENDANT STUART A. FRASER'S
PROPOSED VERDICT FORM[1]**

---

[1] **Plaintiffs:** Plaintiffs object to Defendant's proposed verdict form in its entirety and request that the Court adopt Plaintiffs' proposed verdict form instead. Plaintiffs assert the following general objections to Defendant's proposed verdict form.

First, Plaintiffs objects to the sequence of the claims in Defendant's proposed verdict form for the reasons stated in the parties' Proposed Jury Instructions, note 1 ("Plaintiffs' Response"). Plaintiffs request that the Court adopt the sequence proposed by Plaintiffs instead, namely: (1) unregistered securities claim; (2) fraud under the Connecticut Uniform Securities Act; (3) fraud under the Securities Exchange Act of 1934; and (4) common-law fraud.

Second, Plaintiffs object to the presentation of the parties' claims and defenses on an element-by-element basis as unnecessary, unfairly prejudicial, and likely to confuse the jury. The Court's charge to the jury will provide it with the necessary roadmap to the parties' claims and defenses, and there is no practical or legal reason for re-presenting the individual elements of every single claim to the jury or requiring them to make specific written findings as to each element. *See, e.g.*, *In re Vivendi Universal, S.A. Sec. Litig.*, 765 F. Supp. 2d 512, 580 (S.D.N.Y. 2011) (rejecting defendant's argument that the "verdict form's failure to require the jury to make particularized findings as to each element (and certain sub-elements) of a claim" required a new trial, particularly as "the Court made clear to the jury in its charges that they were required to find each element of a Section 10(b) violation against a particular defendant in order to find against that defendant on plaintiffs' Section 10(b) claim"), *aff'd sub nom. In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223 (2d Cir. 2016); *cf. S.E.C. v. Cap. Sols. Monthly Income Fund, LP*, 818 F.3d 346, 350 (8th Cir. 2016) (rejecting defendant's argument that "the district court erroneously submitted to 'the jury a general verdict form that simply asked whether or not the securities laws were violated' instead of

---

submitting his proposed 'verdict form that specifically set forth each alleged misstatement"); *SEC v. Solow*, 2008 WL 11333854, at *6 (S.D. Fla. Mar. 26, 2008) ("It is the Court's experience that a general verdict form is usually used in the criminal securities cases, and the Court believes it is appropriate in this enforcement action, ***particularly where, as here, the instructions go through each claim element by element***." (emphasis added)), *aff'd sub nom.* S.E.C. v. Solow, 308 F. App'x 364 (11th Cir. 2009).

Verdict forms from other cases involving Rule 10b-5 and Section 20(a) claims are in accord. *See, e.g.*, *In re Vivendi Universal, S.A. Sec. Litig.*, No. 02 Civ. 5571 (RJH) (S.D.N.Y. July 10, 2012), ECF No. 1151-1 (January 11, 2010 verdict form from class-wide trial attached as exhibit to subsequent filing), at 3, 72; *SEC v. Tourre*, No. 10cv-3229-KBF (S.D.N.Y. July 31, 2013), ECF No. 433-4 (draft verdict form provided by the court to the parties) at 2 ("With respect to the SEC's claim that defendant Fabrice Tourre, violated **Section 10(b)** of the Securities Exchange Act and **Rule 10b-5(a)**, we, the jury, find defendant Fabrice Tourre:  Liable _____     Not Liable _____."); *SEC v. Cap. Sols. Monthly Income Fund, LP*, No. 10-cv-03995 (D. Minn. Oct. 23, 2013), ECF No. 355 (jury's completed verdict form that asked whether, for each claim, "do you find by a preponderance of the evidence that Defendant the Fund violated the securities laws?"); *SEC v. Solow*, No. 06-cv-81041 (S.D. Fla. Feb. 6, 2008), ECF No. 120 (jury's completed verdict form that simply asked for each count whether the defendant "violated" the operative statutory and/or regulatory provision).

### I.  Whether the Products Are Securities[2]

1. Did Plaintiffs prove, by a preponderance of the evidence, that Hashlets were marketed as products involving:

    a. an investment of money?

       Yes ___    No ___

    b. in a common enterprise?

       Yes ___    No ___

    c. with profits to be derived solely from the efforts of others?

       Yes ___    No ___

2. Did Plaintiffs prove, by a preponderance of the evidence, that Hashpoints were marketed as products involving:

    a. an investment of money?

