# EXHIBIT R

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, and DEAN ALLEN SHINNERS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC (d/b/a ZEN CLOUD),<br><br>　　　　　　　　　　　　Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br>Courtroom 2<br><br>ECF Case<br><br>CLASS ACTION<br><br>September 1, 2021 |

## PLAINTIFFS' PROPOSED VERDICT FORM[1]

---

[1] **Defendant:** Defendant Stuart A. Fraser objects to Plaintiffs' proposed verdict form in its entirety and requests that the Court adopt Mr. Fraser's verdict form instead.

## GENERAL OBJECTION NO. 1:

　　Mr. Fraser objects to the order of the questions posed to the jury on Plaintiffs' proposed verdict sheet as unduly prejudicial to Mr. Fraser.  For the reasons discussed in Mr. Fraser's objections to Plaintiffs' Proposed Jury Instructions, General Objection No. 1, the Court should instruct the jury on Plaintiffs' claims in the following order:  (1) control person liability under Section 20(a) of the Securities Exchange Act; (2) control person liability under Section 36b-29(c) of the CUSA; (3) aiding and abetting fraud in the sale of securities in violation of Section 36b-29(a)(2) of the CUSA; and (4) aiding and abetting common law fraud.  The verdict form should follow that same order.

## GENERAL OBJECTION NO. 2:

　　Plaintiffs' proposed verdict sheet fails to provide a roadmap for the jury's decisions on Plaintiffs' claims, each of which involves various elements and defenses.  Because the jury instructions are likely to be lengthy and complex, the verdict form should walk the jurors through the elements they must consider in deciding how to rule on each claim.

## GENERAL OBJECTION NO. 3:

　　Plaintiffs' proposed verdict form is incomplete and unfairly prejudicial to Mr. Fraser because it does not include any questions addressing affirmative defenses available to Mr. Fraser.

## GENERAL OBJECTION NO. 4:

　　Mr. Fraser objects to Plaintiffs' proposed verdict form as incomplete and unfairly prejudicial to Mr. Fraser because it assumes that the four products at issue in this case—Hashlets,

---

HashStakers, Paycoin, and Hashpoints—are in fact securities.  That is a question of fact that the jury must decide.

## GENERAL OBJECTION NO. 5:

Mr. Fraser objects to Plaintiffs' proposed verdict sheet as unfairly prejudicial because it does not make clear that Plaintiffs must prove three of the four elements of Plaintiffs' aiding and abetting common law fraud claim by clear and convincing evidence (which is a higher standard than the preponderance of the evidence standard applicable to Plaintiffs' other claims).

**Question No. 1**:[2]

 With respect to the plaintiffs' unregistered securities claim, have plaintiffs proven that Defendant Stuart Fraser is secondarily liable as a controlling person of GAW Miners or ZenMiner pursuant to Section 36b-29(c) of the Connecticut Uniform Securities Act?

 Yes _____   No _____

**Please proceed to Question No. 2.**

---

[2] **Defendant:** Nothing in Mr. Fraser's specific objections should be construed to narrow or otherwise restrict the application of Mr. Fraser's general objections discussed above.

**Specific Objection 1.1**:  Mr. Fraser objects to Plaintiffs' Proposed Question No. 1 because the phrase "secondarily liable" is potentially confusing and unfairly prejudicial to Mr. Fraser because it implies a lesser degree of liability.  However, CUSA imposes joint and several liability on a "control person."

**Specific Objection 1.2**:  Mr. Fraser objects to Plaintiffs' proposed Question No. 1 because the phrase "controlling person" does not appear in any of Plaintiffs' or Defendant's proposed jury instructions and is therefore confusing.  Instead the question should align with the "control" language used in the instructions.

**Specific Objection 1.3**:  Mr. Fraser objects to Plaintiffs' proposed Question No. 1 because it misleadingly implies that being a "control person" of GAW Miners or ZenMiners is sufficient to impose liability under Section 36b-29(c) of the Connecticut Uniform Securities Act when in fact (A) Plaintiffs would also need to establish the primary violation, including that the products are securities and that they were unregistered, and (B) even if Plaintiffs were able to establish those elements, Mr. Fraser would not be liable if he were to prove that he did not know and could not have known of the violation.  For these reasons, in addition to those discussed above in Mr. Fraser's General Objections, Plaintiffs' proposed Question No. 1 is misleading and incomplete.

**Question No. 2**:[3]

With respect to the plaintiffs' claims for fraud in the offer or sale of a security under the Connecticut Uniform Securities Act, have plaintiffs proven that Defendant Stuart Fraser is secondarily liable as a controlling person of GAW Miners or ZenMiner pursuant to Section 36b-29(c) of the Connecticut Uniform Securities Act?

Yes    _____        No    _____

**Please proceed to Question No. 3.**

---

[3] **Defendant:**

**Specific Objection 2.1**:  Mr. Fraser objects to Plaintiffs' proposed Question No. 2 because, as discussed above, the phrase "secondarily liable" is potentially confusing and unfairly prejudicial to Mr. Fraser.

**Specific Objection 2.2**:  Mr. Fraser objects to Plaintiffs' proposed Question No. 2 because, as discussed above, the phrase "controlling person" does not appear in any of Plaintiffs' or Defendant's proposed jury instructions and is therefore confusing.

