UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, DEAN ALLEN SHINNERS, and JASON VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>　　　　　　　　　Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br>Courtroom 2<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br>September 1, 2021<br><br><u>DEMAND FOR JURY TRIAL</u> |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION IN LIMINE TO EXCLUDE INTERNET DISCUSSIONS</u>**

## TABLE OF CONTENTS

I. BACKGROUND ..................................................................................................................1

II. ARGUMENT......................................................................................................................2

    A. Legal Standard ........................................................................................................2

    B. Fraser's Internet Posts Are Irrelevant to Class-wide Liability.................................3

    C. Fraser's Internet Posts Are Inadmissible Hearsay ...................................................4

    D. Fraser's Internet Posts Fail to Satisfy Several Additional Evidentiary Requirements ...........................................................................................................7

III. CONCLUSION.................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Banque Hypothecaire Du Canton De Geneve v. Union Mines*,
  652 F. Supp. 1400 (D. Md. 1987) ................................................................................................2

*Doe v. Torrington Bd. of Educ.*,
  2019 WL 625696 (D. Conn. Feb. 14, 2019) (Shea, J.) ............................................................6, 7

*Highland Capital Mgmt., L.P. v. Schneider*,
  551 F. Supp. 2d 173 (S.D.N.Y. 2008) .........................................................................................2

*Hodges v. Keane*,
  886 F. Supp. 352 (S.D.N.Y. 1995) ..............................................................................................6

*Karavitis v. Makita U.S.A., Inc.*,
  243 F. Supp. 3d 235 (D. Conn. 2017), *aff'd*, 722 F. App'x 53 (2d Cir. 2018) ........................10

*NV Petrus SA v. LPG Trading Corp.*,
  2017 WL 1905820 (E.D.N.Y. May 8, 2017) ..............................................................................9

*Palmieri v. Defaria*,
  88 F.3d 136 (2d Cir. 1996) ..........................................................................................................2

*Phoenix Assocs. III v. Stone*,
  60 F.3d 95 (2d Cir. 1995) ............................................................................................................7

*SLSJ, LLC v. Kleban*,
  277 F. Supp. 3d 258 (D. Conn. 2017) .........................................................................................2

*Smith v. NBC Universal*,
  2008 WL 483604 (S.D.N.Y. Feb. 22, 2008) .............................................................................10

*United States v. Jackson*,
  488 F. Supp. 2d 866 (D. Neb. 2007) .........................................................................................10

*United States v. Millan*,
  230 F.3d 431 (1st Cir. 2000) .......................................................................................................7

*United States v. Ramentol*,
  410 F. App'x 236 (11th Cir. 2010) ...........................................................................................11

*United States v. Wardlaw*,
  977 F. Supp. 1481 (N.D. Ga. 1997) ..........................................................................................11

*Wilson v. Alabama Dep't of Hum. Res.*,
 No. 2010 WL 1254319 (M.D. Ala. Mar. 26, 2010) ................................................................. 11

*Wilson v. Bd. of Educ. of Prince George's Cty.*,
 2013 WL 12246628 (D. Md. Oct. 30, 2013) ........................................................................ 10

**Statutes**

15 U.S.C. § 78j(b) ................................................................................................................. 1

15 U.S.C. § 78t(a) ................................................................................................................ 1

Conn. Gen. Stat. § 36b-16 ................................................................................................ 1, 3

Conn. Gen. Stat. § 36b-29(a)(2) ............................................................................................ 2

Conn. Gen. Stat. § 36b-29(c) ............................................................................................ 1, 3

**Regulations**

17 C.F.R. § 240.10b-5 .......................................................................................................... 1

**Rules**

Fed. R. Evid. 104 ................................................................................................................. 7

Fed. R. Evid. 106 ..................................................................................................... 1, 7, 9, 11

Fed. R. Evid. 402 ................................................................................................................. 3

Fed. R. Evid. 403 .......................................................................................................... 3, 4, 11

Fed. R. Evid. 801(c) ............................................................................................................. 5

Fed. R. Evid. 801(d) ............................................................................................................. 6

Fed. R. Evid. 802 ................................................................................................................. 5

