UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, DEAN ALLEN SHINNERS, and JASON VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br> vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>      Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br>Courtroom 2<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br>September 1, 2021<br><br><u>DEMAND FOR JURY TRIAL</u> |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF**
<u>**MOTION IN LIMINE REGARDING SCOPE OF CLASS TRIAL**</u>

Plaintiffs Denis Audet, Michael Pfeiffer, and Dean Allen Shinners ("Plaintiffs") respectfully request that the Court order the following exclusions consistent with the scope of the forthcoming trial on Defendant Stuart Fraser's ("Fraser") liability to the certified Class:

(1) Any argument or evidence relevant only to damages, including any argument or evidence suggesting that Plaintiffs or any other member of the Class profited from their investment in GAW Miners and/or ZenMiner products; and

(2) Any argument or evidence referencing conduct post-dating the class period.

As the Court has indicated that the trial scheduled to begin on October 20, 2021, will decide issues of "class-wide liability," Dkt. 206 at 17, argument or evidence related only to damages should be excluded, as well as any argument or evidence concerning conduct post-dating the class period of August 1, 2014 through January 19, 2015.

**I.     Any argument or evidence relevant only to damages, including any argument or evidence suggesting that Plaintiffs or any other member of the Class profited from their investment in GAW Miners and/or ZenMiner products**

Plaintiffs seek to preclude Fraser from offering any argument or evidence (including testimony) that is relevant only to damages, as the Court has already bifurcated the case as to class-wide liability and damages, and deferred consideration of damages to a later stage, if needed. *See* Dkt. 206 at 14-17. Yet Fraser's exhibit list is rife with documents seemingly irrelevant to Fraser's liability.[1] DX-676, for example, appears to be a communication from Plaintiff Marc Audet dated November 18, 2015 that summarizes his transactions in Paycoin and other GAW products, which appears to have no relevance to any liability issue, let alone class-wide liability. DX-654 appears to be related to credit card chargebacks, another damages issue

---

[1] The proposed trial exhibits referenced in this memorandum are submitted as attachments to the Declaration of Geng Chen in Support of Plaintiffs' Motion in Limine Regarding Scope of Class Trial, filed concurrently herewith. Although these proposed trial exhibits will be filed as Exhibit A, Exhibit B, etc. to the declaration, for clarity and convenience they will be referenced in this memorandum using their "DX" designations.

1

that will not be addressed at the class trial on liability. *See* Dkt. 206 at 2-4 (discussing chargebacks in context of order bifurcating liability and damages). DX-676, DX-654, and similar exhibits relevant only to damages should be excluded from the class trial. Fed. R. Evid. 402; *see, e.g.*, *In re Namenda Direct Purchaser Antitrust Litig.*, 2019 WL 6242128, at *11 (S.D.N.Y. Aug. 2, 2019) (granting plaintiffs' motion in limine to exclude evidence about their own financial condition from the "first phrase of the trial," as such information "has no relevance to liability").

What's more, Fraser's exhibit list also includes exhibits that could be used to misleadingly imply that class members actually profited from their transactions with GAW Miners and/or ZenMiner. For example, DX-551 is a press release from GAW Miners titled "Savvy Bitcoin Users Earn Over $8M in 3-Months with Major 536% ROI Upgrade," dated October 2, 2014, which states that "Bitcoin miners were excited to find a sudden surge in profitability after a major announcement by leading cryptocurrency hardware provider, GAWMiners." These statements are independently inadmissible for other reasons, including as hearsay under Federal Rule of Evidence 802, but they are also unfairly prejudicial to the Class, especially as the jury will not hear evidence from Plaintiffs' damages expert as to the losses suffered by the Class to counterbalance this purported evidence of "profitability." Fed. R. Evid. 403. But regardless of whether DX-551 and similar exhibits would be admissible in future damages proceedings, they have no place in the liability trial and should be excluded.

**II.     Any argument or evidence referencing conduct post-dating the class period**

Plaintiffs also seek to preclude Fraser from offering argument or evidence referencing conduct post-dating the class period. To be clear, Plaintiffs do not seek a blanket exclusion of documents *dated* after the end of the class period—both Plaintiffs and Fraser, for instance, seek to introduce exhibits such as the plea agreement entered in 2017 by Josh Garza, the former CEO of GAW Miners, to resolve criminal charges brought by the SEC.

Fraser's exhibit list, however, includes post-class period documents that do not appear to bear on any issue in dispute in the class trial. For example, DX-649 appears to be an email from Plaintiff Michael Pfeiffer to a "Mike" at the online blog Coinfire, dated March 7, 2015, that references "[a]llegations of misconduct" on the part of Garza and GAW Miners and whether "cryptojournalism" plays a role in exposing truth versus manipulating the market. These statements, however, post-date the close of the class period by two months. To the extent this exhibit could be used to imply that class members such as Pfeiffer were aware of the alleged misrepresentations, it is not probative of what Pfeiffer knew *during the class period*, given the additional two months' worth of information that would have informed these statements.[2] Similarly, DX-666, which appears to be an email sent to Pfeiffer on May 24, 2015 from "paycoinable.com" concerning an upcoming website launch, has no bearing on Pfeiffer's Paycoin investments during the class period.

In addition, some of these post-class period documents reference Garza's temporary relocation to Dubai in the spring of 2015. DX-674 is an email exchange between Plaintiff Allen Shinners and the FBI concerning Garza and includes speculation that Garza was hiding from the SEC investigation in Dubai. It is unclear how the activities discussed in this correspondence have any bearing on Fraser's liability to the Class. To the extent Fraser intends to argue that Garza's culpability is relevant to apportionment of liability for federal securities fraud, Garza's alleged flight to Dubai is far less probative of culpability than definitive evidence such as his plea agreement. It is also highly prejudicial to the Class and Plaintiffs for the jury to base its apportionment of liability on ancillary misconduct by Garza that is not the basis for their claims against Fraser. Fraser should not be permitted to use this evidence of post-class period conduct to

---

[2] This exhibit would also be subject to Plaintiffs' Motion in Limine Regarding Class Representatives.

3

inflame the jury against Garza and thus reduce his own culpability. Fed. R. Evid. 403. Any argument or evidence referencing such post-class period conduct should be excluded from the class trial on liability.

Dated: September 1, 2021

Respectfully submitted,

/s/ Geng Chen
Marc Seltzer
Kathryn Hoek
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Tel: (310) 789-3100
mseltzer@susmangodfrey.com
khoek@susmangodfrey.com

Mark P. Kindall (ct13797)
Robert A. Izard
Craig A. Raabe
IZARD, KINDALL & RAABE, LLP
29 S. Main St., Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
mkindall@ikrlaw.com
rizard@ikrlaw.com
craabe@ikrlaw.com

Seth Ard
Russel F. Rennie
Jacob Buchdahl
Geng Chen
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019-6022
Tel: (212) 336-8330
sard@susmangodfrey.com
rrennie@susmangodfrey.com
jbuchdahl@susmangodfrey.com
gchen@susmangodfrey.com

Edgar Sargent
SUSMAN GODFREY L.L.P.
1201 Third Avenue, Suite 3800
Seattle, WA 98101-3000
Tel: (202) 516-3880
esargent@susmangodfrey.com

*Counsel for Plaintiffs*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 1, 2021, I caused the foregoing document to be served via the Electronic Case Filing (ECF) system in the United States District Court for the District of Connecticut, on all parties registered for CM/ECF in the above-captioned matter.

Dated: September 1, 2021

                                                  */s/ Geng Chen*
                                                  Geng Chen