# Exhibit H



**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

FILED

2017 JUL 20  P 12 38

US DISTRICT COURT
HARTFORD CT

| Connecticut Financial Center | (203)821-3700 |
| 157 Church Street, 25th Floor | Fax (203) 773-5376 |
| New Haven, Connecticut 06510 | www.justice.gov/usao/ct |

July 20, 2017

Marjorie Peerce
Ballard Spahr LLP
919 Third Ave, 37th Floor
New York, NY 10022

     Re:   United States v. Joshua Garza
           Case No. *3:17CR158(RNC)*

Dear Ms. Peerce:

     This letter confirms the plea agreement between your client, Homero Joshua Garza (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

**THE PLEA AND OFFENSE**

     The defendant agrees to waive his right to be indicted and to plead guilty to a one-count information charging him with wire fraud, in violation of 18 U.S.C. § 1343.

     The defendant understands that, to be guilty of this offense, the following essential elements of the offense must be satisfied:

1. First, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations or promises;

2. Second, that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

3. Third, that in execution of that scheme, the defendant used or caused the use interstate wires.


EXHIBIT
*19*

*July 20, 2017 Letter to Marjorie Peerce, Esq.*
*Page 2*

## THE PENALTIES

This offense carries a maximum penalty of 20 years of imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years to begin after imprisonment. The defendant understands that, should he violate any condition of the supervised release, he may be required to serve a further term of imprisonment of up to two years with no credit for time already spent on supervised release.

The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is also subject to restitution, as discussed below. Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572 (h), (*i*) and § 3612(g).

### Restitution

In addition to the other penalties provided by law, the Court must also order that the defendant make restitution under 18 U.S.C. § 3663A, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

Regardless of restitution that may be ordered by the Court noted above, the defendant agrees to make restitution in the amount of $9,182,000. The defendant agrees to make such restitution as ordered by the Court.

The defendant agrees that by virtue of his plea of guilty he waives any rights or cause of action to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs.

## COLLECTION OF FINANCIAL OBLIGATIONS

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees fully to disclose all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, including but not limited to:

*July 20, 2017 Letter to Marjorie Peerce, Esq.*
*Page 3*

1.      The defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant understands and agrees that his financial statement and disclosures will be complete, accurate, and truthful.

2.      The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on him in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) truthfully disclosing to the United States Attorney's Office and the United States Probation Office personal information requested, including the submission of a complete and truthful financial statement detailing the defendant's financial condition.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding

*July 20, 2017 Letter to Marjorie Peerce, Esq.*
*Page 4*

the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

<u>Stipulation</u>

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

<u>Guideline Stipulation</u>

The parties agree as follows:

The Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The defendant's base offense level under U.S.S.G. § 2B1.1(a) is 7. That level is increased by 18 levels, because the agreed-upon loss is over $3,500,000 but less than $9,500,000 per U.S.S.G. § 2B1.1(b)(1). That level is increased by 2 levels because the offense involved 10 or more victims per U.S.S.G. § 2B1.1(b)(2). That level is further increased by 2 levels because the defendant was an organizer, leader, manager or supervisor in the charged criminal activity per U.S.S.G. § 3B1.1(c). 3 levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 26.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category 1. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

A total offense level 26, assuming a Criminal History Category 1, would result in a range of 63 to 78 months of imprisonment (sentencing table) and a fine range of $25,000 to $250,000, U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of 1 to 3 years. U.S.S.G. § 5D1.2.

The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence.

*July 20, 2017 Letter to Marjorie Peerce, Esq.*
*Page 5*

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

<u>Waiver of Right to Appeal or Collaterally Attack Conviction and Sentence</u>

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction and sentence. The defendant agrees not to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. Nor will he pursue such an appeal or collateral attack to challenge the sentence imposed by the Court if that sentence does not exceed 78 months of imprisonment, a 3-year term of supervised release, a $100 special assessment, a restitution order of $9,182,000, and a $20,000,000 fine, even if the Court imposes such a sentence based on an analysis different from that specified above. The Government and the defendant agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with, in whole or in part, the undischarged portion of any other sentence that has been imposed on the defendant at the time of sentencing in this case. The defendant acknowledges that he is knowingly and intelligently waiving these rights. Furthermore, the parties agree that any challenge to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentence that is inconsistent with (or not addressed by) this waiver. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

<u>Information to the Court</u>

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

<u>Waiver of Right to Indictment</u>

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is

*July 20, 2017 Letter to Marjorie Peerce, Esq.*
*Page 6*

knowingly and intelligently waiving his right to be
indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every
stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that
plea if it has already been made, the right to a public trial, the right to be tried by a jury with the
assistance of counsel, the right to confront and cross-examine the witnesses against him, the right
not to be compelled to incriminate himself, the right to testify and present evidence, and the right
to compel the attendance of witnesses to testify in his defense. The defendant understands that
by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court,
there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions
about each offense to which he pleads guilty, and if he answers those questions falsely under
oath, on the record, and in the presence of counsel, his answers may later be used against him in
a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be
vacated for any reason, then any prosecution that is not time-barred by the applicable statute of
limitations on the date of the signing of this plea agreement (including any indictment or counts
the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be
commenced or reinstated against the defendant, notwithstanding the expiration of the statute of
limitations between the signing of this plea agreement and the commencement or reinstatement
of such prosecution. The defendant agrees to waive all defenses based on the statute of
limitations with respect to any prosecution that is not time-barred on the date the plea agreement
is signed.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty
freely and voluntarily because he is guilty. The defendant further acknowledges that he is
entering into this agreement without reliance upon any discussions between the Government and
him (other than those described in the plea agreement letter), without promise of benefit of any
kind (other than the concessions contained in the plea agreement letter), and without threats,
force, intimidation, or coercion of any kind. The defendant further acknowledges his
understanding of the nature of the offense to which he is pleading guilty, including the penalties
provided by law. The defendant also acknowledges his complete satisfaction with the
representation and advice received from his undersigned attorney. The defendant and his
undersigned counsel are unaware of any conflict of interest concerning counsel's representation
of the defendant in the case.

