# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| DENIS MARC AUDET, *et al*., | |
| Plaintiffs, | Case No. 3:16-CV-00940-MPS |
| v. | Honorable Michael P. Shea |
| STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, | |
| Defendants. | |

## DEFENDANT STUART A. FRASER'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26 of the Local Rules of the United States District Court for the District of Connecticut, Defendant Stuart Fraser ("Fraser"), through his undersigned counsel, hereby serves these Responses and Objections (the "Responses") to Plaintiffs' First Request for Production of Documents, dated Nov. 2, 2017 (the "Request"). Fraser objects and responds to the Request as follows:

Fraser has not yet completed his investigation of the facts relating to this case, has not completed his discovery, and has not completed his preparation for trial. Accordingly, all of Fraser's Responses are based solely upon information and documents that are presently available to and known to Fraser. Fraser anticipates that further discovery and independent investigation will supply additional facts that may clarify and add meaning to known facts as well as establish entirely new matters, all of which may lead to substantial additions to, changes in, and variations from Fraser's responses. The following responses are given without prejudice to Fraser's right to produce evidence of any subsequently discovered fact or facts that may later be recalled.

The Request uses terms that have many possible meanings.  Fraser has attempted to respond to the best of his ability, but objects to this ambiguity and reserves the right to supplement or revise his responses if the Request and Responses are later used in contexts that tend to give them a particular meaning.  Similarly, many of the ambiguous terms are legal in nature so that, in effect, they seek admissions of law rather than of fact.  Fraser has endeavored to respond as of today, bearing in mind that as more information becomes available, responses may change.

Accordingly, Fraser reserves the right to produce at trial all facts, opinions, or documents, the existence of which are subsequently discovered through investigation, discovery, or otherwise, which support or tend to support his contentions at the time of trial.  Attorneys' work product and/or privileged information is not referred to, and inadvertent disclosure thereof will not waive any privilege.

### GENERAL OBJECTIONS

These general objections are incorporated into each specific response and objection hereinafter set forth as if fully set forth therein, and will not be repeated in each specific response or objection.  Where one or more general objections are expressly repeated or referred to in specific responses, it is for emphasis only.  The response to any particular document request is not, and shall not be construed as, an admission of the relevance or admissibility into evidence of any such response, or of the propriety of the particular request.

1.      Fraser objects to the Request and to the instructions and definitions contained therein to the extent that it seeks to impose on Fraser any obligations greater than those established or required by the Federal Rules of Civil Procedure or the District of Connecticut local rules.

2.      Fraser objects to the Request to the extent that it calls for him to investigate and provide information that Plaintiffs already have in their possession, custody or control or that is publicly available.

3.      Fraser objects to the Request to the extent that it is duplicative and cumulative and seeks information that may be obtained from another source that is more convenient, less burdensome, or less expensive.

4.      Fraser objects to the Request to the extent that it calls for information not in his possession, custody, or control within the meaning of the Federal Rules of Civil Procedure. Fraser further objects to the Request to the extent it seeks documents from anyone other than himself.

5.      Fraser objects to the Request to the extent that it is overbroad, unduly burdensome, vague, ambiguous, duplicative and would require Fraser to speculate as to the nature or scope of the information sought, or seeks information that is not relevant to any party's claim or defense.

6.      Fraser objects to the Request to the extent that it seeks the production of any document, any portion of any document, or any other information that is subject to any privilege, protection, or immunity, including, without limitation, the attorney-client privilege and the attorney work-product doctrine.  Inadvertent production of any such document or information is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection, or immunity, in whole or in part.

7.      Fraser objects to the Request to the extent that it calls for information that relates to matters not raised by the pleadings, is not material and necessary to the prosecution or defense

of this action, is not relevant to any party's claim or defense, and/or is not proportional to the needs of the case.

8.    In providing these Responses and any documents that he may produce, Fraser does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

a.    all objections as to competence, relevance, materiality, admissibility in evidence or other use of the Request or portion thereof, or subject matter thereof, or Fraser's response or objections thereto, or any documents that may be produced by him;

b.    all objections as to vagueness, ambiguity, and undue burden;

c.    all rights to object on any ground to the use of any of the Request, these Responses, or the subject matter thereof, or any documents produced in response thereto, in this or any other or subsequent proceeding; and

d.    all rights to object on any ground to any request for further responses to these or any other requests for documents and/or things or to other discovery requests involving or related to the subject matter of the Request.

