UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, DEAN ALLEN SHINNERS, and JASON VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiffs,<br><br>     vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>                              Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br>Courtroom 2<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br>September 1, 2021<br><br><u>DEMAND FOR JURY TRIAL</u> |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION IN LIMINE REGARDING DEFENDANT STUART FRASER</u>**

Plaintiffs Denis Audet, Michael Pfeiffer, and Dean Allen Shinners ("Plaintiffs") respectfully request that the Court order the following exclusions with respect to the personal background and circumstances of Defendant Stuart Fraser ("Fraser") from the forthcoming jury trial:

(1) Any argument or evidence referencing the September 11, 2001, terrorist attacks and Fraser's personal experiences related to those attacks;

(2) Any argument or evidence suggesting that a verdict finding Fraser liable on one or more counts would cause hardship, whether financial or otherwise, to Fraser or his family; and

(3) Any argument or evidence suggesting that Fraser suffered financial losses from his involvement in GAW Miners and/or ZenMiner.

As discussed below, permitting Fraser to makes arguments or introduce evidence covered by Plaintiffs' requests would be unfairly prejudicial to Plaintiffs and the Class, particularly given their limited to nonexistent probative value to the claims and defenses in this action. *See* Fed. R. Evid. 403.

I.  **Any argument or evidence referencing the September 11, 2001, terrorist attacks and Fraser's personal experiences related to those attacks**

Plaintiffs seek to preclude Fraser from offering any argument or evidence (including testimony) the September 11, 2001, terrorist attacks and his personal experiences related to those attacks. On that day, Fraser was an employee of Cantor Fitzgerald, a financial services firm located in the World Trade Center that suffered extensive and devastating loss of life. In the aftermath, Fraser took on additional responsibilities at Cantor Fitzgerald as part of its recovery efforts before retiring about two years after the attacks. These connections between Fraser and the September 11 attacks, which have been raised by Fraser and other witnesses at their

1

depositions, are irrelevant to any claim or defense in this action. *See, e.g.*, Dkt. 253-11 (Fraser's designation of deposition testimony from Amber Capuano) at 34:10-15. Courts have excluded references to September 11 under Federal Rule of Evidence 403 when not directly relevant, as "calling on the jury's sympathy and compassion related to 9/11 is likely to be inflammatory, hence significantly prejudicial." *Newmark Realty Capital, Inc. v. BGC Partners, Inc.*, No. 16-cv-01702-BLF, slip op. at 2 (N.D. Cal. Dec. 7, 2018), ECF No. 701 (excluding references to September 11, other than incidental references in news articles, in case alleging trademark infringement against affiliate of Cantor Fitzgerald). That prejudicial effect is likely further heightened in this case, where the affected party is an individual rather than a corporate entity. As Fraser's counsel has rejected Plaintiffs' counsel's request for a joint stipulation on this topic, *see* Declaration of Geng Chen in Support of Plaintiffs' Motion in Limine Regarding Defendant Stuart Fraser ("Chen Decl.") ¶ 1, it is likely that the jury will hear this highly prejudicial argument or evidence absent an order from the Court.

**II.     Any argument or evidence suggesting that a verdict finding Fraser liable on one or more counts would cause hardship, whether financial or otherwise, to Fraser or his family**

Plaintiffs also seek to preclude Fraser from offering any argument or evidence (including testimony) tending to suggest that a verdict finding Fraser liable on one or more counts would cause hardship, whether financial or otherwise, to Fraser or to his family. Courts regularly grant similar requests, recognizing that "such evidence and argument is not relevant and would only appeal to the sympathy of the jury." *Queen v. W.I.C., Inc.*, 2017 WL 4223950, at *6 (S.D. Ill. Sept. 22, 2017) (citing Fed. R. Evid. 403); *see also, e.g.*, *Droplets, Inc. v. Overstock.com, Inc.*, 2014 WL 11515642, at *2 (E.D. Tex. Dec. 10, 2014) (granting motion in limine "to the extent it shall preclude testimony that a damages award in this case would negatively impact Defendants' employees or customers"); *Salazar v. A & J Const. of Montana, Inc.*, 2012 WL 4092421, at *6

(D. Mont. Sept. 17, 2012) (granting plaintiff's motion in limine to preclude defendant from "commenting on the potential negative effect or impact this litigation or an adverse verdict will have" on defendant or its employees); *Structural Polymer Grp., Ltd. v. Zoltek Corp.*, 2007 WL 1083758, at *6 (E.D. Mo. Apr. 11, 2007) (noting that the court had previously "granted plaintiffs' motions in limine to exclude evidence of the impact upon defendant of a verdict in favor of plaintiffs"). Even in cases where damages would be decided at trial, evidence of a defendant's financial status is often excluded if irrelevant to the damages at issue. *See, e.g.*, *Lynch v. Diamond State Trucking Inc.*, 2014 WL 12734712, at *1 (C.D. Ill. Feb. 28, 2014) ("Defendants' financial status is irrelevant to calculations of Plaintiffs' specific losses and compensatory damages and therefore Plaintiffs' motion is granted."). Allowing Fraser to argue or introduce evidence (including testimony) about the consequences of a verdict unfavorable to him would unduly bias and prejudice the jury against Plaintiffs and the Class. Fed. R. Evid. 403. As Fraser's counsel has rejected Plaintiffs' counsel's request for a joint stipulation on this topic, *see* Chen Decl. ¶ 2, it is likely that the jury will hear this highly prejudicial argument or evidence absent an order from the Court.

