UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DENIS MARC AUDET *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. |
| | : | 3:16-CV-00940-MPS |
| v. | : | |
| | : | Hon. Michael P. Shea |
| STUART A. FRASER, GAW MINERS, | : | |
| LLC, and ZENMINER, LLC, (d/b/a/ | : | September 15, 2021 |
| ZEN CLOUD), | : | |
| Defendants. | : | |

DEFENDANT STUART A. FRASER'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION *IN LIMINE* REGARDING SCOPE OF CLASS TRIAL

Daniel H. Weiner (ct12180)
Marc A. Weinstein (*pro hac vice*)
Amina Hassan (*pro hac vice*)
Hannah L. Miller (*pro hac vice*)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: daniel.weiner@hugheshubbard.com

David R. Schaefer (ct04334)
Sean M. Fisher (ct23087)
Rowena Moffett (ct414899)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT  06511
Tel.: (203) 772-2600
Fax: (203) 562-2098
Email: rmoffett@bswlaw.com

*Attorneys for Defendant Stuart A. Fraser*

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

Argument ........................................................................................................................1

I.  THE COURT SHOULD NOT PRECLUDE ARGUMENT AND EVIDENCE
    THAT PLAINTIFFS INCORRECTLY CHARACTERIZE AS RELEVANT TO
    DAMAGES ONLY. .......................................................................................................1

II. THE COURT SHOULD NOT PRECLUDE ARGUMENTS AND EVIDENCE
    RELATING TO CERTAIN CONDUCT THAT POST-DATES THE CLASS
    PERIOD. .........................................................................................................................5

Conclusion ....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Davis v. City of Stamford*, No. 3:95 CV 2518 JGM, 1998 WL 849369 (D. Conn. Nov. 16, 1998), *aff'd*, 216 F.3d 1071 (2d Cir. 2000) .............................................................2

*Residential Fences Corp. v. Rhino Blades Inc.*, 14-cv-2552 (SIL), 2020 WL 5658777 (E.D.N.Y. Sept. 22, 2020).....................................................................................1, 2

*United Housing Foundation, Inc. v. Forman*, 421 U.S. 837 (1975)...............................................7

*Wasilewski v. Abel Womack, Inc.*, No. 3:10-CV-1857 (VAB), 2016 WL 183471 (D. Conn. Jan. 14, 2016) .....................................................................................................1

**Statutes and Rules**

Connecticut Uniform Securities Act § 36b-29(c) ...................................................................3, 6

Fed. R. Evid. 806 ..........................................................................................................................8

Defendant Stuart A. Fraser ("Fraser") submits this memorandum of law in opposition to Plaintiffs' Motion *In Limine* Regarding the Scope of the Class Trial (the "Motion," ECF 257).  For the reasons set forth below, the Court should deny Plaintiffs' motion in its entirety.

<u>Argument</u>

## I.   THE COURT SHOULD NOT PRECLUDE ARGUMENT AND EVIDENCE THAT PLAINTIFFS INCORRECTLY CHARACTERIZE AS RELEVANT TO DAMAGES ONLY.

The Court should deny Plaintiffs' motion to preclude Fraser from arguing or presenting evidence that, according to Plaintiffs, is relevant "only to damages," for the following reasons:

<u>First</u>, the Court should deny Plaintiffs' motion because it is vague and overbroad. Although Plaintiffs ask the Court to "preclude Fraser from offering any argument or evidence (including testimony) that is relevant only to damages," Plaintiffs identify only three of Defendant's trial exhibits that they seek to preclude and refer vaguely to "similar exhibits" that the Court also should preclude.  (*See* Motion at 1-2.)  However, as demonstrated below, whether a particular trial exhibit is relevant to damages only, or liability as well, is a fact-intensive inquiry that cannot be resolved on a vague, generalized motion.  *See Wasilewski v. Abel Womack, Inc.*, No. 3:10-CV-1857 (VAB), 2016 WL 183471, at *1 (D. Conn. Jan. 14, 2016) (denying defendant's motion to exclude several categories of evidence as "too broad for the Court to grant"); *Residential Fences Corp. v. Rhino Blades Inc.*, 14-cv-2552 (SIL), 2020 WL 5658777, at *6 (E.D.N.Y. Sept. 22, 2020) (denying motion *in limine* as too vague where movants failed to identify which

