# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DENIS MARC AUDET *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. |
| | : | 3:16-CV-00940-MPS |
| v. | : | |
| | : | Hon. Michael P. Shea |
| STUART A. FRASER, GAW MINERS, | : | |
| LLC, and ZENMINER, LLC, (d/b/a/ | : | September 15, 2021 |
| ZEN CLOUD), | : | |
| Defendants. | : | |

## DEFENDANT STUART A. FRASER'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* REGARDING INTERNET DISCUSSIONS

Daniel H. Weiner (ct12180)
Marc A. Weinstein (*pro hac vice*)
Amina Hassan (*pro hac vice*)
Hannah L. Miller (*pro hac vice*)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: daniel.weiner@hugheshubbard.com

David R. Schaefer (ct04334)
Sean M. Fisher (ct23087)
Rowena Moffett (ct414899)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT  06511
Tel.: (203) 772-2600
Fax: (203) 562-2098
Email: rmoffett@bswlaw.com

*Attorneys for Defendant Stuart A. Fraser*

# <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

Preliminary Statement ................................................................................................... 1

Argument ........................................................................................................................ 2

I.     PLAINTIFFS' MOTION IS IMPROPERLY VAGUE AND OVERBROAD. .............. 2

II.    INTERNET DISCUSSIONS ON FRASER'S EXHIBIT LIST ARE RELEVANT
TO CLASS-WIDE LIABILITY ................................................................................ 3

III.   INTERNET DISCUSSIONS ON FRASER'S EXHIBIT LIST DO NOT
CONSTITUTE HEARSAY. ....................................................................................... 9

IV.   INTERNET DISCUSSIONS ON FRASER'S EXHIBIT LIST SATISFY THE
OTHER EVIDENTIARY CRITERIA PLAINTIFFS IDENTIFY. ............................. 11

       A.    The Internet Discussions Are Not Subject to Exclusion Under
Rule 106. ........................................................................................................ 11

       B.    The Internet Discussions Are the Best Evidence Available. ........................ 13

       C.    The Internet Discussions Satisfy Rule 901's Authentication
Requirement. ................................................................................................... 15

Conclusion ...................................................................................................................... 17

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barkan v. Health Net of California, Inc.*, No. CV 18-6691-MWF (ASX), 2018
WL 8061009 (C.D. Cal. Oct. 30, 2018) ..................................................................14

*Connecticut Fair Hous. Ctr v. CoreLogic Rental Prop. Sols., LLC*, No. 18-CV-
705, 2021 WL 1186604 (D. Conn. Mar. 30, 2021) ................................................8

*Corley v. Vance*, No. 15 CIV. 1800 (KPF), 2019 WL 3841939 (S.D.N.Y.
Aug. 15, 2019) ......................................................................................................14

*In re Crystallex Int'l Corp. Sec. Class Action Litig.*, No. 98 CIV. 4810 (JSM),
1999 WL 787655 (S.D.N.Y. Oct. 4, 1999) .............................................................7

*Krueger v. Wyeth, Inc.*, No. 03-cv-2496-JAH (MDD), 2016 WL 3981125 (S.D.
Cal. Apr. 4, 2016), *objections overruled*, No.: 3:03-cv-2496-JAH (MDD),
2019 WL 4785862 (S.D. Cal. Oct. 1, 2019) ..........................................................4

*Lebewohl v. Heart Attack Grill LLC*, 890 F. Supp. 2d 278 (S.D.N.Y. 2012) .............16

*In re New York City Mun. Sec. Litig.*, 87 F.R.D. 572 (S.D.N.Y. 1980) .......................4

*Residential Fences Corp. v. Rhino Blades Inc.*, No. 14-cv-2552 (SIL), 2020 WL
5658777 (E.D.N.Y. Sept. 22, 2020) ........................................................................3

*S. Cent. Bank & Tr. Co. v. Citicorp Credit Servs., Inc.*, 863 F. Supp. 635 (N.D.
Ill. 1994) .................................................................................................................17

*Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, No. 02 C 3293, 2004 WL
2367740 (N.D. Ill. Oct. 15, 2004) .........................................................................10

*United States v. Al-Moayad*, 545 F.3d 139 (2d Cir. 2008) .........................................15

*United States v. Jackson*, 488 F. Supp. 2d 866 (D. Neb. 2007) ...........................16, 17

*United States v. Mahaffy*, No. 05-CR-613 (S-3)(ILG), 2007 WL 1094153
(E.D.N.Y. Apr. 10, 2007) ................................................................................11, 12

*United States v. Manton*, 107 F.2d 834 (2d Cir. 1939) ..............................................13

