SUSMAN GODFREY L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

SUITE 5100                                   SUITE 1400                                   SUITE 3800
1000 LOUISIANA STREET                        1900 AVENUE OF THE STARS                     1201 THIRD AVENUE
HOUSTON, TEXAS 77002-5096                    LOS ANGELES, CALIFORNIA 90067-6029           SEATTLE, WASHINGTON 98101-3000
(713) 651-9366                               (310) 789-3100                               (206) 516-3880
_____                                        _____                                        _____

SETH ARD                                                                                  E-MAIL SARD@SUSMANGODFREY.COM
DIRECT DIAL (212) 471-8354

October 16, 2021

The Honorable Michael P. Shea
United States District Court for the District of Connecticut
450 Main Street – Suite 262
Hartford, Connecticut 06103

Re:     *Audet v. Fraser*, No. 16-cv-000940

Dear Judge Shea:

We write on behalf of Plaintiffs regarding Plaintiffs' objections to certain of Defendant Stuart A. Fraser's proposed exhibits.

First, Plaintiffs withdraw their substantive objections to the following exhibits to the extent Mr. Fraser is able to lay proper foundation for their admission at trial:

> DX-502, DX-503, DX-505, DX-506, DX-507, DX-508, DX-513, DX-515, DX-517, DX-519, DX-520, DX-526, DX-528, DX-533, DX-534, DX-535, DX-551, DX-553, DX-611, DX-612, DX-622, DX-700, DX-715

Second, Plaintiffs respectfully ask that the Court consider the following authorities with respect to Plaintiffs' objections to exhibits offered by Defendant concerning the dismissal of Mr. Garza as a defendant in this action: DX-684 (settlement agreement between Plaintiffs and Mr. Garza), DX-685 (First Amended Complaint), DX-686 (redline of Original Complaint against First Amended Complaint), and DX-682 (Original Complaint).

Specifically, whether and how Plaintiffs pursued litigation against Mr. Garza is not relevant to any issue in dispute, and courts have consistently excluded references at trial to the fact that an individual or entity was previously a defendant in the action. *See Dial Corp. v. News Corp.*, No. 13CV6802, 2016 WL 690868, at *2 (S.D.N.Y. Feb. 17, 2016) ("Plaintiffs' motion to exclude reference to claims that

October 16, 2021
Page 2

Plaintiffs voluntarily dismissed is granted. Courts in this Circuit have repeatedly issued in limine orders precluding this type of evidence.").[1]

Defendant contends that the settlement agreement is relevant because it shows that Garza had a motive to lie in his deposition, *taken over two years after the claims against Garza were dismissed. See* ECF No. 253-4 at 105 (Defendant's Response to Plaintiffs' Objection to DX-684). That argument would only serve to confuse and distract the jury: the settlement agreement did *not* permit Plaintiffs to reinstate their claims against Mr. Garza if he didn't give inculpatory testimony against Mr. Fraser, as Defendant appears to want to imply to the jury; it imposed no substantive requirement whatsoever on Mr. Garza's testimony. To the contrary, the settlement agreement required Mr. Garza to give a "full account of all facts" know to him and relevant to the action.  DX-684. The only way he could breach that agreement was by testifying to something other than the full and true "facts." DX-684.

Counsel for Mr. Fraser also stated at yesterday's pretrial conference that they intend to question the class representatives concerning their motivation for entering the settlement agreement. But Plaintiffs' litigation strategy is irrelevant (and largely privileged), and is a good example of the multi-faceted sideshow that would result from permitting the jury to consider the circumstances of the civil case against Mr. Garza. The only relevant question for the jury is whether the claim elements are satisfied with respect to Mr. Fraser. There should not be an irrelevant mini-trial on who else Plaintiffs could have, should have, or did sue.

Sincerely,

*/s/ Seth Ard*
Seth Ard

Attachment: DX 684

---

[1] *See also Slappy v. City of Detroit*, 2021 WL 2986284, at *2 (E.D. Mich. July 15, 2021) (granting "motion in limine to preclude reference to dismissed and settled claims" as "[c]ase law does not support the admission of evidence related to dismissed parties and claims; it lacks probative value"); *Shepard v. Quillen*, No. 1:09-CV-00809-BAM PC, 2013 WL 978201, at *4 (E.D. Cal. Mar. 12, 2013) (prohibiting plaintiff from "testify[ing] regarding dismissed parties or dismissed claims"); *Hoeltzell v. Caldera Graphics*, 2012 WL 13012758, at *1 (S.D. Fla. June 13, 2012) (granting motion to "Prevent any Mention that Joseph Mergui was once a Party to this Case or that Plaintiffs' Counts were Dismissed").