# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6023
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 1400 | SUITE 3800 |
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 1201 THIRD AVENUE |
| HOUSTON, TEXAS 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-3000 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

SETH ARD
DIRECT DIAL (212) 471-8354

E-MAIL SARD@SUSMANGODFREY.COM

October 19, 2021

The Honorable Michael P. Shea
United States District Court for the District of Connecticut
450 Main Street – Suite 262
Hartford, Connecticut 06103

Re:   *Audet v. Fraser*, No. 16-cv-000940

Dear Judge Shea:

We write on behalf of Plaintiffs regarding Defendant Stuart A. Fraser's letter from yesterday evening regarding eight exhibits—DX-521, DX-523, DX-530, DX-531, DX-538, DX-549, DX-555 and DX-613 ("Garza Emails")—that the Court previously excluded which purport to "bear on Mr. Garza's credibility." Dkt. 307 at 1. Defendant seeks to admit these exhibits under Federal Rules of Evidence 613(b) and 806 as prior inconsistent statements that purportedly contradict statements from Garza's deposition that were designated by Plaintiffs.

However, the actual testimony that Plaintiffs have designated—not merely the snippets quoted in Defendant's letter—confirms that the Garza Emails are not prior inconsistent statements. Indeed, the snippets on pages 26, 50-53, 65, 142, and 144 of the deposition transcript cited in Defendant's letter, when read in the context in which they will be presented to the jury, confirm that there is no inconsistency with the exhibits Defendant seeks to admit. Worse, in the case of DX-521 and DX-538, **Defendant's counsel asked Garza about these exact statements at his deposition**. That Defendant was dissatisfied with this testimony is apparent from his decision not to designate it, and the Court should not permit Defendant to "unfairly benefit from [Garza's] unavailability to testify at trial," Dkt. 307 at 2, by deliberately ignoring unfavorable testimony that he himself elicited.

For instance, Defendant offers Garza's statements in DX-538 to someone named Rob Gallagher that "Stuart is not involved. I was think that was one of the keys" and "Stuart is not involved, and no management staff" as inconsistent with Garza's testimony on pages 26 and 144 of his deposition. But Garza's testimony on page

October 16, 2021
Page 2

26 is simply that in 2014, he and Defendant **discussed** Defendant's involvement in GAW Miners, and Garza's testimony at pp. 143-44 describes how Fraser's approach to GAW Miners differed from his approach to their prior companies because "**he wasn't reaching around me or – and getting people to do things directly.** The – you know, **his role was a lot more from him to me**." Then, when expressly asked about DX-538, Garza explained that Gallagher, a former employee of a previous company founded by Garza and Fraser, had quit that job due to Fraser's overbearing management style, and that his statements in DX-538, which depicts Garza's efforts to recruit Gallagher to GAW Miners, were meant reassure Gallagher that Fraser was not involved in the same way as before. *See* Ex. A at 248:5-10 ("So when I say 'Stuart is not involved,' it's within the con -- -- you know, it meant to him that Stuart, like, didn't – like you – like, it would be safe to work here because, you know, Stuart isn't out giving assignments to every single person, blah-blah-blah, like he was at previous companies.").[1] There is thus nothing inconsistent between DX-538 and the testimony designated by Plaintiffs. Plaintiffs will be prepared to discuss the other examples listed in Defendant's letter at the hearing today.

Relying on *United States v. Traska*, 962 F. Supp. 336 (E.D.N.Y. 1995), Defendant argues that "the 'inconsistency' of a prior statement need not be exact for the statement to be admissible." Dkt. 307 at 2 n.2 (citing *Traska*, 962 F. Supp. at 338-39). However, the issue in that case was the ownership of a firearm found in defendant's home, and while the district court agreed that defendant's hearsay statement that he "didn't want nothing to do with [the guns] anymore" was inconsistent with his statement "I'm a drug addict with this. Its a sickness," *United States v. Trzaska*, 885 F. Supp. 46, 47 (E.D.N.Y. 1995),[2] the Second Circuit found no inconsistency and vacated defendant's conviction due to improper impeachment. *United States v. Trzaska*, 111 F.3d 1019, 1025 (2d Cir. 1997) ("[W]e conclude that Trzaska's two statements were not inconsistent . . . . Accordingly, Trzaska's conviction must be vacated and the case remanded for a new trial."). As the court noted, while two statements "need not be diametrically opposed," they still "must be inconsistent." *Id.* at 1024-25 (citing 1 McCormick on Evid. § 34, at 115 (4th ed. 1992), which stated that "the test should be, could the jury reasonably find that a witness who believed the truth of the facts testified to would have been

---

[1] The full testimony designated by Plaintiffs that is related to the snippets quoted in Defendant's letter, as well as undesignated testimony concerning DX-621 and DX-538, are attached to Plaintiffs' letter as Exhibit A.

[2] The decision cited by Defendant was the district court's opinion denying defendant's motion for reconsideration of its prior evidentiary ruling. *Trzaska*, 962 F. Supp. at 337.

October 16, 2021
Page 3

unlikely to make a . . . statement of this tenor?")). The statements offered by Fraser in the Garza Emails fail to meet that standard.

Sincerely,

*/s/ Seth Ard*
Seth Ard


Attachment: Exhibit A