UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, and DEAN ALLEN SHINNERS, Plaintiffs, v. STUART A. FRASER, Defendant. | No. 3:16-cv-940 (MPS) |

## VERDICT FORM

## I. Whether the Products Are Investment Contracts

**Question No. 1:**

Did Plaintiffs prove that any of the following were investment contracts?

    a. Hashlets?

        Yes ___ No ✓

    b. Hashpoints?

        Yes ___ No ✓

    c. Hashstakers?

        Yes ___ No ✓

    d. Paycoin?

        Yes ___ No ✓

**If you answered "yes" as to one or more Products, proceed to answer the questions in Section II for each Product you found to be an investment contract. If you answered "no" as to all four Products, skip Sections II and III and go directly to Section IV.**

## II. Connecticut Uniform Securities Act Claims

**Question No. 1**:

With respect to the plaintiffs' claim alleging the sale of unregistered securities, did plaintiffs prove that Defendant Stuart Fraser is liable as a controlling person of GAW Miners under the CUSA?

Yes ____   No ____

**If you answered "yes," proceed to Question No. 1(a). If you answered "no," skip Question No. 1(a) and proceed to Question No. 2.**

**Question No. 1(a)**:

For each Product you found to be an investment contract in response to Section I, Question 1, did Mr. Fraser prove that he did not know, and in the exercise of reasonable care could not have known, that (1) that Product was being sold, or (2) that Product was not registered, with respect to:

    a. Hashlets?

    Yes ____ No ____

    b. Hashpoints?

    Yes ____ No ____

    c. Hashstakers?

    Yes ____ No ____

    d. Paycoin?

    Yes ____ No ____

**Please proceed to Question No. 2.**

**Question No. 2**:

With respect to the plaintiffs' claim for fraud in the offer or sale of a security under the CUSA, did plaintiffs prove that Defendant Stuart Fraser is liable as a controlling person of GAW Miners with respect to:

a. Hashlets?

   Yes ____   No ____

b. Hashpoints?

   Yes ____   No ____

c. Hashstakers?

   Yes ____   No ____

d. Paycoin?

   Yes ____   No ____

**If you answered "yes" for any Product proceed to Question No. 2(a) with respect to that Product. If you answered "no" for all Products skip Question No. 2(a) and proceed to Question No. 3.**

5

**Question No. 2(a):**

Did Mr. Fraser prove that he did not know, and in the exercise of reasonable care could not have known, that the Company offered or sold securities by means of an untrue statement of material fact with respect to:

    a. Hashlets?

Yes \_\_\_    No \_\_\_

    b. Hashpoints?

Yes \_\_\_    No \_\_\_

    c. Hashstakers?

Yes \_\_\_    No \_\_\_

    d. Paycoin?

Yes \_\_\_    No \_\_\_

**Please proceed to Question No. 3.**

**Question No. 3:**

With respect to the plaintiffs' claims for fraud in the offer or sale of a security under the CUSA, did plaintiffs prove that Defendant Stuart Fraser aided and abetted GAW Miners in committing securities fraud in violation of the CUSA with respect to:

a. Hashlets?

   Yes ____   No ____

b. Hashpoints?

   Yes ____   No ____

c. Hashstakers?

   Yes ____   No ____

d. Paycoin?

   Yes ____   No ____

**If you answered "yes" for any Product proceed to Question No. 3(a) with respect to that Product. If you answered "no" for all Products skip Question No. 3(a) and proceed to Section III.**

7

**Question No. 3(a):**

Did Mr. Fraser prove that he did not know, and in the exercise of reasonable care could not have known, that the Company offered or sold securities by means of an untrue statement of a material fact with respect to:

    a. Hashlets?

    Yes ____ No ____

    b. Hashpoints?

    Yes ____ No ____

    c. Hashstakers?

    Yes ____ No ____

    d. Paycoin?

    Yes ____ No ____

**Please proceed to Section III.**

### III. Federal Exchange Act Claim

If you answered "yes" in response to Section I, Question 1(d) above regarding whether Paycoin is an investment contract, proceed to Question 1 below. If you answered "no" in response to that question but answered "yes" as to Section I, Questions 1(a), 1(b), or 1(c), skip Question 1 below, proceed to Question 2 below, and answer that question for any of the Products you found to be investment contracts in Section I, Questions 1(a), 1(b), and 1(c).

