```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - x

DENIS MARC AUDET, MICHAEL              No. 3:16-CV-940 (MPS)
PFEIFFER, and DEAN ALLEN
SHINNERS, Individually and on          NOVEMBER 1, 2021
Behalf of All Others Similarly
Situated,                              12:17 P.M.

vs.                                    JURY TRIAL

STUART A. FRASER, GAW MINERS,
LLC, and ZENMINER, LLC, (d/b/a
ZEN CLOUD)

- - - - - - - - - - - - - - - - x

              Volume VIII - Pages 1099 - 1113


                        450 Main Street
                     Hartford, Connecticut


        BEFORE:  THE HONORABLE MICHAEL P. SHEA, U.S.D.J.

                      AND A JURY OF NINE


APPEARANCES:

FOR THE PLAINTIFFS:

        SUSMAN GODFREY, L.L.P.
            1301 Avenue of the Americas, 32nd Floor
            New York, New York 10019
        BY: SETH D. ARD, ESQUIRE
        BY: JACOB W. BUCHDAHL, ESQUIRE
        BY: GENG CHEN, ESQUIRE
        BY: RUSSELL RENNIE, ESQUIRE
        BY: HANNAH MILLER, ESQUIRE

(Appearances Continue ...)
```

```
 1   APPEARANCES CONTINUED:

 2   FOR THE DEFENDANT:

 3           HUGHES, HUBBARD & REED L.L.P.
                 One Battery Park Plaza, 12th Floor
 4               New York, New York 10004-1482
         BY:  DANIEL WEINER, ESQUIRE
 5       BY:  MARC A. WEINSTEIN, ESQUIRE
         BY:  AMINA HASSAN, ESQUIRE
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20   COURT REPORTER:  Julie L. Monette, RMR, CRR, CCP
                         (860) 212-6937
21
     Proceedings recorded by mechanical stenography, transcript
22   produced by computer.

23

24

25
```

```
 1                      12:17 p.m.
 2              THE COURT:  I have a note from the jurors.  Somebody
 3   has it.  Okay, well, we actually received two notes from the
 4   jurors.  The first one we received at around 10:15 or so, and
 5   it simply requested a new Verdict Form.  That was actually
 6   received -- I'm sorry -- at 9:40 a.m.  It says:  "Dear, Your
 7   Honor, the jury respectfully requests a new Verdict Form."
 8   We've marked that as Court's Exhibit 4.
 9              And so I authorized -- we checked it to make sure it
10   was the same.  It was one of the ones that we had collected
11   from them.  And I authorized that to be sent in.
12              And the second note that we received is not a verdict.
13   It -- can somebody get the door in the back for me, please.
14              I'll read it to you.  This was received at 12:00 noon.
15   It says:  "Dear, Your Honor, the jury would like to
16   respectfully request assistance in locating the GAW transaction
17   records for the three named Plaintiffs," signed by the
18   foreperson, Mr. Platt.
19              All right.  So that's the request.  Again, the jury
20   would like to respectfully request assistance in locating the
21   GAW transaction records for the three named Plaintiffs.
22              To me, the only thing that's coming to mind off the
23   top of my head -- I used to remember the exhibit number -- is
24   the declarations with the affidavits and the lists of
25   transactions.  Does that correspond with what counsel would
```

1  propose to --

2           MR. WEINER:  Yes, Your Honor.  That's DX 683.

3           THE COURT:  All right.  What we could do is simply

4  send in a note indicating we've received your note -- or I've

5  received your note.  I've conferred with counsel, and we

6  respectfully refer you to DX 683.  I can add something that

7  says:  Of course, as I instructed you previously, you should

8  consider all the evidence in arriving at your verdict.

9           Would that be satisfactory?  I can also have them in

10 the courtroom and say that to them if you'd like.  It doesn't

11 matter to me.

12          MR. BUCHDAHL:  A note's fine with the Plaintiffs, Your

13 Honor.

14          MR. WEINER:  Yes, Your Honor, a note is fine.

15          THE COURT:  Okay.  I will send in such a note, and we

16 will mark that as Court Exhibit No. 5.  Great.  Then we'll be

17 in recess for now.

18      (Recess from 12:20 p.m. to 3:15 p.m.)

