**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| DENIS MARC AUDET *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. |
| | : | 3:16-cv-00940-MPS |
| v. | : | |
| | : | Hon. Michael P. Shea |
| STUART A. FRASER, GAW MINERS, | : | |
| LLC, and ZENMINER, LLC, (d/b/a/ | : | January 14, 2022 |
| ZEN CLOUD), | : | |
| Defendants. | : | |

**DEFENDANT STUART A. FRASER'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST GAW MINERS, LLC AND ZENMINER, LLC**


Daniel H. Weiner (ct12180)
Marc A. Weinstein (*pro hac vice*)
Amina Hassan (*pro hac vice*)
Hannah Miller (*pro hac vice*)
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: daniel.weiner@hugheshubbard.com

David R. Schaefer (ct04334)
Sean M. Fisher (ct23087)
Rowena Moffett (ct414899)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT 06511
Tel.: (203) 772-2600
Fax: (203) 562-2098
Email: rmoffett@bswlaw.com

*Attorneys for Defendant Stuart A. Fraser*

# TABLE OF CONTENTS

**Page(s)**

Preliminary Statement....1

Argument....3

I. THE COURT SHOULD DEFER DETERMINATION OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST THE COMPANY DEFENDANTS....3

II. ALTERNATIVELY, IF THE COURT DETERMINES TO GRANT PLAINTIFFS' MOTION, IT SHOULD EXPRESSLY LIMIT THE SCOPE OF ITS ORDER....10

Conclusion....11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aspen Ins. UK Ltd. v. A & R Able Corp.*, No. 12 Civ. 00261 (AJN), 2013 WL 10897793 (S.D.N.Y. Jan. 2, 2013) .....4

*In re Colonial Ltd. P'ship Litig.*, 854 F. Supp. 64 (D. Conn. 1994) .....6

*Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329 (2d Cir. 1986) .....8

*Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2d Cir. 1993) .....5, 8

*Frow v. De La Vega,* 82 U.S. 552 (1872) ..... *passim*

*Hand Picked Selections, Inc. v. Handpicked Wines Int'l Pty, Ltd.*, No. CV 06-0356 (FB)(JO), 2006 WL 1720442 (E.D.N.Y. June 22, 2006) .....10, 11

*Harvey v. Home Savers Consulting Corp.*, No. 07-CV-2645 (JG), 2008 WL 724152 (E.D.N.Y. Mar. 17, 2008) .....9

*Henry v. Bristol Hosp., Inc.*, No. 3:13-cv-00826 (SRU), 2020 WL 7773418 (D. Conn. Dec. 30, 2020) .....5

*Henry v. Oluwole*, 799 F. App'x 87 (2d Cir. 2020) .....9

*Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137 (N.D.N.Y. 2020) .....4, 7, 9

*Int'l Controls Corp. v. Vesco*, 535 F.2d 742 (2d Cir. 1976) .....4

*Known Litig. Holdings, LLC v. Navigators Ins. Co.*, No. 3:12-cv-269 (JBA), 2016 WL 3566653 (D. Conn. June 24, 2016) .....4, 5

*Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149 (E.D.N.Y. 2019) .....5, 10

*Maersk, Inc. v. Neewra, Inc.*, 687 F. Supp. 2d 300 (S.D.N.Y. 2009), *aff'd sub nom. Maersk, Inc. v. Sahni*, 450 F. App'x 3 (2d Cir. 2011) .....11

*Marfia v. T.C. Ziraat Bankasi, N.Y. Branch*, 100 F.3d 243 (2d Cir. 1996) .....10, 11

*Nautilus Ins. Co. v. Watson*, No. 3:11–cv–1061 (SRU), 2012 WL 4097731 (D. Conn. Sept. 10, 2012) .....3, 4

**TABLE OF AUTHORITIES - continued**

**Page(s)**

*Rivera v. Limassol Grocery, Corp.*, No. 16-CV-6301-KAM-SJB, 2019 WL 1320339 (E.D.N.Y. Jan. 4, 2019)....3, 4, 10

**Statutes and Rules**

Fed. R. Civ. P. 50....3, 7

Fed. R. Civ. P. 59....3, 7

Fed. R. Civ. P. 60(b)....7

Defendant Stuart A. Fraser submits this memorandum of law in opposition to Plaintiffs' Motion for Default Judgment Against GAW Miners, LLC and ZenMiner, LLC (collectively, the "Company Defendants") (ECF 352).

