# Exhibit B

```
                 UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - x

DENIS MARC AUDET, MICHAEL            No. 3:16-CV-940 (MPS)
PFEIFFER, and DEAN ALLEN
SHINNERS, Individually and on        OCTOBER 28, 2021
Behalf of All Others Similarly
Situated,                            9:00 A.M.

vs.                                  JURY TRIAL

STUART A. FRASER, GAW MINERS,
LLC, and ZENMINER, LLC, (d/b/a
ZEN CLOUD)

- - - - - - - - - - - - - - - - x

               Volume VI - Pages 918 - 1016


                     450 Main Street
                  Hartford, Connecticut


       BEFORE:  THE HONORABLE MICHAEL P. SHEA, U.S.D.J.

                   AND A JURY OF NINE


APPEARANCES:

FOR THE PLAINTIFFS:

        SUSMAN GODFREY, L.L.P.
            1301 Avenue of the Americas, 32nd Floor
            New York, New York 10019
        BY: SETH D. ARD, ESQUIRE
        BY: JACOB W. BUCHDAHL, ESQUIRE
        BY: GENG CHEN, ESQUIRE
        BY: RUSSELL RENNIE, ESQUIRE
        BY: HANNAH MILLER, ESQUIRE

(Appearances Continue ...)
```

```
 1   APPEARANCES CONTINUED:

 2   FOR THE DEFENDANT:

 3           HUGHES, HUBBARD & REED L.L.P.
                 One Battery Park Plaza, 12th Floor
 4               New York, New York 10004-1482
             BY: DANIEL WEINER, ESQUIRE
 5           BY: MARC A. WEINSTEIN, ESQUIRE
             BY: AMINA HASSAN, ESQUIRE
 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20   COURT REPORTER:  Julie L. Monette, RMR, CRR, CCP
                        (860) 212-6937
21
     Proceedings recorded by mechanical stenography, transcript
22   produced by computer.

23

24

25
```

```
 1   dispute that Mr. Fraser could be liable.  He's a control
 2   person.
 3           THE COURT:  Yeah.
 4           MR. WEINSTEIN:  If there was a misstatement, a
 5   material misstatement, at any point during that period.  But
 6   when you get to what the jury's verdict is going to mean for a
 7   damages phase, if there is one, if it is true that, let's say,
 8   Mr. Pfeiffer bought starting in late August 2014, that when he
 9   purchased those Hashlets on the representation that the company
10   had sufficient mining power to support what he just bought and,
11   in fact, they did, he did not buy in reliance on a
12   misstatement.  So he can't get damages for what he bought in
13   August.
14           Maybe when he continued to buy in October or November,
15   if they no longer had the power when he bought those, he was
16   buying -- relying on a misstatement and he can get damages for
17   those.
18           MR. BUCHDAHL:  Your Honor --
19           THE COURT:  Mr. Buchdahl, let me ask you this
20   question:  I know your view of the case is for the reasons I
21   articulated.  Let's say I agree with you on this point and I
22   don't give this and then we get to a damages phase and the
23   Defendant wants to argue:  Well, Judge, they've got to show --
24   Mr. Pfeiffer, for example, has to show that these Hashlets, you
25   know, were purchased at a time when the statement wasn't true,
```

1    and we get to put on evidence about that.
2            And you say:  No, no, no.  The first jury found that
3    they were untrue, and revisiting that now would violate the
4    Seventh Amendment.
5            And I say, Well, okay, then my hands are tied.  So I
6    happen to agree with you on that.
7            Judgment enters.  They appeal.  And then you're before
8    the Circuit, and the Circuit says to you, All you had to do was
9    to let the jury answer a question on the Verdict Form as to the
10   timing.
11           MR. BUCHDAHL:  Your Honor --
12           THE COURT:  That's all you had to do, but you didn't
13   want to do it.
14           MR. BUCHDAHL:  Your Honor --
15           THE COURT:  Wait until I finish the thought.  You
16   didn't want to do it, and now we're stuck telling Judge Shea he
17   has to retry this case.
18           MR. BUCHDAHL:  As much as a pleasure it would be --
19           THE COURT:  It's not mutual.
20           MR. BUCHDAHL:  I certainly don't want you to try the
21   exact same case.  The date part is the less fundamental problem
22   with their request.  The most fundamental problem with their
23   request is that they are describing the false statement in a
24   way that is highly favorable to the Defense and an absolutely
25   restrictive version of the case we are trying to try.