UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, and DEAN ALLEN SHINNERS, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiffs,<br><br>vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC (d/b/a ZEN CLOUD),<br><br>      Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br>Courtroom 2<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br>FEBRUARY 11, 2022 |

**<u>REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST GAW MINERS, LLC AND ZENMINER, LLC</u>**

**TABLE OF CONTENTS**

Page

I. Introduction ...........................................................................................................................1

II. Argument ..............................................................................................................................2

    A. <u>Default Judgment Will Not Prejudice Fraser or Risk Inconsistent Judgments</u> ........................................................................................................2

    B. <u>Entering Default Judgment As to Liability Will Advance the Litigation</u> ...............4

    C. <u>Fraser's Alternative Request for a Protective Order is Premature</u> ..........................6

III. Conclusion ............................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abbott Lab'ys v. Adelphia Supply USA*,
   No. 15CV5826CBALB, 2020 WL 7643213 (E.D.N.Y. Dec. 23, 2020) ................................5

*Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity
   Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors
   Inc.*, 699 F.3d 230 (2d Cir. 2012) ...............................................................................4

*Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*,
   505 F. Supp. 3d 137 (N.D.N.Y. 2020) ..........................................................................5

*Int'l Gemmological Inst., Inc. v. Rafaeil*,
   No. 05 CIV.2395 JGK JCF, 2005 WL 3880222 (S.D.N.Y. Aug. 17, 2005),
   *report and recommendation adopted*, No. 05 CIV. 2395(JGK), 2006 WL
   739822 (S.D.N.Y. Mar. 21, 2006) ................................................................................5

*Marfia v. T.C. Ziraat Bankasi, New York Branch*,
   100 F.3d 243 (2d Cir. 1996)..........................................................................................6

*Rivera v. Limassol Grocery, Corp.*,
   No. 16-CV-6301-KAM-SJB, 2019 WL 1320339 (E.D.N.Y. Jan. 4, 2019)...................4

**Rules**

Fed. R. Civ. P. 50..............................................................................................................3

Fed. R. Civ. P. 55(b)(2).................................................................................................4, 5

Fed. R. Civ. P. 59..............................................................................................................3

**Treatises**

Wright, Miller & Kane, 10A Fed. Prac. & Proc. Civ. § 2690 .........................................4

**I.      Introduction**

Defendant Stuart Fraser ("Fraser") does not dispute Plaintiffs' entitlement to a default judgment against GAW Miners, LLC and ZenMiner, LLC ("the Companies") for common-law fraud. *See* ECF No. 352 (motion for default judgment); ECF No. 358 (Fraser's opposition). Instead of addressing the merits, he raises a host of collateral reasons the Court should not grant Plaintiffs' motion, chief among them the supposed risk of inconsistent judgments and unfair prejudice to him caused by a hypothetical future re-trial of Plaintiffs' claims.

Fraser's concerns, however, are both speculative and unfounded. Even if there is a re-trial of Plaintiffs' claims following appeal and remand, there is no risk that a default judgment against the Companies on Plaintiffs' common-law fraud claim could cause him prejudice in that trial—for reasons he acknowledges in his brief—or that the jury in his trial would reach a verdict "inconsistent" with Plaintiffs' requested default judgment (again, for reasons articulated in his own brief). Nor is Fraser correct that granting Plaintiffs' motion will not advance the litigation; the Court may and should enter a liability judgment, regardless of whether it decides to schedule damages proceedings now or defer them until after any appeals are resolved. Finally, Fraser's alternative request for a vague protective order—should the Court grant Plaintiffs' motion—is premature and should therefore be denied.

At bottom, Fraser is asking the Court to simply do nothing with respect to Plaintiffs' case against the Companies. He does so despite the Court's direction to Plaintiffs to file a motion for default judgment against the Companies (or dismiss their claims) "so that the Court can enter final judgment in this case." ECF No. 334. The Court should decline Fraser's invitation to put the case on hold indefinitely, reject his speculative concerns, and grant Plaintiffs' motion.

1

**II.      Argument**

        A.      <u>Default Judgment Will Not Prejudice Fraser or Risk Inconsistent Judgments</u>

Fraser contends that granting default judgment against the Companies as to liability on Plaintiffs' common-law fraud claim "unnecessarily creates a risk of inconsistent judgments and unfair prejudice to Mr. Fraser." ECF No. 358 at 1. It does neither.

<u>First</u>, there is no risk of unfair prejudice to Fraser. His opposition brief makes this clear: if Plaintiffs re-tried their claim for aiding and abetting common-law fraud against Fraser, he asserts, "neither [a] default judgment" against the Companies on the underlying fraud claim "nor any factual findings the Court makes underlying that judgment, [would] have any binding, preclusive or otherwise prejudicial effect on Mr. Fraser." ECF No. 358 at 10 (collecting cases); *see also id.* at 8 n.3 (contending that "a default judgment against the Company Defendants and any underlying factual findings cannot bind Mr. Fraser"). Fraser cannot simultaneously argue that the Court should not grant Plaintiffs' motion because of the unfairly prejudicial consequences to him caused by a default judgment, while maintaining that any such consequences could never be allowed because they are legally impermissible.

