## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, DEAN ALLEN SHINNERS, and JASON VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>             Plaintiffs,<br><br>   vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>             Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br>Courtroom 2<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br>December 16, 2022 |

## DECLARATION OF SETH ARD IN SUPPORT OF
## <u>PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT</u>

I, Seth Ard, declare as follows:

1.  I submit this declaration in support of preliminary approval of the proposed class action settlement between Plaintiffs, on behalf of themselves and the class, and Defendant Stuart Fraser ("Fraser" or "Defendant").

2.  I am a partner in the law firm of Susman Godfrey L.L.P., which is counsel for Plaintiffs and the Court-appointed Class Counsel (referred to herein as "Class Counsel") in the above-captioned matter. ECF No. 144. I have personal, first-hand knowledge of the matters set forth herein and, if called to testify as a witness, could and would testify competently thereto.

3.  Susman Godfrey and co-Class Counsel have significant experience litigating securities fraud class actions on behalf of injured investors. A copy of the firm's class action profile, and the profiles of myself and co-Class Counsel at Izard, Kindall & Raabe, LLP, are attached hereto as Exhibit 1.

1

4. I was among the negotiators of the proposed class action settlement with Defendant. Following extensive negotiations, the parties reached an agreement in principle in late September 2022, and the final Settlement Agreement was fully executed on December 14, 2022. I attach a true and correct copy of the Settlement Agreement as Exhibit 2. It is the opinion of Class Counsel that this settlement with Defendant is fair, adequate, and reasonable. Each Plaintiff similarly supports this Settlement and believes it to be fair, adequate, and reasonable.

5. The Settlement Agreement is the result of extended negotiations between the parties. At various points in this litigation the parties discussed a possible pretrial resolution. After the Court denied Fraser's motion to decertify the class and set pretrial deadlines in May 2020, the parties agreed to mediate the case with the assistance of Jack P. Levin, a respected mediator and arbitrator.

6. Although the parties continued discussions with each other and with the mediator for several months between July and October 2020, they were unable to reach agreement at that time.

7. The terms of the Settlement were negotiated after the parties exchanged numerous offers and counteroffers and participated in teleconferences and email discussions between June and September 2022. The negotiations were conducted by highly qualified and experienced counsel on both sides at arm's length.

8. Class Counsel took steps to ensure that we had all the necessary information to advocate for a fair, adequate, and reasonable settlement that serves the best interests of the Settlement Class.

9. Plaintiffs, Class Counsel, and their experts reviewed tens of thousands of documents, which included company communications, advertising and marketing materials,

transactions and sales databases, and the source code underlying GAW's cryptocurrency token. These documents included not only Fraser's records, but evidence obtained from extensive third-party discovery and investigation.

10. For example, Plaintiffs obtained and reviewed thousands of invaluable internal company documents from GAW and ZenMiner—by that point defunct entities—almost none of which had been in Fraser's possession. Plaintiffs also obtained significant evidence through Freedom of Information Act requests to the Securities and Exchange Commission.

11. Plaintiffs took and defended 23 depositions. Each of the three Plaintiffs—as well as six members of the class who were not named plaintiffs—were deposed. Plaintiffs also deposed Fraser, former GAW CEO and co-Defendant Joshua Garza, and numerous former employees of GAW.

12. In addition to over 5 years' of discovery and pretrial practice, the parties tried the case to a jury between October 20 and November 1, 2021. Trial counsel for the parties are the same counsel who have negotiated the Settlement Agreement. After two days of deliberating, the jury returned a verdict in favor of Fraser. Specifically, the jury found that Fraser was not liable for any of Plaintiff's securities-related claims because it determined that the products at issue were not "securities." The jury also found that Fraser was not liable for aiding and abetting common-law fraud against Plaintiffs. *See* ECF No. 330.

13. Plaintiffs filed post-trial motions for judgment as a matter of law and for a new trial pursuant to Federal Rules of Civil Procedure 50(b) and 59. On June 2, 2022, the Court granted Plaintiffs' motion for a new trial with respect to their claims relating to the Paycoin product and ordered the parties to meet and confer regarding a trial date.

14. The specific terms and conditions of the settlement are set forth in the Settlement Agreement, which is attached as Exhibit 2. The principal term of the settlement provides $3,500,000 in monetary compensation to Settlement Class Members.

15. Plaintiffs' prior damages model, submitted in support of class certification, reported an estimated $17.5 million in class-wide damages for only two of the four products—Hashlets and HashStakers—originally at issue in the litigation. *See* ECF No. 179-2 at ¶ 36 (explaining that, at the time, Plaintiffs' damages for Paycoin and Hashpoints could not be determined by reference to the ZenCloud or Paybase databases).

16. However, only claims related to Paycoin are currently active in this litigation. Even if class-wide damages for Hashpoints and Paycoin would be similar to Plaintiffs' previously calculated damages for Hashlets and HashStakers (*i.e.*, $17.5 million for Hashpoints and Paycoin, or $35 million total for all four GAW Products), and even though Paycoin and Hashpoints were sold and/or acquired over a significantly shorter time period than Hashlets, the Settlement Fund would still represent approximately 10% of a "best possible recovery" of that $35 million.

17. In my opinion, the consideration to the Class adequately compensates the members of the proposed Settlement Class for their damages in view of the risks of litigation. The Settlement represents an especially good result for the Class because none of the cash in the Settlement Fund will be returned to Defendant.

18. Class Counsel recommends the proposed Plan of Distribution, attached in full as Exhibit 3, and described in Plaintiffs' accompanying memorandum and in the proposed Long- and Short-form Notices attached to the Declaration of Nicholas Schmidt. Under the Plan of Distribution, Settlement Class Members will be distributed the Net Settlement Fund on a *pro*

*rata* basis. Class Counsel prepared the Plan of Distribution with the assistance of their damages expert, Robert Mills, who also has significant experience in these issues, and the proposed Settlement Administrator, Epiq.

19. The proposal is fair, adequate, and reasonable, especially in light of Counsel's detailed assessments of the strengths and weaknesses of the claims asserted, the applicable damages, and the likelihood of recovery.

20. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 16, 2022

          */s/ Seth Ard*
          Seth Ard
          Susman Godfrey LLP
          1301 Avenue of the Americas, 32nd Floor
          New York, NY 10019
          Tel: 212-336-8330
          sard@susmangodfrey.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2022, I caused the foregoing document to be served via the Electronic Case Filing (ECF) system in the United States District Court for the District of Connecticut, on all parties registered for CM/ECF in the above-captioned matter.

Dated: December 16, 2022

                                             /s/ Russell Rennie
                                             Russell Rennie