# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, and DEAN ALLEN SHINNERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea Courtroom 2<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br>DECEMBER 16, 2022 |

**<u>PLAN OF DISTRIBUTION</u>**

1.   **<u>Settlement Fund.</u>** The Settlement Fund is $3,500,000. The Settlement Agreement can be found at www.gawminersclassaction.com. All capitalized terms herein are used as defined in the Settlement Agreement. The Net Settlement Fund shall be distributed to Claimants as described below.

2.   **<u>Qualifying Products.</u>** For purposes of this Plan of Distribution, a "Qualifying Product" is a Hashlet, Hashpoint, HashStaker, or Paycoin that qualifies its holder to be a member of the Settlement Class, and for which a valid and timely Settlement Claim has been filed. The Settlement Class means, subject to certain exceptions set forth in the Settlement Agreement, all persons and entities who, between August 1, 2014 and January 19, 2015, (1) purchased Hashlets, Hashpoints, HashStakers, or Paycoin from GAW Miners, LLC and/or ZenMiner, LLC; or (2) acquired Hashlets, Hashpoints, HashStakers, or Paycoin from GAW Miners, LLC and/or ZenMiner, LLC, by converting, upgrading, or exchanging other products sold by GAW Miners, LLC and/or ZenMiner, LLC. For purposes of this

Plan of Distribution, GAW Miners, LLC and ZenMiner, LLC are referred to collectively as "GAW."

3.  **Claimants.** To earn benefits from the Settlement Fund, a Settlement Class Member must submit a timely Settlement Claim that is accepted in whole or in part by the Settlement Administrator.

4.  **Paid to GAW and Received from GAW.** For purposes of this Plan of Distribution, "Paid to GAW" refers to amounts paid to GAW for Qualifying Products. "Received from GAW" refers to amounts received from GAW associated with Qualifying Products (*i.e.*, mining rewards from Hashlets).

5.  **Sales of Qualifying Products.** For purposes of this Plan of Distribution, "Sales of Qualifying Products" refers to amounts received by Claimants for selling Qualifying Products.

6.  **Mined Hashpoints.** The Settlement Class includes Settlement Class Members who acquired Hashpoints by "mining" them with Hashlets. For purposes of this Plan of Distribution, "Mined Hashpoints" refers to the value of these "mined" Hashpoints received by Claimants and shall be calculated at $0.01 per Hashpoint.

7.  **Denomination.** With respect to amounts Paid to GAW, Received from GAW, or received from Sales of Qualifying Products, all such amounts shall be denominated in U.S. Dollars for the purposes of this Plan of Distribution.

8.  ***Pro Rata* Claim.** The Settlement Administrator will determine the *Pro Rata* Claim of each Claimant by calculating each Claimant's *pro rata* share of the Net Settlement Fund. This will be calculated in the following four steps:

    a.  <u>First</u>, the Claimant's Claimant Stake will be calculated as follows:

$$Total\,Stake = (Paid\,to\,GAW) + (Mined\,Hashpoints) - (Received\,from\,GAW) - (Sales\,of\,Qualifying\,Products)$$

b. <u>Second</u>, the Total Stake will be calculated by summing all Claimant Stakes.

c. <u>Third</u>, each Claimant's *Pro Rata* Percentage will be calculated by dividing that Claimant's Claimant Stake by the Total Stake.

d. <u>Fourth</u>, each Claimant's *Pro Rata* Claim will be calculated by multiplying the amount in the Net Settlement Fund by the Claimant's *Pro Rata* Percentage.

e. <u>Fifth</u>, each Claimant's *Pro Rata* Claim may be subject to adjustment based upon compensation received pursuant to the Restitution Order in *United States v. Garza*, Case No. 3:17-cr-158-RNC (D. Conn.).

9. **Claim Validation.** The Settlement Administrator shall have discretion to audit any Settlement Claim including but not limited to auditing the information submitted with information contained in the ZenCloud database and/or Paybase database. The Settlement Administrator shall also have discretion to require the submission of documentation or other supporting material to validate a Settlement Claim. For example, the Settlement Administrator may require a supplemental submission when a Claimant Stake is significantly higher than the average Claimant Stake. The Settlement Administrator shall have discretion to accept or reject a supplemental submission or to require an additional submission if needed to validate a Settlement Claim, subject to Court approval in the event of any dispute.

10. **Distribution.** The Settlement Administrator will distribute the *Pro Rata* Claims to the Claimants from the Net Settlement Fund. The Settlement Administrator shall have the discretion to resolve any disputes regarding the meaning and application of this Plan of

Distribution, subject to Court approval if a Settlement Class Member affected by the Settlement Administrator's determination objects to that resolution.

11.     **De Minimis Amount.** No payment will be made to any Claimant whose *Pro Rata* Claim would be $10 or less; in such an event, the amount of that *Pro Rata* Claim will revert back to the Net Settlement Fund.

12.     **Modifications.** This Plan of Distribution may be modified upon further order of the Court. Any modifications to the Plan of Distribution will be published on the website https://www.gawminersclassaction.com, and Settlement Class Members should check the website for updates to this Plan of Distribution regularly, including on the day of the final deadline for the filing of Settlement Claims.