UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, and DEAN ALLEN SHINNERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br>Courtroom 3<br><br>ECF Case<br><br>CLASS ACTION<br><br>FEBRUARY 27, 2023 |

## AMENDED PRELIMINARY APPROVAL ORDER

This matter having come before the Court by way of Plaintiffs' Motion for Preliminary Approval of Settlement ("Motion for Preliminary Approval"), filed December 16, 2022, *see* ECF No. 383, and Plaintiffs' Motion to Amend Preliminary Approval Order ("Motion to Amend"), filed February 27, 2023, and the Court having reviewed the Motion to Amend and the Motion for Preliminary Approval, its accompanying memorandum, the Declaration of Seth Ard in Support of Plaintiffs' Motion for Preliminary Approval of Settlement ("Ard Declaration") and exhibits thereto, the Declaration of Nicholas Schmidt on Behalf of the Proposed Settlement Administrator, Epiq Class Action & Claims Solutions, Inc. in Support of Plaintiffs' Motion for Preliminary Approval ("Schmidt Declaration") and exhibits thereto, hereby ORDERS:

1. The settlement agreement, submitted to the Court as Exhibit 2 to the Ard Declaration ("Settlement Agreement"), between Plaintiffs Denis Marc Audet, Michael Pfeiffer, and Dean Allen Shinners, and Defendant Stuart Fraser is hereby preliminarily approved as being fair, reasonable, and adequate to the Settlement Class, subject to the Fairness Hearing described

below. The Court finds that the Settlement Agreement was entered into at arm's-length by highly experienced counsel and is sufficiently within the range of reasonableness that notice of the Settlement Agreement should be given as provided in this Order.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlement set forth in the Settlement Agreement, the following Settlement Class, wherein "Opt Outs" refers to the seven persons who submitted valid and timely requests for exclusion from the previously certified litigation class, as identified in Exhibit B to the Declaration of Nicholas Schmidt:

> All persons and entities who, between August 1, 2014 and January 19, 2015, (1) purchased Hashlets, Hashpoints, HashStakers, or Paycoin from GAW Miners, LLC and/or ZenMiner, LLC; or (2) acquired Hashlets, Hashpoints, HashStakers, or Paycoin from GAW Miners, LLC and/or ZenMiner, LLC, by converting, upgrading, or exchanging other products sold by GAW Miners, LLC and/or ZenMiner, LLC. Specifically excluded from the Settlement Class are the Opt Outs, any defendants, any parent, subsidiary, affiliate, or employee of any defendant, any co-conspirator, and any governmental agency.

3. The Court finds that the requirements of Rule 23 are satisfied for the purpose of effectuating the Settlement as follows:

   a. Pursuant to Rule 23(a)(1), the Court determines that the members of the Settlement Class are so numerous that their joinder before the Court would be impracticable;

   b. Pursuant to Rule 23(a)(2), the Court determines that Plaintiffs have alleged one or more questions of fact or law common to the Class;

   c. Pursuant to Rule 23(a)(3), the Court determines that Plaintiffs' claims are typical of the claims of the Class;

   d. Pursuant to Rule 23(a)(4), the Court determines that Plaintiffs will fairly and adequately protect the interests of the Class;

   e. Pursuant to Rule 23(b)(3), the Court determines that common questions of law and fact predominate over questions affecting only individual members; and

   f. Pursuant to Rule 23(b)(3), the Court determines that a class resolution is superior to other available methods for the fair and efficient adjudication of this action.

4. The proposed Plan of Distribution, as set forth in Exhibit 3 to the Ard Declaration, is preliminarily approved. The Court finds that the proposed Plan of Distribution is reasonable and rational and should be provided to Settlement Class Members for their review.

5. The Court approves the appointment of Epiq Class Actions & Claims Solutions, Inc. ("Epiq") as the Settlement Administrator.

6. The Court finds that the proposed procedures and methods for providing notice to the Settlement Class ("Notice Program"), as described in the Schmidt Declaration, satisfy the requirements of Federal Rule of Civil Procedure 23(c)(2)(d) and due process in that it constitutes the best notice practicable under the circumstances. Accordingly:

   a. The form and content of the Amended Short-Form Notice and Amended Long-Form Notice, attached as Exhibits D and F to Plaintiffs' Motion to Amend the Preliminary Approval Order, are approved.

   b. Within 15 days of this Order, Epiq shall cause individual notice, as described in the Schmidt Declaration, to be emailed to Settlement Class Members at the email addresses set forth in the records previously provided by Plaintiffs.

  c. Within 15 days of this order, Epiq shall commence publication of banner advertisements on websites including Coindesk, Facebook, Instagram, Reddit, and the Google Display Network, as well as purchase sponsored search ads on search engines including Google, Bing, and Yahoo!, as described in the Schmidt Declaration.

  d. Within 15 days of this order, Epiq shall cause notice to be transmitted over *PR Newswire*.

  e. Epiq shall maintain a Settlement Website at [www.GAWMinersclassaction.com](www.GAWMinersclassaction.com) and a toll-free number at (855) 964-0522 to respond to Settlement Class Members' inquiries, as described in the Schmidt Declaration.

7. Within 70 days of this Order, Class Counsel shall file a motion for an award of attorney's fees, reimbursement of expenses, and incentive awards for the class representatives.

8. Within 85 days of this Order, any Settlement Class Member objecting to the Settlement must file a written objection with the Court and serve any such written objection on counsel for the parties, as identified in the notice. Each objection must contain: (1) the full name, address, telephone number, and email address, if any, of the Settlement Class Member and of the Settlement Class Member's counsel, if any; (2) documentation of the Settlement Class Member's purchase or acquisition of Hashlets, Hashpoints, HashStakers, or Paycoin from GAW Miners, LLC or ZenMiner, LLC between August 1, 2014 and January 19, 2015; (3) a written statement of all grounds for the objection accompanied by legal support for the objection (if any); (4) copies of any papers, briefs, or other documents upon which the objection is based; (5) a statement of whether the Settlement Class Member intends to appear at the Fairness Hearing, individually

and/or through counsel; and (6) the signature of the Settlement Class Member or his/her counsel. If an objecting Settlement Class Member retains counsel in connection with the obligation, after serving the objection, the Settlement Class Member shall promptly notify counsel for the respective parties.

9. Within 100 days of this Order, Class Counsel shall file a motion for final approval of the Settlement and any reply in support in the motion for an award of attorneys' fees, reimbursement of expenses, and incentive awards for the class representatives.

10. Within 115 days of this Order, Class Counsel shall file any reply in support of the motion for final approval of the Settlement.

11. By no later than two weeks after the Fairness Hearing, any Settlement Class Member who wishes to seek payment under the Settlement shall submit a claim form to the Settlement Administrator. *See* ECF No. 383-7.

12. A Fairness Hearing will be held on **June 30, 2023, at 2:30pm** in Courtroom 3 of the Abraham A. Ribicoff Federal Building, 450 Main Street, Hartford, CT 06103.

IT IS SO ORDERED ON this 1st day of March, 2023.

/s/
Hon. Michael P. Shea
United States District Judge