UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, DEAN ALLEN SHINNERS, and JASON VARGAS, Individually and on Behalf of All Others Similarly Situated,<br><br>                            Plaintiffs,<br><br>     vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>                            Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br>May 10, 2023 |

**DECLARATION OF SETH ARD IN SUPPORT OF CLASS COUNSEL'S MOTION
FOR FEES, REIMBURSEMENT OF EXPENSES,
<u>AND INCENTIVE AWARDS FOR THE NAMED PLAINTIFFS</u>**

I, Seth Ard, declare as follows:

1. I submit this declaration in support of Class Counsel's Motion for Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards for the Named Plaintiffs, in connection with the proposed class action settlement between Plaintiffs, on behalf of themselves and the proposed class, and Defendant Stuart Fraser.

2. I am a partner in the law firm of Susman Godfrey L.L.P., which is counsel for Plaintiffs. I am a member in good standing of the bar of the State of New York. I have personal, first-hand knowledge of the matters set forth herein and, if called to testify as a witness, could and would testify competently thereto.

3. Susman Godfrey has significant experience with securities and securities fraud litigation and class actions. Susman Godfrey has represented numerous investors and classes of investors seeking damages arising from securities law violations, including against companies like Citigroup, Morgan Stanley, Genzyme, PDC Energy, and Akazoo. The lawyers working for the Class have substantial experience prosecuting large-scale class actions. A copy of the firm's profile is attached hereto as **Exhibit 1**.

4. On June 15, 2016, Plaintiffs filed a complaint alleging violations of federal and states securities laws and common-law fraud against Homero Joshua Garza, Stuart Fraser, GAW Miners, and ZenMiner.

5. On October 20, 2016, Plaintiffs entered into an agreement with Garza in which Plaintiffs agreed to dismiss their claims against Garza without prejudice in exchange for Garza's cooperation prosecuting this lawsuit. Such cooperation included, among other things, furnishing relevant documents, providing a full accounting of all facts known to him and potentially

1

relevant to Plaintiffs' claims, and making himself available for interviews or testimony as Plaintiffs might reasonably require.

6. In the agreement, Garza represented and warranted that he was impecunious and had no assets against which a judgment could be levied. The agreement further provided that if the Court in this action determined that this representation was materially false or misleading, Garza agreed that if Plaintiffs sought to reinstate him as a defendant in this lawsuit or file a new lawsuit against him that the statute of limitations would be tolled for any and all claims that had been or could have been asserted by Plaintiffs on behalf of themselves and the Class and any such claims would be deemed to have been filed on the date this lawsuit was originally filed, *i.e.*, June 15, 2016.

7. On October 24, 2016, Plaintiffs dismissed without prejudice their claims against Garza.

8. Plaintiffs, Class Counsel, and their experts reviewed tens of thousands of documents, which included company communications, advertising and marketing materials, transactions and sales databases, and the source code underlying GAW's cryptocurrency token.

9. These documents included not only Fraser's records, but evidence obtained from extensive third-party discovery and investigation. For example, Plaintiffs obtained and reviewed thousands of invaluable internal company documents from GAW and ZenMiner—by that point defunct entities—almost none of which had been in Fraser's possession. Plaintiffs also obtained significant evidence through Freedom of Information Act requests to the Securities and Exchange Commission.

10. Plaintiffs took and defended 23 depositions. Each of the three Plaintiffs—as well as six members of the class who were not named plaintiffs—were deposed. Plaintiffs also

deposed Fraser, former GAW CEO and co-Defendant Joshua Garza, and numerous former employees of GAW.

11. At various points in this litigation the parties discussed a possible pretrial resolution. After the Court denied Fraser's motion to decertify the class and set pretrial deadlines in May 2020, the parties agreed to mediate the case with the assistance of Jack P. Levin, a respected mediator and arbitrator. Although the parties continued discussions with each other and with the mediator for several months between July and October 2020, they were unable to reach agreement at that time.

12. After the Court granted-in-part Plaintiffs' motion for a new trial, the parties resumed direct settlement negotiations.

13. Following extensive negotiations, the parties reached an agreement in principle in late September 2022, and the final Settlement Agreement was fully executed on December 14, 2022. I was among the negotiators of the proposed class action settlement with Defendant.

