UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, and DEAN ALLEN SHINNERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br>Courtroom 3<br><br>ECF Case<br><br><u>CLASS ACTION</u><br><br>June 9, 2023 |

**DECLARATION OF SETH ARD IN SUPPORT OF**
<u>**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**</u>

I, Seth Ard, declare as follows:

1. I submit this declaration in support of final approval of the proposed class action settlement between Plaintiffs Denis Marc Audet, Michael Pfeiffer, and Dean Allen Shinners, on behalf of themselves and the class, and Defendant Stuart Fraser ("Fraser" or "Defendant").

2. I am a member in good standing of the bar of the State of New York and a partner in the law firm of Susman Godfrey L.L.P., which is counsel for Plaintiffs and the Court-appointed Class Counsel (referred to herein as "Class Counsel") in the above-captioned matter. ECF No. 144. I have personal, first-hand knowledge of the matters set forth herein and, if called to testify as a witness, could and would testify competently thereto.

3. Susman Godfrey and co-Class Counsel have significant experience litigating securities fraud class actions on behalf of injured investors. A copy of the firm's class action profile, and the profiles of myself and co-Class Counsel at Izard, Kindall & Raabe, LLP, was

1

previously filed as Exhibit 1 to my declaration in support of Plaintiffs' Motion for Preliminary Approval (ECF No. 383-3).

4. I was among the negotiators of the proposed class action settlement with Defendant. Following extensive negotiations, the parties reached an agreement in principle in late September 2022, and the final Settlement Agreement was fully executed on December 14, 2022. A true and correct copy of the Settlement Agreement was previously filed as Exhibit 2 to my declaration in support of Plaintiffs' Motion for Preliminary Approval (ECF No. 383-4). It is the opinion of Class Counsel that this settlement with Defendant is fair, adequate, and reasonable. Each Plaintiff similarly supports this Settlement and believes it to be fair, adequate, and reasonable.

## THE LITIGATION AND SETTLEMENT NEGOTIATIONS

5. The Settlement Agreement is the result of extended negotiations between the parties. At various points in this litigation the parties discussed a possible pretrial resolution. After the Court denied Fraser's motion to decertify the class and set pretrial deadlines in May 2020, the parties agreed to mediate the case with the assistance of Jack P. Levin, a respected mediator and arbitrator.

6. Although the parties continued discussions with each other and with the mediator for several months between July and October 2020, they were unable to reach agreement at that time.

7. The terms of the Settlement were negotiated after the parties exchanged numerous offers and counteroffers and participated in teleconferences and email discussions between June and September 2022. The negotiations were conducted by highly qualified and experienced counsel on both sides at arm's length.

8. Class Counsel took steps to ensure that we had all the necessary information to advocate for a fair, adequate, and reasonable settlement that serves the best interests of the Settlement Class.

9. Plaintiffs, Class Counsel, and their experts reviewed tens of thousands of documents, which included company communications, advertising and marketing materials, transactions and sales databases, and the source code underlying GAW's cryptocurrency token. These documents included not only Fraser's records, but evidence obtained from extensive third-party discovery and investigation, archived websites, and key documents obtained from the Securities and Exchange Commission through a Freedom of Information Act request.

10. For example, Plaintiffs obtained and reviewed thousands of invaluable internal company documents from GAW and ZenMiner—by that point defunct entities—almost none of which had been in Fraser's possession. Plaintiffs also obtained significant evidence through Freedom of Information Act requests to the Securities and Exchange Commission.

11. Plaintiffs took and defended 23 depositions. Each of the three Plaintiffs—as well as six members of the class who were not named plaintiffs—were deposed. Plaintiffs also deposed Fraser, former GAW CEO and co-Defendant Joshua Garza, and numerous former employees of GAW.

12. In addition to over 5 years of discovery and pretrial practice, the parties tried the case to a jury between October 20 and November 1, 2021. Trial counsel for the parties are the same counsel who have negotiated the Settlement Agreement. After two days of deliberating, the jury returned a verdict in favor of Fraser. Specifically, the jury found that Fraser was not liable for any of Plaintiff's securities-related claims because it determined that the products at issue

were not "securities." The jury also found that Fraser was not liable for aiding and abetting common-law fraud against Plaintiffs. *See* ECF No. 330.

13. In total, Class Counsel vigorously litigated the case for almost seven years from filing the complaint through moving for final approval of the settlement.

14. Plaintiffs filed post-trial motions for judgment as a matter of law and for a new trial pursuant to Federal Rules of Civil Procedure 50(b) and 59. On June 2, 2022, the Court granted Plaintiffs' motion for a new trial with respect to their claims relating to the Paycoin product and ordered the parties to meet and confer regarding a trial date.

