UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DENIS MARC AUDET, MICHAEL PFEIFFER, and DEAN ALLEN SHINNERS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>STUART A. FRASER, GAW MINERS, LLC, and ZENMINER, LLC, (d/b/a ZEN CLOUD),<br><br>Defendants. | Case 3:16-cv-00940<br><br>Hon. Michael P. Shea<br>Courtroom 3<br><br>ECF Case<br><br>CLASS ACTION<br><br>JUNE 9, 2023 |

**FINAL JUDGMENT AS TO DEFENDANT STUART FRASER AND
ORDER GRANTING FINAL APPROVAL OF  CLASS ACTION SETTLEMENT**

WHEREAS, Class Plaintiffs Denis Marc Audet, Michael Pfeiffer, and Dean Allen Shinners ("Plaintiffs"), on behalf of themselves and the Class, entered into a settlement (the "Settlement," ECF No. 383-4) with Defendant Stuart Fraser;

WHEREAS, on February 21, 2023, the Court entered its Order granting preliminary approval of the proposed Settlement, ECF No. 385 ("Preliminary Approval Order");

WHEREAS, on March 1, 2023, the Court entered its Amended Order granting preliminary approval of the proposed Settlement, ECF No. 388 ("Amended Preliminary Approval Order"), which, among other things, authorized Plaintiffs to disseminate notice of the Settlement, the fairness hearing, and related matters;

WHEREAS, on March 16, 2023, pursuant to the Amended Preliminary Approval Order, the approved short-form notice was emailed to potential Settlement Class Members, a website was established with the approved long-form notice, and a call-in line was established;

WHEREAS, no potential Settlement Class Member objected to the Settlement by the deadline provided for in the Amended Preliminary Approval Order;

WHEREAS, the Settlement requires, among other things, that all Released Claims against Released Parties be settled and compromised;

WHEREAS, this application is uncontested by Defendant Stuart Fraser; and

WHEREAS, this Court has considered Plaintiffs' Motion for Final Approval of Class Settlement, supporting declarations, oral argument presented at the fairness hearing, and the complete records and files in this matter,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.     The capitalized terms used herein shall have the meanings set forth in the Settlement Agreement.

2.     The Amended Preliminary Approval Order outlined the form and manner by which Plaintiffs would provide potential Settlement Class Members with notice of the Settlement, the fairness hearing, and related matters. Proof that notice of the Settlement complied with the Amended Preliminary Approval Order has been filed with the Court and is further detailed in the "Motion for Final Approval of Class Settlement." The notice given to potential Settlement Class Members complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

3.     The Court finds that the Attorney General of the United States and the state attorneys general have received notice of the Settlement Agreement in accordance with the terms of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

4.     The Settlement was entered into following an extensive investigation of the facts and a jury trial in this matter. It resulted from vigorous arm's-length negotiations by counsel with significant experience litigating class actions.

5.     The Settlement Class is the class certified by this Court on July 8, 2019 (ECF No. 144), with the exclusion of the persons that timely and validly opted out during the opt-out period (referred to as "Opt-Outs" in the Settlement Agreement), as well as defendants; any parent, subsidiary, affiliate, or employee of any defendant; any co-conspirator; and any governmental agency.

6.     The Settlement is fully and finally approved because its terms are fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Court directs its consummation pursuant to its terms and conditions. In reaching this conclusion, the Court considered the four factors listed in Rule 23(e)(2) and the nine factors listed in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberg v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000).

7.     In reaching this conclusion, the Court considered the complexity, expense, and likely duration of the litigation, the Class's reaction the Settlement, and the result achieved. No objections to the Settlement or the Plan of Distribution were received or timely filed.

8.     The Plan of Distribution, as described in the Motion for Final Approval of Class Settlement and supporting documents, and previously preliminarily approved by the Court, is approved because it is fair, reasonable, and adequate.

9.     Defendant Stuart Fraser shall fund the Settlement Fund Account in accordance with the terms of the Settlement Agreement. The Settlement Fund Account is approved as a

Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

10.     The Court hereby dismisses this action against Defendant Stuart Fraser with prejudice.

11.     The Court reserves continuing and exclusive jurisdiction over the Settlement, including all current and future proceedings concerning the administration and enforcement of the Settlement as well as any current or supplemental application for attorneys' fees, reimbursement of costs or expenses incurred by Class Counsel or the Settlement Administrator on behalf of the Settlement Class, or incentive awards for the named Plaintiffs. This Order shall not affect, in any way, any claims outside of the scope of the Released Claims or the right of the Releasing Parties to pursue any claims outside of the scope of the Released Claims.

12.     Neither the Settlement, nor any act performed or document executed pursuant to the Settlement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

13.     There is no just reason for delay in the entry of final judgment as to Defendant Stuart Fraser, and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

14.     This Order shall become effective immediately.


IT IS SO ORDERED ON this ___30th___ day of ___June_____, 2023.


                                        ___/s/ Michael P. Shea_____
                                        Hon. Michael P. Shea
                                        Chief United States District Judge