       Yes ___    No ___

    b. in a common enterprise?

---

[2] **Plaintiffs:**  Plaintiffs object to the inclusion of this proposed instruction as unnecessary and unfairly prejudicial for the reasons set out *supra* note 1.  The jury will be instructed regarding how to determine whether each of the products is an investment contract.  Accordingly, there is no need to separately require it to make specific findings regarding whether each product constituted an investment contract or, more unnecessarily, regarding each element of the test from *SEC v. W.J. Howey Co.*, 328 U.S. 293 (1946).  Furthermore, to the extent the Court elects to include specific elements on the verdict form, Plaintiffs object to the inclusion of the word "solely" in the third subpart of each question above.  *See SEC v. Aqua-Sonic Prod. Corp.*, 687 F.2d 577, 582 (2d Cir. 1982) (holding that the Supreme Court's inclusion of the word "solely" in this element of the *Howey* test should not be taken "literally" and summarizing the inquiry as "whether, under all the circumstances, the scheme was being promoted primarily as an investment or as a means whereby participants could pool their own activities, their money and the promoter's contribution in a meaningful way"); *United Hous. Found., Inc. v. Forman*, 421 U.S. 837, 852 (1975) ("The touchstone is the presence of an investment in a common venture premised on a reasonable expectation of profits *to be derived from the entrepreneurial or managerial efforts of others*.") (emphasis added).

        Yes \_\_\_       No \_\_\_\_

    c.    with profits to be derived solely from the efforts of others?

        Yes \_\_\_       No \_\_\_\_

3.    Did Plaintiffs prove, by a preponderance of the evidence, that Paycoin was marketed as a product involving:

    a.    an investment of money?

        Yes \_\_\_       No \_\_\_\_

    b.    in a common enterprise?

        Yes \_\_\_       No \_\_\_\_

    c.    with profits to be derived solely from the efforts of others?

        Yes \_\_\_       No \_\_\_\_

4.    Did Plaintiffs prove, by a preponderance of the evidence, that Hashstakers were marketed as products involving:

    a.    an investment of money?

        Yes \_\_\_       No \_\_\_\_

    b.    in a common enterprise?

        Yes \_\_\_       No \_\_\_\_

    c.    with profits to be derived solely from the efforts of others?

        Yes \_\_\_       No \_\_\_\_

**If you determine that none of Hashlets, Hashpoints, Paycoin and Hashstakers are "securities," *i.e.*, you answered with at least one "No" for each of Questions 1-4, please skip to Question 25, otherwise proceed to the next question.**

## II.   Plaintiffs' Control Person Claim Under
## Section 20(a) of the Securities Exchange Act ("Exchange Act")[3]

5.   Did Plaintiffs prove, by a preponderance of the evidence, that, in connection with Plaintiffs' purchase or sale of securities:

   a. The Companies committed a fraudulent act?

   Yes ___   No ___

   b. All class members reasonably and justifiably relied on the Companies' alleged untrue statements of a material fact in their respective decisions to purchase the Products at issue?

   Yes ___   No ___

   c. The Companies knowingly engaged in a scheme to defraud Plaintiffs with the intent to defraud?

   Yes ___   No ___

   d. The Companies' alleged fraudulent conduct was the proximate cause of the injury Plaintiffs claim to have suffered?

   Yes ___   No ___

   e. The Companies used, or caused to be used, means and instrumentalities of interstate commerce in furtherance of the scheme to defraud or fraudulent conduct?

   Yes ___   No ___

---

[3] **Plaintiffs:** Plaintiffs object to the inclusion of this proposed instruction—with the jury making a finding as to each element of the claim—as unnecessary and unfairly prejudicial for the reasons set out *supra* note 1.  Verdict forms from other cases involving Rule 10b-5 and Section 20(a) claims are in accord.  *See, e.g.*, *In re Vivendi Universal, S.A. Sec. Litig.*, No. 02 Civ. 5571 (RJH) (S.D.N.Y. Jan. 11, 2010), ECF No. 1151-1 (verdict form), at 3 ("Have Plaintiffs proven each element of their Section 10(b) claim against any defendant with regard to the statement(s) listed as Entry No. 1 on Table A?"); *SEC v. Tourre*, No. 10cv-3229-KBF (S.D.N.Y. July 31, 2013), ECF No. 433-4 (draft verdict form provided by the court to the parties) at 2 ("With respect to the SEC's claim that defendant Fabrice Tourre, violated **Section 10(b)** of the Securities Exchange Act and **Rule 10b-5(a)**, we, the jury, find defendant Fabrice Tourre:  Liable _____     Not Liable _____.").