**Specific Objection 2.3**:  Mr. Fraser objects to Plaintiffs' proposed Question No. 2 because it misleadingly implies that being a "controlling person" of GAW Miners or ZenMiners is sufficient to impose liability under Section 36b-29(c) of the Connecticut Uniform Securities Act when in fact (A) Plaintiffs would also need to establish the primary violation, including that the products are securities, and that the buyers had no knowledge of the alleged untruths, and (B) even if Plaintiffs were able to establish those elements, Mr. Fraser would not be liable if he were to prove that he did not know and could not have known of the violation.  For these reasons, in addition to those discussed above in Mr. Fraser's General Objections, Plaintiffs' proposed Question No. 2 is misleading and incomplete.

**Question No. 3:[4]**

 With respect to the plaintiffs' claims for fraud in the offer or sale of a security under the Connecticut Uniform Securities Act, have plaintiffs proven that Defendant Stuart Fraser aided and abetted (that is, materially assisted) GAW Miners or ZenMiner in violating Section 36b-29(a) of the Connecticut Uniform Securities Act?

 Yes _____  No _____

**Please proceed to Question No. 4.**

---

[4] **Defendant:** Mr. Fraser objects to Plaintiffs' proposed Question No. 3 because the phrase "aided and abetted (that is, materially assisted)" is confusing in that it misleadingly implies that providing material assistance to GAW Miners and ZenMiner on its own would be sufficient to establish liability under Section 36b-29(a) of the Connecticut Uniform Securities Act, when in fact to establish Mr. Fraser's liability under that Section (A) Plaintiffs would also need to establish the primary violation, including that the products are securities, and that the buyers had no knowledge of the alleged untruths, (B) Plaintiffs would need to show that Mr. Fraser knew or should have known of the underlying fraud, and (C) even if Plaintiffs were able to establish those elements, Mr. Fraser would not be liable if he were to prove that he did not know and could not have known of the violation. For these reasons, in addition to those discussed above in Mr. Fraser's General Objections, Plaintiffs' proposed Question No. 3 is misleading and incomplete.

**Question No. 4(a)**:[5]

With respect to the plaintiffs' federal securities fraud claims, have plaintiffs proven that Defendant Stuart Fraser is secondarily liable as a controlling person of GAW Miners or ZenMiner pursuant to Section 20(a) of the Securities Exchange Act of 1934?

Yes   _____         No   _____

**If you selected "No," please skip Question Nos. 4(b) and 4(c) and proceed to Question No. 5.**

**Question No. 4(b)**:

---

[5] **Defendant:**

**Specific Objection 4.1**:  Mr. Fraser objects to Plaintiffs' proposed Question No. 2 because, as discussed above, the phrase "secondarily liable" is potentially confusing and unfairly prejudicial to Mr. Fraser.

**Specific Objection 4.2**:  Mr. Fraser objects to Plaintiffs' proposed Question No. 4 because, as discussed above, the phrase "controlling person" does not appear in any of Plaintiffs' or Defendant's proposed jury instructions and is therefore confusing.

**Specific Objection 4.3**:  Mr. Fraser objects to Plaintiffs' proposed Question No. 4 because it misleadingly implies that establishing that Mr. Fraser was a "controlling person" of GAW Miners or ZenMiners would be sufficient to impose liability under Section 20(a) of the Securities Exchange Act of 1934 when in fact (A) Plaintiffs would also need to establish the primary violation, including that GAW Miners or ZenMiner committed fraud in connection with the purchase or sale of a security within the meaning of Rule 10b-5, that every class member relied on any alleged misrepresentations, and that the fraud was the proximate cause of any injuries plaintiffs incurred, as well as that Mr. Fraser was a culpable participant in that underlying fraud, and (B) even if Plaintiffs were able to establish those elements, Mr. Fraser would not be liable if he were to establish any of the affirmative defenses available to him.  For these reasons, in addition to those discussed above in Mr. Fraser's General Objections, Plaintiffs' proposed Question No. 4 is misleading and incomplete.

**Specific Objection 4.4**:  Fraser objects to Plaintiffs' proposed Question No. 4(c) to the extent it does not include an indication that the percentage should be from 0% to 100% for the sake of clarity.

Did the Plaintiffs prove, by a preponderance of the evidence, that Mr. Fraser knowingly violated the federal securities laws?

Yes   _____          No   _____

**If you selected "Yes," please skip Question No. 4(c) and proceed to Question No. 5.**

**<u>Question No. 4(c)</u>:**

What is the percentage of Mr. Fraser's responsibility for any losses Plaintiffs claim?  Your answer must be in the form of a percentage, measured as a percentage of the total responsibility of all persons, including Mr. Garza and/or the Company Defendants, who caused or contributed to the losses Plaintiffs claim.

Percentage responsibility:   _____

**Please proceed to Question No. 5.**

**<u>Question No. 5</u>**:[6]

      With respect to the plaintiffs' common-law fraud claims, have plaintiffs proven that

Defendant Stuart Fraser aided and abetted a fraud committed by GAW Miners or ZenMiner?

      Yes   _____           No     _____

---

[6] **Defendant:** Mr. Fraser objects to Plaintiffs' proposed Question No. 5 because it misleadingly assumes that GAW Miners or ZenMiner committed a primary violation.  In addition, Mr. Fraser objects to Plaintiffs' proposed Question No. 5 as incomplete and prejudicial to Mr. Fraser because it fails to ask the jury to determine whether Plaintiffs proved Mr. Fraser's knowledge of the fraud.