Fed. R. Evid. 805 ................................................................................................................. 6

Fed. R. Evid. 901 ..................................................................................................... 1, 10, 11

Fed. R. Evid. 1001(e) ........................................................................................................... 9

Fed. R. Evid. 1002 ................................................................................................ 1, 9, 10, 11

Fed. R. Evid. 1003 ............................................................................................................... 9

Plaintiffs Denis Audet, Michael Pfeiffer, and Dean Allen Shinners ("Plaintiffs") respectfully request that the Court exclude from the forthcoming jury trial any argument or evidence related to anonymous, unverified submissions to various Internet blogs, forums, message and discussion boards, and similar platforms. These Internet submissions are rank hearsay and inadmissible if offered to show that the anonymous participants in these discussions did not rely on or did not find material the false statements about GAW Miners, LLC and/or ZenMiner, LLC (the "Companies"). But even if offered for a non-hearsay purpose such as notice to class members of the Companies' misrepresentations, their probative value is dwarfed by the significant risk of prejudice to Plaintiffs and the Class, discussed below. As these exhibits also fail to satisfy the requirements of several of the Federal Rules of Evidence, including Rule 901 (authenticity), Rule 106 (completeness), and Rule 1002 (best evidence), they should be excluded entirely from the forthcoming jury trial.

**I.     BACKGROUND**

Plaintiffs represent a class of investors who, between August 1, 2014, and January 19, 2015, purchased Hashlets, Hashpoints, HashStakers, or Paycoin from the Companies, or acquired these products by converting, upgrading, or exchanging other products sold by the Companies. They allege that the sale of these products violated Section 10(b) of the Securities and Exchange Act of 1934, *see* 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5, as well as provisions of the Connecticut Uniform Securities Act ("CUSA") prohibiting the sale of unregistered securities, *see* Conn. Gen. Stat. § 36b-16, and securities fraud, *see id.* § 36b-4, and also constituted common law fraud. As to Defendant Stuart Fraser ("Fraser") specifically, Plaintiffs allege that he is liable for these violations as a "control" person of the Companies pursuant to both federal and Connecticut securities law, *see* 15 U.S.C. § 78t(a); Conn. Gen. Stat. § 36b-29(c), because he

aided and abetted securities fraud under Connecticut law, *see* Conn. Gen. Stat. § 36b-29(a)(2), and because he aided and abetted common law fraud.

On June 21, 2019, this Court amended the class definition and granted Plaintiffs' motion for class certification. Dkt. 141. The Court rejected Fraser's argument that certain "anonymous posts on online discussion boards" were sufficient to show that individual inquiries predominated over common inquiries as to the class's reliance on the Companies' misrepresentations with respect to Plaintiffs' securities fraud and common law fraud claims. Notwithstanding the Court's prior ruling, Fraser now seeks to introduce many of these same statements at trial, *see, e.g.*, DX-529; DX-556, as well as a slew of similar online posts, *see, e.g.*, DX-536.[1]

## II.   ARGUMENT

### A.   Legal Standard

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." *SLSJ, LLC v. Kleban*, 277 F. Supp. 3d 258, 262–63 (D. Conn. 2017) (quoting *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008)). These motions "aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Geneve v. Union Mines*, 652 F. Supp. 1400, 1401 (D. Md. 1987)). As a general matter, evidence must be relevant to be admitted, and even relevant evidence may be excluded "if its probative value is substantially outweighed by a

---

[1] The proposed trial exhibits referenced in this memorandum are submitted as attachments to the Declaration of Geng Chen in Support of Plaintiffs' Motion in Limine to Exclude Internet Discussions, filed concurrently herewith. Although these proposed trial exhibits will be filed as Exhibit A, Exhibit B, etc. to the declaration, for clarity and convenience they will be referenced in this memorandum using their "DX" designations.