*July 20, 2017 Letter to Marjorie Peerce, Esq.*
*Page 7*


## SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.


## COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.


## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in a fraudulent scheme related to virtual currency and his conduct in the crypto currency business, including but not limited to work with voice-over internet protocols, GAW, GAW Miners, ZenMiner, ZenCloud and Paycoin, which forms the basis of the information in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw his guilty plea.

*July 20, 2017 Letter to Marjorie Peerce, Esq.*
*Page 8*

## NO OTHER PROMISES

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

DEIRDRE M. DALY
UNITED STATES ATTORNEY


JOHN T. PIERPONT, JR.
ASSISTANT UNITED STATES ATTORNEY


The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

Homero Garza                                    7/20/17
Homero Joshua Garza                             Date
The Defendant


I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.


MARJORIE PEERCE, ESQ.                           7/20/17
Attorney for the Defendant                      Date

*July 20, 2017 Letter to Marjorie Peerce, Esq.*
*Page 9*

## STIPULATION OF OFFENSE CONDUCT

The defendant and the Government stipulate to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the information:

1.  From approximately May 2014 through January 2015, the defendant operated a scheme to defraud victims out of money in connection with the procurement of virtual currency on their behalf.

2.  "Virtual currency" is a digital representation of a value that can be traded and functions as a medium of exchange. Virtual currency generally is not issued or guaranteed by any jurisdiction or government, and its value is decided by consensus within the community of users of the virtual currency. A virtual currency generally self-generates units of currency through a process called "mining." A virtual currency "miner" is computer hardware that runs special computer software to solve complex algorithms that validate groups of transactions in that virtual currency. Once a complex algorithm is solved, a unit of currency, such as a bitcoin, is awarded to the individual operating the miner. This process is known as "mining."

3.  The defendant founded multiple companies that were used in connection with this scheme to defraud related to virtual currency, including, among others, GAW, GAW Miners, ZenMiner, ZenCloud.

4.  The defendants' companies sold miners, access to miners, the right to purchase a virtual currency called "paycoin," as well as "hashlets." A hashlet entitled an investor to a share of the profits that GAW Miners and/or or ZenMiner would purportedly earn by mining virtual currencies using the computers that were maintained in their data centers. In other words, hashlet customers, or investors, were buying the rights to profit from a slice of the computing power owned by GAW Miners and ZenMiner.

5.  To generate business as well as attract customers and investors, the defendant made multiple statements related to the scheme, including, among others:

| Statement | Truth |
|---|---|
| GAW Miners' parent company purchased a controlling stake in ZenMiner for $8 million and that ZenMiner became a division of GAW Miners. | There was no transaction in which GAW Miners' parent company purchased a controlling stake in ZenMiner. |
| The hashlets the defendant's companies sold engaged in the mining of virtual currency. | The defendant's companies sold more hashlets than were supported by the computing power maintained in their data centers. Stated differently, the defendant's companies sold the customers the right to more virtual currency than the companies' computing power could generate. |

*July 20, 2017 Letter to Marjorie Peerce, Esq.*
*Page 10*

| Statement | Truth |
|---|---|
| The market value of a single paycoin would not fall below $20 per unit because the defendant's companies had a reserve of $100 million that the companies would use to purchase paycoins to drive up its price. | The defendant's companies did not have a reserve of $100 million and could not therefore drive up the value of paycoin. |

6.  The defendant along with others, acting through his companies, applied money his companies had made from new hashlet investors and used it to pay older hashlet investors money that the companies owed them based on the purported mining GAW Miners and ZenMiner had done on the investors' behalf.

7.  The reasonably foreseeable loss attributable to the defendant from the scheme was $9,182,000.

8.  In furtherance of the scheme the defendant used interstate wires, including by sending, among others, one email dated August 8, 2014, from the email address Josh@genuisesatwork.com to the email address Josh@genuisesatwork.com, in which the defendant discussed GAW Miners' parent company purportedly purchasing a controlling stake in ZenMiner for $8 million, when, in fact, there was no such sale.

This written stipulation is part of the plea agreement.  The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

HOMERO JOSHUA GARZA
The Defendant

JOHN T. PIERPONT, JR.
ASSISTANT UNITED STATES ATTORNEY

MARJORIE PEERCE, ESQ.
Attorney for the Defendant

*July 20, 2017 Letter to Marjorie Peerce, Esq.*
*Page 11*

### RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

      The greater of -
      (I)  the value of the property on the date of the damage, loss, or destruction; or

      (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. Pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. Pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. Reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court-ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3614, 3613A. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.