9.    Fraser submits these Responses without conceding the relevance or materiality of the subject matter of any document or document request, and without prejudice to its right to object to further discovery.  Fraser hereby reserves the right to supplement or amend any response or objection herein.

10.    In the event that Fraser produces any responsive documents, he will do so only to the extent that any such documents exist within his possession, custody or control.

11.    These Responses do not constitute an acknowledgement by Fraser that any responsive documents exist or are in Fraser's possession, custody or control.

## SPECIFIC RESPONSES AND OBJECTIONS

### REQUEST FOR PRODUCTION NO. 1

1.      Please produce documents reflecting communications with Garza.  This request includes text messages, messages sent through chat programs or applications (e.g., Google Hangout, Groupme, Whatsapp, etc.), or through social media platforms (e.g., Linkedin, Twitter, Facebook, etc.).

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Fraser objects to Request No. 1 to the extent that it is unduly burdensome because he is an individual with limited access to historical data in the requested devices, programs, applications and social media platforms.  Fraser further objects on the grounds that this Request is overly broad because it requests documents covering a time period of more than five years, seeks information not relevant to any party's claims or defenses in this action, and seeks information that is likely held by a third-party and not accessible to him.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, reflecting communications with Garza between January 1, 2003 and June 15, 2016.

### REQUEST FOR PRODUCTION NO. 2

2.      Please produce documents sufficient to identify all phone calls you made to Garza, as well as any voicemails between You and Garza or notes of calls between You and Garza.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Fraser objects on the grounds that Request No. 2 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years, seeks information not relevant to any party's claims or defenses in this action, and seeks information that is likely

held by a third-party and not accessible to him.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to phone calls and voicemails to and from Garza between January 1, 2003 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 3**

3.     Please produce all entries from any calendars, day planners, diaries, etc. that reflect any meetings you had with Garza.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Fraser objects on the grounds that Request No. 3 is overly broad and unduly burdensome because it requests entries covering a time period of more than five years, and seeks information not relevant to any party's claims or defenses in this action.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to any meetings with Garza between January 1, 2003 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 4**

4.     Please produce all documents reflecting communications with any employees or agents of GAW Miners and/or ZenMiner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Fraser objects on the grounds that Request No. 4 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years, seeks information not relevant to any party's claims or defenses in this action, and seeks information that is likely held by a third-party and not accessible to him.  Fraser further objects on the grounds that Request No. 4 does not define who is meant by "any employees or agents" and improperly

requires Fraser to speculate as to what information is being sought.  Fraser also objects on the grounds that Request No. 4 is unduly cumulative and calls for documents that Plaintiffs have obtained or are obtainable from public, free and online sources, from which the Plaintiffs can access in a more convenient, less burdensome, and less expensive manner.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to communications between Fraser and employees of GAW Miners and/or ZenMiner between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 5**

5.     Please produce all documents relating to the financial performance or status of GAW Miners and/or ZenMiner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

Fraser objects on the grounds that Request No. 5 is unduly cumulative and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner.  Fraser further objects on the grounds that Request No. 5 is overly broad and unduly burdensome because it requests communications covering a time period of more than five years.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to the financial performance of GAW Miners and/or ZenMiner between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 6**

6.     Please produce all documents reflecting communications with any employees or agents of GAW Miners and/or ZenMiner relating to the business or operations of GAW Miners and/or ZenMiner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6**

Fraser objects on the grounds that Request No. 6 is duplicative of Request No. 4, overly broad and unduly burdensome because it requests documents covering a time period of more than five years, and seeks information not relevant to any party's claims or defenses in this action. Fraser also objects on the grounds that Request No. 6 seeks documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner. Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to communications with employees or agents of GAW Miners and/or ZenMiner related to their business operations between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 7**

7.     Please produce all documents relating to the business or operations of GAW Miners and/or ZenMiner, including documents relating to any advertising or promotion of GAW Miners and/or ZenMiner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7**

Fraser objects on the grounds that Request No. 7 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years. Fraser also objects on the grounds that Request No. 7 is unduly cumulative and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner. Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to the business or operations of GAW Miners and/or ZenMiner between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 8**

8.      Please produce all documents relating to any GAW Cryptocurrency Products.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Fraser objects on the grounds that Request No. 8 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years.  Fraser also objects on the grounds that Request No. 8 is unduly cumulative and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to GAW Cryptocurrency Products between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 9**

9.      Please produce documents reflecting communications transmitted through social media (e.g., Linkedin, Twitter, Facebook, etc.) relating to GAW Miners, ZenMiner, and/or cryptocurrency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

Fraser objects on the grounds that Request No. 9 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years.  Fraser also objects on the grounds that Request No. 9 is unduly cumulative, calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner, and seeks information that is likely held by a third-party and not accessible to him.  Fraser further objects on the grounds that Request No. 9 is vague and ambiguous, does not define what is meant by "communications transmitted through social media" and improperly requires Fraser to speculate as to what information is being sought.  Without waiving his objections,

Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, reflecting communications transmitted through Fraser's personal social media relating to GAW Miners, ZenMiner and/or GAW Cryptocurrency Products between June 1, 2014 and June 15, 2016.