**III.     Any argument or evidence suggesting that Fraser suffered financial losses from his involvement in GAW Miners and/or ZenMiner**

Finally, Plaintiffs seek to preclude Fraser from claiming that he suffered financial losses as a result of his investment in GAW Miners and/or ZenMiner (the "Companies"). As an initial matter, whether Fraser suffered financial *losses* has little probative value to any issue in dispute. Of course, one key issue in dispute is whether Fraser was a "control person" of the Companies or aided and abetted them, and in support of their argument that he should be held secondarily liable, Plaintiffs have alleged, *inter alia*, that Fraser provided capital and financing. *See, e.g.*, Dkt. 57 ¶ 47 (First Amended Complaint). The relevant question, however, is whether Fraser

3

provided support, not whether Fraser got any of that capital or financing *back*. And even if Fraser's financial losses—if any—were marginally relevant, it is unfairly prejudicial to the Class for Fraser to play on the sympathy of the jury by describing *his* financial losses at the class trial, while the Class is precluded from describing *its* financial losses given the Court's order on bifurcation. *See* Dkt. 206; Fed. R. Evid. 403.

In the alternative, Plaintiffs urge the Court to preclude Fraser from claiming that he suffered financial losses as a result of his investment in the Companies to the extent that the argument or evidence (including testimony) relied upon is not reflected in what was produced in discovery. During discovery, Plaintiffs sought, for instance, bank records from Fraser "for payments and losses that relate to the allegations in the First Amended Complaint," Chen Decl., Ex. A at 36 (Plaintiffs' Request for Production No. 56), but despite Fraser's agreement to produce these documents, never received a complete picture of Fraser's financial dealings with the Companies. It would be unfair for Fraser to withhold financial information in discovery that could assist him in dodging liability as a control person or aider and abetter, but then attempt to gain the jury's sympathies at trial by testifying about the financial losses he suffered as a result of that same involvement. Courts regularly preclude parties from benefiting from such discovery tactics. *See, e.g.*, *L.A. Printex Indus., Inc. v. Pretty Girl of California, Inc.*, 2012 WL 12886988, at *1 (S.D.N.Y. May 24, 2012) (granting motion in limine to preclude defendants "from putting forth any evidence or argument about the amount of infringing product sold other than what it provided during the discovery period" because, "[t]o the extent evidence was not produced during discovery, it may not be introduced at trial"); *Viasphere Int'l, Inc. v. Vardanyan*, 2014 WL 12709000, at *1 (N.D. Cal. Feb. 24, 2014) (excluding "documents, witnesses, or testimony not disclosed in discovery, except as may be relevant for impeachment purposes only"). Thus,

4

should the Court decline to preclude Fraser from claiming that he suffered financial losses as a general matter, Fraser should still be precluded from arguing or introducing evidence that he suffered financial losses to the extent not disclosed in discovery, particularly given the limited probative value and high risk of unfair prejudice associated with this issue.

Dated: September 1, 2021

                                                   Respectfully submitted,

                                                   */s/ Geng Chen*

| | |
|---|---|
| Mark P. Kindall (ct13797) | Marc Seltzer |
| Robert A. Izard | Kathryn Hoek |
| Craig A. Raabe | SUSMAN GODFREY L.L.P. |
| IZARD, KINDALL & RAABE, LLP | 1900 Avenue of the Stars, Suite 1400 |
| 29 S. Main St., Suite 305 | Los Angeles, CA 90067 |
| West Hartford, CT 06107 | Tel: (310) 789-3100 |
| Tel: (860) 493-6292 | mseltzer@susmangodfrey.com |
| mkindall@ikrlaw.com | khoek@susmangodfrey.com |
| rizard@ikrlaw.com | |
| craabe@ikrlaw.com | Seth Ard |
| | Russel F. Rennie |
| | Jacob Buchdahl |
| | Geng Chen |
| | SUSMAN GODFREY L.L.P. |
| | 1301 Avenue of the Americas, 32nd Floor |
| | New York, NY 10019-6022 |
| | Tel: (212) 336-8330 |
| | sard@susmangodfrey.com |
| | rrennie@susmangodfrey.com |
| | jbuchdahl@susmangodfrey.com |
| | gchen@susmangodfrey.com |
| | |
| | Edgar Sargent |
| | SUSMAN GODFREY L.L.P. |
| | 1201 Third Avenue, Suite 3800 |
| | Seattle, WA 98101-3000 |
| | Tel: (202) 516-3880 |
| | esargent@susmangodfrey.com |
| | |
| | *Counsel for Plaintiffs* |

...

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2021, I caused the foregoing document to be served via the Electronic Case Filing (ECF) system in the United States District Court for the District of Connecticut, on all parties registered for CM/ECF in the above-captioned matter.

Dated: September 1, 2021

                                             */s/ Geng Chen*
                                             Geng Chen