documents they sought to exclude); *see also Davis v. City of Stamford*, No. 3:95 CV 2518 JGM, 1998 WL 849369, at *1 (D. Conn. Nov. 16, 1998), *aff'd*, 216 F.3d 1071 (2d Cir. 2000) (noting that "[o]rders *in limine* which exclude broad categories of evidence should rarely be employed") (citation omitted, emphasis supplied).  In the event the Court decides to consider Plaintiffs' motion, it should limit its ruling to the specific exhibits Plaintiffs identify in this portion of their motion.

Second, although Fraser does not dispute the general proposition that the Court need not permit arguments or evidence relevant *only* to damages during the liability trial, the evidence that Plaintiffs identify in their motion is also probative of liability-related issues; therefore, the Court should not exclude it.  This evidence includes DX654 and DX551, discussed below.[1]

**DX654 (ECF 256-4)**:  DX654 is an article published in *Bitcoin News Magazine* shortly after the end of the class period in April 2015, containing a statement by class representative Dean Allen Shinners ("Shinners") instructing purported class members on how to obtain credit card chargebacks.  Specifically, Shinners instructs that "[w]hen you call to charge back a GAW transaction, make sure you **stay completely away** from the word **INVESTMENT**," and say that you "[p]urchased a product from GAW Miners."  (DX654 at 3 (emphasis in original).)  Contrary to Plaintiffs' contention that DX654 relates "*only* to damages" (Motion at 1-2 (emphasis supplied)), it also relates to

---

1. Plaintiffs also cite DX676 (Motion at 1-2).  However, Fraser is withdrawing this exhibit, and it is no longer at issue.

key liability issues and witness credibility.  Shinners' characterization of the GAW

products—including Hashlets and Hashstakers, both of which are explicitly mentioned

in DX654—is probative of whether these were "investment contracts" (as Plaintiffs now

claim), thus securities—this is one of the threshold liability-related disputes between the

parties.  (*See* ECF 253-16 (Proposed Joint Jury Instructions) at 16.)  DX654 is also

probative of whether Fraser reasonably could have known during the class period (only

a few months prior to the publication of this statement) whether the products at issue

constituted securities, which is relevant to his affirmative defense to Plaintiffs'

unregistered securities claim under the Connecticut Uniform Securities Act ("CUSA").

(*See id*. at 42-43.)[2]  Finally, DX654 bears on Shinners' credibility as a trial witness

because, along with the fact that Shinners received significant chargebacks (ECF 179-2 at

114), it suggests that he may  characterize his own GAW purchases as "products" or

"services"—as opposed to "investments"— or vice versa, depending on which

characterization best suits his needs at any particular time.

**DX551 (ECF 256-2)**:  The Court should also deny Plaintiffs' motion to exclude—

on a blanket basis—any argument or evidence that suggests that some class members

may have profited from the alleged fraud.  (Motion at 2.)  The only exhibit Plaintiffs

---

2.  Under section 36b-29(c) of the CUSA, Fraser is not liable to Plaintiffs if he proves
that he did not know, and in the exercise of reasonable care could not have known,
of the existence of facts by reason of which the liability is alleged to exist, including
that the products at issue constituted securities or that the Companies were offering
products that would have been required to be registered in Connecticut and were
not.  *See* Conn. Gen. Stat. § 36b-29(c).

cite, DX551, is a press release issued by the Companies during the class period, on October 2, 2014.  Contrary to Plaintiffs' contention that DX551 "ha[s] no place in the liability trial," the press release is probative of core issues of liability.  In particular, the absence of any mention of Fraser in a press release announcing a major company initiative[3] and including multiple statements by Garza is probative of whether Fraser controlled the Companies, and whether he participated in the alleged fraud.  Fraser's alleged control or participation are elements of each of Plaintiffs' claims against Fraser. (ECF 253-16 (Proposed Joint Jury Instructions) at 7-10 (Plaintiffs' summary of their claims).)