*United States v. Wardlaw*, 977 F. Supp. 1481 (N.D. Ga. 1997) ................................16

## <u>TABLE OF CONTENTS</u> - continued

<u>Page(s)</u>

*Vereen v. City of New Haven*, No. 3:17-CV-1509 (VLB), 2018 WL 6069098
(D. Conn. Nov. 20, 2018) .................................................................................................15

*Wasilewski v. Abel Womack, Inc.*, No. 3:10-CV-1857 (VAB), 2016 WL 183471
(D. Conn. Jan. 14, 2016) ...................................................................................................3

*Wilson v. Alabama Dep't of Hum. Res.*, 2010 WL 1254319 (M.D. Ala. Mar. 26,
2010) .................................................................................................................................17

**Statutes and Rules**

Conn. Gen. Stat. § 36b-29(c) ...............................................................................................8

Fed. R. Evid. 106 ..............................................................................................................2, 11

Fed. R. Evid. 403 ..............................................................................................................8, 9

Fed. R. Evid. 801 ..............................................................................................................9, 10

Fed. R. Evid. 802 ..................................................................................................................2

Fed. R. Evid. 901 ..............................................................................................2, 15, 16, 17

Fed. R. Evid. 1002 ............................................................................................2, 13, 15

Fed. R. Evid. 1003 ............................................................................................................13, 14

Fed. R. Evid. 1004 ............................................................................................................13, 14

Defendant Stuart A. Fraser ("Fraser") submits this memorandum of law in opposition to Plaintiffs' Motion *In Limine* Regarding Internet Discussions (the "Motion," ECF 255).  For the reasons set forth below, the Court should deny Plaintiffs' motion in its entirety.

<u>**Preliminary Statement**</u>

The Court should not preclude Fraser from presenting arguments and evidence related to various online posts and discussions (together, the "Internet discussions") included on his exhibit list because these Internet discussions are relevant and admissible evidence.  There is ample evidence that many customers of GAW Miners LLC and ZenMiner LLC (the "Companies"), including and notably the three class representatives, actively monitored and participated in various Internet forums.  The class representatives testified at their depositions that they regularly visited one or more of these forums, posted on them, or used them as their primary sources of information regarding the Companies and the Companies' cryptocurrency-related products.  Thus, Plaintiffs cannot dismiss the Internet discussions as "irrelevant."  These discussions are probative of the claims and defenses in this case, including on issues of class-wide knowledge and reliance.

Nor is the probative value of the Internet discussions substantially outweighed by the risk of unfair prejudice, confusion or misleading the jury.  Even if there were any such concern, it is negated by the fact that all three class representatives will appear at trial as witnesses for Plaintiffs, and can speak directly to whether they saw these or similar Internet discussions, credited them and relied on them.  Many of the Internet

discussions on Fraser's exhibit list include one or more of the class representatives, or are excerpts from online fora the class representatives testified they visited.

Plaintiffs' other challenges to the Internet discussions on Fraser's exhibit list— under Rules 802, 106, 1002 and 901 of the Federal Rules of Evidence (the "Rules")—are also without merit.  Under the totality of the circumstances, it is only fair to permit Fraser to rely on the Internet discussions, and to permit the jury to weigh this evidence along with the other evidence it will hear.[1]

<u>**Argument**</u>

## I.   PLAINTIFFS' MOTION IS IMPROPERLY VAGUE AND OVERBROAD.

Although Plaintiffs ask the Court to preclude Fraser from presenting any Internet discussions (Motion at 1), Plaintiffs identify in their motion only a handful of Fraser's trial exhibits they seek to preclude.  Moreover, Plaintiffs improperly lump together all Internet discussions even though the documents on Fraser's exhibit list that could potentially qualify as such differ considerably in terms of their source, content, and format (*e.g.*, some of these Internet discussions are Hashtalk posts that Plaintiffs produced, whereas others are excerpts from different online forums).  As demonstrated

---

1.   In its ruling on Plaintiffs' motion for class certification, the Court held that the Internet discussions on which Fraser relied in opposing certification did not defeat the predominance requirement.  (*See* ECF 141 (Class Certification Order) at 49-50.) The Court <u>did not</u> rule on whether similar Internet discussions are admissible at trial, and the parties did not brief that issue at the time.  The Internet discussions on Fraser's trial exhibit list are admissible, and any concerns raised by the Court in its ruling on class certification, to the extent they apply within the context of determining whether these documents are admissible at trial, are appropriately addressed herein.

below, the admissibility of each exhibit is a fact-intensive inquiry.  Accordingly, the Court should limit any ruling on Plaintiffs' motion to the specific exhibits Plaintiffs identify and substantively discuss in that motion.  *See, e.g.*, *Wasilewski v. Abel Womack, Inc.*, No. 3:10-CV-1857 (VAB), 2016 WL 183471, at *1 (D. Conn. Jan. 14, 2016) (denying defendant's motion to exclude several categories of evidence as "too broad for the Court to grant"); *Residential Fences Corp. v. Rhino Blades Inc.*, No. 14-cv-2552 (SIL), 2020 WL 5658777, at *4-5 (E.D.N.Y. Sept. 22, 2020) (denying motion *in limine* as too vague where movants failed to identify which documents they sought to exclude).