**Question No. 1**:

Did the Defendant prove that Paycoin is a currency?

      Yes \_\_\_      No \_\_\_

If you answered "yes," then Paycoin is not a security for purposes of the Exchange Act claim, and you should proceed to Question 2 and answer it only for the Products you found to be investment contracts in Section I, Questions 1(a), 1(b), and 1(c). If you answered "yes" to this question and also answered "no" in response to Section I, Questions 1(a), 1(b), and 1(c), then skip the remainder of this Section III and proceed directly to Section IV. If you answered "no" then proceed to Question 2 and answer it for Paycoin and any other Products you found to be investment contracts in Section I, Questions 1(a), 1(b), or 1(c).

**Question No. 2**:

With respect to the plaintiffs' Exchange Act claim, did plaintiffs prove that Defendant Stuart Fraser is liable as a controlling person of GAW Miners under the Exchange Act with respect to:

    a. Hashlets?

        Yes ____   No ____

    b. Hashpoints?

        Yes ____   No ____

    c. Hashstakers?

        Yes ____   No ____

    d. Paycoin?

        Yes ____   No ____

**If you answered "yes" for any Product proceed to Question No. 2(a) with respect to that Product only. If you answered "no" for all Products skip the remainder of this Section III and proceed to Section IV.**

**Question No. 2(a)**:

Did Mr. Fraser prove that he did not induce the Company's alleged fraud and that he acted in good faith with respect to:

a. Hashlets?

   Yes ___   No ___

b. Hashpoints?

   Yes ___   No ___

c. Hashstakers?

   Yes ___   No ___

d. Paycoin?

   Yes ___   No ___

**If you answered "yes" for all Products skip the remainder of this Section III and proceed to Section IV. If you answered "no" for any Product proceed to Question No. 2(b) with respect to that Product.**

11

**Question No. 2(b)**:

Did the Plaintiffs prove that Mr. Fraser knowingly violated the Exchange Act with respect to:

    a. Hashlets?

        Yes ____   No ____

    b. Hashpoints?

        Yes ____   No ____

    c. Hashstakers?

        Yes ____   No ____

    d. Paycoin?

        Yes ____   No ____

**If you answered "yes" for all Products skip Question No. 2(c) and proceed to Section IV. If you answered "no" for any Product proceed to Question No. 2(c) with respect to that Product.**

**Question No. 2(c)**:

What is the percentage of Mr. Fraser's responsibility for any losses Plaintiffs claim? Your answer must be in the form of a percentage, measured as a percentage of the total responsibility of all persons, including Mr. Garza and/or the Company Defendants, who caused or contributed to the losses Plaintiffs claim.

    Percentage of responsibility: _____

**Please proceed to Section IV.**

12

## IV. Common Law Fraud

**Question No. 1:**

With respect to the plaintiffs' common-law fraud claim, did plaintiffs prove that Defendant Stuart Fraser aided and abetted a fraud committed by GAW Miners with respect to:

a. Hashlets?

   Yes ___   No ✓

b. Hashpoints?

   Yes ___   No ✓

c. Hashstakers?

   Yes ___   No ✓

d. Paycoin?

   Yes ___   No ✓

**Please proceed to Section V.**

## V. Date Concerning Hashlets

**Question No. 1**:

If you found that GAW Miners committed securities or common law fraud concerning Hashlets, identify the first date on which you find that fraud was committed:

8-13-2014

**Please proceed to Section VI.**

## VI. Affirmative Defense Applicable to Named Plaintiff Shinners Only

**Question No. 1**:

Did the defendant prove his *in pari delicto* defense with respect to the securities claims of Mr. Shinners?

Yes ____    No ✓

\*\*\*

## Signature

The foreperson should sign and date this form and notify the marshal that you have reached a verdict. Your verdict will then be returned to the Court.

Signature of Foreperson: _____    Date: 11/1/2021