19          THE COURT:  So I have not received any communications

20 from the jury since I was last in front of you.  It is about

21 3:15.  I wondered if -- I was thinking whether it would make

22 sense to send in a note simply indicating -- simply requesting

23 that they let us know if they want to deliberate after 3:30 or

24 if -- I can also say I'll just leave them alone.  My only

25 concern is that I don't want them to think under any

```
 1   circumstances they can simply leave the building without coming
 2   back to the courtroom, because they can't.  I'm not too worried
 3   about that, but let me hear from counsel as to your thoughts.
 4           MR. BUCHDAHL:  I think a note from you would make
 5   sense.
 6           THE COURT:  Okay.
 7           MR. WEINER:  Yeah, couldn't hurt.  Could help.
 8           THE COURT:  I will send in a note.  The note will
 9   simply say, Just please, at your convenience, let us know if
10   you'd like to, you know, adjourn for the day at 3:30 or whether
11   you'd like to continue.
12           So that will be it.  Thank you.  Be in recess.
13       (Recess from 3:16 p.m. to 3:19 p.m.)
14           THE COURT:  So we're back on record and I have another
15   note from the jury.  No sooner had I started to type,
16   Ms. Johnson brought me a note.  It says, "Dear, Your Honor" --
17   it's at 3:15 p.m. "Dear, Your Honor, it is our intention and
18   expectation that we will have a verdict today.  We will require
19   staying beyond our normal 3:30 quit time," again, signed by the
20   foreperson.  And we've marked it Court's Exhibit No. 7.  So
21   we'll be in recess until we hear further.
22       (Recess from 3:19 p.m. to 3:57 p.m.)
23           THE COURT:  At four o'clock we received a note saying:
24   "We, the jury, have reached a verdict."
25           So we'll mark that as the next court exhibit, and then
```

1  I'll ask Ms. Johnson to bring the jurors into the courtroom.
2       (The jury entered the courtroom at 3:59 p.m.)
3           THE COURT:  All right.  We received your latest note.
4  Are you the foreperson, sir?
5           JURY FOREPERSON:  Yes, I am.
6           THE COURT:  Will you please stand.
7           JURY FOREPERSON:  Yes, sir.
8           THE COURT:  Just say "yes" or "no" to this question.
9  Has the jury reached a unanimous verdict?
10          JURY FOREPERSON:  Yes, sir.
11          THE COURT:  I'm going to ask you to hand the Verdict
12 Form to Ms. Johnson right now.
13          And you can have a seat, sir.
14          All right.  So, Ladies and Gentlemen, I'm going to
15 read aloud the Verdict Form.  Please listen carefully because
16 after I read off the verdict, Ms. Johnson, the courtroom
17 deputy, is going to ask each of you if what I have read
18 accurately reflects your verdict.  After that, I may need to
19 have some discussions with the lawyers without you.  But we'll
20 take one step at a time.  Okay?
21          All right.  So in Section I, Question No. 1, the
22 question was:  Did Plaintiffs prove that any of the following
23 were investment contracts?  You answered as to a, Hashlets,
24 "No"; as to b, Hashpoints, "No"; as to c, HashStakers, "No";
25 and as to d, Paycoin, "No."

1        In accordance with the instructions, you then skipped
2   Section II, which was the Connecticut Uniform Securities Act
3   Claims. And you also skipped Section III, which was the
4   Federal Exchange Act Claim in accordance with the instructions.
5        In Section IV, Common Law Fraud, Question No. 1, you
6   answered as follows: With respect to the Plaintiffs' common
7   law fraud claim, did Plaintiffs prove that Defendant Stuart
8   Fraser aided and abetted a fraud committed by GAW Miners with
9   respect to: a, Hashlets, you answered "No"; b, Hashpoints, you
10  answered "No"; c, HashStakers, you answered "No"; and d,
11  Paycoin, you answered "No."
12       In Section V, which says "Date Concerning Hashlets,"
13  for Question No. 1, which says: If you found that GAW Miners
14  committed securities or common law fraud concerning Hashlets,
15  identify the first date on which you find that fraud was
16  committed, you wrote in: 8/13/2014.
17       In Section VI, Affirmative Defense Applicable to Named
18  Plaintiff Shinners Only, you wrote -- Question No. 1, Did the
19  Defendant prove his in pari delicto defense with respect to the
20  securities claims of Mr. Shinners? You wrote -- you checked
21  "No."
22       And the Verdict Form is signed and dated.
23       There's a matter I need to discuss with the lawyers in
24  light of the way you filled out the form, so I cannot discharge
25  you at that time. What I'm -- at this time. What I'm going to