**Preliminary Statement**

Following a 6-day jury trial on the question of Mr. Fraser's liability only, the jury returned a unanimous verdict in his favor. The jury determined that Plaintiffs failed to prove the products at issue were "investment contracts," thus securities; accordingly, Plaintiffs' federal and state law securities claims against Mr. Fraser failed. The jury also determined that Plaintiffs did not prove that Mr. Fraser aided and abetted common law fraud by the Company Defendants. Plaintiffs now ask the Court to enter default judgment against the Company Defendants on Plaintiffs' common law fraud claim.

But Plaintiffs' time to appeal the jury's verdict has not yet expired, and although without merit, that option remains open to Plaintiffs. The Court should defer determination of Plaintiffs' motion until after Plaintiffs' claims against Mr. Fraser are fully and finally resolved, and no longer subject to appeal. Entering default judgment against the Company Defendants on an underlying fraud claim, while Plaintiffs' derivative fraud claims against Mr. Fraser are still subject to Plaintiffs' argument for retrial and potential appeal, unnecessarily creates a risk of inconsistent judgments and unfair prejudice to Mr. Fraser. On the other hand, entering a liability-only default judgment against the Company Defendants at this time serves no purpose. First, it does not help the Court achieve finality because a liability-only default judgment—which is what Plaintiffs seek at this time, and which is all they could obtain without unfairly

prejudicing Mr. Fraser—does not constitute a final order of judgment. Second, it also does not help Plaintiffs because they cannot enforce a liability-only default judgment against the Company Defendants (even assuming those defendants are still viable entities). Plaintiffs also cannot use the default judgment to advance their claims against Mr. Fraser because a default judgment against the Company Defendants cannot bind Mr. Fraser. Accordingly, the Court should defer determination of Plaintiffs' motion.

Notwithstanding the foregoing, if the Court determines to enter default judgment as to liability on Plaintiffs' common law fraud claim against the Company Defendants, Mr. Fraser asks that the order expressly limit the scope of that judgment and clarify that neither that judgment, nor the Court's underlying factual findings, may be used against him in this litigation in any way.

## Argument[1]

### I. THE COURT SHOULD DEFER DETERMINATION OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST THE COMPANY DEFENDANTS

As the Court previously acknowledged in connection with Plaintiffs' original motion for default judgment against the Company Defendants, the Supreme Court has expressly warned against granting default judgment against a defaulting defendant where, as here, the plaintiff has asserted a "joint charge" against the defaulting and non-defaulting defendants, and the proceedings against the non-defaulting defendants remain pending. *See Frow v. De La Vega,* 82 U.S. 552 (1872); *Nautilus Ins. Co. v. Watson*, No. 3:11–cv–1061 (SRU), 2012 WL 4097731 (D. Conn. Sept. 10, 2012); *see also* ECF 71 (Mar. 24, 2017 Order) (denying without prejudice Plaintiffs' motion for default judgment against the Company Defendants and raising the question of how *Frow* might apply to such a motion). In such circumstances, the Court should not enter default judgment against a defaulting defendant "until the case against the litigating defendant[] concludes." *Rivera v. Limassol Grocery, Corp.*, No. 16-CV-6301-KAM-SJB,

---

1. At trial, Plaintiffs alleged four secondary liability claims against Mr. Fraser: (1) control person liability under the Securities Exchange Act; (2) control person liability under the Connecticut Uniform Securities Act ("CUSA"); (3) aiding and abetting fraud in in violation of the CUSA; and (4) aiding and abetting common law fraud. Each of these claims is derivative of Plaintiffs' underlying claims against the Company Defendants of securities fraud, failure to register securities and common law fraud. (*See* ECF 57 (Amended Compl.) ¶¶ 167-207.) Citing Rules 50 and 59 of the Federal Rules of Civil Procedure, Plaintiffs challenge the jury's verdict that the products at issue were not investment contracts and seek a new trial on their securities claims against Mr. Fraser. (*See* ECF 351.) Plaintiffs' aiding and abetting common law fraud claim is not a subject of that motion. (ECF 351-1 at 38, n.10.)

2019 WL 1320339, at *2 (E.D.N.Y. Jan. 4, 2019). The purpose of this rule is to prevent the "incongruity" of "inconsistent judgments." *See Frow*, 82 U.S. at 554; *Nautilus Ins. Co.*, 2012 WL 4097731, at *1.