As a result, Fraser conspicuously fails to explain at any point exactly <u>how</u> a default judgment as to the Companies' common-law fraud could prejudice him in a potential re-trial on Plaintiffs' aiding and abetting claim. Recognizing this, he asks the Court to defer determination of Plaintiffs' motion "to avoid the *possibility* of unfair prejudice to Mr. Fraser." *Id.* (emphasis in original). But even under this watered-down standard, Fraser does not explain what "*possibility*" of unfair prejudice he could reasonably be concerned about in the event that the Court grants Plaintiffs' motion.

Second, there is no risk of inconsistent judgments. The reason is straightforward: even if there is a re-trial of Plaintiffs' claim for aiding and abetting common-law fraud against Fraser under the circumstances he describes—a big "if"[1]—a judgment of non-liability for Fraser would not be inconsistent with a default judgment that the Companies are liable for the underlying fraud. As Fraser himself acknowledges, "Although it is certainly possible for the Company Defendants to be liable for common law fraud even if Mr. Fraser is not, the reverse is not true." ECF No. 358 at 6.[2] To spell it out: because the elements of aiding and abetting common-law fraud include an underlying act of fraud along with additional elements specific to the aiding and abetting claim, the Companies may be liable for the underlying fraud at the same time Fraser could be found not liable for aiding and abetting that fraud. For that reason, there is simply no conflict between a default judgment against the Companies for common-law fraud and a non-liability verdict against Fraser for aiding and abetting the fraud.

Fraser alludes, without explanation, to a "jury verdict on retrial potentially finding no . . . fraud" committed by the Companies. ECF No. 358 at 7. But there is no basis for any jury verdict on re-trial to even include such a finding. See ECF No. 330 at 13 (verdict form) (asking the jury whether "Defendant Stuart Fraser aided and abetted a fraud committed by GAW Miners," but not asking whether GAW Miners had committed a fraud). Accordingly, the specter of inconsistent verdicts is illusory.

---

[1] Fraser's concern is built upon a chain of contingencies: if the Court declines to grant Plaintiffs' motions pursuant to Rule 50 and 59, and if Plaintiffs appeal the Court's order (or the jury's verdict) as to some or all of their claims—and, notably, Plaintiffs' pending motions do not concern their claim for aiding and abetting common-law fraud against Fraser—and if the Court of Appeals directs the Court to hold a new trial, and if Plaintiffs re-try their claim for aiding and abetting common-law fraud, and if the jury renders a verdict of no liability against Fraser as to that claim, then—according to Fraser—there would be a risk that that judgment could be "inconsistent" with a default judgment against the Companies on the underlying primary claim for common-law fraud.

[2] See also ECF No. 326 at 39-41 (jury instructions) (explaining that aiding and abetting common-law fraud has multiple elements beyond an act of common-law fraud, including that the defendant "generally was aware of his role as part of the fraudulent activity at the time he provided assistance" and that he "knowingly and substantially assisted" the fraudulent activity).

3

Because there is no risk of inconsistent judgments or unfair prejudice to Fraser posed by a default judgment against the Companies on the claim in question, the *Frow* principle does not apply. *See* ECF No. 358 at 3-6. As one of the cases cited by Fraser explains, the "key in deciding whether to extend Frow outside situations in which liability is joint and several is to recognize that the Frow principle is designed to apply only when it is necessary that the relief against the defendants be consistent." *Rivera v. Limassol Grocery, Corp.*, No. 16-CV-6301-KAM-SJB, 2019 WL 1320339, at *4 (E.D.N.Y. Jan. 4, 2019) (quoting Wright, Miller & Kane, 10A Fed. Prac. & Proc. Civ. § 2690). Because the relationship between Fraser and the Companies does not "<u>require</u>" as a matter of law or logic that Fraser be liable if the Companies are—*i.e.*, for the "relief against the defendants [to] be consistent—*Frow* has no force here.[3]

B.  Entering Default Judgment As to Liability Will Advance the Litigation

Next, Fraser argues that granting Plaintiffs' motion will not "advance these proceedings to finality"—or a final judgment—because it would not resolve the issue of damages. ECF No. 358 at 8. To be clear, Plaintiffs did not address damages in their motion because—given the hundreds of class members and tens of millions of dollars at stake in this case—a damages determination will certainly require additional proceedings, *e.g.*, a damages inquest. *See* Fed. R. Civ. P. 55(b)(2); *cf. also Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (explaining that, upon default, "a plaintiff's claims for damages generally must be established in an evidentiary proceeding at which the [defaulting] defendant is afforded the

---

[3] *Rivera* provides a helpful example in the context of vicarious liability: "Cases involving vicarious liability require consistency of judgments between defendants. It is inconsistent, for example, for a corporation to be held liable—solely on the basis of vicarious liability—if none of its employees are held liable." *Id.* Here, as explained above, it is entirely possible for the Companies to be liable for common-law fraud and for Fraser to be found not liable for aiding and abetting that same fraud.