14. During settlement negotiations and before recommending the Settlement, Class Counsel analyzed all of the material legal and factual issues to thoroughly evaluate Defendant Stuart Fraser's contentions, advocated in the settlement negotiation process for a fair and reasonable settlement that it believed served the best interests of the Class, and made fair and reasonable settlement demands of Fraser on behalf of Plaintiffs. Class Counsel's conduct was informed by knowledge gained from the many years in which this case has been pending, including the extensive discovery and jury trial described above.

15. Susman Godfrey frequently takes high-stakes non-class commercial cases on a contingent fee basis. The requested fee here of 28% of the common fund is *less* than what

Susman Godfrey would receive under its standard contingency agreement entered into in a competitive market.

16. The schedule below is a summary reflecting the amount of time spent by the attorneys and professional support staff of Susman Godfrey who were involved in this litigation, and the lodestar calculation using Susman Godfrey's 2023 billing rates or equivalent 2023 billing rates for an attorney or paralegal who left the firm prior to 2023. The following schedule was prepared from daily time records regularly prepared and maintained by Susman Godfrey, which are available at the request of the Court. Time expended in preparing this application for fees and reimbursement of expenses are excluded and not reflected below.

| Attorneys | Current Rate | Hours | Value |
| --- | --- | --- | --- |
| Ard, Seth (Partner) | $1,200 | 593.50 | $712,200.00 |
| Buchdahl, Jacob W. (Partner) | $1,950 | 205.30 | $400,335.00 |
| Harrison, Geoffrey L. (Partner) | $1,500 | 3.10 | $4,650.00 |
| Hoek, Kathryn P. (Partner) | $800 | 208.80 | $167,040.00 |
| Sargent, Edgar G. (Partner) | $800 | 812.00 | $649,600.00 |
| Seltzer, Marc M. (Partner) | $2,000 | 272.70 | $545,400.00 |
| Chen, Geng (Partner/Associate)[1] | $800 | 821.40 | $657,120.00 |
| Allen, Matthew (Associate) | $425 | 324.90 | $138,082.50 |
| Burningham, Ryan (Associate) | $550 | 43.70 | $24,035.00 |
| Easley, Megan O'Hara (Associate) | $550 | 74.00 | $40,700.00 |
| Rennie, Russell (Associate) | $700 | 1,521.70 | $1,065,190.00 |
| Watterson, Colin (Associate) | $550 | 1,763.20 | $969,760.00 |
| Smyser, Craig (Associate/Summer Associate)[2] | $600 | 27.30 | $16,380.00 |
| Ferreira, Macarana (Summer Associate) | $125 | 20.50 | $2,562.50 |
| Clark, Audra (Staff Attorney) | $475 | 166.70 | $79,182.50 |
| Paralegals | Current Rate | Hours | Value |

---

[1] Ms. Chen was an associate the first part of her time working on this case; she was promoted to partner in January 2022.

[2] Mr. Smyser was a summer associate when he worked on this case.

4

| Arreola, Norberto | $275 | 37.20 | $10,230.00 |
| --- | --- | --- | --- |
| DeGeorges, Simon | $400 | 520.70 | $208,280.00 |
| Gheen, Kate | $350 | 462.00 | $161,700.00 |
| Maldonado, Christopher | $275 | 2.10 | $577.50 |
| Totals | | 7,880.80 | $5,853,025.00 |

17.     The total number of hours expended on this litigation by Susman Godfrey's attorneys, paralegals, and staff is 7,880.80 hours through April 30, 2023. The total lodestar value of Susman Godfrey's professional services, derived by multiplying each professional's hours by his or her current hourly rates, is $5,853,025. All time spent litigating this matter was reasonably necessary and appropriate to prosecute the action, and the results achieved further confirm that the time spent on the case was proportionate to the amounts at stake.

18.     The hourly rates for Susman Godfrey's attorneys and professional support staff are the firm's standard hourly rates. The hourly rates of Class Counsel's attorneys range from $425 to $2,000 and the hourly rates of paralegals range from $275 to $400.

19.     Unlike many firms on the class action side, Susman Godfrey represents plaintiffs and defendants; when entering into result-based fee deals, Susman Godfrey strives for a substantial return on its investment in time and expenses to compensate for risks and opportunity costs, including the opportunity to work on hourly billing work that provides a steady income stream. As is common in the industry, Susman Godfrey's contingency percentages are traditionally based on the gross amount recovered and provide for the recoupment of any advanced expenses.