## PRELIMINARY APPROVAL AND CLASS NOTICE

15. On February 21, 2023, the Court issued an order granting preliminary approval of the proposed Settlement. ECF No. 385. On February 27, 2023, Plaintiffs filed an unopposed motion to amend the preliminary approval order to include a deadline for potential Settlement Class Members to object to the Settlement. ECF No. 387.

16. On March 1, 2023, the Court issued an amended order granting preliminary approval of the proposed Settlement. ECF No. 388. In its amended order, the Court approved Plaintiffs' proposed notice procedures and approved Epiq as the Settlement Administrator, and set deadlines for final approval briefing.

17. The approved short-form Settlement was emailed to potential Settlement Class Members on March 16, 2023. That same day, the long-form Settlement Notice was posted on the class website (https://www.gawminersclassaction.com/) and a call-in line was established. Epiq has promptly responded to all questions and inquiries received from potential Settlement Class Members.

4

18. The required Class Action Fairness Act Notice was sent by Defendant Stuart Fraser to the applicable Attorneys General on December 21, 2022. ECF No. 384. Counsel for Mr. Fraser has advised me that no objection to the Settlement was received from any Attorney General.

19. On March 10, 2023, Class Counsel filed its "Motion for Fees, Reimbursement of Expenses, and Incentive Awards for the Named Plaintiffs." *See* ECF No. 390. In that motion, Class Counsel requests attorneys' fees in the amount of $980,000 (28% of the Settlement Fund), expenses in the amount of $957,283.40, and incentive awards of $50,000, $25,000, and $25,000 for Plaintiffs Allen Shinners, Michael Pfeiffer, and Marc Audet, respectively. No Settlement Class Member has filed an objection to Class Counsel's motion, either by May 25, 2023 or as of the filing of this declaration.

20. The Court's Amended Preliminary Approval Order stated that potential Settlement Class Members could object to the Settlement by filing a written objection with the Court no later than 85 calendar days after the issuance of the order. ECF No. 388. The deadline to file objections was therefore May 25, 2023. No potential Settlement Class Member filed an objection by this date. There have also been no untimely objections filed as of June 9, 2023.

21. The Fairness Hearing is set for June 30, 2023 at 2:30 pm before the Honorable Michael P. Shea in the United States District Court for the District of Connecticut, United States Courthouse, Courtroom 3, 450 Main Street, Hartford, CT 06103.

22. As of May 10, 2023, the total number of hours expended on this litigation by Susman Godfrey and Izard Kindall & Raabe (excluding work for the Motion for Fees and Costs) is 8024.05. *See* ECF Nos. 390-2 and 390-3 (5/10/23 Ard Declaration and 5/10/23 Needham Declaration).

## THE SETTLEMENT AGREEMENT

23. The specific terms and conditions of the settlement are set forth in the Settlement Agreement (ECF No. 383-4). The principal term of the settlement provides $3,500,000 in monetary compensation to Settlement Class Members.

24. Plaintiffs' prior damages model, submitted in support of class certification, reported an estimated $17.5 million in class-wide damages for only two of the four products—Hashlets and HashStakers—originally at issue in the litigation. *See* ECF No. 179-2 at ¶ 36 (explaining that, at the time, Plaintiffs' damages for Paycoin and Hashpoints could not be determined by reference to the ZenCloud or Paybase databases).

25. However, only claims related to Paycoin are currently active in this litigation.

26. In my opinion, the consideration to the Class adequately compensates the members of the proposed Settlement Class for their damages in view of the risks of litigation. The Settlement represents an especially good result for the Class because none of the cash in the Settlement Fund will be returned to Defendant.

27. Plaintiffs and Defendant Stuart Fraser have not entered into, and are not aware of, any "agreement made in connection with the proposal" for settlement that would be required to be identified and disclosed under Rule 23(e)(3).

## PLAN OF DISTRIBUTION

28. The proposed Plan of Distribution was previously filed as Exhibit 3 to my declaration in support of Plaintiffs' Motion for Preliminary Approval (ECF No. 383-5).

29. The method of distribution will ensure that all Settlement Class Members are equitably compensated and is designed to maximize the number of Settlement Class Members to

receive proceeds from the Settlement. It is Class Counsel's opinion that this distribution plan is fair, reasonable, and equitable.

30. No potential Settlement Class Member objected to the Plan of Distribution.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 9, 2023

                                                    */s/ Seth Ard*
                                                    Seth Ard
                                                    Susman Godfrey LLP
                                                    1301 Avenue of the Americas, 32nd Floor
                                                    New York, NY 10019
                                                    Tel: 212-336-8330
                                                    sard@susmangodfrey.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2023, I caused the foregoing document to be served via the Electronic Case Filing (ECF) system in the United States District Court for the District of Connecticut, on all parties registered for CM/ECF in the above-captioned matter.

Dated: June 9, 2023

                                                 */s/ Russell Rennie*
                                                 Russell Rennie