6. Did Plaintiffs prove, by a preponderance of the evidence that, during the Class Period, Mr. Fraser controlled the Companies, for purposes of Section 20(a) of the Exchange Act?

   Yes ___   No ___

7. Did Plaintiffs prove, by a preponderance of the evidence that, Mr. Fraser was, in some meaningful sense,[4] a culpable participant in the fraud allegedly committed by the Companies?

   Yes ___   No ___

   **If you answered "Yes" to each of Questions 5 (all sub-sections), 6 and 7, then proceed to the next question; otherwise, skip to Question 11.**

---

[4] **Plaintiffs:** Plaintiffs object to the inclusion of the phrase "in some meaningful sense" for the reasons set out in the parties' Proposed Jury Instructions, note 192.

8.  Did Mr. Fraser prove, by a preponderance of the evidence, that he did not induce the Companies' alleged fraud at issue and that he acted in good faith?

    Yes ___     No ____

    **If you answered "Yes" for Question 8, skip Questions 9 and 10.**

9.  Did Plaintiffs prove, by a preponderance of the evidence, that Mr. Fraser knowingly violated the federal securities laws?

    Yes ___     No ____

    **If you answered "Yes" for Question 9, skip the next question.**

10. What is the percentage of Mr. Fraser's responsibility for any losses Plaintiffs claim? Your answer must be in the form of a percentage, which can range from 0% to 100%, measured as a percentage of the total fault of all persons, including Josh Garza and/or the Companies, who caused or contributed to the loss that Plaintiffs claim.[5]

    Percentage fault: ___%

---

[5] **Plaintiffs:** Plaintiffs objection to the inclusion of the phrase "including Josh Garza and/or the Companies" as unnecessary and unfairly prejudicial. Inclusion of specific named persons in the verdict form is improperly suggestive and leading; the instruction, if given, should omit this phrase.

5

### III. Plaintiffs' Control Person Claim Under Section 36b-29(c) of the Connecticut Uniform Securities Act (CUSA)

#### III.A

Plaintiffs' Control Person Claim Under the CUSA
Based on the Companies' Alleged Offer or Sale of Unregistered Securities[6]

11. Did Plaintiffs prove, by a preponderance of the evidence, that the Companies offered or sold unregistered securities in the State of Connecticut in violation of Section 36b-16 of the Connecticut Uniform Securities Act? Respond separately for each Product.

    Yes ___    No ___    as to Hashlets

    Yes ___    No ___    as to Hashpoints

    Yes ___    No ___    as to Paycoin

    Yes ___    No ___    as to Hashstakers

12. Did Plaintiffs prove, by a preponderance of the evidence, that Mr. Fraser controlled the Companies, for purposes of Section 36b-29(c) of the Connecticut Uniform Securities Act?

    Yes ___    No ___

    **If you answered "Yes" for each of Questions 11 and 12, then proceed to the next question; otherwise, skip to Question 16.**

13. Did Mr. Fraser prove, by a preponderance of the evidence, that he did not know, and in the exercise of reasonable care could not have known, that the Products at issue constituted securities?[7] Respond separately for each Product.

    Yes ___    No ___    as to Hashlets

---

[6] **Plaintiffs:** Plaintiffs object to the inclusion of this proposed instruction as drafted as unnecessary and unfairly prejudicial for the reasons set out *supra* note 1.

[7] **Plaintiffs:** Plaintiffs object to this proposed question in its entirety as legally erroneous, for the reasons stated in the parties' Proposed Jury Instructions, note 67.

        Yes __        No ___        as to Hashpoints

        Yes __        No ___        as to Paycoin

        Yes __        No ___        as to Hashstakers

14. Did Mr. Fraser prove, by a preponderance of the evidence, that he did not know, and in the exercise of reasonable care could not have known, that the Companies were offering or selling securities without registration?

        Yes __        No ___

15. Were Hashstakers exempt from registration as a "security"?[8]

        Yes ___        No ____

---

[8] **Plaintiffs:** Plaintiffs object to this proposed question in its entirety as legally erroneous, for the reasons stated in the parties' Proposed Jury Instructions, note 69.