2

danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### B. Fraser's Internet Posts Are Irrelevant to Class-wide Liability

As an initial matter, anonymous Internet discussions about GAW Miners, ZenMiner, and the products at issue are irrelevant to issues of class-wide liability—the only issues that will be decided at the upcoming jury trial—and should be excluded on that basis. Fed. R. Evid. 402; *see also* Dkt. 206 at 17 (referencing "class-wide liability trial" with damages to be resolved afterwards, if needed). In his opposition to Plaintiffs' motion for class certification, Fraser suggested that these online posts were relevant to reliance—specifically, that they demonstrated the prevalence of individual issues over common issues because they allegedly revealed that some customers knew that the Companies were perpetrating fraud. *See* Dkt. 107 at 6-18. In its opinion granting class certification, this Court recognized, however, that (1) reliance was not an element of certain claims[2] and (2) as to claims for which reliance could be relevant, class-wide liability turned on the facts and nature of the *Companies'* misrepresentations, not on anonymous Internet posts. *See* Dkt. 141 at 43-51.

Indeed, this Court has already determined that reliance on a class-wide basis may be proven by (1) evidence that the misrepresentations were made uniformly "to all prospective purchasers of [the Companies'] products" through means such as the Companies' website and well established publications like *The Wall Street Journal*, and (2) evidence showing that the nature of the misrepresentations were so fundamental to the value of the products as to necessarily be material and therefore support a common inference of reliance. *See* Dkt. 141 at

---

[2] The Court held that reliance is not an element of Plaintiffs' claim that the Companies sold or offered for sale unregistered securities in violation of CUSA § 36b-16 or Plaintiffs' claim that Fraser is liable for those violations as a control person under CUSA § 36b-29(c). *See* Dkt. 141 at 40-41.

3

43-44, 47-48. Anonymous Internet posts by unknown individuals have little to do with what the *Companies* said about their products, whether those statements or omissions would have been communicated to the class, and whether those statements or omissions were fundamental to the value of the products in question. *See id.*

In the case of Hashlets, for example, Plaintiffs allege that the Companies falsely misrepresented that the payouts from these products were supported by actual mining when those payouts to existing investors were, in fact, supported by sales to new investors as part of a Ponzi scheme. In his opposition to class certification, Fraser cited a post from user "suchmoon" on bitcointalk.com, stating that "the source of these payouts is not fully known," as evidence that customers were skeptical of the Companies' claims. Dkt. 107 at 16 n.46. Even setting aside the obvious hearsay problem, *see infra* section II.C, as well as a host of other evidentiary issues, *see infra* section II.D, the limited probative value of this anonymous post on the Internet—which has yet to be connected to any class member—is far outweighed by the likelihood of confusing the issues and misleading the jury, *see* Fed. R. Evid. 403. Permitting Fraser to cherry-pick a few posts from the entire Internet to present to the jury lends undue weight and significance to these particular posts. Even if the Court were to allow Plaintiffs to counter these posts by introducing their own set of Internet discussions that would support a finding of reliance, that approach is no solution, as it would simply cause even more trial time to be devoted to unreliable evidence of limited to no probative value and lend even more credibility to these Internet submissions in the eyes of the jury. *See id.* (allowing the exclusion of evidence whose probative value is outweighed by risks of "undue delay" and "wasting time").

      **C.**    **Fraser's Internet Posts Are Inadmissible Hearsay**

Plaintiffs vigorously dispute that these anonymous Internet posts are relevant, but even if the Court determines that their probative value outweighs their prejudicial effect, they would still

be inadmissible hearsay if "offered to prove that the individuals who posted them invested in the Companies' products with the knowledge that the Companies were engaging in fraud." Dkt. 141 at 49; *see also* Fed. R. Evid. 802; Fed. R. Evid. 801(c) (defining hearsay as an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted"). Yet that is exactly what Fraser intends to show with these exhibits. DX-529, for example, includes a post by user "abridged86" on Reddit that was previously submitted by Fraser in opposing class certification to show that certain customers "knew or suspected that GAW Miners was a Ponzi scheme and deliberately sought to profit from it." Dkt. 107 at 10 (quoting Exhibit A-17); DX-529. Rule 802, however, precludes Fraser from using an out-of-court statement like "I'm also convinced that GAWminers is a scam" to prove that the out-of-court declarant (*i.e.*, user "abridged86") was actually convinced that GAW Miners was a scam, or a statement like "I truly believe this ponzi is going to last for a while" to prove that they actually believed Hashlets to be a Ponzi scheme. The same applies to statements like "I believe it is a scam, but early in and early out on a Ponzi and you can make money . . . I did all this while telling everyone I know I was investing in a Ponzi scheme." DX-633; *see also* Dkt. 107 at 11 & n.24 (quoting Exhibit A-25 as evidence that customers "sought to profit from what they understood to be a Ponzi scheme").