## REQUEST FOR PRODUCTION NO. 10

10.    Please produce all documents relating to any efforts to promote GAW Miners and/or ZenMiner's business.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10

Fraser objects on the grounds that Request No. 10 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years. Fraser also objects on the grounds that Request No. 10 is unduly cumulative of Request No. 7 and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner.  Fraser further objects on the grounds that Request No. 10 is vague and ambiguous, does not define what is meant by "any efforts" to promote GAW Miners and/or ZenMiner's business and improperly requires Fraser to speculate as to what information is being sought.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to efforts to promote GAW Miners and/or ZenMiner between June 1, 2014 and June 15, 2016.

## REQUEST FOR PRODUCTION NO. 11

11.    Please produce all documents reflecting your communications with any agents or employees of the *Wall Street Journal* relating to GAW Miners, ZenMiner, and/or cryptocurrency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

Fraser objects on the grounds that Request No. 11 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years. Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser's communication with the *Wall Street Journal* concerning GAW Miners, ZenMiner and/or GAW Cryptocurrency Products between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 12**

12.     Please produce all documents relating to any public relations firms hired by GAW Miners and/or ZenMiner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Fraser objects on the grounds that Request No. 12 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years. Fraser also objects on the grounds that Request No. 12 is unduly cumulative and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to public relations firms hired by GAW Miners and/or Zen Miners between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 13**

13.     Please produce all documents relating to your ownership interest in GAW Miners and/or ZenMiner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Fraser objects on the grounds that Request No. 13 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years. Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to his ownership interest in GAW Miners and/or ZenMiner between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 14**

14.    Please produce all documents relating to any investments you made in GAW Miners and/or ZenMiner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Fraser objects on the grounds that Request No. 14 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years, and is duplicative of Request No. 13.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser's investments in GAW Miners and/or ZenMiner between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 15**

15.    Please produce all documents relating to any loans you made to GAW Miners and/or ZenMiner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Fraser objects on the grounds that Request No. 15 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years. Without waiving his objections, Fraser will search for and produce responsive, non-privileged

documents in his possession, custody or control, if any, relating to loans Fraser made to GAW

Miners and/or ZenMiner between June 1, 2014 and June 15, 2016.

## REQUEST FOR PRODUCTION NO. 16

16.     Please produce all documents relating to any financial contributions you made to

GAW Miners and/or ZenMiner that took forms other than as an investment or loan.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 16

Fraser objects on the grounds that Request No. 16 is overly broad and unduly

burdensome because it requests documents covering a time period of more than five years.

Without waiving his objections, Fraser will search for and produce responsive, non-privileged

documents in his possession, custody or control, if any, relating to financial contributions other

than investments or loans made by Fraser to GAW Miners and/or ZenMiner between June 1,

2014 and June 15, 2016.

## REQUEST FOR PRODUCTION NO. 17

17.     Please produce all documents relating to any financial contribution you made to

Garza that was made for the purposes of supporting GAW Miners and/or ZenMiner's business or

operations in any way.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 17

Fraser objects on the grounds that Request No. 17 is overly broad and unduly

burdensome because it requests documents covering a time period of more than five years, and is

duplicative of Request Nos. 13-16.  Without waiving his objections, Fraser will search for and

produce responsive, non-privileged documents in his possession, custody or control, if any,

relating to financial contributions made by Fraser to Garza for the purposes of supporting GAW

Miners and/or ZenMiner between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 18**

18.     Please produce all documents relating to any income or other benefits you received relating to GAW Miners and/or ZenMiner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Fraser objects on the grounds that Request No. 18 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years. Fraser further objects on the grounds that Request No. 18 is vague and ambiguous, does not define what is meant by "income or other benefits" and improperly requires Fraser to speculate as to what information is being sought.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to income or other benefits Fraser received from GAW Miners and/or ZenMiner between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 19**