Plaintiffs make the unfounded contention that a statement by the Companies in the press release that purchasers of certain Hashlets earned a return on investment is unfairly prejudicial to them.  (Motion at 2.)  Plaintiffs challenge the veracity of almost all of the Companies' statements regarding the products at issue, so it is unlikely that jurors would view the October 2, 2014 press release from the Companies at face value. Nor does Fraser intend to offer DX-551 to prove the truth of the matters asserted therein (including that all Hashlet purchasers earned a return on their investment).  Moreover, the gravamen of Plaintiffs' allegations is that the Companies operated a massive Ponzi scheme, which by definition involves payouts to certain investors at the expense of

---

3.  The press release announces the Companies' plan "to offer a free path to upgrade its legacy customers to the company's revolutionary new bitcoin product, Hashlet Prime," which was "widely considered the most powerful bitcoin mining product in the world."  (*See* DX551 at 1.)

others, so it would be consistent with Plaintiffs' allegations for certain customers to have earned returns. (*See, e.g.,* FAC (ECF 57) ¶¶ 10, 90, 125.) Finally, the three class representatives will likely provide testimony at trial that they lost money, so there is no concern that the jury will believe that all class members profited from their purchases of the products at issue. DX551 is thus relevant to issues of liability and its probative value is not substantially outweighed by unfair prejudice.

## II. THE COURT SHOULD NOT PRECLUDE ARGUMENTS AND EVIDENCE RELATING TO CERTAIN CONDUCT THAT POST-DATES THE CLASS PERIOD.

The Court should deny Plaintiffs' motion to preclude Fraser from presenting argument or evidence that, according to Plaintiffs, relates to conduct that post-dates the class period.

First, as with Plaintiffs' motion to preclude evidence purportedly related to damages only, Plaintiffs' request to preclude "[a]ny argument or evidence referencing conduct post-dating the class period" (*see* Motion at 2) is improperly vague and overbroad. Again, Plaintiffs identify only three of Defendant's trial exhibits as "examples" of the evidence they seek to preclude and ask that the Court preclude "[a]ny argument of evidence referencing *such* post-class period conduct." (*See* Motion at 2-3.) However, as demonstrated below, whether a particular trial exhibit dated from after the close of the class period is relevant to Plaintiffs' claims and Fraser's defenses is a fact-intensive inquiry and cannot be resolved on a generalized motion. That is sufficient ground for the Court to deny Plaintiffs' motion. (*See supra* at 1-2 (compiling

authority).)  To the extent the Court considers this motion, it should limit any ruling to the specific exhibits Plaintiffs identify in this portion of their motion.[4]

Second, as discussed below, the exhibits Plaintiffs cite in their motion are relevant because they either (i) include statements made after the class period that are probative of events during the class period (DX649 & DX666), or (ii) are relevant to witness credibility (DX674).