## II.  INTERNET DISCUSSIONS ON FRASER'S EXHIBIT LIST ARE RELEVANT TO CLASS-WIDE LIABILITY.

Contrary to Plaintiffs' assertions, the Internet discussions on Fraser's exhibit list are relevant to the claims and defenses in this case (including to the issues of class-wide knowledge and reliance),[2] and Plaintiffs have not demonstrated that the probative value of these discussions—especially in a case where the class representatives and other customers of the Companies actively monitored and participated in various Internet forums in connection with the products at issue—is substantially outweighed by risk of unfair prejudice or other countervailing considerations.

First, Plaintiffs' challenge to the relevance of the Internet discussions on Fraser's exhibit list boils down to the argument that those discussions are not relevant because

---

2.  Class-wide reliance is an element of Plaintiffs' Section 20(a) and aiding-and-abetting common law fraud claims, and class-wide knowledge of the alleged fraud is an element of Plaintiffs' aiding-and-abetting claim under the Connecticut Uniform Securities Act.  (*See* ECF 141 at 39, n. 9 & n. 10.)

Plaintiffs do not need them to prove class-wide reliance.  (*See* Motion at 3-4.)  That is an incomplete analysis.  The Court previously held that Plaintiffs may prove "reliance on a class-wide basis through common evidence of uniform misrepresentations and common, circumstantial evidence that those misrepresentations were essential to the decisions of prospective class members to purchase the Companies' products."  (ECF 141 at 40.)  ***However***, Fraser is then entitled to attack that inference with evidence of non-reliance.  *See, e.g.*, *In re New York City Mun. Sec. Litig.*, 87 F.R.D. 572, 580 (S.D.N.Y. 1980) (in a securities fraud case, holding that defendant could rebut the "inference of reliance" by showing that the alleged nondisclosures were "not material to the named plaintiffs' investment decision"); *Krueger v. Wyeth, Inc.*, No.: 3:03-cv-2496-JAH (MDD), 2016 WL 3981125, at *9 (S.D. Cal. Apr. 4, 2016) (in a false advertising and unfair competition case, holding that defendants could disprove the inference of reliance at trial by presenting evidence that the class representative did not rely on the alleged misrepresentations), *objections overruled*, No.: 3:03-cv-2496-JAH (MDD), 2019 WL 4785862 (S.D. Cal. Oct. 1, 2019).[3]

Here, Fraser intends to rebut any inference of class-wide knowledge and reliance including with evidence from the Internet discussions.  For example, class representative Dean Allen Shinners ("Shinners") participated in a 2014 Reddit discussion, titled, "Beware of GAWminer's Hashlet ponzi scheme and scam …"  (ECF

---

3.  Fraser's right to challenge an inference of class-wide knowledge or reliance is discussed in further detail in his opposition to Plaintiffs' Motion *in Limine* Regarding Class Representatives.

254-2 (DX529).)  Comments included in that thread, such as "GAWMiners is a scam" and a "ponzi" scheme, are probative of whether Shinners' reliance on the Companies' alleged misrepresentations was justifiable.  (*See* ECF 254-2 at 2, 19-20.)  Similarly, DX597, which contains Hashtalk posts by class representative Denis Marc Audet ("Audet") from December 2014, reflects his understanding that investing in GAW was "risky" and that Paycoin was trading at under $20.  (*See* Hassan Decl., Ex. A (DX597) at 8-10.)  DX597 is probative of whether Audet's reliance on the Companies' statements, including statements regarding the $20 floor, was reasonable.  Thus, contrary to Plaintiffs' contention, many of the Internet discussions on Fraser's exhibit list are probative of the issue of Plaintiffs' knowledge and reliance and properly admitted for that purpose.