1  do is ask you to return to the jury room, and we will have you
2  back in here as soon as possible.  I promise we will move as
3  quickly as we can.
4           At this time, please go to the jury room.
5       (The jury left the courtroom at 4:04 p.m.)
6           THE COURT:  All right.  Please be seated.  So I'm
7  looking over the Verdict Form.  The first part I read seems to
8  be coherent and consistent.  After Section IV at the bottom,
9  after they checked "No" as to each of the boxes, the directions
10 say, "Please proceed to Section V."  In Section V, Date
11 Concerning Hashlets, it says:  "If you found that GAW Miners
12 committed securities or common law fraud concerning Hashlets,
13 identify the first date on which you find that fraud was
14 committed."  They did write in the date 8/13/2014.
15          And then the end of that one, Section V says, "Please
16 proceed to Section VI."  And then they, as I say, they answered
17 the question, Did the Defendant prove his in pari delicto
18 defense with respect to Mr. Shinners' claims?  And they
19 answered that "No."
20          So I'd like to hear from counsel.  I guess my first
21 thought is I wish I'd been clearer in the Verdict Form as to
22 what happens if they say "no," as they appear to have done with
23 respect to the securities fraud claims -- or with respect to
24 the finding -- with respect to investment contracts and with
25 respect to the common law fraud claim where they answered "no"

```
 1   as to each of those, what to do at that point.
 2           I think, in retrospect, I would have included
 3   something at the end of Section IV to say, Don't answer Section
 4   V.
 5           Anyway, but let me hear from counsel as to your
 6   thoughts.  Mr. Buchdahl.
 7           MR. BUCHDAHL:  Your Honor, I don't -- I don't think
 8   there's any real issue here.  First of all, Question 5 doesn't
 9   refer to the Defendant.  It says "GAW Miners."  And so, you
10   know, I think --
11           THE COURT:  That's a good point.
12           MR. BUCHDAHL:  I don't think there's an issue to be
13   made of this.
14           THE COURT:  Okay.
15           MR. BUCHDAHL:  So obviously --
16           THE COURT:  And you're not worried about the fact that
17   they answered Section VI at all?
18           MR. BUCHDAHL:  I am --
19           THE COURT:  By the way, I'm happy to let counsel
20   inspect the Verdict Form if you like.  If you want to see it
21   with your own eyes, you can come up right now and look at it if
22   you like.
23           MR. BUCHDAHL:  I would.
24           MR. WEINSTEIN:  Your Honor, we would just add that we
25   agree actually answering that question was not inconsistent.
```

```
 1            THE COURT:  You know what?  I had not read the part
 2   about GAW Miners, so I think Mr. Buchdahl's correct on that.
 3            All right, so I think that just leaves Section VI.  I
 4   think it's kind of a non-issue with respect to Section VI.  It
 5   might have been an issue if they said "yes," but it doesn't
 6   seem to be an issue given that they said "no."  Does anybody
 7   disagree with that?
 8            MR. WEINSTEIN:  We agree with Your Honor.
 9            THE COURT:  All right.  Does there anybody think
10   there's any consistency or flaw in the Verdict Form?
11            MR. BUCHDAHL:  Not in the form.
12            THE COURT:  All right, Devorah, let's get the jury.
13            Sorry, I'm getting old.  Have I already polled them?
14            MR. WEINSTEIN:  No, Your Honor.
15            THE COURT:  All right.  I'm going to poll them now
16   then.
17       (The jury entered the courtroom at 4:10 p.m.)
18            THE COURT:  So, Ladies and Gentlemen, I'm now going to
19   ask the courtroom deputy, Ms. Johnson, to ask if you -- if what
20   I have read accurately reflects each of your verdicts.  She's
21   going to ask you to stand one by one, and she'll ask you, "Is
22   that your verdict?"  And you say "yes" or "no."
23            Does anybody need me to read it again?  If so, just
24   raise your hand.
25            Nobody's raising their hand.  So I'm going to ask
```

```
 1  Ms. Johnson to go ahead and poll you individually.
 2            THE CLERK:  Juror No. 1, is that your verdict?
 3            JUROR NO. 1:  Yes, it is.
 4            THE CLERK:  Juror No. 2, is that your verdict?
 5            JUROR NO. 2:  Yes.
 6            THE CLERK:  Juror No. 3, is that your verdict?
 7            JUROR NO. 3:  Yes.
 8            THE CLERK:  Juror No. 4, is that your verdict?
 9            JUROR NO. 4:  Yes, it is.
10            THE CLERK:  Juror No. 5, is that your verdict?
11            JUROR NO. 5:  Yes.
12            THE CLERK:  Juror No. 6, is that your verdict?
13            JUROR NO. 6:  Yes, it is.
14            THE CLERK:  Juror No. 7, is that your verdict?
15            JUROR NO. 7:  Yes, it is.
16            THE CLERK:  Juror No. 8, is that your verdict?
17            JUROR NO. 8:  Yes, ma'am.
18            THE CLERK:  And, Juror No. 9, is this your verdict?
19            JUROR NO. 9:  Yes.
20            THE COURT:  All right.  Great.  The Clerk of the Court
21  may record the verdict.
22            Ladies and Gentlemen, we've now come to the end of
23  your service as jurors in this matter, and I want to make two
24  points to you:  First, you are now finally free to discuss the
25  case amongst yourselves and with any other person you might
```