The Court of Appeals has recognized the applicability of *Frow* in "situations where the liability of one defendant necessarily depends upon the liability of the others," *Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 n.4 (2d Cir. 1976) (citation omitted), and district courts in this Circuit have applied *Frow* in cases involving various degrees of relatedness between the defaulting and non-defaulting defendants, even when plaintiffs did not allege joint liability. *See, e.g.*, *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137 (N.D.N.Y. 2020) (court assuming plaintiffs intended to proceed under a theory of joint and several liability); *Nautilus*, 2012 WL 4097731, at *1 (defaulting and non-defaulting defendants had "closely related" defenses); *Rivera*, 2019 WL 1320339, at *3 (claim against defaulting defendant was one of vicarious liability based on the liability of the non-defaulting defendant in another proceeding).

Regardless of the precise contours of *Frow*, the Court should not enter default judgment against the Company Defendants where doing so risks "prejudic[ing] the rights of the [appearing defendant]." *Aspen Ins. UK Ltd. v. A & R Able Corp.*, No. 12 Civ. 00261 (AJN), 2013 WL 10897793, at *1 (S.D.N.Y. Jan. 2, 2013); *see also Known Litig. Holdings, LLC v. Navigators Ins. Co.*, No. 3:12-cv-269 (JBA), 2016 WL 3566653, at *8 (D. Conn. June 24, 2016) (Court had previously rejected motion for default judgment because the "non-defaulting party's interests are intertwined with those of the

defaulting party," and the entry of default "would prevent [that] party from litigating its claims and thus cause great prejudice.") (alteration in original).

Even when not applying *Frow*, courts in this Circuit consider other practical factors in delaying entry of default judgments against defaulting defendants while the proceedings against non-defaulting defendants are not concluded. *See, e.g.*, *Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149, 155 (E.D.N.Y. 2019) (in a joint and several liability case, refusing to enter a liability-only default judgment because it would not help the plaintiff collect on the judgment from the defaulting defendant, nor prejudice plaintiff's case against the non-defaulting defendant).

Disposition of motions for default judgment are left to the Court's sound discretion. *See Henry v. Bristol Hosp., Inc.*, No. 3:13-cv-00826 (SRU), 2020 WL 7773418, at *2 (D. Conn. Dec. 30, 2020) (citing *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993)). Here, the Court should exercise that discretion to defer determination of Plaintiffs' motion for default judgment against the Company Defendants until after Plaintiffs' claims against Mr. Fraser are fully and finally resolved and no longer subject to appeal. The Court should do so for the following three reasons:

First, Plaintiffs allege that Mr. Fraser and the Company Defendants are jointly and severally liable to them, including on Plaintiffs' fraud claims. (*See* ECF 69 (Plaintiffs' Original Motion for Default Judgment) at 25-26.) Mr. Fraser's alleged liability depends, in part, on the underlying liability of the Company Defendants. All of Plaintiffs' claims against Mr. Fraser are secondary liability claims, and each requires Plaintiffs to first establish the underlying violation by the Company Defendants. This is

also true of Plaintiffs' unsuccessful claim against Mr. Fraser for aiding and abetting common law fraud, for which Plaintiffs must first prove that the Company Defendants committed the underlying fraud. *See, e.g.*, *In re Colonial Ltd. P'ship Litig.*, 854 F. Supp. 64, 102 (D. Conn. 1994) (plaintiff alleging aiding and abetting common law fraud claim had to first show that "the party aided by the defendant performed a wrongful act"); ECF 326 (Jury Instructions) at 40 ("In order to prove that Mr. Fraser aided and abetted a common law fraud committed by GAW Miners, the plaintiffs must first prove by a preponderance of the evidence that GAW Miners committed fraud."). Although it is certainly possible for the Company Defendants to be liable for common law fraud even if Mr. Fraser is not, the reverse is not true.

Plaintiffs now ask the Court to enter a default judgment that the Company Defendants committed the fraud underlying Plaintiffs' aiding-and-abetting common law fraud claim against Mr. Fraser. However, should Plaintiffs appeal the jury's verdict in Mr. Fraser's favor on this claim, and for some reason the jury's verdict does not withstand appeal, Mr. Fraser could face a new trial on that claim. In that event, Mr. Fraser would be entitled to raise every good-faith defense available to him, including challenging Plaintiffs' proof on the underlying fraud. This would conflict directly with an existing default judgment holding that the Company Defendants had committed the underlying fraud, and raise the risk of inconsistent judgments that *Frow* seeks to avoid: the Court's default judgment finding that the Company Defendants committed

common law fraud and a jury verdict on retrial potentially finding no such fraud.[2] Because the factual assertions underlying Plaintiffs' common law and securities fraud claims are the same, this eventuality could also occur if Plaintiffs obtain retrial of their securities fraud claims against Mr. Fraser only (as they currently seek to do under Rules 50 and 59 of the Federal Rules of Civil Procedure (ECF 351)).