4

opportunity to contest the amount claimed" and "Rule 55(b)(2) permits the district court to conduct a hearing to determine damages"). Granting Plaintiffs' motion as to the Companies' liability and ordering further proceedings would, contrary to Fraser's assertion, help "advance these proceedings to finality."[4] And even if the Court were to defer damages proceedings until the resolution of any appeals—an issue as to which Plaintiffs take no position now—granting Plaintiffs' motion and making a liability determination now would streamline and simplify any future proceedings against the Companies.[5]

Fraser's suggestion that courts, as a rule, decline to resolve damages upon default, even when granting "default judgment as to liability," *Hunter v. Shanghai Huangzhou Elec. Appliance Mfg. Co.*, 505 F. Supp. 3d 137, 161 (N.D.N.Y. 2020) (emphasis added), if there are non-defaulting defendants that remain in the case, is wrong. His own cases provide citations to counterexamples. *See, e.g.*, *Abbott Lab'ys v. Adelphia Supply USA*, No. 15CV5826CBALB, 2020 WL 7643213, at *5-*6 (E.D.N.Y. Dec. 23, 2020) (ordering damages inquest against defaulting defendants to proceed before the trial of the non-defaulting defendants); *Int'l Gemmological Inst., Inc. v. Rafaeil*, No. 05 CIV.2395 JGK JCF, 2005 WL 3880222, at *3 (S.D.N.Y. Aug. 17, 2005) (recommending damages inquest proceed as to the defaulting defendants), *R&R adopted*, No. 05 CIV. 2395(JGK), 2006 WL 739822 (S.D.N.Y. Mar. 21, 2006). Moreover, those cases involved actively litigating defendants who faced the certain prospect of trial at which a damages determination would be made (absent settlement or other pre-trial resolution). By contrast, the hypothetical trial-upon-

---

[4] Additionally, the Court ordered Plaintiffs to either move to dismiss their claims against the Companies or to file a motion for default judgment. *See* ECF No. 334.
[5] For example, in the event the Court denies both of Plaintiffs' motions, the Plaintiffs could file consolidated appeals on the issue of liability as to Mr. Fraser and as to the Companies, rather than proceeding in piecemeal fashion and creating the risk that Plaintiffs will have to litigate multiple appeals, potentially over a period of years.

remand that Fraser professes concern about has not come to pass. Here again, his concerns are speculative and premature.

### C. Fraser's Alternative Request for a Protective Order is Premature

If the Court grants Plaintiffs' motion, Fraser asks that the Court "expressly clarify that neither that default judgment, nor any factual findings the Court makes underlying that judgment, have any binding, preclusive or otherwise prejudicial effect on Mr. Fraser." ECF No. 358 at 10. This request is premature. In effect, Fraser is asking the Court to render an advisory opinion on hypothetical evidentiary issues in a potential future trial. Compounding this issue, the scope of the request is unclear: an order decreeing that a default judgment against the Companies could have no "otherwise prejudicial effect" on Fraser gives little guidance to the parties—or to the Court—going forward. The appropriate time for Fraser to make a request about the use, introduction, or exclusion of a default judgment against the Companies in a trial against him will be when—and if—that trial actually happens. *See Marfia v. T.C. Ziraat Bankasi, New York Branch*, 100 F.3d 243, 251 (2d Cir. 1996) (describing how the parties disputed the preclusive effect of an earlier default "[w]hen the case was reached for trial"). At that point, the Court can adjudicate Fraser's request in the context of concrete evidentiary issues, rather than issuing a sweeping prophylactic disclaimer that serves neither the Court nor the parties.

## III. Conclusion

For the foregoing reasons, the Court should grant Plaintiffs' motion for default judgment against the Companies on Plaintiffs' claim for common-law fraud.

Dated: February 11, 2022          Respectfully submitted,

         */s/ Seth Ard*
Jacob Buchdahl
Seth Ard
Geng Chen
Russell Rennie
Susman Godfrey L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (212) 336-8330
Fax: (212) 336-8340
jbuchdahl@susmangodfrey.com
sard@susmangodfrey.com
gchen@susmangodfrey.com
rrennie@susmanfodfrey.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2022, a copy of the foregoing document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                           */s/ Russell Rennie*