20.     As detailed and categorized in the below schedule, Susman Godfrey has advanced a total of $954,896.69 in un-reimbursed expenses in connection with the prosecution of this

litigation. These expenses were reasonably necessary to the prosecution of this action, and are of the type that Susman Godfrey normally incurs in litigation.

| Expense Category | Cumulative Expenses |
|---|---:|
| Deposition Expenses/Subpoena Witness Fees | $50,785.43 |
| Document Review Hardware/Hosting | $102,180.54 |
| Expert/Consultants | $523,265.01 |
| Filing/Service/Court Reporter Fees/Transcripts/Court Fees | $12,893.96 |
| Mediation | $14,360.00 |
| Photocopies/Reproduction/Messenger Services | $35,766.24 |
| Research/Westlaw | $53,038.56 |
| Secretarial Overtime | $17,776.40 |
| Telephone/Conference Call Services | $1,067.70 |
| Travel/Meals/Hotels/Transportation | $85,226.81 |
| Trial and Trial Prep Expenses | $58,536.04 |
| Total Expenses | $954,896.69 |

21. The amount of Settlement Administration Expenses incurred by Settlement Administrator Epiq Systems through April 30, 2023 is $65,400.34. Epiq also has incurred $57,153.17 in class notice expenses that have not been reimbursed. Class Counsel seeks permission to reimburse the foregoing Settlement Administration Expenses and class notice expenses pursuant to Paragraph 26 of the Settlement Agreement, and such additional expenses as may be incurred by the Settlement Administrator.

22. Plaintiffs—Dean Allen Shinners, Michael Pfeiffer, and Denis Marc Audet—have generously contributed their time for the benefit of the Class and, in the opinion of Class Counsel, are deserving of the requested service awards.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: May 10, 2023               /s/ Seth Ard
                                  Seth Ard

# EXHIBIT 1

SUSMAN GODFREY

## The Susman Godfrey Difference

For over forty years, Susman Godfrey has focused its nationally recognized practice on just one thing: high-stakes commercial litigation. We are one of the nation's leading litigation boutique law firms, with offices in Houston, Los Angeles, New York and Seattle. We have a unique perspective, the will to win, and an uncommon structure, which taken together provide the way to win.

### The Will to Win

At Susman Godfrey, we want to win because we are stand-up trial attorneys, not discovery litigators. We approach each case as if it is headed for trial. Everything that we do is designed to prepare our attorneys to persuade a jury. When you are represented by Susman Godfrey, the opposing party will know that you are willing to take the case all the way to a verdict if necessary; this fact alone can make a good settlement possible.

Susman Godfrey has a longstanding reputation as one of the premier firms of trial lawyers in the United States. We are often brought in on the eve of trial to "rescue" troubled cases or to take the reins when the case requires trial lawyers with a proven record of courtroom success.

We also want to win because we share the risk with our clients. We prefer to work on a contingency-fee basis so that our time and efforts pay off only when we win. Our interests are aligned with our clients—we want to achieve the best-possible outcome at the lowest possible cost.

Finally, we want to win because each of our attorneys shares a commitment to your success. Each attorney at the firm—associate as well as partner—examines every proposed contingent fee case and has an equal vote on whether or not to accept it. The resulting profit or loss affects the compensation of every attorney at the firm. This model has been a tremendous success for both our attorneys and our clients. In recent years, we have achieved the highest profit-per-partner results in the nation. Our associates have enjoyed performance bonuses equal to their annual salaries. When you win, our attorneys win.

### Unique Perspective

Susman Godfrey represents both plaintiffs and defendants. We thrive on variety, flexibility, and creativity. Clients appreciate the insights that our broad experience brings. "I think that's how they keep their tools sharp," says one.

Many companies who have had to defend cases brought by Susman Godfrey on behalf of plaintiffs are so impressed with our work in the courtroom that they hire us themselves next time around—companies like El Paso Corporation, Georgia-Pacific Corporation, Mead Paper, and Nokia Corporation.