III.B

Control Person Claim Under the CUSA
Based on the Alleged Offer or Sale of Securities
<u>By an Untrue Statement of a Material Fact</u>[9]

16. Did Plaintiffs prove, by a preponderance of the evidence, that the Companies offered or sold securities by means of an untrue statement of a material fact?

   Yes \_\_\_    No \_\_\_\_

17. Did Plaintiffs prove, by a preponderance of the evidence, that the Companies knew or should have known of the alleged untruth of the statements at issue?[10]

   Yes \_\_\_    No \_\_\_\_

18. Did Plaintiffs prove, by a preponderance of the evidence, that Plaintiffs did not know of the alleged untruth of the statements at issue?

   Yes \_\_\_    No \_\_\_\_

19. Did Plaintiffs prove, by a preponderance of the evidence, that Mr. Fraser controlled the Companies, for purposes of Section 36b-29(c) of the Connecticut Uniform Securities Act?

   Yes \_\_\_    No \_\_\_\_

   **If you answered "Yes" for each of Questions 16-19, then proceed to the next question; otherwise, skip to Question 21.**

---

[9] **Plaintiffs:** Plaintiffs object to the inclusion of this proposed instruction—with the jury making a finding as to each element of the claim—as unnecessary and unfairly prejudicial for the reasons set out *supra* note 1.

[10] **Plaintiffs:** Plaintiffs object to the inclusion of this proposed question as legally erroneous, for the reasons stated in the parties' Proposed Jury Instructions, note 80.

20. Did Mr. Fraser prove, by a preponderance of the evidence, that he did not know, and in the exercise of reasonable care could not have known, that the Companies allegedly offered or sold securities by means of an untrue statement of a material fact?

 Yes \_\_        No \_\_\_

### IV.    Plaintiffs' Aiding & Abetting Claim Under
### Section 36b-29(a)(2) of the Connecticut Uniform Securities Act[11]

21. Did Plaintiffs prove, by a preponderance of the evidence, that the Companies offered or sold securities by means of an untrue statement of a material fact?

    Yes ___        No ____

22. Did Plaintiffs prove, by a preponderance of the evidence, that Mr. Fraser knew or should have known of the alleged untruth of the statements at issue?[12]

    Yes ___        No ____

23. Did Plaintiffs prove, by a preponderance of the evidence, that Plaintiffs did not know of the alleged untruth of the statements at issue?

    Yes ___        No ____

    **If you answered "Yes" for each of Questions 21-23, then proceed to the next question; otherwise, skip to Question 25.**

24. Did Mr. Fraser prove, by a preponderance of the evidence, that he did not know, and in the exercise of reasonable care could not have known, that the Companies allegedly offered or sold securities by means of an untrue statement of a material fact?

    Yes __        No ___

---

[11] **Plaintiffs:** Plaintiffs object to the inclusion of this proposed instruction—with the jury making a finding as to each element of the claim—as unnecessary and unfairly prejudicial for the reasons set out *supra* note 1.

[12] **Plaintiffs:** Plaintiffs object to the inclusion of this proposed question as legally erroneous, for the reasons stated in the parties' Proposed Jury Instructions, note 101.

10

## V. Plaintiffs' Aiding & Abetting Common Law Fraud Claim[13]

25. Did Plaintiffs prove, by clear and convincing evidence, that in connection with the Products at issue:

    a. The Companies made false representations as to statements of fact?

    Yes ___     No ___

    b. The statements in question were untrue, and known to be untrue, to the Companies?

    Yes ___     No ___

    c. The Companies made the statements to induce Plaintiffs to rely on them?

    Yes ___     No ___

26. Did Plaintiffs prove, by a preponderance of the evidence, that Plaintiffs relied on the statements in question to their detriment?

    Yes ___     No ___

27. Did Plaintiffs prove, by a preponderance of the evidence, that Mr. Fraser generally was aware of his role as part of an illegal or wrongful activity at the time he provided any alleged assistance to the Companies?

    Yes ___     No ___

28. Did Plaintiffs prove, by a preponderance of the evidence, that Mr. Fraser knowingly and substantially assisted GAW Miners and ZenMiner in the Companies' alleged fraud?