Furthermore, some of these exhibits contain multiple levels of hearsay. One post in DX-556, for example, asserts that "GAW has been accused repeatedly of being a ponzi by tons of expert bitcoiners, miners, and even GAW customers." DX-556 at 3-4. Not only is this post by user "jimmothy" hearsay, but the purported accusations from "tons" of other declarants constitute hearsay-within-hearsay. Specifically, the anonymous assertion from user "jimmothy" that "GAW has been accused repeatedly" is hearsay if offered for the truth of the matter asserted (*i.e.*, as evidence that such accusations have actually been levied), while the substance of those

5

purported accusations is also hearsay if offered for their underlying truth (*i.e.*, as evidence that GAW was actually running a Ponzi scheme). *See Doe v. Torrington Bd. of Educ.*, 2019 WL 625696, at *1 (D. Conn. Feb. 14, 2019) (Shea, J.) (holding that nested hearsay statements, such as a report containing summaries of interviews given by third parties, are inadmissible unless "each of these nested statements are subject to a hearsay exception or are offered for a legitimate non-hearsay purpose"); *see also* Fed. R. Evid. 805.

Fraser may argue that some of his Internet exhibits include statements purportedly written by one of the Plaintiffs and are covered by the hearsay exclusion of Federal Rule of Evidence 801(d). But even if part of an exhibit is *not* hearsay, there is significant risk that the jury would fail to distinguish those portions from the rest of the exhibit, causing undue prejudice to Plaintiffs. *Cf. Hodges v. Keane*, 886 F. Supp. 352, 357 (S.D.N.Y. 1995) (excluding entire exhibit despite possibility it contained portions "admissible under an exception to the hearsay rule" given the prejudicial effect of the exhibit as whole). Admitting DX-529, for instance, because it includes one post by user "Allen1980s" (the user name of Plaintiff Allen Shinners) would also place before the jury almost 100 additional anonymous posts that are clearly hearsay—including the highly prejudicial statements by user "abridged86" discussed above.

To the extent Fraser intends to offer these exhibits for a "non-hearsay purpose"—*e.g.*, to give notice of potential fraud to the Companies' customers—the Court's class certification order already addressed that possibility and found that these types of Internet posts "show little" in that regard. *See* Dkt. 141 at 49. Nothing has changed to alter that conclusion. The Court previously noted that "there is no evidence in the record of who saw the posts, whether anyone who saw them actually credited them, and whether anyone purchased the products believing the information in the posts to be true." *Id*. Without any indication that Fraser "could lay a proper

6

foundation for the non-hearsay purpose he offers in support of introducing the documents"—*e.g.*, by offering "direct evidence that the [persons who allegedly received such notice] were aware of the content"—these exhibits must be excluded. *Torrington*, 2019 WL 625696, at *1; *see also* Fed. R. Evid. 104.

> **D.   Fraser's Internet Posts Fail to Satisfy Several Additional Evidentiary Requirements**

These anonymous Internet submissions also face additional evidentiary hurdles that Fraser is unlikely to overcome. <u>First</u>, many of these exhibits are incomplete and should not be admitted in their current form under Federal Rule of Evidence 106. *See, e.g.*, *United States v. Millan*, 230 F.3d 431, 434 (1st Cir. 2000) ("Under the doctrine of completeness codified in Federal Rule of Evidence 106, a party wishing to introduce only a portion of a recorded statement may be precluded from doing so where partial disclosure out of context would result in unfairness to the other party."); *see also Phoenix Assocs. III v. Stone*, 60 F.3d 95, 102 (2d Cir. 1995) (describing Rule 106 as grounded in "a principle of fairness" to "avoid misleading the trier of fact"). DX-529, for instance, purports to reflect a Reddit thread consisting of an original post titled "Beware of GAWminer's Hashlet ponzi scheme and scam. Proof of dishonesty and lies inside about www.gawminers.com..." followed by 98 comments responding to the post and/or to other comments. Yet the original post has been deleted and does not appear in DX-529, and the same is true of a number of comments, eliminating the necessary context for any subsequent comments purporting to respond to the deleted material:



DX-529 at 1 (original post that has been deleted).