19.     Please produce all documents relating to any income or other benefits received by anyone relating to GAW Miners and/or ZenMiner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Fraser objects on the grounds that Request No. 19 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years, and seeks information not relevant to any party's claims or defenses in this action.  Fraser also objects on the grounds that Request No. 19 is unduly cumulative and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner.  Fraser further objects on the grounds that Request No. 19 is vague and ambiguous, does not define what is meant by "any income or other benefits received by anyone" and improperly

requires Fraser to speculate as to what information is being sought. Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to any personal income or other benefits received by Fraser relating to GAW Miners and/or ZenMiner between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 20**

20.     Please produce all documents reflecting communications with Thomas Fraser relating to GAW Miners, ZenMiner, and/or cryptocurrency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Fraser objects on the grounds that Request No. 20 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years, and seeks information not relevant to any party's claims or defenses in this action. Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relate to Fraser's communications with Thomas Fraser relating to GAW Miners, ZenMiner and/or GAW Cryptocurrency Products between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 21**

21.     Please produce all documents reflecting communications involving anyone affiliated with Cantor Fitzgerald relating to GAW Miners, ZenMiner, and/or cryptocurrency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Fraser objects on the grounds that Request No. 21 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years, and seeks information that is likely held by a third-party and not accessible to him, and seeks information not relevant to any party's claims or defenses in this action. Fraser further objects

on the grounds that Request No. 21 is vague and ambiguous, does not define what is meant by "all documents reflecting communications involving anyone affiliated with Cantor Fitzgerald" and improperly requires Fraser to speculate as to what information is being sought.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser's personal communications with persons employed by Cantor Fitzgerald relating to GAW Miners and/or ZenMiner or GAW Cryptocurrency Products between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 22**

22.    Please produce all documents reflecting communications with Howard Lutnick relating to GAW Miners, ZenMiner, and/or cryptocurrency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Fraser objects on the grounds that Request No. 22 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years, seeks information that is likely held by a third-party and not accessible to him, and seeks information not relevant to any party's claims or defenses in this action.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser's personal communications with Howard Lutnick relating to GAW Miners, ZenMiner, and/or GAW Cryptocurrency Products between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 23**

23.    Please produce all documents reflecting communications between any person affiliated with Cantor Fitzgerald and anyone affiliated with GAW Miners and/or ZenMiner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Fraser objects on the grounds that Request No. 23 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years, seeks information that is likely held by a third-party and not accessible to him, and seeks information not relevant to any party's claims or defenses in this action. Fraser also objects on the grounds that Request No. 23 is unduly cumulative of Request No. 21, and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner. Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser's personal communications with Cantor Fitzgerald relating to GAW Miners and/or ZenMiner between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 24**

24.    Please produce all documents reflecting communications involving anyone affiliated with BGC Partners relating to GAW Miners, ZenMiner, and/or cryptocurrency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Fraser objects on the grounds that Request No. 24 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years, seeks information that is likely held by a third-party and not accessible to him, and seeks information not relevant to any party's claims or defenses in this action. Fraser also objects on the grounds that Request No. 24 calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner. Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, which relate to Fraser's communications with BCG Partners relating to GAW

Miners, ZenMiner and/or GAW Cryptocurrency Products between June 1, 2014 and June 15, 2016.

## REQUEST FOR PRODUCTION NO. 25

25.   Please produce all documents reflecting communications between any person affiliated with BGC Partners and anyone affiliated with GAW Miners and/or ZenMiner.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 25

Fraser objects on the grounds that Request No. 25 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years, seeks information that is likely held by a third-party and not accessible to him, and seeks information not relevant to any party's claims or defenses in this action.  Fraser also objects on the grounds that Request No. 25 is unduly cumulative of Request No. 24, and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser's communications with BCG Partners and any employee of GAW Miners and/or ZenMiner between June 1, 2014 and June 15, 2016.

## REQUEST FOR PRODUCTION NO. 26

26.   Please produce all documents relating to any of your efforts to solicit any investors in GAW Miners and/or ZenMiner.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 26

Fraser objects on the grounds that Request No. 26 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years. Without waiving his objections, Fraser will search for and produce responsive, non-privileged

documents in his possession, custody or control, relating to Fraser's efforts, if any, to solicit investors in GAW Miners and/or ZenMiner between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 27**

27.   Please produce all communications you had with Garza relating to cryptocurrency.  This request covers the time period beginning January 1, 2012 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27**