**DX649 (ECF 256-3)**:  DX649 falls into the first category.  It is a March 7, 2015 email from class representative Michael Pfeiffer ("Pfeiffer").  Contrary to Plaintiffs' contention that DX649 does not "bear on any issue in dispute," the email is relevant to the claims and defenses in this case.  Pfeiffer's description of the world of cryptocurrency as a regulatory "Wild West" and his critique of the "lack of regulation" and "oversight" two months *after* the end of the class period is probative of whether Fraser reasonably could have known *during* the class period whether the products at issue were "investment contracts," which is relevant to Fraser's affirmative defense to Plaintiffs' unregistered securities claim under the CUSA.  (*See* ECF 253-16 (Proposed Joint Jury Instructions) at 42-43.)  Pfeiffer's statements in DX649 are also probative of

---

4.  This motion *in limine* is also confusing in its scope.  While asking the Court to "preclude Fraser from offering argument or evidence referencing conduct post-dating the class period," Plaintiffs also declare that they "do not seek a blanket exclusion of documents *dated* after the end of the class period."  (Motion at 2.)  They cite Garza's 2017 plea agreement with the Department of Justice as an example of a post-class period document that should be permitted (*id.*), although this document also relates, in part, to Garza's conduct *after* the end of the class period.  Fraser should not have to guess which of his trial exhibits dated after the end of the class period Plaintiffs consider irrelevant to the claims and defenses in this case.

whether the class justifiably relied on Garza's and the Companies' alleged misrepresentations *during* the class period.  (*See, e.g.*, ECF 256-3 (DX649) at 3 ("There were a number of people who saw the risks in the rollout of PayBase.  Some of them bought low and sold high.").)  Thus, DX649 is relevant and the Court should not exclude it.

    **DX666 (ECF 256-5)**:  This is a May 24, 2015 email from Paycoinable.com to Pfeiffer including an offer to redeem Paycoin for Regal Cinemas Gift Cards.  Although dated after the end of the class period, it is entirely consistent with how Paycoin was advertised during the class period—*i.e.*, as a cryptocurrency fit for mass-adoption, including by retail companies (*see, e.g.*, PX95, PX125)[5]—and is probative of whether Garza or the Companies marketed Paycoin as a product with a consumptive purpose, rather than as an investment; this in turn is relevant to whether Paycoin is a security. *See, e.g.*, *United Housing Foundation, Inc. v. Forman*, 421 U.S. 837, 852-53 (1975) ("stock" interests in an apartment cooperative were for personal consumption and use and, therefore, were not an "investment contract").  Pfeiffer, who will testify at trial, can speak to whether an offer such as the one reflected in DX666 is consistent with his understanding of how Paycoin was marketed during the class period and an example of the type of use of Paycoin contemplated at the time.  DX666 is thus relevant.[6]

---

5.  PX95 and PX125 are attached to the Hassan Declaration as Exhibits A and B.

6.  In their objections to Fraser's exhibits (ECF 253-4 at 92), Plaintiffs also object to this exhibit on hearsay grounds.  However, Fraser does not intend to offer this exhibit for its truth, but only to show how Paycoin was marketed.

**DX674 (Hassan Decl., Ex. C)**:  Finally, Plaintiffs cite DX674 as an example of "post-class period documents" that are not relevant because "they reference Garza's temporary relocation to Dubai."  (Motion at 3.)  Plaintiffs are wrong again.  DX674 is an October 29, 2015 email from Shinners to the FBI in which Shinners told the FBI that Garza attempted "to get a Dubai doctor to sign a note saying he had a heart attack, which the doctor refused to do.  All to get out of a deposition with the SEC, after fleeing to Dubai."  Shinners includes in the email a letter from Garza, text messages with Garza and pictures of Garza that appear to be from a hospital.  DX674 is relevant because it is probative of Garza's credibility as a trial witness.  Garza, the former lead defendant in this case, is Plaintiffs' key witness:  he is the only witness (aside from Fraser) with detailed personal knowledge of Fraser's alleged involvement with the Companies.  And it is clear that Plaintiffs intend to use Garza's deposition testimony to implicate Fraser.[7] Fraser is entitled to attack Garza's credibility, and DX674 is relevant for that purpose. *See* Fed. R. Evid. 806 (permitting a party to challenge an out of court declarant's credibility).[8]

---

7.  *See, e.g.*, Hassan Decl., Ex. D at 11:25-12:18, 16:4-17, 28:12-21, 47:14-48:13 (excerpts of Plaintiffs' designated testimony from Garza's deposition stating, for example: Fraser was Garza's "business partner;" Fraser was not a "typical investor;" Garza sought advice from Fraser "many times" about selling Hashlets; Fraser was "very knowledgeable" about financial products; and "Stuart knew the ins and outs" of securities).