Second, Internet discussions are probative of class-wide knowledge and reliance in this case because of the widespread use of Internet forums by the class representatives and other customers of the Companies.  All of the class representatives testified at their respective depositions that online fora were among their primary sources of information about the Companies and their products—Shinners testified as such about other customers of the Companies as well.  For instance, Shinners testified that he was on Hashtalk "[e]very day, many, many times a day" and believed "pretty much everybody was."  (Hassan Decl., Ex. B (Shinners Dep. Tr. 105:12-13).)  When asked where he learned information about GAW Miners, he testified:

> [T]he vast majority of the people that were customers of -- of GAW were reliant almost completely and exclusively on HashTalk, the company-owned forum.  So the information --

> any information would have filtered through Hash Talk. . . .
> So the primary information flow was coming from Hash Talk
> at the time, in the very beginning, up until, basically,
> November, when there were some conversations, you know,
> with Josh Garza, and mostly by private messaging on Hash
> Talk.

(Hassan Decl., Ex. B (Shinners Dep. Tr. 46:9-47:17).)  Similarly, Audet testified that he

checked HashTalk daily, and that forum was his "primary source of information about

GAW products."  (Hassan Decl., Ex. C (Audet Dep. Tr. 51:10-52:22).)  Class

representative Michael Pfeiffer ("Pfeiffer") also testified about posting on Hashtalk and

checking it sometimes "more than once a day." (Hassan Decl., Ex. D (Pfeiffer Dep. Tr.

101:10-20, 115:12-116:12).)

It is also undisputed that the class representatives (and other customers of the

Companies) posted and read posts about GAW Miners products on other online

discussion forums including Bitcointalk and GetHashing.  (*See, e.g.*, Hassan Decl., Ex. B

(Shinners Dep. Tr. 156:14-157:9 (discussing GetHashing:  "I mean, that's where

everybody -- I would just more or less read the threads, and then if I saw something

that I wanted to respond to, I responded to it.")); *id.*, Ex. E (Shinners Interrogatory

Response No. 1 (acknowledging that he communicated about GAW Miners on

Bitcointalk.org); *id.*, Ex. D (Pfeiffer Dep. Tr. 38:19-39:7; 134:25-135:10; 151:2-23 (testifying

that he obtained information about the Companies' products from Bitcointalk.org,

Hashtalk, and a third forum whose name he could not recall)); *id.*, Ex. F (Phagu Dep. Tr.

11:21-12:8 (class member Phagu testifying that he discussed GAW Miners on

Bitcointalk.org)).  Thus it is clear that Internet discussions on forums such as Hashtalk

and Bitcointalk were a principal source of information for the class representatives and

other customers of the Companies, and must be considered in assessing the mix of

information to which they were exposed.  *See, e.g.*, *In re Crystallex Int'l Corp. Sec. Class*

*Action Litig.*, No. 98 CIV. 4810 (JSM), 1999 WL 787655, at *2 (S.D.N.Y. Oct. 4, 1999) ("[I]n

order to determine whether the investor reasonably relied on the alleged misstatement

the Court must examine the total mix of information available to the market at the time

the investment was made.").[4]

  <u>Third</u>, Internet discussions on Fraser's exhibit list are also probative of other

issues of liability.  For example, DX557 contains a November 3, 2014 Hashtalk post from

Shinners, in which he states:  "the U.S. government does not know how to address

cryptographic anything currently, the whole subject, including digital common stock

elude their regulations. . . . Since these shares do not really trade on anything

resembling a stock exchange, it technically falls outside of the purview of SEC, at least

for now."  (*See* Hassan Decl., Ex. H (DX557).)  In another Hashtalk post from the same

day, Shinners stated that he understood Hashlets to be "both a product and a service

---

4.  In support of their argument that the Internet discussions on Fraser's exhibit list are
"irrelevant," Plaintiffs cite a single statement by "suchmoon" that "the source of
[Hashlet] payouts is not fully known."  (Motion at 4.)  This statement appears in
DX537 (Hassan Decl., Ex. G at 1/11.)  As discussed above, posts such as these (and
other similar posts in DX537) are probative of class-wide knowledge and reliance.
That Fraser—who does not have complete information regarding the class
members—cannot tie the comments on DX537 to a particular class member is not
dispositive.  (*See* Motion at 4.)  Shinners and Pfeiffer participated in discussion
forums on Bitcointalk.org (*see supra* at 6), and can testify as to whether statements
reflected in DX537 were typical of the types of statements in the Internet discussions
in which they participated.

(like hosted mining traditionally is classified)." (*See* Hassan Decl., Ex. I (DX582).)