Case 3:16-cv-00940-MPS   Document 350   Filed 12/01/21   Page 12 of 15

1110

1   choose to do so.  Under our rules, however, you may only speak
2   or write about your own participation in the trial.  In
3   particular, you may not discuss the actual deliberations of the
4   jury, the votes of the jury, or the actions or comments of
5   another juror.  Jury deliberations are secret, and you must
6   maintain that secrecy.  You took an oath to do so, in fact.  If
7   you choose to speak to anyone about the case -- and you
8   certainly are not required to do so -- you may speak only about
9   your own views and actions, not about those of your fellow
10  jurors.
11          Second, now let me make the most important point of
12  all, which is I want to thank you all on behalf of the court
13  and on behalf of the parties for your attention and your hard
14  work in this matter.  You had the hardest job in the courtroom.
15  You had to resolve a dispute the parties were not able to
16  resolve on their own.  And while in a litigation it's
17  inevitable that one side ends up being disappointed, I believe
18  I speak for all of the parties and all of the lawyers when I
19  commend you all on your service, your attention, and your hard
20  work in this matter, especially under conditions of the
21  pandemic, with masks and clearing the courtroom for carbon
22  dioxide levels and all the rest.
23          Thank you very much.  At this time, you, of course,
24  are all free to go.  I will say I would like very much to meet
25  with you individually in the jury room and answer any questions

1   you might have and to thank you personally, but no one is
2   required to stay for that.  Anybody who wants to stay should
3   retire to the jury room now and, in fact, you should all retire
4   to the jury room now because in case you've left anything
5   there.  But nobody has to stay.  Anybody who wants to stay, I
6   will be in in a few minutes to thank you.  Thank you very much.
7           (The jury left the courtroom at 4:13 p.m.)
8               THE COURT:  All right, folks, if you would please take
9   your seats.  Just a couple of comments.
10              First, I will just say for Mr. Shinners and Mr.
11  Pfeiffer's benefit, obviously, one side has to win and one side
12  has to lose in litigation.  That's the nature of the process.
13  For what it's worth, I know you both invested a lot in this
14  case, and, you know, no process is perfect, but we've done our
15  best here.
16              And, obviously, Mr. Fraser, I don't need to say
17  anything to you.  I'm sure that the result speaks for itself.
18              For counsel, I did want to compliment all counsel in
19  this case.  I thought you were all very good advocates from the
20  top level of the team to the most junior level of the team.
21  There were no weak links.  It's rare that I can say that.  I
22  won't say it was a pleasure because it was an awful lot of work
23  to be a pleasure.  I don't have to work quite as hard as I did
24  in this trial in most of my trials.  But that said, it was --
25  counsel were always professional, prepared, and I appreciated

```
 1   it.
 2          I would just say, don't know if you folks are from out
 3   of state, so I don't know how familiar you are with our local
 4   rules and practices.  We have a local rule 83.5 that governs
 5   any communications with jurors by counsel.  It's very strict.
 6   It's much stricter than what we have in state court.  I don't
 7   know what the rules are in New York.  But read it before you
 8   even think of contacting a juror in this case.
 9          That's all I have.  Is there anything before we go?
10          MR. WEINER:  Not from the Defense, Your Honor.
11          MR. BUCHDAHL:  Your Honor, in terms of post-trial
12   motions?
13          THE COURT:  Sure.  Why don't you file something on the
14   docket and propose a timetable for that.
15          MR. BUCHDAHL:  Thank you, Your Honor.
16          THE COURT:  We'll be in recess.  Thank you.
17       (Proceedings concluded at 4:16 p.m.)
```

C E R T I F I C A T E

      I, Julie L. Monette, RMR, CRR, CRC, Official Court Reporter for the United States District Court for the District of Connecticut, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes taken in the aforementioned matter to the best of my skill and ability.

/S/ JULIE L. MONETTE
_____
Julie L. Monette, RMR, CRR, CRC
Official Court Reporter
450 Main Street
Hartford, Connecticut 06103
(860) 212-6937