In the event that Mr. Fraser faced retrial of any of Plaintiffs' control person or aiding-and-abetting fraud claims, Mr. Fraser likely would have to incur the cost and burden of a Rule 60(b) motion to vacate the Court's default judgment, and the Court would have to expend its time and resources to address that motion. *See, e.g.*, *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137, 162-64 (N.D.N.Y. 2020) (denying the plaintiffs' renewed motion for default judgment against defaulting defendants without prejudice where non-defaulting defendant could escape eventual

---

2. That the jury answered Question V.1 on the verdict sheet ("If you found that GAW Miners committed securities or common law fraud concerning Hashlets, identify the first date on which you find that fraud was committed"), does not change this analysis. (*See* ECF 330 (verdict sheet) at 14.) Tellingly, Plaintiffs do not rely in their motion papers on the foregoing as evidence of GAW Miners' liability. Nor can they, because the trial was limited to determining Mr. Fraser's liability to Plaintiffs, not that of the Company Defendants, which were not parties to the trial (ECF 326 (Jury Instructions) at 19), and the purpose of Question V.1 was to assist the factfinder in a subsequent damages phase, *if* the jury found Mr. Fraser liable on any of the derivative fraud claims related to Hashlets. (Hassan Decl., Ex. A (Charge Conf. Tr. at 94:19-97:6); *id.*, Ex. B (Trial Tr. at 936:19-937:1).) Here, the jury did not find Mr. Fraser liable to Plaintiffs on any of their claims.

liability on a defense common to all defendants and "put the Court in the position of having to vacate its own default judgments against the [defaulting defendants].")[3]

Accordingly, the Court should defer determination of Plaintiffs' motion for entry of default judgment against the Company Defendants until Plaintiffs' claims against Mr. Fraser are fully and finally resolved.

Second, the Court should defer determination of Plaintiffs' motion because entering default judgment now against the Company Defendants will not advance these proceedings to finality. The Court asked Plaintiffs to move for default judgment against the Company Defendants or dismiss Plaintiffs' claims against them "so that the Court can enter final judgment in this case." (ECF 334.) However, Plaintiffs seek—as they only can at this stage—entry of default judgment against the Company Defendants on liability only.[4] A liability-only default judgment, however, is not a final judgment. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 97 (2d Cir. 1993) ("[D]efault judgment cannot be entered until the amount of damages has been ascertained."); *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 336 (2d Cir. 1986) (order of the district court framed as a "DEFAULT JUDGMENT" was "in fact no more than another interlocutory entry of

---

3. Although a default judgment against the Company Defendants and any underlying factual findings cannot bind Mr. Fraser (*see infra* Section II), the Court also should defer determination of Plaintiffs' motion to avoid the *possibility* of unfair prejudice to Mr. Fraser that might arise by entering a default judgment on the very fraud Plaintiffs would need to prove in case of a new trial.

4. Plaintiffs' motion explicitly states that it "concerns only the liability, on default, of GAW Miners and ZenMiner"; it makes no mention of damages. (Pls' Mem. at 3, n.2.)

default" because the district court "expressly ordered [in its default judgment] that there be an inquest as to damages and indicated that only thereafter would a final judgment be entered"); *Henry v. Oluwole*, 799 F. App'x 87, 88 (2d Cir. 2020) (the Court did not have jurisdiction to hear appeal from the district court's order of default judgment because the order, without a determination of damages, did not constitute a final judgment).[5]

Third, deferring determination of Plaintiffs' motion will not prejudice Plaintiffs. Plaintiffs cannot enforce a liability-only default judgment against the Company Defendants, even if those defendants remain viable entities. Additionally, because entry of a default judgment against the Company Defendants cannot and should not bind Mr. Fraser in any way (*see infra* Section II), it also does not assist Plaintiffs in further litigating their claims against Mr. Fraser. Thus, entry of default judgment against the Company Defendants on Plaintiffs' common law fraud claim "does nothing