We know from experience what motivates both plaintiffs and defendants. This dual perspective informs not just our trial tactics, but also our approach to settlement negotiations and mediation presentations. We are successful in court because we understand our opponent's case as well as our own.

### An Uncommon Structure

At Susman Godfrey, our clients hire us to achieve the best possible result in the courtroom at the least possible cost. Because we learned to run our practice on a contingency-fee model where preparation of a case is at our expense, we have developed a very efficient approach to commercial litigation. We proved that big cases do not require big hours. And, because we staff and run all cases using the same model, clients who prefer to hire us by the hour also benefit from our approach.

SUSMAN GODFREY

There is no costly pyramid structure at Susman Godfrey. As a business, we are lean, mean and un-leveraged—with a two-to-one ratio between partners and associates. To counter the structural bloat of our opponents, who often have three associates for each partner, we rely on creativity and efficiency.

Susman Godfrey's experience has taught what is important at trial and what can be safely ignored. We limit document discovery and depositions to the essential. For most depositions and other case-related events we send one attorney and one attorney alone to handle the matter. After three decades of trials, we know what we need—and what is just a waste of time and money.

## Unparalleled Talent

Susman Godfrey prides itself on a talent pool as deep as any firm in the country. Clerking for a judge in the federal court system is considered to be the best training for a young trial attorney, 100% of our Associates and over 90% of our Partners served in these highly sought-after clerkships after law school. Ten of our trial lawyers have clerked at the highest level—for Justices of the United States Supreme Court.

Our associates are not document-churning drones. Each associate at Susman Godfrey is expected to second-chair cases in the courtroom from the start. Because we are so confident in their abilities, we consider associates for partnership after seven years with the firm, unless they joined us following a federal judicial clerkship. In that case, we give credit for the clerkship, and the partnership track is generally six years. We pay them top salaries and bonuses, make them privy to the firm's financials, and let them vote—on an equal standing with partners—on virtually all firm decisions.

Each trial attorney at Susman Godfrey is invested in our unique model and stands ready to handle your big-stakes commercial litigation.

## A Record of Winning

From antitrust to copyright, to securities to product liability, Susman Godfrey's trial lawyers have litigated and achieved impressive results for significant nationwide class action lawsuits. While some of these actions are ongoing, others have settled prosperously for our clients. In three cases alone, the firm obtained more than $1 billion in settlements for plaintiffs. The firm has also represented defendants such as Chevron, Walmart, Texas Brine, The Rawlings Co., and Dean Foods in high stakes class actions.

Plaintiff-Side Litigation:

- *In re Automotive Parts Antitrust Litigation*. Secured, to date, over $1.2 billion in settlements to date as co-lead counsel for a class of end payor plaintiffs in this complex series of antitrust cases brought against dozens of automobile suppliers who engaged in price-fixing and bid-rigging in the multi-billion-dollar automotive parts industry. This massive multi-district litigation is related to a criminal investigation which the US Department of Justice described as the largest price-fixing investigation in history. The litigation continues against the non-settling defendants.

- *In re Libor-based Financial Instruments Antitrust Litigation*. Secured, to date, $590 million in settlements for plaintiffs who allege several banks were involved in setting LIBOR and manipulating it to their advantage. Barclays PLC agreed to pay $120 million, Citigroup agreed to pay $130 million, Deutsche Bank agreed to pay $240 million, and HSBC agreed to pay $100 million. Since that time, a multitude of lawsuits have been consolidated as part of a multidistrict litigation proceeding. These settlements are each combined with breakthrough agreements with the defendant banks to cooperate with plaintiffs in the ongoing litigation.

- *Flo & Eddie v. Sirius XM* and *Flo & Eddie v. Pandora*. Serving as co-lead counsel representing Flo & Eddie, founding members of 60's music group, The Turtles, along with a class of owners of pre-1972 sound recordings

- for copyright violations by music provider Sirius XM. Sirius XM agreed to pay at least $25.5 million and royalties under a 10-year license that is valued up to $62 million as compensation for publicly performing without a license Pre-1972 sound recordings. Flo & Eddie have a similar putative class action pending against Pandora.