    Yes ___     No ___

---

[13] **Plaintiffs:** Plaintiffs object to the inclusion of this proposed instruction—with the jury making a finding as to each element of the claim—as unnecessary and unfairly prejudicial for the reasons set out *supra* note 1.

11

### VI.  Affirmative Defenses Based on Plaintiffs' Individual Conduct[14]

29. With regard to Mr. Shinners, did Mr. Fraser prove, by a preponderance of the evidence, that:

    a. Mr. Shinners offered or sold any of the Products at issue without registration?

    Yes ___    No ___

    b. Mr. Shinners bears at least substantially equal responsibility for the violations that he now seeks to redress and precluding him from recovering from Mr. Fraser will not significantly interfere with the effective enforcement of the securities laws and protection of the investing public in general?

    Yes ___    No ___

    c. Mr. Shinners engaged in conduct that was not fair, equitable or honest in connection with the violations he now seeks to redress?

    Yes ___    No ___

    d. Mr. Shinners communicated, by words or actions, that he accepted and approved of the conduct of which he now complains?

    Yes ___    No ___

---

[14] **Plaintiffs:** Plaintiffs object to the inclusion of these defenses on the verdict form in their entirety, for the reasons set out in Plaintiffs' objections to Defendant's corresponding proposed jury instructions. In particular, defenses based on the named class representatives' individual conduct are not appropriate for resolution during the class-wide trial; and these defenses are unavailable to Defendant because he failed to plead them, they do not apply to all or some of Plaintiffs' claims, and there is no evidence to support them. *See* Proposed Jury Instructions, nn. 71, 75, 223, 225, 227, and 230. Moreover, it is not necessary to include affirmative defenses expressly on a verdict form, particularly when the form and jury instructions combined "informed the jury that in finding the Defendants liable, they were implicitly rejecting their affirmative defense." *E.E.O.C. v. Mgmt. Hosp. of Racine, Inc.*, 666 F.3d 422, 440 (7th Cir. 2012); *see also Zaratzian v. Abadir*, 2015 WL 5474246, at *2 (S.D.N.Y. July 8, 2015) (noting that verdict form's question on liability "required jurors to determine ***both*** whether plaintiff had carried her burden and whether defendant had carried his" and that "if plaintiff carried her burden to show liability, but defendant carried his burden on one or both affirmative defenses, the jury would answer this question in the negative" (emphasis added)), *aff'd*, 694 F. App'x 822 (2d Cir. 2017); *J.K. Walkden, Ltd. v. Lord & Taylor, a div. of May Dep't Store Co.*, 2001 WL 619040, at *5 (S.D.N.Y. June 6, 2001) (finding no error in failing to include affirmative defense of waiver on verdict form as "[t]he jury charge made abundantly clear that subsumed within those [liability] questions was the issue of whether or not either plaintiff had waived its security interest").

30. With regard to Mr. Pfeiffer, did Mr. Fraser prove, by a preponderance of the evidence, that:

   a. Mr. Pfeiffer offered or sold any of the Products at issue without registration?

      Yes ___     No ____

   b. Mr. Pfeiffer bears at least substantially equal responsibility for the violations that he now seeks to redress and precluding him from recovering from Mr. Fraser will not significantly interfere with the effective enforcement of the securities laws and protection of the investing public in general?

      Yes ___     No ____

   c. Mr. Pfeiffer engaged in conduct that was not fair, equitable or honest in connection with the violations he now seeks to redress?

      Yes ___     No ____

   d. Mr. Pfeiffer communicated, by words or actions, that he accepted and approved of the conduct of which he now complains?

      Yes ___     No ____

31. With regard to Mr. Audet, did Mr. Fraser prove, by a preponderance of the evidence, that:

   a. Mr. Audet offered or sold any of the Products at issue without registration?

      Yes ___     No ____

   b. Mr. Audet bears at least substantially equal responsibility for the violations that he now seeks to redress and precluding him from recovering from Mr. Fraser will not significantly interfere with the effective enforcement of the securities laws and protection of the investing public in general?

      Yes ___     No ____

   c. Mr. Audet engaged in conduct that was not fair, equitable or honest in connection with the violations he now seeks to redress?

      Yes ___     No ____

   d. Mr. Audet communicated, by words or actions, that he accepted and approved of the conduct of which he now complains?

      Yes ___     No ____