DX-529 at 6 (comments responding to a prior comment that has been deleted).

As seen in the second excerpt above, one deleted comment in DX-529 drew a response from user "Acejam" of "Whatever you say, Josh," which appears to be a reference to Josh Garza, the CEO of GAW Miners—suggesting that the deleted comment was favorable to GAW Miners, and as a result, may have provided a counterpoint to unfavorable statements (including, potentially, unfavorable statements in the now-deleted original post). To the extent Fraser argues that any class members who saw these unfavorable statements could not have reasonably relied on the Companies' misrepresentations, it is unduly prejudicial to the Class to admit an exhibit in which countervailing favorable statements have been deleted. It would likewise unfairly prejudice the Class should the jury be permitted to see the comment by user "gaw-whistleblower" that appears to doubt the existence of "supposed 'cloud' miners," while depriving the jury of the comment that prompted that response and which would place that skepticism in context. Unless and until any deleted material is restored, these incomplete exhibits

8

should not be admitted. *See NV Petrus SA v. LPG Trading Corp.*, 2017 WL 1905820, at *3 (E.D.N.Y. May 8, 2017) (excluding incomplete exhibits under Rule 106 unless the party offering those exhibits immediately produced complete versions).

Furthermore, several exhibits also violate Rule 106 as they appear to be printouts of just one post or one page of posts from a multi-page discussion thread, oftentimes omitting the original post that kicked off the discussion. *See, e.g.*, DX-610 (page 244 of a 2468-page discussion); DX-633 (page 14 of a 46-page discussion). If the non-hearsay relevance of these lengthy Internet discussions lies in the "notice" they allegedly provided of the Companies' misrepresentations, Fraser should not be permitted to cherry-pick isolated posts to demonstrate such "notice." To be clear, Plaintiffs dispute that these anonymous Internet posts are sufficiently reliable to constitute notice at all, but even if they were admissable for that purpose, the jury cannot accurately assess the impact of Internet chatter on reliance if given only an incomplete and skewed picture of the overall discussion.

Second, several of the exhibits offered by Fraser appear to violate Rule 1002's requirement that "[a]n original writing . . . is required in order to prove its content unless these rules or a federal statute provides otherwise" and do not appear to be a duplicate under Rule 1003. Fed. R. Evid. 1002; Fed. R. Evid. 1003; *see also* Fed. R. Evid. 1001(e) ("A 'duplicate' means a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original."). In fact, these exhibits appear to be compilations of or excerpts from one or more underlying Internet discussions, but do not contain the URL(s) of the original Internet discussion(s), do not clearly indicate the user name responsible for each post, and appear to be devoid of any dates indicating when each post was created, which limits their probative value and increases the likelihood of confusing the jury.

9

*See Wilson v. Bd. of Educ. of Prince George's Cty.*, 2013 WL 12246628, at *3 (D. Md. Oct. 30, 2013) (excluding documents created by "copying and pasting text from e-mails" under Rule 1002 and noting that these exhibits "include headings not originally present in the e-mails, and in some instances, date and time stamps appear to have been either removed or inserted"); *Smith v. NBC Universal*, 2008 WL 483604, at *3 (S.D.N.Y. Feb. 22, 2008) (weighing an exhibit's probative value against its potential to confuse the jury in excluding an exhibit under the best evidence rule). These concerns are particularly acute with respect to exhibits that purport to contain statements made by one of the Plaintiffs. DX-536, for example, appears to be a compilation of posts by user "hashslinger," a handle used by Plaintiff Michael Pfeiffer. It is not clear where these posts come from, what (if anything) they are responding to, when they were made, and whether they arise from one discussion thread or multiple unrelated discussions.