Fraser objects on the grounds that Request No. 27 is overly broad and unduly burdensome because it requests communications covering a time period of more than five and a half years and goes beyond the scope of the putative class period, and is duplicative of Request Nos. 1 and 57.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to communications with Garza concerning GAW Cryptocurrency Products between July 1, 2013 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 28**

28.   Please produce all documents relating to any loans you made to Garza for any business or personal reasons.  This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28**

Fraser objects on the grounds that Request No. 28 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, and goes beyond the scope of the putative class period.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his

possession, custody or control, if any, relating to any loans Fraser may have made to Garza for business or personal reasons between January 1, 2003 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 29**

29.    Please produce all documents relating to any gifts or money or benefits you gave to Garza, or any company that he was affiliated with.  This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**

Fraser objects on the grounds that Request No. 29 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, and goes beyond the scope of the putative class period.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to gifts, money or benefits Fraser gave to Garza, GAW Miners or ZenMiner between January 1, 2003 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 30**

30.    Please produce all documents relating to any gifts or money or benefits you received from Garza, or any company that he was affiliated with.  This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30**

Fraser objects on the grounds that Request No. 30 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, and goes beyond the scope of the putative class period.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his

possession, custody or control, if any, relating to gifts, money or benefits Fraser may have received from Garza between January 1, 2003 and June 15, 2016.

## REQUEST FOR PRODUCTION NO. 31

31.     Please produce all documents relating to any business or personal advice your [sic] provided to Garza.  This request covers the time period beginning January 1, 2003 and continuing to the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 31

Fraser objects on the grounds that Request No. 31 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, and goes beyond the scope of the putative class period, and is not limited or narrowed in a way that could result in locating information relevant to any party's claims or defenses in this action.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to business or personal advice Fraser may have provided to Garza between January 1, 2003 and June 15, 2016.

## REQUEST FOR PRODUCTION NO. 32

32.     Please produce all documents relating to any payments you made to Garza, or any business he was affiliated with, for any business or personal reasons.  This request covers the time period beginning January 1, 2003 and continuing to the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 32

Fraser objects on the grounds that Request No. 32 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, goes beyond the scope of the putative class period, and is not limited or narrowed in a way that could result in locating information relevant to any party's claims or defenses in this

action.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to payments Fraser may have made to Garza for any business or personal reasons between January 1, 2003 and June 15, 2016.

## REQUEST FOR PRODUCTION NO. 33

33.    Please produce all documents reflecting communications with Garza relating to the GAW Entities.  This request includes text messages, messages sent through chat programs or applications (e.g., Google Hangout, Groupme, Whatsapp, etc.), or through social media platforms (e.g., Linkedin, Twitter, Facebook, etc.).   This request covers the time period beginning January 1, 2003 and continuing to the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 33

Fraser objects on the grounds that Request No. 33 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, goes beyond the scope of the putative class period, seeks information that is likely held by a third-party and not accessible to him, and is not limited or narrowed in a way that could result in locating information relevant to any party's claims or defenses in this action.  Fraser further objects on the grounds that Request No. 33 is vague and ambiguous, does not define what is meant by "communications with Garza relating to the GAW Entities" and improperly requires Fraser to speculate as to what information is being sought.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser's communications with Garza relating to the GAW Entities between January 1, 2003 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 34**

34.     Please produce all entries from any calendars, day planners, diaries, etc. that reflect any meetings you had with Garza where the GAW Entities were discussed.  This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34**

Fraser objects on the grounds that Request No. 34 is overly broad and unduly burdensome because it requests entries covering a time period of more than fourteen and a half years, asks him to recall the subject matter and date of meetings over this time period, is duplicative of Request No. 3, and is not limited or narrowed in a way that could result in locating information relevant to any party's claims or defenses in this action.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to entries that reflect any meetings Fraser may have had with Garza where the GAW Entities were discussed between January 1, 2003 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 35**

35.     Please produce all documents relating to anyone's ownership interest in the GAW Entities.  This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35**

Fraser objects on the grounds that Request No. 35 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, seeks documents pertaining to "anyone," and is not limited or narrowed in a way that could result in locating information relevant to any party's claims or defenses in this action.

Fraser further objects on the grounds that Request No. 35 is vague and ambiguous, does not define what is meant by "anyone's ownership interest" and improperly requires Fraser to speculate as to what information is being sought.  Fraser also objects on the grounds that Request No. 35 is unduly cumulative and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser's ownership interest in the GAW Entities between January 1, 2003 and June 15, 2016.