8.  In their objections to Fraser's proposed trial exhibits, Plaintiffs objected to many other post-class period exhibits (not identified in the Motion) on the ground of "MIL," stating only that these exhibits are "subject to a motion in limine."  (*See* ECF 253-4, "MIL" objections to several exhibits dated after the end of the class period.)

As demonstrated above, the exhibits Plaintiffs specifically challenge in their motion as irrelevant because according to Plaintiffs, they relate to post-class period conduct, are in fact relevant to the claims and defenses in this case and to witness credibility.  Accordingly, the Court should deny Plaintiffs' motion to preclude Fraser from presenting, on a blanket basis, all arguments and evidence that reference post-class period conduct, including the exhibits specifically identified by Plaintiffs in their motion.

---

Plaintiffs have filed four motions *in limine*, some of which have more than one ground for seeking exclusion, such as this Motion.  As discussed above, Fraser should not have to guess which of Plaintiffs' "MIL" arguments applies to which of these post-class period exhibits that Plaintiffs have not explicitly identified in this Motion.  However, Fraser's arguments set forth above, or similar arguments, apply equally to many of these other exhibits, including, for instance:  **DX-657** (Hassan Decl., Ex. E) (probative of Garza's credibility because Garza testified that his statements in DX657 that he needed an account in Dubai to keep about $27 million were "totally made [] up," so that Rishab Jain (a purported class member) would continue to help him); *see also id*., Ex. F (Garza Dep. Tr. at 226:24-227:18); **DX671** (Hassan Decl., Ex. G) (probative of Shinners' credibility because Shinners testified at his deposition that his crypto-lending business had no connection with the United Arab Emirates, whereas DX671, an excerpt from a website published by Shinners, includes a Dubai address affiliated with that business); *see also id*., Ex. H (Shinners Dep. Tr. 113:12-14)); **DX640** (Hassan Decl., Ex. I) (probative of the issue of Fraser's involvement with the Companies during the class period, with Shinners stating, "…I believe GAW was the first company that JG did not have any help starting.  I will say that it is highly likely that JG will ever see much help in the future from Stuart Fraser, because his reputation is publicly too damaged to be visibly associated with. People in high profile positions, generally stay way clear of those who are involved in controversies.").

## **Conclusion**

For the reasons set forth above, Fraser respectfully requests that the Court deny

Plaintiffs' motion in its entirety.[9]

---

9.  Fraser reserves his right to argue additional or alternate grounds of relevance for trial exhibits or testimony that Plaintiffs do not identify in their motion, but which Plaintiffs intend or purport to challenge on similar grounds as those expressed in their motion.

Dated:  September 15, 2021

HUGHES HUBBARD & REED LLP

By:  _/s/ Daniel H. Weiner_ _____

David R. Schaefer (ct04334)
Sean M. Fisher (ct23087)
Rowena Moffett (ct414899)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT  06511
Tel.: (203) 772-2600
Fax: (203) 562-2098
Email: rmoffett@bswlaw.com

Daniel H. Weiner (ct12180)
Marc A. Weinstein (*pro hac vice*)
Amina Hassan (*pro hac vice*)
Hannah L. Miller (*pro hac vice*)
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: daniel.weiner@hugheshubbard.com

*Attorneys for Defendant Stuart A. Fraser*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2021, I caused the foregoing document to be served via the Electronic Case Filing (ECF) system in the United States District Court for the District of Connecticut, on all parties registered for CM/ECF in the above-captioned matter.

_____
Amina Hassan

Dated: September 15, 2021