Shinners' statements are probative of the state of the regulatory environment around

cryptocurrency-related products at the time, and whether Fraser could reasonably have

known the products at issue were securities.[5]

   Finally, it is Plaintiffs' burden to prove that the probative value of the Internet

discussions is substantially outweighed by unfair prejudice or other countervailing

concerns. *See Connecticut Fair Hous. Ctr v. CoreLogic Rental Prop. Sols., LLC,* No. 18-CV-

705, 2021 WL 1186604, at *2 (D. Conn. Mar. 30, 2021) (movant bears the burden of

showing that the evidence is properly excluded); *see also* Fed. R. Evid. 403.  Plaintiffs

have not, and cannot, satisfy that burden.  Although Plaintiffs contend that the Internet

discussions are unfairly prejudicial, confusing or misleading, the Court cannot credit

their one-sided analysis under Rule 403 because it is based on the misconception that

the exhibits at issue are "irrelevant" or have "limited probative value." (*See* Motion at

3-4.)  As discussed above, that is not the case.  In addition, Plaintiffs' argument that the

Internet discussions will be confusing or misleading for the jury is without merit.  All

the class representatives will testify at trial and can put the Internet discussions in

context, particularly since they participated in many of those discussions.

---

5. Under section 36b-29(c) of Connecticut Uniform Securities Act, Fraser is not liable to
   Plaintiffs if he proves that he did not know, and in the exercise of reasonable care
   could not have known, of the existence of facts by reason of which liability is alleged
   to exist, including that the products at issue constituted securities or that the
   Companies were offering products that would have been required to be registered
   in Connecticut and were not.  *See* Conn. Gen. Stat. § 36b-29(c).

Plaintiffs also cannot accuse Fraser of "cherry picking" Internet posts and claim unfair prejudice. (*See* Motion at 4.) Plaintiffs were free to include on their exhibit list posts that they consider favorable to their case. More importantly, many of the Internet discussions on Fraser's exhibit list include a mix of information, including information arguably favorable to Plaintiffs. (*See, e.g.*, DX529 (ECF 254-2) at 4, 6, 11 (posts stating that GAW Miners is not a Ponzi scheme and dismissing the Companies' critics as "trolls" with no "REAL evidence").)

Therefore, the Internet discussions on Fraser's exhibit list are probative of the claims and defenses in this case and properly admissible under Rule 403.

## III.   INTERNET DISCUSSIONS ON FRASER'S EXHIBIT LIST DO NOT CONSTITUTE HEARSAY.

The Internet discussions on Fraser's exhibit list do not constitute hearsay for the following reasons.

<u>First</u>, to the extent they contain statements made by a class representative (or any other identifiable class member), those statements are not hearsay. *See* Fed. R. Evid. 801(d)(2). Many of the Internet discussions on Fraser's exhibit list include such statements. (*See, e.g.*, DX512, DX529, DX557, DX582, DX586, DX596, DX597, DX604, DX640, DX650, DX663, DX670).[6]

---

6.  Plaintiffs contend that admitting a document such as DX529, which contains non-hearsay statements by Shinners is unfairly prejudicial because that would also place before the jury "almost 100 additional anonymous posts." (Motion at 6.) Plaintiffs' concern is exaggerated and easily addressed with an instruction to the jury by the Court that the only statements in such exhibits that Fraser is offering for the truth are those made by an identifiable class member. Moreover, as discussed above, the

Second, to the extent the Internet discussions on Fraser's exhibit list also include statements by other individuals, those do not constitute hearsay because Fraser does not intend to offer those statements for their truth.  *See* Fed. R. Evid. 801(c)(2).  Nor does Fraser intend to suggest that any such anonymous individuals are members of the class. Rather, as discussed above, Fraser intends to offer those statements to show that class members, such as the class representatives, who participated in some of these discussions and were active in various Internet forums, had knowledge, and were on notice, of certain red flags that would render reliance on the alleged misrepresentations unreasonable.[7, 8]

---

"almost 100 additional" posts contain a mix of statements, including statements favorable for Plaintiffs.  (*Supra* at 9.)

7.  In light of this non-hearsay purpose, Plaintiffs' challenge in their motion regarding double-hearsay lacks merit.  *See Telewizja Polska USA, Inc. v. Echostar Satellite Corp.*, No. 02 C 3293, 2004 WL 2367740, at *5 (N.D. Ill. Oct. 15, 2004) (rejecting double hearsay challenge where statements (including nested statements) were offered for non-hearsay purpose).