5. If Plaintiffs were to seek a default judgment on damages against the Company Defendants *prior* to a full and final determination of their claims against Mr. Fraser, that would raise even more sharply the concerns *Frow* recognized. Even those courts that have hesitated to apply *Frow* to cases involving anything but joint liability consistently defer any determination of damages until after the claims against the non-defaulting defendant are resolved "to avoid the problems of dealing with inconsistent damage determinations." *See, e.g.*, *Harvey v. Home Savers Consulting Corp.*, No. 07-CV-2645 (JG), 2008 WL 724152, at *1 (E.D.N.Y. Mar. 17, 2008) (citation omitted); *see also Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137, 161 (N.D.N.Y. 2020) (compiling cases). Moreover, determining damages before Plaintiffs' claims against Mr. Fraser are fully and finally resolved as to liability would be inefficient. It would also unfairly prejudice Mr. Fraser, who might be forced to expend unnecessary time and resources litigating damages out of an abundance of caution, despite the jury's verdict in his favor.

for [Plaintiffs]" at this stage, and deferring it does not prejudice them. *See Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149, 155 (E.D.N.Y. 2019) (there was "simply no reason" to enter a liability-only judgment against the defaulting defendant because, "[w]ithout a damages calculation to accompany the liability determination, no final judgment could be entered in [plaintiff's] favor, and there could be no enforceable judgment that [plaintiff] could attempt to collect;" nor was plaintiff prejudiced because he would still need to prove the common elements of liability against the non-defaulting defendant). While *Lemache* was a pre-trial case, the same logic applies here, where, in the event of a retrial, Plaintiffs would still have the burden to prove the Company Defendants' underlying fraud to prevail against Mr. Fraser. *See Rivera*, 2019 WL 1320339, at *6 (determination of motion for default judgment would be deferred because there was "[n]o discernable prejudice" to the movant).

## II. ALTERNATIVELY, IF THE COURT DETERMINES TO GRANT PLAINTIFFS' MOTION, IT SHOULD EXPRESSLY LIMIT THE SCOPE OF ITS ORDER

If the Court decides to grant Plaintiffs' motion notwithstanding the foregoing, Mr. Fraser requests that the Court expressly clarify that neither that default judgment, nor any factual findings the Court makes underlying that judgment, have any binding, preclusive or otherwise prejudicial effect on Mr. Fraser. It is well-established that "[a] party cannot use a default judgment issued against one adversary collaterally against another." *Hand Picked Selections, Inc. v. Handpicked Wines Int'l Pty, Ltd.*, No. CV 06-0356 (FB)(JO), 2006 WL 1720442, at *4 (E.D.N.Y. June 22, 2006) (citing *The Mary*, 13 U.S. 126, 143 (1815) and *Marfia v. T.C. Ziraat Bankasi, N.Y. Branch*, 100 F.3d 243, 251–253 (2d Cir.

1996)); *see also Marfia*, 100 F.3d at 251–253 (vacating judgment against co-defendant bank because the bank was deprived of a "fair trial" when the district court permitted the manager's default, and admissions resulting from that default, to be used against the bank); *Maersk, Inc. v. Neewra, Inc.*, 687 F. Supp. 2d 300, 334 & n.9 (S.D.N.Y. 2009) (recognizing that liability determination on default judgment has very limited utility because default judgments "in no way constitute decisions on the merits"), *aff'd sub nom. Maersk, Inc. v. Sahni*, 450 F. App'x 3 (2d Cir. 2011).[6] Accordingly, to the extent this Court enters default judgment against the Company Defendants, it should make explicit that the judgment has no bearing on Mr. Fraser in the remainder of this proceeding.

**Conclusion**

For the reasons set forth above, Mr. Fraser respectfully requests that: (1) the Court deny without prejudice Plaintiffs' motion for entry of default judgment against the Company Defendants, permitting renewal on full and final resolution of Plaintiffs' claims against Mr. Fraser; or (2) alternatively, if the Court grants Plaintiffs' motion for a default judgment against the Company Defendants, the Court expressly limit its scope.

6. Plaintiffs concede in their motion papers that their factual assertions in support of their motion have no relevance to Mr. Fraser's liability. (Pls' Mem. at 3, n.2.)

Dated: January 14, 2022

HUGHES HUBBARD & REED LLP

By: */s/ Daniel H. Weiner*

Daniel H. Weiner (ct12180)
Marc A. Weinstein (*pro hac vice*)
Amina Hassan (*pro hac vice*)
Hannah Miller (*pro hac vice*)
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: daniel.weiner@hugheshubbard.com

David R. Schaefer (ct04334)
Sean M. Fisher (ct23087)
Rowena Moffett (ct414899)
Brenner, Saltzman & Wallman LLP
271 Whitney Avenue
New Haven, CT 06511
Tel.: (203) 772-2600
Fax: (203) 562-2098
Email: rmoffett@bswlaw.com

*Attorneys for Defendant Stuart A. Fraser*