- *Leonard et al. v. John Hancock Life Insurance Co. of New York et al*. Secured a settlement valued at $143 million, including a cash fund of over $93 million and an agreement by John Hancock Life Insurance Company not to impose a higher cost of insurance rate scale for 5 years (even in the face of a worldwide pandemic), on behalf of a class of approximately 1,200 policyholders who alleged that Hancock breached the terms of their respective life insurance policies and overcharged them for life insurance. When granting final approval, the Court held that the settlement provided an "absolutely extraordinary" recovery rate for the class, and lauded Susman Godfrey's "extraordinary work."

- *Helen Hanks v. Voya Retirement Insurance and Annuity Company*. Negotiated settlement worth $118 million including a cash fund of over $92 million and an agreement by Voya not to impose a higher rate scale for 5 years, on behalf of a certified class of 46,000+ policyholders over allegations that Voya improperly raised cost-of-insurance charges. Over the course of litigation, the team from Susman Godfrey secured certification of the nationwide class and defeated summary judgment. The Court recognized the quality of the work, stating: "I want to commend you all for the work done on the pretrial order and motions in limine . . . I'm very happy to have you as lawyers appearing before me."

- *In re Qualcomm Antitrust Litigation*. Appointed by the Court as co-lead counsel in this multi-district litigation on behalf of purchasers impacted by Qualcomm's anti-competitive conduct. Denying Qualcomm's motion to dismiss, the Court granted class certification in a 66-page order finding "substantial," "strong," and "compelling" evidence to support the certification. The certification order is currently subject to an interlocutory appeal in the Ninth Circuit. With damages topping $5 billion, Qualcomm has called it "the largest class action in history."

- *ODonnell v. Harris County*. Tried, pro bono, on behalf of the plaintiffs, an extraordinary lawsuit challenging the constitutionality of Harris County's (Houston) system of secured money bail for the release of misdemeanor arrestees. Harris County jailed tens of thousands of people arrested for minor, non-violent misdemeanors, many of which were financially unable to post cash bail. After an 8-day evidentiary hearing, the Southern District of Texas found that Harris County's bail system violated both the due process clause and equal protection clause of the US Constitution and enjoined the County and its judges from further violations. The Supreme Court denied the County's motion for a stay and the injunction was implemented. The 5th Circuit affirmed the constitutional rulings. After just one year in which the injunction relief was in effect, more than 12,000 people were released from jail.

- **Animal Science Products**
    - *In re Vitamin C Antitrust Litigation*. Secured a $54.1 million jury verdict in an antitrust price-fixing class action brought on behalf of direct purchasers of vitamin C against two Chinese vitamin C manufacturers in the first-ever case in which mainland Chinese companies were successfully sued under US antitrust law. The verdict was tripled as required by law and, after adjusting for $32.5 million in settlements with other defendants, a final judgment of $147 million was entered against the defendants. This antitrust price-fixing class action was later reviewed by the United States Supreme Court, which issued a unanimous 9-0 decision in favor of the plaintiffs. In its ruling, the Supreme Court provided clarification as to how much deference US federal courts must show statements made by foreign governments regarding the application of their domestic laws.
    - *Animal Science Products v. Chinook Group*. Obtained a $1.05 billion settlement in a price-fixing case against leading European vitamin manufacturers, including Hoffman-La Roche, BASEF A.G. and Rhone-Poulenc S.A.

- *In re Animators Antitrust Litigation*. Secured more than $168 million in settlements for a class of animation industry employees in this antitrust action against the largest animation companies, including Disney, Pixar, Lucas Films, DreamWorks, and Sony, based on restrictions on their ability to compete against one another for talent.

- *Ferrick v. Spotify USA*. Secured a settlement worth over $100 million to resolve a class-action lawsuit against music streaming service, Spotify, brought on behalf of music copyright owners.

- *In re Allergan Proxy Violation Derivatives Litigation*. Recovered $40 million—what is believed to be the largest recovery ever obtained on behalf of derivative securities investors—in an insider trading case. Our team served as co-lead counsel for the plaintiff class, who alleged that Valeant Pharmaceuticals International, Inc. provided non-public information to Pershing Square Capital Management about its impending hostile takeover of Allergan, Inc. so that Pershing Square could secretly buy Allergan stock and commit that stake in support of Valeant's bid. Plaintiffs claimed that Pershing Square then secretly acquired a 10% stake in Allergan and gleaned millions of dollars in profits by selling on the news of the takeover bid. A California federal judge granted final approval of two settlements totaling $290 million to resolve these insider-trading claims shortly before trial was set to commence in the first of the two actions.