Third, it is unclear whether *any* of Fraser's proposed exhibits related to Internet discussions can be authenticated in accordance with Federal Rule of Evidence 901, which requires the proponent to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a); *see, e.g.*, *Karavitis v. Makita U.S.A., Inc.*, 243 F. Supp. 3d 235, 251 (D. Conn. 2017) (excluding website printouts due to their proponent's failure to authenticate), *aff'd*, 722 F. App'x 53 (2d Cir. 2018). Exhibits such as DX-529, in which significant portions of an Internet discussion have been deleted, cannot possibly be a true and accurate copy of that discussion. *Cf., e.g.*, *United States v. Jackson*, 488 F. Supp. 2d 866, 871 (D. Neb. 2007) ("Changes, additions, and deletions have clearly been made to this document, and accordingly, the court finds this document is not authentic as a matter of law."); *United States v. Wardlaw*, 977 F. Supp. 1481, 1485 (N.D. Ga. 1997) (excluding audiotape that had been edited to delete certain portions under Rule 901 and Rule 403). In addition, though a printout of an

Internet discussion made years after the discussion took place might accurately reflect the discussion at the time it was *printed*, whether that printout can be deemed a true and accurate copy of the discussion at the time it *occurred* is a different question—especially if the online platform where the discussion took place permits editing and deleting of posts by participants or the site's administrators. *Cf., e.g.*, *United States v. Ramentol*, 410 F. App'x 236, 242 (11th Cir. 2010) (finding no error in the admission of scanned documents that "could ***not*** be edited, altered, or manipulated" after being scanned to a database in accordance with company policy (emphasis added)).

These difficulties with authentication are compounded by the anonymous nature of these online platforms. For instance, there is no way to determine if user "abridged86" in DX-529 is actually who they claim to be (*i.e.*, a Hashlets customer who purports to not care "if hashlets aren't real") when the anonymous nature of Reddit (as well as other Internet fora) means that "abridged86" could well be anyone—even an employee of GAW Miners seeking to promote Hashlets. *See, e.g.*, *Wilson v. Alabama Dep't of Hum. Res.*, No. 2010 WL 1254319, at *6 n.7 (M.D. Ala. Mar. 26, 2010) (excluding anonymous letter in part because "it is impossible to judge the authenticity of the statements" as the author "did not sign her name"). Thus, even if these Internet discussions were offered for a non-hearsay purpose and could overcome Rule 403, they are independently inadmissible under Rule 106, Rule 1002, and Rule 901.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court exclude any argument or evidence related to anonymous, unverified submissions to various Internet blogs, forums, message and discussion boards, and similar platforms. The exhibits reflecting these submissions—as demonstrated by the exemplary exhibits discussed in this memorandum—are riddled with inadmissible hearsay and evidentiary deficiencies, and as they possess little to no

probative value to the issues to be resolved at the forthcoming jury trial while presenting significant risk of unfair prejudice, confusing the issues, misleading the jury, and wasting trial time, they should be excluded in their entirety.

Dated: September 1, 2021

Respectfully submitted,

/s/ Geng Chen
Marc Seltzer
Kathryn Hoek
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
mseltzer@susmangodfrey.com
khoek@susmangodfrey.com

Mark P. Kindall (ct13797)
Robert A. Izard
Craig A. Raabe
IZARD, KINDALL & RAABE, LLP
29 S. Main St., Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
mkindall@ikrlaw.com
rizard@ikrlaw.com
craabe@ikrlaw.com

Seth Ard
Russel F. Rennie
Jacob Buchdahl
Geng Chen
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6022
Tel: (212) 336-8330
sard@susmangodfrey.com
rrennie@susmangodfrey.com
jbuchdahl@susmangodfrey.com
gchen@susmangodfrey.com

Edgar Sargent
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (202) 516-3880
esargent@susmangodfrey.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2021, I caused the foregoing document to be served via the Electronic Case Filing (ECF) system in the United States District Court for the District of Connecticut, on all parties registered for CM/ECF in the above-captioned matter.

Dated: September 1, 2021

                                           */s/ Geng Chen*
                                           Geng Chen