## REQUEST FOR PRODUCTION NO. 36

36.     Please produce all documents relating to any investments anyone made in the GAW Entities.  This request covers the time period beginning January 1, 2003 and continuing to the present.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 36

Fraser objects on the grounds that Request No. 36 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, seeks documents pertaining to "anyone," and is not limited or narrowed in a way that will seek information relevant to any party's claims or defenses in this action.  Fraser further objects on the grounds that Request No. 36 is vague and ambiguous, does not define what is meant by "any investments anyone made" and improperly requires Fraser to speculate as to what information is being sought.  Fraser also objects on the grounds that Request No. 36 is unduly cumulative of Request No. 35, and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his

possession, custody or control, if any, relating to Fraser's investments in the GAW Entities between January 1, 2003 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 37**

37.    Please produce all documents relating to any loans made to the GAW Entities. This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37**

Fraser objects on the grounds that Request No. 37 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, and is not limited or narrowed in a way that could result in locating information relevant to any party's claims or defenses in this action.  Fraser further objects on the grounds that Request No. 37 is vague and ambiguous, does not define what is meant by "any loans" and improperly requires Fraser to speculate as to what information is being sought.  Fraser also objects on the grounds that Request No. 37 is unduly cumulative and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to loans Fraser may have made to the GAW Entities between January 1, 2003 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 38**

38.    Please produce all documents relating to any financial contributions you made to the GAW Entities that took forms other than as an investment or loan.  This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38**

Fraser objects on the grounds that Request No. 38 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, and is not limited or narrowed in a way that could result in locating information relevant to any party's claims or defenses in this action. Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to financial contributions made by Fraser to the GAW Entities between January 1, 2003 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 39**

39.    Please produce all documents reflecting communications with Garza relating to the '651 Patent and/or the '049 Patent. This request includes text messages, messages sent through chat programs or applications (e.g., Google Hangout, Groupme, Whatsapp, etc.), or through social media platforms (e.g., Linkedin, Twitter, Facebook, etc.). This request covers the time period beginning January 1, 2006 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39**

Fraser objects on the grounds that Request No. 39 is overly broad and unduly burdensome because it requests documents covering a time period of more than eleven and a half years and seeks information not relevant to any party's claims or defenses in this action. Fraser also objects on the grounds that Request No. 39 is unduly cumulative and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner. Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to

Fraser's communications with Garza concerning the '651 patent or the'049 patent, between January 1, 2006 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 40**

40.     Please produce documents sufficient to identify all phone calls you made to Garza where the '651 Patent and/or the '049 Patent were discussed.  This request covers the time period beginning January 1, 2006 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40**

Fraser objects on the grounds that Request No. 40 is overly broad and unduly burdensome because it requests documents covering a time period of more than eleven and a half years, asks him to recall the subject matter and date of phone calls over this time period, and seeks information not relevant to any party's claims or defenses in this action.  Fraser also objects on the grounds that Request No. 40 is unduly cumulative and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser's phone calls to Garza discussing the '651 Patent or the '049 Patent between January 1, 2006 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 41**

41.     Please produce all entries from any calendars, day planners, diaries, etc. that reflect any meetings you had with Garza where the '651 Patent and/or the '049 Patent were discussed.  This request covers the time period beginning January 1, 2006 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41**

Fraser objects on the grounds that Request No. 41 is overly broad and unduly burdensome because it requests entries covering a time period of more than eleven and a half years, and seeks information not relevant to any party's claims or defenses in this action. Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to meetings Fraser may have had with Garza where the '651 Patent and/or the '049 Patent were discussed between January 1, 2006 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 42**

42.    Please produce all documents reflecting any agreements between You and Garza, including any contracts.  This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42**

Fraser objects on the grounds that Request No.42 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, and seeks information not relevant to any party's claims or defenses in this action.  Fraser further objects on the grounds that Request No. 42 is vague and ambiguous, does not define what is meant by "agreements" and improperly requires Fraser to speculate as to what information is being sought.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to written contracts between Fraser and Garza between January 1, 2003 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 43**

43.     Please produce all documents reflecting any agreements relating to the GAW Entities, including any contracts.  This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43**

Fraser objects on the grounds that Request No. 43 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, and seeks information not relevant to any party's claims or defenses in this action. Fraser further objects on the grounds that Request No. 43 is vague and ambiguous, does not define what is meant by "any agreements relating to the GAW Entities" and improperly requires Fraser to speculate as to what information is being sought.  Fraser also objects on the grounds that Request No. 43 is unduly cumulative and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to agreements involving the GAW Entities between January 1, 2003 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 44**

44.     Please produce all documents relating to the ownership of the GAW Entities. This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44**

Fraser objects on the grounds that Request No. 44 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, and seeks information not relevant to any party's claims or defenses in this action.