8.  Plaintiffs point to the Court's class certification order, in which the Court determined that the Internet posts Fraser submitted in opposing Plaintiffs' motion for certification did not defeat the predominance requirement.  (ECF 141 at 49-50.) In stating that those posts "show little," the Court observed that "there is no evidence in the record of who saw the posts, whether anyone who saw them actually credited them, and whether anyone purchased the products believing the information in the posts to be true."  (*Id.*)  The circumstances now are very different. As discussed above, many of the Internet discussions on Fraser's exhibit list include the class representatives or are from forums in which one or more of the class representatives participated.  (*See supra* at 5-7.)  The class representatives will testify at trial and can answer the very types of questions the Court raised in its certification order—including whether they saw these or similar posts and whether they credited or relied on them.

IV.    **INTERNET DISCUSSIONS ON FRASER'S EXHIBIT LIST SATISFY THE OTHER EVIDENTIARY CRITERIA PLAINTIFFS IDENTIFY.**

A.    <u>The Internet Discussions Are Not Subject to Exclusion Under Rule 106.</u>

Rule 106 requires that if a party introduces all or part of a writing, an adverse party may require the introduction, at that time, of any other part or any other writing "that in fairness ought to be considered at the same time."  Fed. R. Evid. 106.  Plaintiffs contend that the Internet discussions on Fraser's exhibit list do not satisfy Rule 106.  As demonstrated in the context of the three exhibits that Plaintiffs specifically challenge in their motion, on the basis of Rule 106, the Internet discussions on Fraser's exhibit list are not subject to exclusion under that Rule:

**DX529 (ECF 254-2)**:  DX529 is a discussion thread from 2014 from Reddit.com in which class representative Shinners participated.  The fact that it contains deleted posts (not deleted by Fraser) does not render it inadmissible under Rule 106.  *First*, Shinners' posts appear to be reflected fully and completely in DX529.  Plaintiffs do not contend otherwise.  *Second*, to Fraser's knowledge, DX529 reflects the most complete version of the discussion thread as of the date of download (November 18, 2018).  Fraser is not aware of other versions of this thread that include Shinners' post as reflected in DX529 as well as the missing posts.  *Third*, "[t]he purpose of Rule 106 is to place into evidence any omitted statements that may be 'necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, [and] to ensure fair and impartial understanding of the admitted portion.'"  *United States v. Mahaffy*, No. 05-CR-613 (S-3)(ILG), 2007 WL 1094153, at *2 (E.D.N.Y. Apr. 10, 2007).  Here, Shinners will

11

testify at trial and can provide any necessary context, in particular regarding his own posts and his own reliance (or lack thereof) on the other posts contained in DX529.[9]

**DX610 and DX633 (ECF 254-6 and ECF 254-7)**:  Plaintiffs' completeness challenges to DX610 and DX633, which are excerpts of longer discussion threads from Bitcointalk.org (with posts from December 12, 2014 and January 2 & 3, 2015, respectively), are also without merit.  Fraser included only excerpts of the threads because the full threads are voluminous:  at the time the screenshots were taken, the thread in DX610 was 2468 pages and the thread in DX633 was 46 pages.  Fraser does not believe the full threads are necessary to explain the admitted portions, place the admitted portions in context, or avoid misleading the jury.  *See Mahaffy*, 2007 WL 1094153, at *2.  Shinners and Pfeiffer, who both participated in discussion threads related to GAW Miners on Bitcointalk.org (*supra* at 6), can testify at trial, without the need for the remaining portions of the thread, as to whether they were aware of the

---

9. Plaintiffs note that DX529 indicates that certain posts, including the original post in the thread, appear to have been removed or deleted since they were originally posted.  (See Motion at 7-8.)  A version of this Reddit thread as of August 24, 2014 (and captured by Fraser's counsel using the Wayback Machine) indicates that the original post was "[removed]" prior to August 24, 2014, which means that by the time Shinners contributed to the thread (after August 24, 2014), he would not have seen that post either.  (See Hassan Decl., Ex. J.)  Plaintiffs also point to and hypothesize about a deleted post in response to which "Acejam" commented, "Whatever you say, Josh."  (See Motion at 7-8.)  The August 24, 2014 version of the discussion thread contains this deleted post, which reads:  "Yeah right, he has 1 million to spend on a domain BTC.com and in his free time he scams people on ebay.  Great hobby!"  (Hassan Decl., Ex. J at 7.)

types of statements included in DX610 and DX633 and whether these statements are

typical of statements made on those forums during the relevant time period.

Moreover, although Plaintiffs complain that these exhibits are only partial

excerpts of longer threads, they have not proposed any excerpts that would provide

necessary context.  The cure, if any, for an allegedly incomplete exhibit is not exclusion,

but additional evidence.  To date, however, Plaintiffs have not proposed any.  If the

Court determines that the excerpts Fraser has proposed are insufficient, Fraser is willing

to substitute DX610 and DX633 with the full discussion threads, or modify these

exhibits to incorporate any necessary context from the rest of the thread.