- *Fleisher v. Phoenix Life Insurance*. Secured a landmark settlement on behalf of plaintiffs in a case challenging Phoenix Life Insurance Company's and PHL Variable Insurance Company's decision to raise the cost of insurance ("COI") nationwide on life insurance policy owners. The case settled the day of the final Pretrial Conference. Settlement terms included a $48.5 million cash fund, COI freeze through 2020, and a covenant by Phoenix not to challenge the policies, worth $9 billion in face value, when the policies mature on the grounds of lack of insurable interest or misrepresentations in the application. At the final approval hearing, the Court said: "This may be the best settlement pound for pound for the class that I've ever seen."

- **Behrehnd et al. v. Comcast**. Represented a class of 800,000 Comcast cable subscribers who alleged that between 2003 and 2008, Comcast and other cable companies entered into subscriber swaps and acquisitions that deterred over-builder competition and enabled Comcast to raise prices to supra-competitive levels, in violation of sections 1 and 2 of the Sherman Act. The parties settled for $50 million after remand of the case from the Supreme Court.

- *In re NYC Bus Tour Antitrust Litigation*. Secured a $19 million cash settlement for customers of two New York City tour bus companies, Coach USA Inc. and City Sights LLC, and their joint venture, Twin America LLC. The settlement ended an antitrust class action against the joint venture, which plaintiffs said eliminated competition between the two bus companies and artificially raised prices for passengers.

- *In re Korean Air Lines Antitrust Litigation*. Secured $86 million in settlements in this antitrust litigation involving more than 70 class action cases brought on behalf of airline passengers who alleged that between 2000 and 2007, Korean Air Lines and Asiana Airlines conspired to fix the price of air travel between the United States and the Republic of Korea.

- *In re Toyota Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation*. Appointed by the Court as co-lead counsel to the plaintiffs, the Susman Godfrey team negotiated a deal with Toyota Motor Corporation in which Toyota agreed to pay benefits worth up to $1.6 billion to settle multi-district class action litigation pending in federal court in Santa Ana, California. Plaintiffs brought the case over allegations of economic losses as a result of recalls for defects causing unintended acceleration in Toyota, Lexus, and Scion vehicles.

- *Coady v. IndyMac Bancorp et al*. Appointed as co-lead counsel for investors who were allegedly defrauded into purchasing securities issued by the parent of mortgage lender IndyMac Bank. Plaintiffs alleged that

  IndyMac had misrepresented its financial health and the quality of its lending practices. After more than five years of intense, hard-fought litigation, the Court granted final approval of a $6.5 million recovery for the class.

- *Google AdWords Class Action* Obtained a $20 million settlement for a class against Google for breach of contract, unfair competition, and false advertising relating to Google's AdWords billing practices and related disclosures.

- *White v. NCAA*. Served as co-lead counsel in an antitrust class action alleging that the NCAA violated the federal antitrust laws by restricting amounts of athletic based financial aid. The NCAA settled and paid, in addition to fees and expenses, $218 million for use by current student-athletes to cover the costs of attending college and paid $10 million to cover educational and professional development expenses for former student-athletes.

- *Powell v. Yates Petroleum*. Obtained a $27.5 million settlement with ConocoPhillips for alleged underpayment of royalty on natural gas liquids produced from the San Juan Basin of northwestern New Mexico and processed at the New Blanco Plant near Bloomfield, New Mexico on behalf of 4,300 royalty and overriding royalty owners across the United States.

- *Drayton v. Western Auto*. Obtained class certification from the Middle District of Florida for a class of Black employees of Western Auto Supply Co. (now owned by Advance Stores Company, Inc.) who were suing the former auto parts retailer for racial discrimination. The defendants immediately appealed the certification decision to the 11th Circuit. The Court affirmed the class certification decision—the first such class action decision the 11th Circuit had upheld in decades. The case settled with the defendants making a substantial payment to the class

**Defense-Side Litigation**

- *Fitzgerald et. al. v. Apache*. Secured a complete defensive win for Apache Corporation when Chief Judge H. Lee Rosenthal from the Southern District of Texas granted in full a motion to dismiss a royalty class action brought by a putative class of plaintiffs who alleged – contrary to existing law – that Apache breached thousands of mineral leases by allegedly underpaying royalties. .