Fraser also objects on the grounds that Request No. 44 is unduly cumulative of Request Nos. 13 and 35, and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser's ownership interest in the GAW Entities between January 1, 2003 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 45**

45.    Please produce all documents reflecting any investments or payments made concerning any of the GAW Entities, including by Putative Class Members in the Action.  This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45**

Fraser objects on the grounds that Request No. 45 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, and seeks information not relevant to any party's claims or defenses in this action. Fraser further objects on the grounds that the Request No. 45 improperly requires Fraser to speculate as to who may qualify as a "Putative Class Member" and seeks information equally, primarily, or exclusively available to Plaintiffs, Putative Class Members, or other sources. Fraser also objects on the grounds that Request No. 45 is unduly cumulative and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser's investments or payments involving the GAW Entities between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 46**

46.     Please produce any communications with or concerning any Putative Class Member in the Action relating in any way to the GAW Entities.  This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46**

Fraser objects on the grounds that Request No. 46 is overly broad and unduly burdensome because it requests communications covering a time period of more than fourteen and a half years.  Fraser further objects on the grounds that the Request No. 46 improperly requires Fraser to speculate as to who may qualify as a "Putative Class Member" and seeks information equally, primarily, or exclusively available to Plaintiffs, Putative Class Members, or other sources.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser's communications with Plaintiffs concerning the GAW Entities between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 47**

47.     Please produce all documents reflecting anything held or owed by any Putative Class Member in the Action relating in any way to the GAW Entities.  This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47**

Fraser objects on the grounds that Request No. 47 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years.  Fraser also objects on the grounds that the Request No. 47 improperly requires Fraser to speculate as to who may qualify as a "Putative Class Member" and seeks information equally,

primarily, or exclusively available to Plaintiffs, Putative Class Members or other sources.  Fraser further objects on the grounds that Request No. 47 is vague and ambiguous, does not define what is meant by "anything held or owed" and improperly requires Fraser to speculate as to what information is being sought.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Plaintiffs' ownership of the GAW Entities between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 48**

48.     Please produce all documents reflecting ownership or sales of any GAW Cryptocurrency Products to any Putative Class Member.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48**

Fraser objects on the grounds that Request No. 48 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years.  Fraser also objects on the grounds that the Request No. 48 improperly requires Fraser to speculate as to who may qualify as a "Putative Class Member" and seeks information equally, primarily, or exclusively available to Plaintiffs, Putative Class Members or other sources.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Plaintiffs' ownership or sales of GAW Cryptocurrency Products between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 49**

49.     Please produce all documents supporting, qualifying, undermining, or otherwise concerning each defense You have asserted or plan to assert in the Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49**

Fraser objects on the grounds that Request No. 49 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years. Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control relating to his defenses in this action.

**REQUEST FOR PRODUCTION NO. 50**

50.     Please produce all documents supporting any contention that a class should not be certified in this Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50**

Fraser objects on the grounds that Request No. 50 is overly broad and unduly burdensome because it requests documents covering a time period of more than five years. Fraser further objects to this Request No. 50 to the extent this demand seeks information equally, primarily, and/or exclusively available to Plaintiffs.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to the unsuitability of class certification in this action.

**REQUEST FOR PRODUCTION NO. 51**

51.     Please produce all documents evidencing insurance policies, indemnity agreements, or other contracts that cover, or may potentially cover, any claims asserted against You in the Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51**

Without waiving his objections, Fraser will search for and produce all responsive, non-privileged documents in his possession, custody or control, if any, relating to any insurance policies, agreements or contracts that may cover the claims asserted against Fraser in this action.

**REQUEST FOR PRODUCTION NO. 52**

52.     Please produce all documents relating to the GAW Entities.  This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52**

Fraser objects on the grounds that Request No. 52 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, and seeks information not relevant to any party's claims or defenses in this action. Fraser further objects on the grounds that Request No. 52 is vague and ambiguous, does not define what is meant by "all documents relating to the GAW Entities" and improperly requires Fraser to speculate as to what information is being sought.  Fraser also objects on the grounds that Request No. 52 is cumulative of Request Nos. 7, 33-37, and 43-45, and calls for documents that are obtainable from another source in a more convenient, less burdensome, and less expensive manner.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to the GAW Entities between January 1, 2003 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 53**

53.     Please produce all subpoenas, civil investigative demands or document requests relating to any investigation of Garza or any of the GAW Entities by any government regulator or authority.  This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53**