### B.      The Internet Discussions Are the Best Evidence Available.

Rule 1002 generally requires that a proponent of evidence prove the content of a

writing by introducing the original.  However, Rule 1004 provides various exceptions,

permitting the use of secondary evidence.  *See* Fed. R. Evid. 1004 (an original is not

required, *e.g.*, where "the originals are lost or destroyed, and not by the proponent

acting in bad faith" or the originals cannot be obtained by judicial process).  Moreover,

Rule 1003 provides that "[a] duplicate is admissible to the same extent as the original

unless a genuine question is raised about the original's authenticity or the

circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003.  The Supreme

Court has emphasized that "[a]n over-technical and strained application of the best

evidence rule serves only to hamper the inquiry without at all advancing the cause of

truth."  *United States v. Manton*, 107 F.2d 834, 845 (2d Cir. 1939) (internal citation

omitted).  Here, the Internet discussions on Fraser's exhibit list to which Plaintiffs object

on the basis of Rule 1002 satisfy the best evidence rule.  For example:

- Plaintiffs object to a number of Internet discussions from the Hashtalk

discussion forum.  (*See, e.g.*, ECF 253-4 (Plaintiffs' objections to DX557, DX577, DX582,

DX596, DX597, DX604, DX650).)  These Hashtalk discussions satisfy the best evidence

rule under Rules 1003, 1004(a) and 1004(b) because Plaintiffs produced these documents

to Fraser, Fraser did not alter them, is not aware of the existence of any better or more

original versions, and in no way was involved in the destruction of any originals.

Accordingly, these Internet discussions are the "best evidence" available.  *See Corley v.*

*Vance*, No. 15 CIV. 1800 (KPF), 2019 WL 3841939, at *12 (S.D.N.Y. Aug. 15, 2019)

(admitting screenshots over best evidence rule objection where originals had been lost).

- Plaintiffs also object to a number of Internet discussions on Fraser's

exhibit list that Fraser obtained from other websites.  (*See, e.g.*, ECF 253-4 (Plaintiffs'

objections to DX586, DX610, DX640, DX663).)  Those documents are admissible as

duplicates pursuant to Rule 1003.  *See, e.g.*, *Barkan v. Health Net of California, Inc.*, No. CV

18-6691-MWF (ASX), 2018 WL 8061009, at *3 (C.D. Cal. Oct. 30, 2018) (admitting

screenshots as "duplicates of the online enrollment form generally").  There is no

genuine question about the authenticity of the screenshots at issue.  Wherever possible,

Fraser has provided the URLs to the websites from which the screenshots were taken.

Those websites, which for the most part remain accessible online, indicate that Fraser

did not manipulate the documents.

As demonstrated above, Plaintiffs' Rule 1002 challenge to Fraser's exhibits containing Internet discussions is without merit.[10]

### C.     The Internet Discussions Satisfy Rule 901's Authentication Requirement.

Pursuant to Rule 901, "evidence may be admitted on a showing 'sufficient to support a finding that the item is what the proponent claims it is.'" *Vereen v. City of New Haven*, No. 3:17-CV-1509 (VLB), 2018 WL 6069098, at *9 (D. Conn. Nov. 20, 2018) (*quoting* Fed. R. Evid. 901(a)).  The Second Circuit has "often commented that '[t]he bar for authentication of evidence is not particularly high,' and proof of authentication may be direct or circumstantial."  *United States v. Al-Moayad*, 545 F.3d 139, 172–73 (2d Cir. 2008) (omitting citations).  "Rule 901 is satisfied if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification."  *Id.* at 173 (internal quotation marks omitted).  Here, Fraser can show that the challenged documents are what he claims them to be—Internet posts from on or around a certain date regarding the Companies or the products at issue—with testimony from class representatives and based on the "appearance, contents, substance, internal patterns, or other distinctive characteristics" of these documents.  *See* Fed. R. Evid. 901(a), (b)(4).

---

10. In their motion, Plaintiffs identify only DX536 as a document that purportedly does not satisfy the best evidence rule.  Fraser previously removed that document from his exhibit list.  (*See* ECF 253-4 (Fraser's Exhibit List) at 17.)  Plaintiffs note a number of purported issues with the Internet discussions on Fraser's exhibit list, including that they appear to be improper compilations and "devoid" of dates, usernames and relevant URL(s).  (*See* Motion at 9.)  Plaintiffs do not identify any current exhibit on Fraser's exhibit list with respect to these deficiencies, such that Fraser may properly address those exhibits.