- *In re Caustic Soda Antitrust Litigation*. Serving as lead counsel for Westlake Chemical Corporation in its defense of a group of nationwide antitrust cases relating to the production and sale of caustic soda.

- **Walmart Employment Class Actions.** As National Trial Counsel, represented Walmart in numerous wage and hour class actions in courts across the country, three of which were tried.

- **Walmart Consumer Class Action.** Represented Walmart in defense of a Pennsylvania consumer class action regarding how grocery coupons are treated for sales tax purposes

- *In re Bayou Corne Sinkhole Litigation*. Represented Texas Brine Corporation in a case pending in Napoleonville, Louisiana, resulting from the Bayou Corne sinkhole that formed in 2012. This case involves complex technical and environmental issues surrounding the collapse of a salt dome. Texas Brine settled with the plaintiff landowners on favorable terms, and then pursued and recovered huge amounts of the costs from other companies responsible for the collapse.

- *Johnston v. Rawlings*. Won a defense-side jury verdict on behalf of The Rawlings Company in a certified class action challenging the company's classification of its employees. After a three-week jury trial in Kentucky state court, the jury decided in favor of the defense.

- *Watts v. Sysco Corp.* Represented Sysco Corp. (SYSCO) and several California subsidiaries in a labor dispute in which the plaintiffs sought to assert class wide claims to recover business expenses and late wage penalties

under California law. The firm negotiated a favorable settlement for SYSCO, which was approved months later by the Court.

- **Siebenmorgen v. Hertz.** Represented the Hertz Corporation in a class action case challenging the company's rental car fuel service charges. Susman Godfrey successfully argued and won the appeal in the case. The class consisted of tens of thousands of class members and alleged millions of dollars in damages. The Texas Court of Appeals reversed the trial court's class certification order and decertified the class on all claims.

- **Bates v. Schneider National Carrier.** Defended Georgia-Pacific against claims alleging injuries from exposure to formaldehyde fumes released by various wood products. Of the approximately 200 cases handled by Susman Godfrey, two proceeded to a jury verdict. In one case, the jury returned a verdict for our client and awarded no damages to the plaintiff. In the other, in which the plaintiff was seeking $5 million in damages, the jury returned a verdict of $12,500.

- **ASARCO v. Nueces County TX.** Represented ASARCO Incorporated in defending cases filed by approximately 3,000 plaintiffs alleging arsenic contamination in Commerce, Texas.

- **Coleman v. ABB Lummus Crest.** Represented a German chemical company and its subsidiaries in the defense of claims made by soldiers allegedly exposed to chemical and biological warfare agents in the Persian Gulf war. The case is one of the largest toxic tort cases ever filed. The firm was successful in obtaining dismissals of its clients at an early stage of the litigation.

- **In re Rio Piedras Explosion Litigation.** Represented Enron Corporation and San Juan Gas Company in more than 500 cases pending in San Juan, Puerto Rico. The cases, brought by more than 2,000 plaintiffs, arose from a 1996 building explosion. As lead counsel, our team coordinated the activities of the numerous law firms involved in the defense.

- **NYLCare Personal Injury Litigation**. Represented NYLCare, a health maintenance organization, in a number of personal injury claims against NYLCare alleging direct and vicarious liability for medical malpractice by doctors. The plaintiffs in those claims have sued NYLCare alleging theories of negligent credentialing, negligent hiring, and negligent supervision. Susman Godfrey has also represented NYLCare in the defense of various related class action lawsuits.

### Office Locations

| Houston | Los Angeles | New York | Seattle |
|---|---|---|---|
| 1000 Louisiana St | 1900 Avenue of the Stars | 1301 Avenue of the Americas | 401 Union Street |
| Suite 5100 | Suite 1400 | 32nd Floor | Suite 3000 |
| Houston, TX, 77002 | Los Angeles, CA 90067 | New York, NY 10019 | Seattle, WA 98101 |
| T: 713-651-9366 | T: 310-789-3100 | T: 212-336-8330 | T: 206-516-3880 |
| F: 713-654-6666 | F: 310-789-3150 | F: 212-336-8340 | F: 206-516-3883 |