Fraser objects on the grounds that Request No. 53 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a

half years, and seeks information not relevant to any party's claims or defenses in this action. Fraser further objects to the extent that Request No. 53 calls for the production of information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to government regulators' or authorities' investigations of Garza, GAW Miners or ZenMiner, between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 54**

54.    Please produce all documents concerning any communication between You and any government regulator or authority relating to Garza or any of the GAW Entities.  This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54**

Fraser objects on the grounds that Request No. 54 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, and seeks information not relevant to any party's claims or defenses in this action. Fraser further objects to the extent that Request No. 54 calls for the production of information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser's communications with government regulators or authorities concerning Garza, GAW Miners or ZenMiner, between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 55**

55.     Please produce all documents provided by You to any government regulator or authority, or provided by any government regulator or authority, relating to Garza or any of the GAW Entities.  This request covers the time period beginning January 1, 2003 and continuing to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55**

Fraser objects on the grounds that Request No. 55 is overly broad and unduly burdensome because it requests documents covering a time period of more than fourteen and a half years, and seeks information not relevant to any party's claims or defenses in this action. Fraser further objects to the extent that Request No. 55 calls for the production of information protected from discovery by the attorney-client privilege and/or the attorney work product doctrine, and is duplicative of Requests Nos. 53 and 54.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, that Fraser produced to any government regulator or authority related to Garza, GAW Miners, or ZenMiner, between June 1, 2014 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 56**

56.     Please produce "[a]ll bank account statements for payments and losses that relate to the allegations in the First Amended Complaint" as set forth in your Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56**

Without waiving his objections, Fraser will search for and produce responsive, non-privileged bank account statements for payments and losses related to GAW Miners or Zen Miner in his possession, custody or control, if any, between July 1, 2013 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 57**

57.     Please produce all "[c]ommunications between Fraser and Homero Joshua Garza" as set forth in your Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57**

Fraser objects to the extent that Request No. 57 calls for the production of information that is duplicative of Request Nos. 1, 2, 4, 6, 27 and 33.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to communications between Fraser and Garza between January 1, 2003 and June 15, 2016.

**REQUEST FOR PRODUCTION NO. 58**

58.     Please produce all "[d]ocuments related to Fraser and Garza's business relationship" as set forth in your Initial Disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58**

Fraser objects to the extent that Request No. 58 calls for the production of information that is duplicative of Request Nos. 1-4, 6, 7, 17, 27-34, and 39-41.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser and Garza's business relationship, between January 1, 2003 and June 15, 2016, to be produced on or by December 18, 2017 and, if necessary, on a rolling basis to end on or by February 1, 2018.

**REQUEST FOR PRODUCTION NO. 59**

59.     Please produce all "[c]ommunications concerning Defendants GAW Miners, LLC and ZenMiner, LLC (d/b/a/ Zen Cloud) (together with GAW Miners, LLC, 'the Companies')" as set forth in your Initial Disclosures.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 59</u>**

Fraser objects to the extent that Request No. 59 calls for the production of information that is duplicative of Request Nos. 4, 9, 10 and 33.  Without waiving his objections, Fraser will search for and produce responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser's communications concerning GAW Miners and ZenMiner between June 1, 2014 and June 15, 2016.

**<u>REQUEST FOR PRODUCTION NO. 60</u>**

60.     Please produce all "[d]ocuments related to Fraser's investments in the Companies" as set forth in your Initial Disclosures.

**<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 60</u>**

Fraser objects to the extent that Request No. 60 calls for the production of information that is duplicative of Request Nos. 13-16, 32, 35-38 and 40.  Without waiving his objections, Fraser will search for and produce all responsive, non-privileged documents in his possession, custody or control, if any, relating to Fraser's investment in GAW Miners and ZenMiner between June 1, 2014 and June 15, 2016.

Dated:  <u>December 4, 2017</u>

<div style="margin-left: 50%;">

Respectfully submitted,

HUGHES HUBBARD & REED LLP


By: <u>s/ Sarah L. Cave</u>
Daniel H. Weiner (ct12180)
Sarah L. Cave (phv08437)
Sara E. Echenique (phv08436)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY  10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: sarah.cave@hugheshubbard.com

David R. Schaefer (ct04334)
Sean M. Fisher (ct23087)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT  06511
Tel.: (203) 772-2600
Fax: (203) 562-2098
Email: sfisher@bswlaw.com

*Attorneys for Defendant Stuart A. Fraser*

</div>