Plaintiffs specifically point to DX529, which is a printout of a discussion about Hashlets from Reddit.com, and includes a lengthy post by Shinners.  Shinners, one of Plaintiffs' trial witnesses, can authenticate his own post.  He can also authenticate the document as one sourced from Reddit since he participated in the conversation thread.  In addition, the URL and the date of the printout are clearly indicated on the document, and the thread is still accessible on a public website.  *See, e.g.*, *Lebewohl v. Heart Attack Grill LLC*, 890 F. Supp. 2d 278, 298-99 (S.D.N.Y. 2012) (website printouts submitted to show use of a trademark sufficiently authenticated under Rule 901 where they contained an Internet domain address as well as printout dates, were still accessible on that public website, and "contain[ed] [other] indicia of reliability" (such as discussion of a specific sandwich from defendant-deli)).

Contrary to Plaintiffs' contention, the fact that DX529 contains deleted posts does not render it inauthentic.  Since the deleted posts are clearly indicated, the exhibit is exactly what it purports to be.  Moreover, the absence of any removed or deleted material, which is clearly indicated within the document, speaks to the weight of the evidence rather than its admissibility.[11]  Nor does the "anonymous nature" of many of

---

11. The circumstances here are very different from the out-of-Circuit cases Plaintiffs cite in which the changes and deletions to the evidence rendered it inauthentic and prejudicial.  In *United States v. Wardlaw*, the gaps in the tapes were not obvious, and required expert analysis to identify; moreover, the person who prepared the audio tapes deliberately edited the tapes to delete statements that reflected negatively on himself, as well as remarks by defendant, and lied that the edited tapes were "originals."  977 F. Supp. 1481, 1484-85 (N.D. Ga. 1997).  In *United States v. Jackson*, there was expert testimony that the document had been altered, and the court emphasized that the objectionable document was a "cut-and-paste document" that

the participants of the discussion thread included in DX529 (and other similar exhibits) undermine its authenticity since Fraser is not offering the statements of the anonymous individuals for the truth of the matter.  Unlike in *Wilson v. Alabama Dep't of Hum. Res.*, 2010 WL 1254319, at *6 n.7 (M.D. Ala. Mar. 26, 2010), the authority Plaintiffs cite for this argument, Fraser does not claim that any of the anonymous statements were made by any particular individual.[12]

Plaintiffs' Rule 901 challenge, therefore, is without merit.

## Conclusion

For the reasons set forth above, Fraser respectfully requests that the Court deny Plaintiffs' motion in its entirety.

---

was "not a computer record" nor "a computer printout."  488 F. Supp. 2d 866, 871 (D. Neb. 2007).  Here, in contrast, DX529 is a computer printout from an online discussion forum and Fraser has not manipulated it.

12. Plaintiffs also lodge Rule 901 objections against various Hashtalk posts on Fraser's exhibit list.  (*See, e.g.*, ECF 253-4 (Plaintiffs' objections to DX557, DX577, DX582, DX596, DX597, DX604, DX650)).  These objections are particularly baseless because Plaintiffs produced these documents.  *See S. Cent. Bank & Tr. Co. v. Citicorp Credit Servs.*, Inc., 863 F. Supp. 635, 645 (N.D. Ill. 1994) (acknowledging that "the production of a document [by an opposing party] amounts to an implicit authentication of the document" even where there is no proof of who the author was or when the document was sent or received).  Moreover, Audet authenticated at least one such document at his deposition (DX597), and also explained generally how the Hashtalk posts were structured.  (*See* Hassan Decl, Ex. C (Audet Dep. Tr. 100:20-104:21.)  This testimony is sufficient to authenticate the other Hashtalk posts as well.

Dated:  September 15, 2021

HUGHES HUBBARD & REED LLP

By:   */s/ Daniel H. Weiner*

David R. Schaefer (ct04334)
Sean M. Fisher (ct23087)
Rowena Moffett (ct414899)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT  06511
Tel.: (203) 772-2600
Fax: (203) 562-2098
Email: rmoffett@bswlaw.com

Daniel H. Weiner (ct12180)
Marc A. Weinstein (*pro hac vice*)
Amina Hassan (*pro hac vice*)
Hannah Miller (*pro hac vice*)
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: daniel.weiner@hugheshubbard.com

*Attorneys for Defendant Stuart A. Fraser*

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2021, I caused the foregoing document to be served via the Electronic Case Filing (ECF) system in the United States District Court for the District of Connecticut, on all parties registered for CM/ECF in the above-captioned matter.

_____

Amina Hassan

Dated: September 15, 2021

101416501